IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| NATIONAL ELECTRONIC ATTACHMENT, INC., d/b/a VYNE DENTAL<br><br>Plaintiffs,<br><br>- against –<br><br>HENRY SCHEIN ONE, LLC,<br><br>Defendant. | Case No. 1:25-cv-03246-MJM |

**OPPOSITION TO MOTION TO SHORTEN BRIEFING SCHEDULE FOR PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND TO SET A HEARING DATE**

Henry Schein One, LLC ("HSOne") files this Opposition ("Opposition") to National Electronic Attachment, Inc., d/b/a Vyne Dental ("Vyne")'s Motion to Shorten Briefing Schedule for Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction and to Set a Hearing Date ("Motion" (ECF No. 29)), and respectfully states as follows:

**RELEVANT BACKGROUND AND ARGUMENT**

The Court has discretion to manage its docket. Under Local Rule 105(2)(a), unless otherwise ordered by the Court, "all memoranda in opposition to a motion shall be filed within fourteen (14) days of the service of the motion..." HSOne is diligently preparing its response papers to Vyne's Complaint and TRO and looks forward to having an opportunity to be heard.

To the extent Vyne bases its request on a theory of urgency, however, this is unsupported by the facts.

There is no urgency for Vyne and its claims here in Maryland. Rather, the urgency lies with HSOne on its own claims in Utah. As to Vyne, the status quo is already preserved — HSOne

has not permitted Vyne to ever hack its systems and still does not.  HSOne has had its API and available clearinghouse integration available as well.  HSOne's position is laid out in its own Complaint and TRO papers in Utah, the proper forum for this dispute.  *Henry Schein One, LLC v. National Electronic Attachment, Inc., d/b/a Vyne Dental*, Case No. 2:25-cv-00883-AMA-JCB (D. Utah) (the "Utah action").  As set forth in HSOne's Complaint (ECF No. 1)[1] and its Motion for a Temporary Restraining Order and Preliminary Injunction (Motion for a TRO (ECF No. 14)),[2] Vyne is persistently and maliciously computer hacking, circumventing HSOne's systems, and intercepting data.  HSOne is only trying to maintain the status quo—that Vyne must use HSOne's Application Programming Interface Exchange or integrate on commercial terms.  The federal rules already account for the time sensitivity of any TRO through the 14-day deadline it provides.  HSOne has a right to have an opportunity to respond and explain why Vyne cannot meet the heavy burden for a TRO and PI, and why venue is more proper in Utah.

Further, Vyne's characterization of the Utah action and the venue issue is not up to date. HSOne does think that venue is improper in this Court. Although the court in the Utah action denied HSOne's Motion for a TRO without prejudice citing the first-to-file rule, HSOne has filed a Motion for Reconsideration (ECF No. 20), and intends to seek emergency appellate relief if

---

[1] Attached as Exhibit A is a true and correct copy of HSOne's Complaint.  This Court may take judicial notice of events in other courts.  *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (noting courts may take judicial notice of matters of public record) (citation omitted); *Frye v. Hayes*, No. CV JKB-25-0162, 2025 WL 1167976, at *1, n.1 (D. Md. Apr. 22, 2025) ("[A] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.") (citation omitted); *Dyson v. Washington Metro. Area Transit Auth.*, No. CV GLS 25-215, 2025 WL 2592249, at *1, n.2 (D. Md. Sept. 8, 2025) (taking judicial notice of docket sheet and proceedings in another court).

[2] Attached as Exhibit B is a true and correct copy of HSOne's Motion for a TRO.

2

necessary. As set forth in HSOne's Motion for Reconsideration,[3] Vyne did what courts frown upon—it took advantage of a situation and then rushed to file in the incorrect forum knowing that HSOne was about to file its own Complaint in Utah.

Given Vyne's statutory inquiry is not urgent, the Court has discretion to deny Vyne's Motion for a TRO and stay Vyne's Motion for a PI subject to the venue issue being decided. Although the deadline to file HSOne's venue motion in response to Vyne's Complaint is October 22, 2025, HSOne would be amenable to moving that deadline up to Friday, October 17, 2025, in exchange for Vyne voluntarily staying its TRO and PI request. HSOne has raised this with Vyne's counsel—offering to move up its deadline to respond to Vyne's Complaint if Vyne will agree to stay the PI hearing pending the Court's determination of the venue issue.

## CONCLUSION

HSOne requests the Court follow the Federal Rules timing for TRO briefing, and puts forth respectfully that Vyne has no basis to assert urgency. Indeed it is HSOne that faces prejudice from Vyne's forum shopping outside of Utah.

Dated: October 9, 2025                    Respectfully submitted,

                                          **GREENBERG TRAURIG, LLP**

                                          By: /s/ Michael Burshteyn
                                              Michael Burshteyn
                                              *(pro hac vice)*
                                              Marcelo Barros
                                              *(pro hac vice)*
                                              101 Second Street, Suite 2200
                                              San Francisco, CA 94105
                                              Tel: (415) 655-1300
                                              Michael.burshteyn@gtlaw.com
                                              Marcelo.barros@gtlaw.com

---

[3] Attached as Exhibit C is a true and correct copy of the Motion for Reconsideration (ECF No. 20) and supporting declaration, which were filed today in *Henry Schein One, LLC v. National Electronic Attachment, Inc., d/b/a Vyne Dental*, Case No. 2:25-cv-00883-AMA-JCB (D. Utah).

> Michael R. Sklaire (MD Fed. Bar No. 16471)
> 1750 Tysons Boulevard, Suite 1000
> Tysons Corner, VA 22102
> Tel: (703) 749-1308
> michael.sklaire@gtlaw.com
>
> *Counsel for Henry Schein One, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of October, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

> */s/ Michael R. Sklaire*
> Michael R. Sklaire