# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NATIONAL ELECTRONIC ATTACHMENT, INC., d/b/a VYNE DENTAL,<br><br>    *Plaintiff*,<br><br> -against-<br><br>HENRY SCHEIN ONE, LLC,<br><br>    *Defendant*. | Case No. 1:25-cv-03246 |

## VYNE DENTAL'S EMERGENCY MOTION FOR
## AN ORDER ALLOWING DEPOSITIONS

Plaintiff Vyne respectfully moves for a court order authorizing the taking of short depositions of the witnesses slated to testify at the November 12, 2025, evidentiary hearing on the parties' cross-motions for preliminary relief. Last Friday, October 24, undersigned counsel on behalf of Vyne proposed that the parties schedule depositions for next week. Ex. A.[1] HS One asked to confer on the subject, and the parties did confer this Monday, when HS One's counsel said they did not have their client's position but would provide it the next day. They did not, nor on the following day, so Vyne served deposition notices Wednesday. Exs. A, B. Then, just after midnight last night, HS One wrote that it "does not need discovery," and would consider Vyne's deposition notices void because the parties had not conferred under Rule 26(f). Ex. C. Rather than ask to have that conference or ask to discuss any issues subject to Rule 26(f), HS One took the position Vyne would need to seek a court order to take depositions in advance of the hearing. Vyne now seeks relief from the Court.

---

[1] Citations to "Ex. __" refer to Exhibits attached to the Declaration of Vincent Levy, filed contemporaneously with this Emergency Motion.

The Federal Rules provide that, unless the parties agree or the Court so orders, the parties are to confer before discovery may commence, and includes in Rule 26(f) certain matters that must be discussed to craft a viable discovery plan. As the Advisory Committee Notes explaining the adoption of that requirement instructed, the point was to require the parties to "plan for discovery" (this had been optional before); "litigants are expected to attempt in good faith to agree on the contents of the proposed discovery plan"; and this "meeting of counsel is to take place as soon as practicable." 1993 Advisory Committee Notes, Rule 26; *see also Hall v. Hall*, 584 U.S. 59, 72–73 (2018) ("Advisory Committee Notes are 'a reliable source of insight into the meaning of a rule'"). "The animating impulse behind the Rule 26(f) conference requirement is that advance planning and collaboration will frequently reduce or avoid problems that would occur without that planning." 8A Fed. Prac. & Proc. Civ. § 2051.1 (3d ed.). Thus, the failure to engage in good faith in that process is subject to sanctions. Fed. Rule Civ. P. 37(f).

Critically, as the commentaries also make clear, "[d]iscovery can begin earlier if authorized … by … order, or stipulation. This will be appropriate in some cases, such as those involving requests for a preliminary injunction…." 1993 Advisory Committee Notes, Rule 26.

Here, Although HS One stated it neither needs nor wants discovery, Vyne does respectfully submit that entering an order permitting Vyne to take short depositions of HS One's hearing witnesses in advance of the November 12 hearing on the preliminary injunctions is "appropriate." *Id*. As noted, the Court can order the discovery to proceed now before a complete Rule 26(f) conference. And the purpose of Rule 26(f)—ensuring that the discovery being sought is tailored and appropriate to the needs of the case—is fully met: The discovery is limited, with Vyne proposing to take short depositions of hearing witness (with each party retaining the ability to depose the witnesses as part of merits discovery). HS One's witnesses have relevant information,

given that HS One proposes to call them at the hearing. The timing is sensible, given that it would allow Vyne to explore the scope of the testimony that these witnesses intend to offer at the hearing and to test their sworn affidavits. And having pre-hearing depositions will preserve party and judicial resources, because Vyne will be able to explore the witnesses' testimony outside the presence of the Court, thus permitting more focused and efficient cross-examination at the hearing.

Moreover, although HS One has interposed Rule 26(f) as an obstacle, as noted, dispensation is appropriate in cases involving preliminary injunctions, 1993 Advisory Committee Notes, Rule 26, and HS One has pointed to no discovery issue that should be discussed before these depositions should take place. HS One identified no substantive reason to require a complete Rule 26(f) conference before these depositions should take place, has not asked for such a conference, and has also not asked to discuss any of the topics that would be discussed under Rule 26(f) as a precursor to these depositions. Meanwhile, although Vyne would be prepared to have a Rule 26(f) conference, there is no sense in requiring a discussion of document preservation, a plan for discovery of the merits, and all the other requirements of Rule 26(f) as a precursor to the limited depositions sought. And of course, the parties *did* confer about these depositions. At the conference, HS One had no question about the scope of discovery proposed, nor a legitimate objection to the depositions. And thereafter, when it sent a formal response, it cited procedural reasons to oppose and told Vyne it would not agree to the depositions absent a court order, but it did not request to confer on any substantive issue called for by Rule 26(f) or otherwise.

## CONCLUSION

The Court should enter an order allowing Vyne to take short depositions of any hearing witness that HS One calls, and to compel HS One to make those witnesses available sufficiently

in advance of the November 12 hearing.  Vyne is prepared to limit itself to 2.5 hours of questioning on the record, and to conduct those depositions by remote means.

        Respectfully submitted,

        /s/ *Vincent Levy*

        K. Nichole Nesbitt (Bar No. 26137)
        Derek M. Stikeleather (Bar No. 27815)
        GOODELL, DEVRIES, LEECH & DANN, LLP
        One South Street, 20th Floor
        Baltimore, MD 21202
        (410) 783-4026
        knn@gdldlaw.com
        dstikeleather@gdldlaw.com

        Michael Shuster (admitted *pro hac vice*)
        Vincent Levy (admitted *pro hac vice*)
        Daniel Fahrenthold (admitted *pro hac vice*)
        Torrell Mills (admitted *pro hac vice*)
        HOLWELL SHUSTER & GOLDBERG LLP
        425 Lexington Avenue, 14th Floor
        New York, NY 10017
        (646) 837-5151
        vlevy@hsgllp.com
        Attorneys for Plaintiff
        National Electronic Attachment, Inc. d/b/a Vyne Dental