**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| NATIONAL ELECTRONIC ATTACHMENT, INC., d/b/a VYNE DENTAL<br><br>                Plaintiff and Counter-Defendant,<br><br>- against -<br><br>HENRY SCHEIN ONE, LLC,<br><br>                Defendant and Counter-Claimant. | Case No. 1:25-cv-03246-MJM |

**HENRY SCHEIN ONE, LLC'S
OPPOSITION TO VYNE'S EMERGENCY MOTION
FOR AN ORDER ALLOWING DEPOSITIONS**

Henry Schein One, LLC ("HSOne") opposes the Emergency Motion for an Order Allowing Depositions ("Motion") filed by Plaintiff National Electronic Attachment, Inc., d/b/a Vyne Dental ("Vyne").

**INTRODUCTION**

Vyne chose not to raise the topic of depositions with the Court when the parties discussed logistics at the October 23, 2025, hearing. Then Vyne violated Local Rule 104.4 by issuing deposition notices without a Court order.[1] Now Vyne seeks such an order without explaining how it meets the applicable standard for early discovery prior to a preliminary injunction hearing. Indeed, Vyne does not even cite or reference the standard in its request. Looking at the totality of

---

[1] Local Rule 104.4 states: "Unless otherwise ordered by the Court or agreed upon by the parties, the conference of counsel required by Fed. R. Civ. P. 26(f) need not take place and discovery shall not commence and disclosures need not be made until a scheduling order is entered."

the circumstances, as courts in this district do, including (a) the procedural posture of the case, (b) whether the proposed discovery is narrowly tailored, (c) whether irreparable harm would result without discovery, and (d) whether the information Vyne seeks will be unavailable later in the case, there is no good cause for depositions. Because Vyne's request is unreasonable, duplicative, and burdensome, it merits denial.

## ARGUMENT

For discovery prior to a preliminary injunction hearing, courts in the District of Maryland have adopted a standard that asks whether the request is "reasonable or supported by good cause, taking into account the totality of the circumstances." *See, e.g.*, *Mayor & City Council of Baltimore v. Consumer Fin. Prot. Bureau*, 775 F. Supp. 3d 921, 944 (D. Md. 2025) (denying discovery related to a preliminary injunction proceeding). The words and phrases "reasonable," "good cause," and "totality of the circumstances" do not appear in Vyne's request.

Relevant factors courts in this district consider are (1) the procedural posture of the case; (2) whether the discovery at issue is narrowly tailored to obtain information probative to the preliminary injunction analysis; (3) whether the requesting party would be irreparably harmed by waiting for the discovery until later in the case; and (4) whether the information sought will be unavailable in the future. *Id.* Vyne does not walk through any of these factors in its request. Here, they all support denying Vyne's request for depositions.

**A. The Case's Procedural Posture Weighs Against Depositions Prior to Next Week's Preliminary Injunction Hearing.**

The preliminary injunction hearing is set for November 12, just nine days away. Given this timing, depositions would be burdensome and cause multiple HSOne senior executives to spend hours this week preparing and sitting for depositions rather than running the business. In the few situations where District of Maryland courts have allotted early discovery prior to

2

preliminary injunction hearings, they typically appoint a magistrate or call for a process that spans multiple months, not one week.  *See, e.g.*, *CytImmune Scis., Inc. v. Paciotti*, No. PWG-16-1010, 2016 WL 3218726, at *6 (D. Md. June 10, 2016).  In *CytImmune*, Judge Grimm set a month-long period for discovery, summary judgment briefing two months later, and a bench trial another month after that before the preliminary injunction request could be revived due to the purported need for discovery.  In another case, Judge Grimm appointed a magistrate judge to oversee the discovery process.  *Washington v. Rounds*, No. PWG-16-320, 2017 WL 5668216, at *5 (D. Md. Nov. 27, 2017) (denying the preliminary injunction motion without prejudice due to the need for discovery; also noting that the destruction of video surveillance was a key factor justifying discovery).

