IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

---

NATIONAL ELECTRONIC ATTACHMENT, INC., d/b/a VYNE DENTAL,

    *Plaintiff*,

  -against-

HENRY SCHEIN ONE, LLC,

    *Defendant*.

Case No. 1:25-cv-03246

---

**VYNE'S REPLY IN SUPPORT OF ITS
EMERGENCY MOTION FOR AN ORDER ALLOWING DEPOSITIONS**

Vyne requested a limited dispensation from Rule 26(f) under Rule 26(d) to permit short depositions before the November 12 preliminary-injunction hearing. This would streamline proceedings because it would permit Vyne to obtain the testimony of HS One's witnesses before the hearing. HS One's opposition neither disputes that point nor explains why Rule 26(f) or its purposes should bar such limited depositions from happening, and it does not (because it cannot) claim lack of notice under Rule 30. That should be dispositive.

***First***, HS One's reliance on Rule 26(f) and Local Rule 104.4 is misplaced. "Rule 26(d) permits courts to allow for discovery before the required Rule 26(f) conference," *Courthouse News Serv. v. Harris*, 2022 WL 3577255, at *4 (D. Md. Aug. 18, 2022), particularly in cases involving preliminary injunctions. *See L'Occitane, Inc. v. Trans Source Logistics, Inc.*, 2009 WL 3746690, at *1 (D. Md. Nov. 2, 2009). Local Rule 104.4's prescription about when the Rule 26(f) conference should take place is thus inapposite.

***Second***, HS One's arguments about when expedited discovery is warranted miss the mark. Vyne does not seek to condense, for example, the timetable for producing documents under the

Federal Rules. It seeks two short depositions. Rule 30 permits Vyne to require a deposition on "reasonable" notice, and here HS One had more than reasonable notice given the circumstances; Vyne indicated it wanted those depositions nearly three weeks before the November 12 hearing. Vyne's motion was filed late last week only because HS One ignored Vyne's request and waited a full week before telling Vyne that it would not make its witnesses available. And HS One makes no argument as to why an entire Rule 26(f) conference is needed before the two depositions being sought by Vyne—especially when nearly all of the Rule 26(f) topics are irrelevant to the requested depositions. *See* Fed. R. Civ. P. 26(f)(3)(A)–(E) (mandating discussion of initial disclosures, the scope of discovery, preservation of electronically stored information, privilege, and more).

*Third*, Vyne's motion should be granted even if considered under the standard for expedition. Courts in this Circuit and elsewhere consistently permit expedited discovery when it is "reasonable or supported by good cause, 'taking into account the totality of the circumstances.'" *Mayor & City Council of Balt. v. Consumer Fin. Prot. Bureau*, 775 F. Supp. 3d 921, 944 (D. Md. 2025). HS One says Vyne did not use those magic words, but the requests meets the relevant standard: (1) whether a preliminary injunction is pending, (2) the breadth of the request, (3) the reasons of the moving party for the request, (4) the burden on the opponent to comply, (5) whether the information sought could be obtained more efficiently from another source, (6) the extent to which discovery would be expedited, and (7) whether a motion to dismiss is pending. *See Courthouse News*, 2022 WL 3577255, at *3.

All seven factors favor the request: (1) "Because of the expedited nature of injunctive proceedings, expedited discovery is more likely to be appropriate when a plaintiff is seeking a preliminary injunction." *Courthouse News*, 2022 WL 3577255, at *5 (citations omitted).

(2) The discovery sought is narrowly tailored to two depositions of HS One's hearing witnesses. Each would be limited to 2.5 hours, and the content would be confined to their affidavits and the elements relevant to the preliminary injunction request. This bears no resemblance to the broad discovery rejected in *L'Occitane, Inc.*, 2009 WL 3746690, at *2.

(3) Vyne seeks to clarify factual issues that HS One has sought to interpose as an obstacle to granting Vyne's motion. As in *Courthouse News*, where the plaintiff sought data used by defendants to oppose its injunction, the discovery here is "a necessary aspect of [Vyne's] presentation at the preliminary injunction hearing." 2022 WL 3577255, at *6.

(4) There is no substantial burden. HS One's declarants are already scheduled to appear at the November 12 hearing, and requiring them to answer Vyne's questions for 2.5 hours in advance so as to streamline the hearing "would not impose a substantial burden on defendants." *Id.* at *5.

(5) *Courthouse News* recognized that discovery is justified where the information sought "is clearly relevant, but . . . unavailable [] from other sources." *Id.* The same is true here, as only these witnesses can be questioned about the content of the declarations they submitted.

(6) As noted, no broader expedition is being sought, given that depositions may be had only on "reasonable" notice, and that standard is plainly met in the circumstances of (a) Vyne having requested the depositions nearly three weeks before the hearing, (b) HS One waiting a week to decline, and (c) HS One itself calling those witnesses to the hearing.

(7) HS One's pending transfer motion is irrelevant to whether these depositions would assist the parties and the Court at the November 12 hearing.

\*   \*   \*

For the foregoing reasons and those stated in Vyne's Motion, the Court should grant the motion and order that Vyne may conduct short, remote depositions (not to exceed 2.5 hours each) of HS One's identified hearing witnesses in advance of the November 12, 2025 hearing.

Respectfully submitted,

/s/ *Vincent Levy*
Michael Shuster
Vincent Levy
Daniel Fahrenthold
Torrell Mills
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151
vlevy@hsgllp.com

K. Nichole Nesbitt (Bar No. 26137)
Derek M. Stikeleather (Bar No. 27815)
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
(410) 783-4026
knn@gdldlaw.com
dstikeleather@gdldlaw.com

*Attorneys for Plaintiff*
*National Electronic Attachment, Inc. d/b/a Vyne Dental*
