IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| NATIONAL ELECTRONIC ATTACHMENT, INC., d/b/a VYNE DENTAL, | * * * * * | |
| Plaintiff, | * * | Civ. No.: MJM-25-3246 |
| v. | * * | |
| HENRY SCHEIN ONE, LLC, | * * | |
| Defendant. | * * | |

## ORDER

This matter is before the Court on plaintiff Vyne Dental's ("Plaintiff") Emergency Motion for an Order Allowing Depositions. ECF No. 53. Defendant Henry Schein One, LLC ("Defendant") filed a response in opposition to the motion, ECF No. 57, and Plaintiff filed a reply, ECF No. 59. No hearing is necessary to resolve this dispute. *See* Loc. R. 105.6 (D. Md. 2025). Upon consideration of the parties' submissions, the Court grants the motion and shall reschedule the hearing on the parties' cross-motions for preliminary injunctive relief to accommodate the requested depositions.

Discovery is governed by Federal Rule of Civil Procedure 26, which permits parties to obtain discovery of nonprivileged matters that are relevant to any claim or defense "and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A district court has "broad discretion in deciding whether to grant a discovery order." *ClearOne Advantage, LLC v. Kersen*, Civ. No. JKB-23-03446, 2024 WL 278917, at *1 (D. Md. Jan. 25, 2024) (citing *Stone v. Trump*, 356 F. Supp. 3d 505, 513 (D. Md. 2018)). "Rule 26(d) permits courts to allow for discovery before the required Rule 26(f) conference. Such discovery is 'particularly appropriate where a preliminary

1

injunction is sought.'" *Brightview Grp., LP v. Teeters*, Civ. No. SAG-19-2774, 2019 WL 11660174, at *1 (D. Md. Nov. 6, 2019) (quoting *L'Occitane, Inc. v. Trans Source Logistics, Inc.*, Civ. No. WMN-09-CV-2499, 2009 WL 3746690, at *1 (D. Md. Nov. 2, 2009)); *see also Courthouse News Serv. v. Harris*, Civ. No. ELH-22-548, 2022 WL 3577255, at *4 (D. Md. Aug. 18, 2022). In the expedited discovery context, courts in this District have employed a "reasonableness standard," which requires judges to "determine[e] whether the [discovery] request is supported by good cause" and "consider[] the totality of the circumstances." *Teeters*, 2019 WL 11660174, at *1 (citing *L'Occitane, Inc.*, 2009 WL 3746690, at *2). "Even where good cause exists, the discovery request must be 'narrowly tailored to obtain information relevant to a preliminary injunction determination.'" *Id.* (quoting *L'Occitane*, 2009 WL 3746690, at *2).

When employing this reasonableness standard, courts consider the following factors: (1) "whether a motion for preliminary injunction is pending"; (2) "the breadth of the requested expedited discovery"; (3) "the reasons the moving party is requesting expedited discovery"; (4) "the burden on the opponent to comply with the request for expedited discovery"; (5) "whether the information sought expeditiously could be obtained more efficiently from some other source"; (6) "the extent to which the discovery process would be expedited"; and (7) "whether a motion to dismiss for failure to state a claim is pending." *ClearOne Advantage*, 2024 WL 278917, at *1 (quoting *Courthouse News*, 2022 WL 3577255, at *4).

Here, all factors but one weigh in favor of granting Plaintiff's motion. In this case, there are two pending motions for preliminary injunctive relief (ECF Nos. 6 & 46), and the requested discovery is limited to the facts relevant to those motions. Plaintiff is not pursuing this expedited discovery in bad faith and provides sound reasons for it. The burden on Defendant is modest because Plaintiff only seeks two and a half hours of questioning of each witness on the record and

intends to conduct the depositions remotely. Defendant has not identified any other source from whom the relevant information may be obtained more efficiently. The only factor that cuts against granting Plaintiff's request for expedited discovery is the pending motion to dismiss for failure to state a claim (ECF No. 42). The balance of the relevant factors, however, favors Plaintiff's request.

In sum, considering the totality of the circumstances, the Court finds good cause to order depositions of the two witnesses Defendant intends to present at the forthcoming preliminary injunction hearing. The subject matter of these depositions will be limited to the scope of the testimony Defendant's witnesses intend to offer at the forthcoming preliminary injunction hearing, which the Court finds to be "proportional" to Plaintiff's discovery needs, Fed. R. Civ. P. 26(b)(1), and "narrowly tailored to obtain information relevant to [the Court's] preliminary injunction determination[,]" *Teeters*, 2019 WL 11660174, at *1 (quoting *L'Occitane*, 2009 WL 3746690, at *2). Further, pre-hearing depositions will also serve the interests of judicial efficiency by streamlining the parties' presentation of evidence at the preliminary injunction hearing, and they will serve the interests of justice by facilitating a more fulsome evidentiary record.

Accordingly, it is by the United States District Court for the District of Maryland hereby ORDERED that:

1. Plaintiff's Emergency Motion for an Order Allowing Depositions (ECF No. 53) is GRANTED;

2. Plaintiff is authorized to conduct depositions of each witness Defendant intends to present at the preliminary injunction hearing;

3. Each deposition by Plaintiff shall be limited to 2.5 hours;

4. The subject matter of each deposition shall be limited to the scope of the testimony Defendant's witnesses intend to offer at the forthcoming preliminary injunction hearing and any declaration submitted by either witness;

5. The parties shall file no later than November 12, 2025, a status report on the scheduling of the depositions authorized by this Order;

6. The preliminary injunction hearing shall be postponed.

It is so ORDERED this  7th  day of November, 2025.

                                                    /S/
                                             Matthew J. Maddox
                                             United States District Judge