IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| NATIONAL ELECTRONIC ATTACHMENT, INC., d/b/a VYNE DENTAL<br><br>         Plaintiff and Counter-Defendant,<br><br>- against -<br><br>HENRY SCHEIN ONE, LLC,<br><br>         Defendant and Counter-Claimant. | Case No. 1:25-cv-03246-MJM |

**HENRY SCHEIN ONE, LLC'S MOTION FOR EXPEDITED HEARING ON ITS TEMPORARY RESTRAINING ORDER AND TRANSFER MOTIONS**

Defendant and Counter-Claimant Henry Schein One, LLC ("HSOne") files this Motion for Expedited Hearing on its Temporary Restraining Order and Transfer Motions:

HSOne respectfully requests that the Court hear its pending Temporary Restraining Order and Transfer Motions prior to the preliminary injunction hearing. It has been over a month since HSOne moved for its first TRO in this dispute in Utah, but it has not yet been heard. Vyne has used this procedural situation to deploy hundreds of documented instances of malicious software designed to maintain unauthorized access to HSOne's systems, creating significant security and concrete harm and corruption to HSOne's software systems and database. Courts in similar situations have granted TROs to stop such unauthorized access, given the significant risks of security incidents, while a preliminary injunction hearing is pending. *See Gen. Parts Distrib., LLC v. St. Clair*, 2011 U.S. Dist. LEXIS 145055, at *14 (D. Md. Dec. 14, 2011) (citation omitted); *ClearOne Advantage, LLC v. Kersen*, 710 F. Supp. 3d 425, 437 (D. Md. 2024).[1]

---

[1] *See also Physicians Interactive v. Lathian Sys., Inc.*, No. CA 03-1193-A, 2003 WL 23018270, at *4 (E.D. Va. Dec. 5, 2003) (granting TRO and PI based on security risks because "electronic security systems are not foolproof"); *eBay, Inc. v. Bidder's Edge, Inc.*, 100 F. Supp. 2d 1058, 1073

1

Due to Vyne's anticipatory forum shopping, HSOne has not had its motion for a TRO heard in Maryland or in Utah. HSOne filed its TRO in Utah on October 8, 2025. On the same day, the court in Utah declined to take up the TRO pending a determination by this Court in Maryland as to whether venue is proper here or in Utah. (*Henry Schein One, LLC v. National Electronic Attachment, Inc. d/b/a Vyne Dental*, Case No. 2:25-cv-0083 ("Utah case"), ECF No. 18.) HSOne moved to reconsider that ruling because Vyne continued its escalating unauthorized access to HSOne's systems. (Utah case ECF No. 20.) Vyne has now admitted this in a sworn statement by its Chief Technology Officer explaining that Vyne exfiltrates encryption keys meant to protect HSOne's software systems from unauthorized access. (ECF No. 40-5 ¶ 31.)

HSOne filed its TRO in this Court on October 23, 2025. (ECF No. 46-1.) At the hearing on Vyne's TRO, which the Court denied, the Court accelerated briefing on HSOne's TRO, and it is now fully briefed. Last Friday, November 7, 2025, the Court issued an Order permitting depositions prior to the preliminary injunction hearing that was set for this Wednesday, November 12, 2025, and postponed that preliminary injunction hearing.

HSOne respectfully submits that a hearing on its TRO in the interim is appropriate. HSOne is under attack by Vyne daily and has been continuously under attack in the month since it filed its first TRO in Utah. HSOne requests that it be provided an opportunity similar to what Vyne received on its TRO, to present legal argument and uncontested facts on the paper record. Freezing the status quo from before Vyne began escalating its unauthorized access would ensure that Vyne does not continue violating the Computer Fraud and Abuse Act and other federal, state, and

---

(N.D. Cal. 2000) (preliminary injunction merited to stop irreparable harm from unauthorized access to database). Conversely, Vyne cannot claim that it would hurt its business when its business model is based on it violating HSOne's property rights. *See, e.g., eBay, Inc.*, 100 F. Supp. 2d at 1069 (explaining that "a defendant who builds a business model based upon a clear violation of the property rights of the plaintiff cannot defeat a preliminary injunction by claiming the business will be harmed if the defendant is forced to respect those property rights.").

common law doctrines in accessing HSOne's software, cloud infrastructure, and database without authorization before the preliminary injunction hearing. In the meantime, the parties can take depositions in parallel prior to both parties' preliminary injunction hearing.

With respect to HSOne's Transfer Motion, this is also now fully briefed and ripe for consideration.[2] Given that Vyne requested depositions, which required the preliminary injunction hearing to be rescheduled, it would be in the interest of justice to move the case to the District of Utah for the scheduling of that preliminary injunction hearing. This morning, the court in Utah stayed all deadlines in that case pending this Court's determination of the venue transfer motion and ordered the parties to submit a status report notifying the court within seven days of the disposition of the motion to transfer. (Utah Case ECF 41.) Should this Court transfer the case, its Order on depositions would travel, as well as a TRO against Vyne that the Court could enter prior to transferring the case.

