GT GreenbergTraurig

Michael Burshteyn
Tel 415.590.5141
Fax 415.707.2010
Michael.Burshteyn@gtlaw.com

February 6, 2026

**VIA ECF**

The Honorable Matthew J. Maddox
U.S. District Court for the District of Maryland
101 West Lombard Street
Baltimore, MD 21201

Re: ***National Electronic Attachment, Inc., d/b/a Vyne Dental v. Henry Schein One, LLC, Case No. 1:25-cv-03246***

Dear Judge Maddox:

We write pursuant to U.S. District Court of Maryland Local Rule, Appendix A, Guideline 1(f) on behalf of Defendant Henry Schein One, LLC ("HSOne") to seek the Court's assistance in resolving discovery disputes, related to confidentiality designations, in advance of the upcoming February 10-12, 2026, preliminary injunction hearing. As detailed herein, Plaintiff Vyne Dental ("Vyne") is unjustified in designating certain party admission deposition testimony and certain paragraphs of its expert report, "Attorneys' Eyes Only" ("AEO").[1][2]

Vyne has designated testimony that (1) admits Vyne's unlawful conduct and (2) explains Vyne's plans to circumvent HSOne's security controls in the future as AEO. It has similarly designated portions of its expert report. To date, Vyne has refused to de-designate that testimony. Such testimony, however, cannot reasonably qualify for AEO protection. Permitting Vyne's designations to stand will cause hardship on HSOne insofar as the steps it will need to take to introduce that testimony at the upcoming preliminary injunction hearing and efficiently and effectively litigate this case.

Conversely, HSOne's submits that certain testimony by its Chief Information Security Officer ("CISO"), Mr. Kenton McDaniel, has been appropriately designated AEO. This testimony relates to HSOne's plans for further security controls. HSOne addresses the designated testimony

[1] The Parties are in the process of negotiating a protective order, which will define categories of documents, testimony, and/or other information which may qualify for AEO protection. Such definition will align with Federal Rule of Civil Procedure 26, this Court's Local Rules and other generally accepted principles of what may be designated AEO.

[2] Considering the alleged confidential nature of the information contained within the deposition transcripts, HSOne is not including copies of the transcripts or emails discussing the same as exhibits to this letter at this time and awaits further instruction from the Court. HSOne is prepared to file redacted and unredacted versions on the docket, together with a motion to seal, or otherwise transmit the transcripts to the Court for *in camera* inspection.

below, in hopes that the Court may be able to assist in resolving all designation related issues, without formal motion practice, in advance of the upcoming preliminary injunction hearing.

## I. Background

The Court entered an Order on November 7, 2025 permitting the Parties to take limited fact discovery in advance of the February 2026 hearing on Vyne's and HSOne's motions for a preliminary injunction. (ECF No. 63.) During the first deposition, the Parties agreed on a procedure for designating any deposition testimony "AEO." The Parties agreed that they would keep the depositions confidential for 48 hours after receipt of the transcript, during which time, the Party could designate portions of deposition testimony as AEO. After disclosing what, if any, AEO designations, the opposing party would have 48 hours to challenge such designations. The Parties agreed that, thereafter, they would confer regarding any designations before seeking relief from the Court.

On November 13, 14 and 19, 2025, Vyne deposed Kenton McDaniel, HSOne's CISO, Alan Rencher, HSOne's Chief Technology Officer ("CTO"), and Brian Weatherly, HSOne's Chief Executive Officer ("CEO"), respectively. On November 13 and 18, 2025, HSOne deposed Steve Roberts, Vyne's CEO, and Jimmy Nix, Vyne's CTO, respectively. This correspondence relates only to designations of Mr. Nix's and Mr. McDaniel's testimony.

## II. Vyne's Designation of Party Admission Deposition Testimony as AEO Is Improper.

On November 17, 2025, in accordance with the Parties' agreement, Vyne provided its confidentiality designations for Mr. Nix's deposition transcript to HSOne. On November 19, 2025, in accordance with the Parties' agreement, HSOne objected to all of Vyne's AEO designations, stating that the underlying testimony involved admissions of wrongdoing and admissions of Vyne's future plans to work around HSOne's security controls that could not reasonably qualify for AEO protection—under either the generally accepted definition, or under the working definition in the Parties' draft protective order. As such, HSOne requested that Vyne explain its position for designating the stated portions of the transcript AEO. *Id.* Vyne provided a brief response on November 20, 2025, simply noting that the parties are competitors and that the "designated material reflects non-public information about product development." *Id.*

### *A. Applicable Legal Standard*

"Local Rule 104.13 outlines a mechanism for the parties to stipulate to order of confidentiality, effectively alleviating the need for the parties to move for a protective order under Rule 26(c) for material it designates as confidential, and advancing the interest of judicial economy." *Nextel Corp. v. Simple Cell Inc.*, No. CCB-13-0617, 2015 WL 13840324, at *1 (D. Md. Oct. 5, 2015) (citing *In re Alexandrer Grant & Co. Litig.*, 820 F.3d 352, 356 (11th Cir. 1987)). Where, as here, the parties thereafter disagree on confidentiality designations, the party seeking to uphold the designation bears the burden "of justifying the need for the protective order . . . [while] the burden of raising the issue of confidentiality with respect to individuals documents shifts to the other party." *Id.* (internal quotations and citation omitted).

