

K. Nichole Nesbitt
knn@gdldlaw.com
410-783-4026

One South Street, 20th Floor
Baltimore, Maryland 21202
T|410-783-4000  F|410-783-4040

February 9, 2026

VIA ELECTRONIC COURT FILING

Hon. Matthew J. Maddox
U.S. District Court for the District of Maryland
101 West Lombard Street
Baltimore, MD 21201

    Re:    *National Electronic Attachment, Inc., d/b/a Vyne Dental v. Henry Schein One, LLC*, Civil No. 25-cv-03246-MJM (D. Md. 2025)

Dear Judge Maddox,

    Plaintiff National Electronic Attachment, Inc., d/b/a Vyne Dental ("Vyne"), respectfully writes in response to HS One's February 6, 2026, discovery dispute letter challenging Vyne's Attorneys' Eyes Only ("AEO") designations. The challenged designations concern limited portions of the deposition testimony of Vyne's Chief Technology Officer, Mr. James Nix, and limited portions of the rebuttal expert report of Mr. Paul Clip and the proprietary technical materials on which he relied. Those materials reflect Vyne's confidential engineering implementation, software architecture, and integration methods. These were properly designated for protection under Fed. R. Civ. P. 26(c) ("Rule 26(c)").

    Fed. R. Civ. P. 26(c)(1)(G) expressly authorizes courts, "for good cause," to protect "a trade secret or other confidential research, development, or commercial information" from disclosure. The party seeking protection must show that the material falls within Rule 26(c) and that disclosure would cause identifiable competitive harm. *See Waterkeeper All., Inc. v. Alan & Kristin Hudson Farm*, 278 F.R.D. 136, 140 (D. Md. 2011) (stating that when a business seeks protection under Rule 26, it must demonstrate that disclosure would inflict substantial harm on its competitive standing or financial interests); *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987) (same); *Sprint Nextel Corp. v. Simple Cell Inc.*, 2015 WL 13840324, at *3 (D. Md. Oct. 5, 2015) (requiring showing that disclosure would risk revealing "sensitive competitive information"); *Structural Pres. Sys., LLC v. Andrews*, 2014 WL 12738909, at *3 (D. Md. Feb. 3, 2014) (requiring identification of "specific personal or proprietary information at issue … [and] specific harm that it could suffer.").

Courts recognize that confidential commercial information includes proprietary technical implementation and engineering methods and disclosing them would harm a party's competitive position. Applying Rule 26(c) courts routinely protect proprietary technical information in litigation between competitors because disclosure risks competitive harm. *See Volvo Penta of the Ams., Inc. v. Brunswick Corp.*, 187 F.R.D. 240, 242 (E.D. Va. 1999) (Rule 26(c) protects "trade secrets or other confidential research, development, or commercial information").

Vyne's designations readily satisfy that standard. Since November 2025, Vyne designated limited portions of Mr. Nix's deposition testimony reflecting Vyne's internal engineering implementation, technical integration methods, and system architecture. That testimony addresses how Vyne's software operates, how it interfaces with third-party systems, how Vyne engineers implemented its integration technology, and how Vyne intends to develop its product prospectively. Nix Dep. Tr. 33:13–34:2; 36:5–11; 38:22–39:8; 40:11–44:10; 49:11–51:23; 52:24–53:12; 56:13–23; 62:21–25; 75:22–25; 93:24-9:6. Disclosure of that testimony would provide a competitor with direct insight into Vyne's proprietary engineering implementation. Rule 26(c) exists precisely to prevent that outcome. *See Sprint Nextel*, 2015 WL 13840324, at *3; *Structural Pres.*, 2014 WL 12738909, at *3.

HS One's principal argument—that Vyne cannot protect testimony because HS One characterizes it as "admissions" or evidence of alleged "circumvention"—misstates the governing legal standard. Dkt. 105 at 1. Rule 26(c) protects confidential technical and commercial information based on its substance, not on how an opposing party characterizes it or whether it may be relevant evidence. The question is whether the testimony reveals proprietary technical implementation whose disclosure would risk competitive harm. *See Waterkeeper All., Inc.*, 278 F.R.D. at 140 (protective order appropriate where disclosure would cause "identifiable, significant harm" to competitive position); *Sprint Nextel Corp.*, 2015 WL 13840324, at *3; *Volvo Penta of the Ams., Inc.*, 187 F.R.D. at 242. That is precisely the case here. Mr. Nix's testimony describes Vyne's internal engineering implementation and technical integration methods. Nix Dep. Tr. 33:13–34:2; 40:11–44:10; 49:11–51:23; 93:24-94:6. Disclosure of those implementation details would provide a direct competitor with insight into Vyne's proprietary engineering design. Rule 26(c) exists to prevent precisely that harm.

Vyne likewise designated limited portions of its rebuttal expert report served February 5, 2026, including paragraphs 58–59, 64–66, 70, 96–100, 102, and 108–109, and the proprietary technical materials on which Mr. Clip relied, including Remote Lite Technical Notes.pdf, Vyne Dental Plugin Technical Notes.pdf, and VyneSync as VDP – Commands_Service_DataAccess.pdf. Those materials analyze and describe Vyne's engineering implementation, including how Vyne's software integrates with third-party systems and how those technical mechanisms operate. Disclosure would provide HS One, a direct competitor, with insight into Vyne's proprietary engineering design and implementation.

HS One also states that it needs to discuss the content of the information with its witnesses to prepare its case. That is inapposite to Rule 26(c)'s protections, but also untrue. HS One has a technical expert who has been given access to all this information, can evaluate its content, and can provide testimony to the Court about it if needed. HS One cannot share the information with HS One's fact witnesses, but that is because they have no knowledge about the content of the

designated information; this also means they would neither have relevant testimony to provide about it, or foundation to provide it. Nor is HS One's position that it needs access to this information to prepare its case consistent with its own conduct. Vyne designated that information as confidential months ago, with HS One waiting until the eve of the preliminary injunction hearing to file its motion. Meanwhile, HS One designated portions of the deposition testimony of its Chief Information Security Officer, Mr. Kenton McDaniel, as AEO because that testimony reflects HS One's proprietary technical implementation and security measures. HS One cannot have it both ways – either the same Rule 26(c) principles apply equally to Vyne's proprietary technical implementation or not at all.

For these reasons, Vyne respectfully submits that its AEO designations are proper under Rule 26(c) and governing precedent and respectfully requests that the Court deny HS One's request.

Respectfully submitted,

/s/ K. Nichole Nesbitt
K. Nichole Nesbitt (Bar No. 26137)
Derek M. Stikeleather (Bar No. 27815)
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
(410) 783-4026
knn@gdldlaw.com
dstikeleather@gdldlaw.com

Michael Shuster (pro hac vice)
Vincent Levy (pro hac vice)
Charlotte Baigent (pro hac vice)
James Campbell (pro hac vice)
Daniel Fahrenthold (pro hac vice)
Torrell Mills (pro hac vice)
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151
vlevy@hsgllp.com

*Attorneys for Plaintiff National Electronic Attachment, Inc. d/b/a Vyne Dental*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of February 2026, a copy of the foregoing Response to HS One's Discovery Dispute Letter was served via the Court's electronic filing system to all counsel of record.

                                             */s/ K. Nichole Nesbitt*
                                             K. Nichole Nesbitt