# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

NATIONAL ELECTRONIC ATTACHMENT, INC., D/B/A VYNE DENTAL,

          *Plaintiff*,

  -against-

HENRY SCHEIN ONE, LLC,

          *Defendant*.

Case No. 1:25-cv-03246

## MOTION TO SEQUESTER WITNESSES

Plaintiff National Electronic Attachment, Inc., d/b/a Vyne Dental ("Vyne"), by and through its counsel, respectfully moves this Court to sequester all lay witnesses for the duration of the evidentiary hearing, including by accessing the proceedings online. Federal courts, of course, have "broad power to sequester witnesses before, during, and after their testimony." *Geders v. United States*, 425 U.S. 80, 87 (1976). Rule 615 provides that, "[a]t a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615. The Fourth Circuit has recognized that sequestration is designed to "discourage and expose fabrication, inaccuracy, and collusion." *Opus 3 Ltd. v. Heritage Park, Inc.*, 91 F.3d 625, 628 (4th Cir. 1996). Once sequestration is requested, exclusion of witnesses is mandatory absent exception, and the burden rests on the party opposing sequestration to establish that an exception is warranted. *Id.*

The parties anticipate testimony concerning factual and technical issues central to the preliminary injunction, including the operation and technical architecture of the systems at issue. As this testimony will address overlapping subject matter, there is a substantial risk that the lay witnesses could tailor their testimony if permitted to hear others. These concerns are particularly acute where, as here, testimony will address proprietary technical systems and competitively

1

sensitive information, because exposure to prior testimony may influence subsequent testimony or expose witnesses to confidential information beyond the scope of their own knowledge.

Sequestration is therefore prudent to ensure independent testimony and preserve the integrity of the evidentiary record. Vyne does not object to the presence of a single designated corporate representative for each party, as permitted under Federal Rule of Evidence 615, and hereby designates Ms. Kelly Owen as its corporate representative.

Respectfully submitted,

*/s/ K. Nichole Nesbitt*
K. Nichole Nesbitt (Bar No. 26137)
Derek M. Stikeleather (Bar No. 27815)
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
(410) 783-4026
knn@gdldlaw.com
dstikeleather@gdldlaw.com

Michael Shuster (pro hac vice)
Vincent Levy (pro hac vice)
Charlotte Baigent (pro hac vice)
James Campbell (pro hac vice)
Daniel Fahrenthold (pro hac vice)
Torrell Mills (pro hac vice)
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151
vlevy@hsgllp.com

*Attorneys for Plaintiff National Electronic Attachment, Inc. d/b/a Vyne Dental*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of February 2026, a copy of the foregoing Motion to Sequester Witnesses was served via the Court's electronic filing system to all counsel of record.

                                                   */s/ K. Nichole Nesbitt*
                                                   K. Nichole Nesbitt (Bar No. 26137)