IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| NATIONAL ELECTRONIC ATTACHMENT, INC., d/b/a VYNE DENTAL<br><br>Plaintiff,<br><br>- against –<br><br>HENRY SCHEIN ONE, LLC,<br><br>Defendant. | Case No. 1:25-cv-03246-MJM |

**HENRY SCHEIN ONE, LLC'S OPPOSITION TO NATIONAL ELECTRONIC ATTACHMENT, INC.'S MOTION TO SEQUESTER WITNESSES**

Vyne's request to sequester witnesses merits denial because Rule 615(a)(3) excludes "any person whose presence a party shows to be essential to presenting the party's claim or defense."

Vyne is correct that the issues here are highly technical and fact intensive.[1]  That is why three technical witnesses—Mr. Rencher (HSOne's Chief Technology Officer), Mr. McDaniel (HSOne's Chief Information Security Officer), and Mr. Nix (Vyne's Chief Technology Officer) all flew here (on the same flight from Utah, where they are located) to participate in these proceedings.  Both Vyne and HSOne's Chief Executive Officers, Mr. Weatherly and Mr. Roberts, also are here for the multi-day proceeding.

HSOne will not speak for Vyne, but as for itself, all three of its witnesses are essential to presenting HSOne's claims and defenses.  There are two cross-preliminary injunction requests pending here, one from each side.  They cover facts and circumstances that all these executives

---

[1] Throughout these proceedings Henry Schein One, LLC refers to itself as HSOne, and refers to National Electronic Attachment, Inc. as Vyne.

1

have intimate knowledge about and their knowledge is required to enable the parties to present their cases.

To the extent the Court grants Vyne's sequestration request, HSOne will designate Mr. Rencher as its representative for purposes of this proceeding pursuant to Rule 615(a)(2). HSOne also requests that its expert, Mr. Youssef, be present, to which it understands Vyne does not object. HSOne is happy for all of Vyne's witnesses to be present throughout the proceedings as well.

## ARGUMENT

I. **Federal Rule of Evidence 615 Does Not Mandate Sequestration**

While Federal Rule of Evidence 615 permits a court to exclude witnesses from the courtroom at a party's request, the "rule does not authorize excluding . . . (2) one officer or employee of a party that is not a natural person if that officer or employee has been designated as the party's representative by its attorney [and] (3) any person whose presence a party shows to be essential to presenting the party's claim or defense[.]" Fed. R. Evid. 61(a)(2), (3).

   A. **The Lenient Standard Applicable to Preliminary Injunction Proceedings Supports Denying Vyne's Motion**

As a threshold issue, the Federal Rules of Evidence are relaxed at the preliminary injunction stage. *See, e.g. G.W. Aru, LLC v. W.R. Grace & CO. – Conn.*, No. JKB-22-2636, 2023 WL 5434666, at *2 (D. Md. Aug. 23, 2023) (stating that a preliminary injunction proceeding is less formal than a trial on the merits, and citing *Univ. of Tx. V. Camenisch*, 451 U.S. 390, 395 (1981)); *see also Parks v. City of Charlotte*, No.17-CV-00670, 2018 WL 4643193, at *4 (W.D.N.C. Sept. 27, 2018) (noting that the court relaxes the rules of evidence at the preliminary injunction state, collecting cases, and stating that "[s]ome courts have even held that the Federal Rules of Evidence are completely inapplicable to a preliminary injunction hearing.") To that end,

2

the Court should decline Vyne's invitation to apply the Federal Rules of Evidence with full force here.

This is not an academic issue, but goes to the concept that the Court here itself is the fact finder. The Court is well-equipped to make its own determinations during the preliminary injunction hearing as to the credibility of the witnesses. The Court itself is comfortable with the factual issues in the case and has honed in on the key questions in all the prior hearings. If a witness is tailoring answers in a way that is fabricated, as Vyne is concerned about, the Court will make its own determination about credibility. There is no risk here of prejudice to the fact finder— there is no jury.

### B. Even If the Court Stringently Applies the FRE, HSOne's Witnesses Should Be Permitted in the Courtroom Pursuant to FRE 615(a)(3)

Should the Court elect to apply Federal Rule of Evidence 615, HSOne submits that its technical witnesses, who traveled all the way from Utah, should be present in the courtroom pursuant to Federal Rule of Evidence 615(a)(3), as they are essential to HSOne's claims and defenses in this litigation. So too is HSOne's CEO critical, given the relevance of the parties' business negotiations to the claims at issue.

