IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NATIONAL ELECTRONIC ATTACHMENT, INC., d/b/a VYNE DENTAL, | * * * * * |
| Plaintiff/Counter-Defendant, | * * |
| v. | Civ. No.: MJM-25-3246 |
| HENRY SCHEIN ONE, LLC, | * * * |
| Defendant/Counter-Plaintiff. | * * |

## ORDER

The Court has considered the Motion for Leave to Extend Page Limits filed by National Electronic Attachment, Inc., d/b/a Vyne Dental ("Vyne"), ECF No. 131 (the "Motion"); the response in opposition filed by Henry Schein One, LLC ("HSOne"), ECF No. 138; and Vyne's reply, ECF No. 139. The Motion comes after extensive briefing and a three-day evidentiary hearing on the parties' motions for preliminary injunctive relief, conducted from February 10–12, 2026, during which a substantial evidentiary record was developed on complex technical matters. At the conclusion of the hearing, the Court directed the parties to confer and submit a proposed schedule for supplemental post-hearing briefs. A jointly proposed schedule was submitted to my chambers on February 16th without any proposal for page limits. The Court did not enter an Order adopting the briefing schedule until February 20th, three days before Vyne's initial post-hearing brief was due. ECF No. 128. In the same Order, the Court imposed page limits that varied from the greater page limits set by Local Rule 105.3 (D. Md. 2025), given the extensive briefing that occurred before the evidentiary hearing. *Id.* I have reconsidered the page limits in light of the Motion and the parties' arguments for and against it, and I find good cause to expand the page limits to those

1

set by the Local Rule. In short, the greater page limits are warranted by the number and complexity of the factual and legal disputes, and I am not persuaded that they will prejudice HSOne.

Accordingly, it is this 25th day of February, 2026, hereby ORDERED that the Order dated February 20, 2026, is MODIFIED as follows, *nunc pro tunc*:

1. Vyne Dental's ("Vyne") post-hearing brief in support of its Motion for Preliminary Injunction (ECF No. 6) shall be filed no later than **February 23, 2026,** and **shall not exceed 30 pages in length**;

2. Henry Schein One, LLC's ("HSOne") post-hearing response in opposition to Vyne's motion and briefing in support of its own Motion for Preliminary Injunction shall be filed no later than **March 3, 2026,** and **shall not exceed 30 pages in length**;

3. Vyne's post-hearing reply brief in further support of its motion and response in opposition to HSOne's motion shall be filed no later than **March 7, 2026,** and **shall not exceed 15 pages in length**;

4. HSOne's post-hearing reply brief in support of its motion shall be filed no later than **March 11, 2026,** and **shall not exceed 15 pages in length**;

5. Each brief shall comply with the formatting requirements of Local Rule 102.2 (D. Md. 2025);

6. An in-person hearing on the parties' cross motions for preliminary injunction will be held on **Wednesday, March 18, 2026, at 2:30 p.m., in Courtroom 5C**.

                                                            /S/
                                          Matthew J. Maddox
                                          United States District Judge