Further, the unique posture of this case, with a pending transfer motion, merits denial of leave to conduct early depositions as well.  If Vyne believes it needs discovery to support its preliminary injunction, conducting such discovery in Utah would be more reasonable.  Ordering discovery before the Court makes a determination on transfer would risk creating a situation where the parties are conducting discovery in two jurisdictions.[2]  In related situations, where a party raises "colorable jurisdictional arguments," courts have observed that because "there is a possibility that the case may be dismissed," it is "premature" to "seek discovery . . . before the Court's jurisdiction has been determined, and before the parties have conducted a Rule 26(f) conference."  *Sharikov v. Mayorkas*, No. 24-CV-1608-AGS-SBC, 2024 WL 4847387, at *2 (S.D. Cal. Nov. 20, 2024).  *Sharikov* denied expedited discovery even where a preliminary injunction motion was pending and without resolving the jurisdictional arguments.  *Id.*  That the jurisdictional

---

[2] HSOne's transfer motion will be fully briefed and ripe for determination by tomorrow, Tuesday, November 4, 2025.

3

motion was pending was reason alone to hold off on discovery. *Id.* (noting that "expedited discovery is not automatically granted merely because a party seeks a preliminary injunction"). Similarly here, Vyne's pending transfer motion weighs against expedited discovery prior to its resolution.

### B. Vyne's Proposed Depositions Are Not Narrowly Tailored.

Vyne does not propose any topics for its depositions. It states only in conclusory fashion that its questioning would "explore the scope of the testimony that these witnesses intend to offer at the hearing and to test their sworn affidavits." (Vyne Mot. at 3.) This suggests that Vyne would seek to ask the witnesses about any topic on any of the preliminary injunction standards—which include the merits of both sides' cases. This in essence covers the entire universe of possible topics in the litigation. Vyne proposes a time limit of 2.5 hours, but failure to narrowly tailor the topics of the depositions means Vyne does not have good cause for pre-preliminary injunction hearing discovery. *See, e.g.*, *L'Occitane, Inc. v. Trans Source Logistics, Inc.*, No. CIVA WMN-09-CV-2499, 2009 WL 3746690, at *2 (D. Md. Nov. 2, 2009) (failure to "set forth the subjects upon which it would depose" a witness merited denial of discovery before the preliminary injunction hearing); *see also Chryso, Inc. v. Innovative Concrete Sols. of the Carolinas, LLC*, No. 5:15-CV-115-BR, 2015 WL 12600175, at *5 (E.D.N.C. June 30, 2015) (denying early discovery for failure to "propose any limits on the topics it may inquire about at the deposition," even where the request contained a general commitment to focus on "information relevant to the preliminary injunction hearing").

Vyne's request, even if limited in time (which would still require at least 5 hours of deposition work for HSOne's most senior executives the week before traveling to Baltimore for a potentially multi-day hearing), is not limited in scope. It is consequently duplicative, burdensome, and will do nothing but expand the record that the Court must wade through in making its

4

determination on preliminary injunctive relief.[3]

### C. Vyne Will Not Suffer Irreparable Harm if Discovery Commences Later in the Case.

Vyne will have an opportunity to ask all its questions of the witnesses next week during the preliminary injunction hearing. This is not a situation where Vyne is seeking documents probative of some critical fact. Rather, Vyne asks for an extra 2.5 hours to cross-examine each of HSOne's witnesses. The Court need not indulge this. Whatever Vyne wishes to ask, subject to the rules of evidence (including relevance), it can ask in Court. It will also have an opportunity to depose witnesses later in the case.[4]

Both parties have extensively briefed their positions on the factual issues underpinning the dispute. Vyne knows what HSOne's views of the facts are and has multiple declarations it can review in preparation for its cross-examination. Nothing more is needed for Vyne to conduct its side of the preliminary injunction hearing.[5]

### D. None of the Information Vyne Seeks Will Be Unavailable in the Future.

There is no indication that any information the witnesses might provide in a deposition will

---

[3] Vyne's claim that HSOne did not object to the broad proposed scope of discovery is incorrect. HSOne did raise a concern during the parties' meet and confer discussions that depositions would be duplicative and expand the record, as well as in HSOne's objection letter that Vyne includes with its Motion. Vyne also inappropriately raises the spectre of discovery sanctions. Although HSOne is amenable to conducting a Rule 26(f) conference at the appropriate time, it has a right to question Vyne's rush for early depositions. HSOne is not obligated to conduct a 26(f) conference while it has a pending transfer motion, motion to dismiss, and when the case is in an early procedural posture involving preliminary injunction requests. HSOne's position is supported by the plain language of the Federal Rules, Local Rules, and multiple rulings of courts in this district.