Authorities in the Fourth Circuit and this District support HSOne's request. District courts have broad discretion "to manage the timing and process for entry of all interlocutory injunctions—both TROs and preliminary injunctions—so long as the opposing party is given a reasonable opportunity, commensurate with the scarcity of time under the circumstances, to prepare a defense and advance reasons why the injunction should not issue." *U.S. Dep't of Labor v. Wolf Run Mining Co., Inc.*, 452 F.3d 275, 283 (4th Cir. 2006). As opposed to preliminary injunctions, "temporary restraining orders may be issued without full notice, even, under certain circumstances, ex parte." *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999). TROs are intended to preserve the status quo and prevent irreparable harm until a

---

[2] Counsel for HSOne is available at the Court's convenience this week for a virtual hearing or can travel to Baltimore within a day's notice.

hearing on the preliminary injunction. *See Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999). Moreover, "Rule 65 does not require an evidentiary hearing[,]" so long as "the party opposing the preliminary injunction [has] a fair opportunity to oppose the application and to prepare for such opposition." *S.C. Progressive Network Educ. Fund v. Andino*, 493 F. Supp. 3d 460, 466 (D.S.C. 2020). There is no question that Vyne has had a fair opportunity to oppose HSOne's motion. HSOne's motion has been fully briefed and is ripe for resolution.

The evidence already before this Court entitles HSOne to temporary injunctive relief. Vyne admits it has been exfiltrating secret encryption keys from HSOne's software systems and then uses those keys to access HSOne's software systems. (ECF No. 40-5 ¶ 31.) Vyne also admits to writing information to Dentrix databases installed on the parties' shared customers' computers. (ECF No. 52-1 ¶ 5.) The evidence also demonstrates that Vyne has modified the Dentrix registry settings to change Vyne to be the default printer. (ECF No. 40-5 ¶ 6; ECF No. 46-2 ¶ 19.) In addition, Vyne does not just edit Dentrix's settings files, but Vyne leverages a debug function meant for fixing bugs to change HSOne's settings. (ECF No. 46-2 ¶ 19.) From October 3 through October 10, 2025 HSOne's telemetry uncovered that Vyne had deployed at least 400 malicious instances of its software that access HSOne's software systems and database without authorization. (ECF No. 26-2 ¶ 31.) Additional evidence of Vyne's credential misappropriation and binary masquerading, administrator privilege escalation, patch tampering, component impersonation, and code injection for mass data export is set forth in declarations before this Court. (ECF No. 46-2; ECF No. 62-1.)

In recent weeks, Vyne has deployed at least 48 new installations or upgrades of its malicious software that are continuing to access HSOne's systems, database, and cloud infrastructure on a daily basis without authorization. (Declaration of Kenton McDaniel ¶ 2.)

HSOne has done everything it can possibly do to seek relief from Vyne's escalating unauthorized access and technical circumvention, and Vyne has stopped at nothing to continue its attacks. The Court accelerated briefing on HSOne's TRO and declined to provide Vyne any additional time to respond to HSOne's Transfer Motion. Continuing this momentum and resolving the TRO as well as the venue issue would promote efficiency for the parties and the Court while addressing the inequity of Vyne's continued unlawful conduct.

In sum, HSOne respectfully requests that the Court hold a hearing this week on HSOne's TRO and Transfer Motions. HSOne seeks a TRO that can travel with a Transfer Order, as well as the Court's Order on discovery prior to the preliminary injunction hearing that can be held in Utah.

Respectfully submitted,

Date: November 10, 2025

By: */s/ Michael Sklaire*

Michael Burshteyn *(pro hac vice)*
Marcelo Barros *(pro hac vice)*
Jennifer Bartlett *(pro hac vice)*
**GREENBERG TRAURIG, LLP**
101 Second Street, Suite 2200
San Francisco, CA 94105
Tel: (415) 655-1300
Michael.burshteyn@gtlaw.com
Marcelo.barros@gtlaw.com
Jennifer.bartlett@gtlaw.com

Michael R. Sklaire (MD Fed. Bar No. 16471)
1750 Tysons Boulevard, Suite 1000
Tysons Corner, VA 22102
Tel: (703) 749-1308
michael.sklaire@gtlaw.com

*Counsel for Henry Schein One, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 10, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Michael Sklaire*
Michael Sklaire

**CERTIFICATE OF CONFERENCE**

I HEREBY CERTIFY that on November 10, 2025, I conferred with counsel for Vyne who indicated that Vyne was opposed to the relief requested in this motion.

*/s/ Michael Burshteyn*
Michael Burshteyn