To establish that a document is deserving of confidential treatment, the designating party must show (1) that it contains information within the scope of Rule 26(c) and (2) that there would be an identifiable harm from its disclosure. *Nextel Corp*., 2015 WL 1384324, at *2 (*citing Waterkeeper Alliance, Inc. v. Alan & Kristin Hudson Farm*, 278 F.R.D. 136, 140 (D. Md. 2011) and *In re Wilson*, 149 F.3d 249, 252 (4th Cir. 1998)). To justify the AEO designation, the designating party must show "that disclosure of the particular AEO-designated materials to even a small number of the other party's personnel would risk the disclosure of sensitive competitive information." *Id*. at *3; *see also U.S. ex rel. Davis*, 753 F.Supp.2d at 566-67. "It is not sufficient to show that the designating party is a competitor of the receiving party." *Id.* (quotations and citation omitted). Moreover, "[c]onclusory statements are insufficient to show that a 'slight expansion of disclosure' puts the designating party at an appreciable risk.'" *Global Materials Techs., Inc.*, 133 F.Supp.3d at 1079.

Even so, AEO designations should be used sparingly, "where a genuine threat of competitive or other injury dictates such measures" as "[a]n overuse of the AEO designation imposes a significant burden on opposing parties conducting discovery and preparing for trial." *Nextel Corp*., 2015 WL 1384324, at *3 (quotations and citations omitted); *see id.* ("A party's interests in trial preparation and defense are 'important interests . . . and great care must be taken to avoid their unnecessary infringement'"); *see also Global Materials Techs., Inc. v. Dazheng Metal Fibre Co., Ltd.*, 133 F. Supp. 3d 1079 (N.D. Ill. 2015) ("[t]he AEO designation must be used selectively because discovery and trial preparation are made significantly more difficult and expensive when an attorney cannot make a complete disclosure of relevant facts to a client and because it leaves the litigant in a difficult position to assess whether the arguments put forward on its behalf are meritorious").

### ***B. Vyne cannot show good cause to maintain its AEO designations.***

As a threshold point, while the Parties have not yet agreed on specific language for a stipulated protective order, the Parties have agreed that information can be designated "AEO." Moreover, any confidentiality designation language will be consistent with Federal Rule of Procedure 26(c) in accordance with this Court's local rules.

Vyne's designated portions of Mr. Nix's testimony fall into three categories. First, Vyne has designated as AEO Mr. Nix's testimony admitting that Vyne circumvented HSOne's security protocols to access data processed and stored in the Dentrix database. This includes testimony admitting that Vyne changed permissions in the Dentrix database so that HSOne cannot prevent Vyne's unauthorized access. But party admissions regarding unlawful workarounds — ***the facts of which HSOne is generally already aware*** — do not deserve AEO protection. *See, e.g.*, *Minter v. Wells Fargo Bank, N.A.,* No. CIV WMN-07-3442, 2010 WL 5418910, at *11 (D. Md. Dec. 23, 2010) (denying confidential designations on operations documents where defendants failed to satisfy burden in demonstrating that the purported business information was confidential and where much of the information at issue was either common knowledge or publicly available). Even assuming *arguendo* that HSOne did not know the facts of Vyne's misconduct, Vyne cannot show good cause for upholding its AEO designations to this testimony. Mr. Nix's testimony does not reveal Vyne's technological trade secrets. Instead, Mr. Nix's testimony cuts to the core issues

in the case: Vyne's unlawful access of HSOne's systems. As such, Vyne is attempting to hide admissions of the conduct that gave rise to HSOne's claims in the first instance because disclosure would jeopardize Vyne's litigation position. Vyne should not be permitted to misuse AEO designations in order to protect its litigation position while hindering HSOne's ability to proceed effectively with it.

Second, Vyne has designated as AEO Mr. Nix's testimony regarding Vyne's ongoing plans to develop workarounds to HSOne's security controls designed to prevent unauthorized access to Dentrix. Not only are these designations voluminous (and therefore disfavored (*see Glob. Material Techs., Inc.*, *supra*)), but the underlying testimony, again, involves the issues central to this case — Vyne's continued efforts to access HSOne's systems unlawfully. Vyne cannot show good cause for designating this material testimony as AEO. Vyne's one-line argument that such testimony "reflects non-public information about product development" falls far short of the requirements to maintain AEO disclosure, particularly where it comes to identifiable harm. Indeed, Vyne cannot make such a showing without admitting that it would be harmed were to cease its unlawful conduct. Vyne should not be able to hide how it plans to further circumvent HSOne's security controls to unlawfully access data in the Dentrix database via inappropriate AEO designations.