Vyne's claims and HSOne's cross-claims are based in large part on technical code and related complex issues involving computer software and cybersecurity. HSOne's allegations involve, among other things, Vyne's creation of workarounds to hack its way into HSOne's systems — databases owned HSOne. It would be appropriate for HSOne's Chief Technology Officer, Alan Rencher, and Chief Information Security Officer, Kenton McDaniel, to be present in the courtroom for the entirety of the preliminary injunction hearing given the technical aspects of the databases and software involved. HSOne will be prejudiced if they are sequestered because they are critical to help HSOne prepare its claims and defenses. *S. Lake Union Hotel LLC v. F&F*

3

*Rogers Family Ltd. Partnership*, No. C23-1868-KKE, 2025 WL 2495086, at *5 (W.D. Wash. Aug. 29, 2025) (agreeing that a witness was essential under Rule 615(a)(3) and declining to sequester on that basis, and citing *Jun Yu v. Idaho State Univ.*, No. 15-cv-00430, 2019 WL 254240, at *1-2 (D. Idaho Jan. 17, 2019) (refusing to sequester rebuttal experts because the testimony was relevant to each party's trial presentation)). Mssrs. Rencher, McDaniel, and Warner are critical to HSOne's claims and defenses given the technical issues present here.

Vyne will not be prejudiced because it is the one who is accessing HSOne's systems without authorization. The "operation and technical architecture of the systems at issue" (Mot. at 1) to be discussed are HSOne's systems. To the extent the proceedings relate to Vyne's systems, they are only about Vyne's interactions with HSOne's systems to misappropriate credentials and interact with HSOne's databases. Because HSOne's witnesses are necessary to the claims and defenses in this litigation and they should be permitted to be in attendance at the hearing.

So too for HSOne's CEO, whose involvement in business negotiations with Vyne, cybersecurity focus of HSOne, and business implications of both requested injunctions bears on the issues as well.[2]

### C. In the Alternative, HSOne Requests that the Court Permit It to Swap Representatives During the Hearing

Relevant here, the Advisory Committee Notes to the 2023 Amendments to Federal Rule of Evidence 615 state, in pertinent part, "[t]he rule does not prohibit the court from exercising discretion to allow an entity-party to swap one representative for another as the trial progresses, so long as only one witness-representative is exempt at any one time." *See* Advisory Committee Notes, 2023 Amendments, Fed. R. Evid. 615. In the event that the Court is inclined to grant Vyne's

---

[2] HSOne would imagine Vyne's CEO would similarly be important to Vyne's claims and defenses.

request for sequestration, HSOne respectfully requests that it be permitted to swap its representative as it deems reasonably necessary.

## II.     Local Rule 107.7 Does Not Provide Vyne With the Relief Requested

Finally, while Vyne's Motion appears to address only FRE 615, counsel for Vyne made a Sunday afternoon representation regarding its right to seek sequestration under Local Rule 107.7. Accordingly, HSOne will briefly address that local rule.

United States District Court for the District of Maryland, Local Rule 107.7 provides that witnesses need not be excluded from the courtroom unless a party involves the exclusion of witness rule. "'Exclusion of witness rule' means only that parties (or the designated representatives of parties), their counsel, and expert witnesses approved by the Court may be present in the courtroom during the course of trial[.]" Local Rule 107.7. A plain reading of the Local Rule 107.7 indicates that the parties may designate more than one representative. *See* Local Rule 107.7 ("(or the designated **representatives** of parties)" (emphasis supplied)).

## CONCLUSION

The Court should not allow Vyne to utilize Local Rule 107.7, or Federal Rule of Evidence 615, as a vehicle to sequester witnesses at this week's preliminary injunction hearing. Especially in a case where the issues are technical, and where the CEO's negotiations bear on both parties' preliminary injunctions.

To the extent the Court grants Vyne's request, HSOne would designate Mr. Rencher as its representative for the proceedings, request to have its expert Mr. Youssef present (which HSOne understands Vyne does not object to), as well as members of its outside and in-house counsel team who are not witnesses.

Dated: February 10, 2026       Respectfully submitted,

**GREENBERG TRAURIG, LLP**

By: */s/ Michael Burshteyn*
Michael Burshteyn (*pro hac vice*)
Marcelo Barros (*pro hac vice*)
Jennifer Bartlett (*pro hac vice*)
Candra Connelly (*pro hac vice*)
Sydney Parks (*pro hac vice*)
101 Second Street, Suite 2200
San Francisco, CA 94105
Tel: (415) 655-1300
Michael.Burshteyn@gtlaw.com
Marcelo.Barros@gtlaw.com
Jennifer.Bartlett@gtlaw.com
Candra.Connelly@gtlaw.com
Sydney.Parks@gtlaw.com

Michael R. Sklaire (MD Fed. Bar No. 16471)
1750 Tysons Boulevard, Suite 1000
Tysons Corner, VA 22102
Tel: (703) 749-1308
Michael.Sklaire@gtlaw.com

*Counsel for Defendant Henry Schein One, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of February, 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*Michael Burshteyn*