[4] *See, e.g.*, *Chryso*, 2015 WL 12600175 at *5 (denying preliminary injunction depositions because there was no irreparable harm from conducting depositions later in the case).

[5] Further, the parties have already met and conferred and agreed that more than one day for the hearing may be needed. It will be far more efficient for each side to question the witnesses when they are all gathered and present for proceedings rather than have hours and hours of depositions in the days prior to the hearing.

be unavailable in the future. This is an important factor that exists in multiple cases where courts grant early discovery. Where Judge Grimm granted early discovery prior to a preliminary injunction hearing, for instance, it was in part because video surveillance data was at risk of destruction. *Washington v. Rounds*, 2017 WL 5668216, at *5. Vyne does not even seek any documents. There is no conceivable way that the proposed deponents will lose information between this week and next week. They will have the same personal knowledge on November 12th as they have the week of November 3rd. Absent any concerns regarding the dissipation of evidence or information, this factor weighs against leave for expedited depositions.

### E. Vyne's Request for Depositions Underscores Why It Cannot Meet Its Burden for a Preliminary Injunction.

Vyne's request for pre-hearing discovery highlights that Vyne's request for early injunctive relief is improper. Apparently, even in-court testimony is not enough for Vyne to make a showing under the preliminary injunction standard. Where there are "robust factual disputes requiring subsequent discovery in order to get to the bottom of what is going on," early injunctive relief is not appropriate. *See, e.g.*, Torres Advanced Enter. Sols. LLC v. Mid-Atl. Pros. Inc., No. PWG-12-3679, 2013 WL 531215, at *3 (D. Md. Feb. 8, 2013) (denying preliminary injunction and observing that "the record highlights multiple unresolved factual disputes" that are "central to the determination" of the claim at issue).[6]

---

[6] HSOne, in contrast, already demonstrated on the papers that Vyne is hacking its software systems, and will further show this at the preliminary injunction hearing. Indeed, Vyne already admitted it is misappropriating encryption keys. Because HSOne's counterclaims are straightforward and relate to Vyne's unauthorized access, circumvention of technical measures, and network traffic interception, HSOne does not need depositions to meet its burden at this time. Vyne's need for depositions makes sense, however, given that its claims relate to hotly disputed factual issues around the parties' commercial negotiations. The contrast in factual issues relevant to each side's request underscores why Vyne is scrambling for depositions.

6

## **CONCLUSION**

Because Vyne's request for multiple fishing expeditions through depositions just days prior to the preliminary injunction hearing is burdensome, duplicative, unnecessary, and unsupported by authority in the District of Maryland, it merits denial.

Date: November 3, 2025                **GREENBERG TRAURIG, LLP**

By: */s/ Michael Burshteyn*

Michael Burshteyn *(pro hac vice)*
Marcelo Barros *(pro hac vice)*
Jennifer Bartlett *(pro hac vice)*
101 Second Street, Suite 2200
San Francisco, CA 94105
Tel: (415) 655-1300
michael.burshteyn@gtlaw.com
marcelo.barros@gtlaw.com
jennifer.bartlett@gtlaw.com

Michael R. Sklaire (MD Fed. Bar No. 16471)
Shirin Afsous (MD Fed. Bar No. 31319)
1750 Tysons Boulevard, Suite 1000
Tysons Corner, VA 22102
Tel: (703) 749-1301
michael.sklaire@gtlaw.com
shirin.afsous@gtlaw.com

*Counsel for Henry Schein One, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 3, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Michael R. Sklaire*
Michael R. Sklaire