Next, Vyne has designated as AEO a question that counsel for HSOne asked Mr. Nix during his deposition. Surely this cannot warrant AEO protection and, to that end, Vyne should be compelled to de-designate this testimony.

Finally, Vyne's improper AEO designations spill over into its expert's rebuttal report, which it served late Wednesday night. There, too, Vyne seeks to designate as AEO its expert's statements detailing Vyne's unauthorized access. For the reasons set forth above, however, including the fact that HSOne is already aware of how Vyne is hacking, Vyne should not be permitted to shield its unlawful conduct by designating it AEO. Vyne also designates portions of its expert's report AEO that (i) have nothing to do with Vyne or HSOne, such as Microsoft's plans regarding printer drivers; (ii) identify its printer driver vendor, which Vyne explicitly states was selected because of HSOne; and (iii) detail code that it used to use but that it now describes as "out-of-date." None of these subjects reasonably qualify for AEO protection.

## III. Portions of Mr. McDaniel's Testimony Qualify for AEO Protection.

### *A. HSOne Will Be Able to Successfully Defend A Designation Challenge.*

HSOne's CISO, Mr. McDaniel, was deposed on November 13, 2025. In accordance with the Parties' agreement, HSOne served AEO designations on November 15, 2025. By email correspondence dated November 20, 2025, counsel suggested that Vyne may challenge HSOne's confidentiality designations to Mr. McDaniel's deposition testimony.

As such, it is HSOne's position that the limited portions of Mr. McDaniel's testimony designated are information about technological trade secrets that HSOne uses or plans to implement for security of its systems—to stop unauthorized actors, including but not limited to Vyne, from working around its security controls. Technological trade secrets of HSOne's security measures should be designated as AEO so that Vyne, who has been designing ways to work around

the controls and unlawfully access the systems, does not have a road map to be able to do. To that end, if contested, HSOne will be able to show that this information falls within the scope of Rule 26(c), and that HSOne would suffer identifiable harm from the disclosure of this information. *See, e.g.*, *Nextel Corp*., 2015 WL 1384324, at *2.

***B. In the Alternative, the Information at Issue Warrants Issuance of a Judicial Protective Order.***

In the event that HSOne must affirmatively move to keep this information designated, HSOne will be able to satisfy the standard applicable to protective orders, which, as detailed below, mirrors the requirements for defending a designation challenge. The Federal Rules of Civil Procedure, recognizing that certain information may require heightened protection in litigation, establish a framework for protective orders. *See* Fed. R. Civ. P. 26(c). As part of that framework, Rule 26 states, in pertinent part, that a "court may, **for good cause**, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G)(emphasis supplied).

A party moving for protective order on the grounds that the documents or information involves a trade secret must "demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause identifiable harm." *Deford v. Schmid Products Co*., 120 F.R.D. 648, 652–53 (D. Md. 1987). Moreover, "[w]here a *business* is the party seeking protection," courts impose additional burdens; the business "will have to show that disclosure would cause significant harm to its competitive and financial position. That showing requires specific demonstrations of facts, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm." *Id.* Ultimately, in determining whether to grant a protective order, courts apply a balancing test, balancing the goal of full disclosure of relevant information against reasonable protection from economic injury." *See, e.g.*, *McAirlaids, Inc. v. Kimberly-Clark Corp.*, 299 F.R.D. 498 (2014).

As set forth above, Mr. McDaniel's testimony regarding HSOne's uses or plans to implement for security of its systems implicates a trade secret or other confidential research, development, or commercial information fall within the purview of Rule 26(c). Permitting blanket access of this information to Vyne, which Vyne would continue to use to unlawfully access HSOne's systems, would lead to identifiable harm—which HSOne has shown. *See* HSOne's Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. No. 46-1). Access to HSOne's proprietary security protocols and plans would allow unauthorized access by Vyne and potentially other actors that would create further risks and vulnerabilities in HSOne's systems that could lead to a data breach, which could be catastrophic to the parties' joint customers and patients. Good cause therefore exists to designate and protect the portions of Mr. McDaniel's testimony regarding HSOne's security.

**IV. Conclusion**

HSOne will suffer prejudice if Vyne's AEO designations stand, as it will materially impact HSOne's ability to effectively litigate this case. Moreover, HSOne will be irreparably harmed if Mr. McDaniel's testimony is not designed AEO. Accordingly, HSOne respectfully requests the Court's assistance in resolving these issues short of formal motion practice.

Respectfully,

Michael Burshteyn