IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

---

NATIONAL ELECTRONIC ATTACHMENT, INC., D/B/A VYNE DENTAL,

                *Plaintiff*,

   -against-

HENRY SCHEIN ONE, LLC,

                *Defendant*.

Case No. 1:25-cv-03246

---

**MOTION TO STRIKE**
**POST-HEARING DECLARATION OF DAVID YOUSSEF**

Plaintiff National Electronic Attachment, Inc., d/b/a/ Vyne Dental ("Vyne"), by and through undersigned counsel, respectfully moves to strike (a) fact witness deposition testimony, and (b) the Supplemental Declaration of David Youssef containing undisclosed expert opinions, each of which was submitted with Henry Schein One, LLC's ("HSOne") Post-Hearing Memorandum of Law on March 3, 2025. Vyne does not object to the submission of three unnumbered exhibits that purport to update telemetry reflected in hearing exhibits HS2 and HS248.

*First*, HSOne should not be permitted to supplement the record with non-expert deposition transcripts. Vyne's counsel stated on the record that it would not object to the submission of *expert* deposition transcripts into the record because the hearing concluded during the cross-examination of Mr. Clip—notwithstanding that HSOne had used over two hours more than Vyne at the evidentiary hearing. Clip 633:4-664:5. But Vyne never consented to adding transcripts of fact depositions into the record. Before the hearing, HSOne even put in writing that doing so would be improper. *See infra* 6. If there is material in those deposition transcripts that HSOne wanted to rely on, HSOne should have elicited that testimony during the hearing, thus allowing Vyne to cross-

1

examine or redirect on the particular point as appropriate. That did not happen, and HSOne should not be allowed now to add over 800 pages of undesignated, out-of-court testimony after the in-court testimony has concluded.

*Second*, the Court should strike the new declaration of Mr. Youssef. That is so for multiple reasons. To start, as with the fact depositions, allowing the material to come in at this point deprives Vyne of the opportunity to cross-examine on the new evidence and elicit counter evidence. Further, there is no substantial justification for allowing the new opinions to come in, particularly as they rely on material that was available to HSOne and Mr. Youssef since at least August. And finally, allowing the new opinions to come in at this point would violate the parties' agreement regarding expert disclosures. We set forth below the record of the parties' exchange of expert disclosures.

\*          \*          \*

During the hearing, the Court explained that if "there [was] an agreement" concerning exchanges of expert reports and materials relied upon, the Court would "enforce the agreement." Yousef 417:2-13. The parties did have an agreement. Ex. A. Vyne objected to the introduction of expert testimony without prior expert reports being provided, and stated that it would seek judicial relief unless HSOne agreed. *Id.* Shortly thereafter, HSOne agreed in writing by sending a proposed schedule for exchanging expert opinions and materials relied upon in advance of the hearing. Ex. B. That proposal set the deadline for opening expert reports on January 9, and stated those "must satisfy Fed. R. Civ. P 26(a)(2)(B) (***all*** *opinions*, ***bases, data considered, exhibits***, qualifications, prior testimony, compensation, etc.)." *Id.* at 6 (emphasis added). HSOne's proposal also set Vyne's rebuttal report deadline for January 23 and required that it be "[l]imited to responding to opinions disclosed in the opening report (no new topics except truly responsive material)." *Id.* In that proposal, HSOne was clear that it: (i) agreed to "exchange reports in line with the Rule 26

requirements"; and (ii) reserved the right to provide further expert disclosures for *merits* proceedings, as "this limited expert discovery schedule applies only to expert testimony offered in connection with the preliminary injunction hearing." *Id.* at 6. In response, Vyne agreed to everything including exchanging reports in January, with some proposed date adjustments. *Id.* at 5. HSOne never responded, despite multiple follow-ups. *Id.* at 2-4.

Yet, both parties did serve expert disclosures and then expert reports in line with HSOne's proposal (which Vyne accepted), although on a modified schedule:

- ➢ On December 22, 2025, HSOne served its expert disclosure for Mr. Youssef. In that disclosure, HSOne made the following reservation of rights: "This disclosure is made solely for purposes of the preliminary injunction hearing. HSOne expressly reserves the right to supplement, amend, or provide an additional expert report pursuant to Rule 26(a)(2)(B) ***for merits discovery, trial, or other proceedings.***" Ex. B at 3 (emphasis added).

- ➢ On January 15, 2025, Vyne served its rebuttal expert disclosure. Ex. C.

- ➢ On January 26, 2025, HSOne served Mr. Youssef's expert report. Ex. D (attachment at PX70). That correspondence contained no reservation of rights.

- ➢ On February 4, 2025, Vyne served Mr. Clip's rebuttal report, which was limited to responding to opinions disclosed in Mr. Youssef's opening report, as the parties agreed. Ex. E (attachment at PX311).

- ➢ And on February 6 and 9, the parties each had an opportunity to depose one another's experts to test the opinions disclosed in their reports, the bases for those opinions, and the source, reliability, and meaning of materials relied on. PX312, PX313.

As the correspondence reflects, the parties mutually contemplated an exchange of expert reports and materials relied upon in advance of the preliminary injunction hearing. As Vyne understood it, HSOne reserved only the right to supplement those opinions for merits proceedings.

During this period, HSOne also refused to disclose materials that Mr. Youssef testified about at the hearing on the basis that Mr. Youssef did not review or rely upon them. On January 30, 2025, when Vyne requested the production of materials screenshotted in Mr. Youssef's report,

3

HSOne refused on the basis that "Mr. Youssef never analyzed them." Ex. F. Those include: "code files," "Vyne Dump – 2025-09-16," "decompil[e]d Vyne software using ILSpy," "VyneApiService.exe," and "dtx.config." *Id.* at 2-3. As HSOne explained, Mr. Youssef never analyzed those files. Instead, for example, he relied on "VyneApiService.exe**.pdf**"—a PDF "provided by HSOne to Mr. Youssef showing some of HSOne's initial analysis." *Id.* (emphasis added). He also relied on "the **screenshot** that shows dtx.config" and "cited to dtx.config because HSOne provided him with an explanation of what it is." *Id.* (emphasis added). HSOne thus refused to provide Vyne with copies of the executables—VyneApiService.exe, dtx.config, and other documents—on the basis that Mr. Youssef never reviewed or relied upon them. *Id.*

Later, when Mr. Youssef was deposed, he was very clear that he would not be providing expert testimony on what Vyne did at the time of the deposition, or today, as that was irrelevant to his opinions. For example, he testified as follows:

> Q. How do you know whether that snippet of code reflects code that is actually in effect today on Vyne software?
>
> A. My opinion is not relevant – ***my opinion is not based on whether specific Vyne code is running today or not.*** That's irrelevant to the opinion formulated in my report.
>
> Q. Okay, so is the answer to my question also that you don't know whether that code, that snippet of code you reviewed actually reflects code that is in effect today on Vyne software?
>
> A. I have no idea what Vyne is doing today but again, the purpose of my report is to assess risk identified with Vyne activity as referenced in my report. ***What's happening today is not relevant to the opinions in my report.***
>
> PX312.58:23-59:17 (emphasis added).

By the time of the hearing (five days later), however, Mr. Youssef dramatically changed the scope of his testimony. He suddenly said that that he understood "what Vyne's software actually did" because he reviewed files that seemed to include executables, Youssef 411:5-15

4

(agreeing he reviewed "claimslistener.exe," "pluginhelper.exe, VyneAPIservice.exe, and Vynefileservice.exe," without clarifying he reviewed only summaries of those executables). Those executables are the very file types that HSOne's counsel refused to provide on the basis that Mr. Youssef did not review them. Ex. F. He also testified at length about how Vyne must have been decrypting HSOne's "dtx.config file," leaving the impression that he had reviewed it, because "[y]ou can't decrypt the dtx.config file without that Initialization Vector. It's essentially a string of characters, and the only way to get that would be to have insider knowledge at HSOne or to reverse engineer part of their application flow and extract it from their compiled binaries." Youssef 438:10-19. That, too, was never produced (and was not disclosed in the report).[1] And contrary to his deposition testimony from five days before, Mr. Youssef testified extensively about new exhibits whose sole purpose was to make claims about what Vyne is currently doing today.[2]

Having sandbagged Vyne at the hearing with new exhibits and expert testimony never disclosed in the report, HSOne maintains its efforts by seeking to introduce yet another expert declaration that flies in the facts of its agreement. The Court should enforce the parties' agreement and strike the new opinions. Indeed, the Court should do so even if HSOne's representation that it

---

[1] It remains unclear whether Mr. Youssef ever actually reviewed the native files, telemetry, decompiled code, or executables that he discussed at the hearing or in his new declaration. The technical artifacts listed in Mr. Youssef's report are *logs* or *summaries* of those materials provided by HSOne. *See* Levy Ltr. dated March 7, 2026 (joint letter transmitting expert materials, depositions, and technical artifacts—none of which are native executables, decompiled code, or telemetry); *see, e.g.,* Youssef 472:7-18 (conceding "commentary came from HSOne" in PX255); 484:7-13 (conceding "commentary" was "written by HSOne or its counsel" in PX267). While some .md files were later produced (i.e., "markdown" text files), at the hearing, Mr. Youssef could not answer whether he reviewed those because they were not listed in his report. *E.g.,* Youssef 484:20-485:11 (testifying he "can't say" whether he reviewed the VyneAPIservice.exe.md file as it "is not one of the files that I see specifically referenced in my report"); PX070.43 (listing "VyneApiService.exe" and "VyneApiService.exe.pdf," but not "VypeApiService.exe.md").

[2] One of these exhibits, HS248, was sent ***during the hearing*** on Tuesday, February 10, 2025 **at 11:08 pm**, the night before Mr. Youssef testified. Ex. G. The other two, HS2 and HS123, were disclosed at 8:34 pm the night before the hearing (after exhibit objections were to be exchanged). Exs. H, I. When Vyne's counsel asked for clarification about HS123—noting it did not appear to be listed in Mr. Youssef's materials relied upon—HSOne's counsel ignored the request. Ex. I. Not only were these exhibits not disclosed with Mr. Youssef's report, they were not disclosed with sufficient time to fairly evaluate and test them.

had reserved its rights were maintained, for it is well within the Court's province to exclude evidence in such circumstances. *See Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 212 F.R.D. 489, 493 (D.S.C. 2001) (excluding supplemental expert opinion disclosed during trial, notwithstanding parties were unable to reach agreement on protective order resulting in expert discovery "shortly before the trial began"), *aff'd,* 318 F.3d 592, 596 (4th Cir. 2003) (holding that "excluding [expert] evidence only when the nondisclosing party acted in bad faith would undermine the basic purpose of Rule 37(c)(1): preventing surprise and prejudice to the opposing party"); *Gallagher v. Southern Source Packaging, LLC*, 568 F.Supp.2d 624, 631 (E.D.N.C. 2008) ("Supplementation of an expert report permits a party to correct inadvertent errors or omissions," but "does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report" or "to produce information in a belated fashion" (cleaned up)). On fairness alone, Mr. Youssef's Supplemental Declaration should be excluded. HSOne had two weeks to put together its new opinions, and has deprived Vyne of the ability to cross-examine Mr. Youssef or to meaningfully respond given the page limit and short time-table for Vyne to submit its final post-hearing brief mere days after that disclosure.

And not only did HSOne renege on the parties' expert agreement, it also changed its own position on the admissibility of fact deposition transcripts after the hearing. Before the hearing, Vyne shared stamped deposition transcripts to be used for impeachment as a courtesy. In response, HSOne clarified that those transcripts were inadmissible, writing: "Deposition transcripts" are not admissible because "the witnesses will be in court to testify, none of the depositions were taken as de bene esse, and if any portion of a deposition transcript is used for impeachment, then only that portion may be used but the entire transcript is not entered as an exhibit." Ex. G.

*   *   *

In sum, while Vyne is satisfied that the Court will weigh and, where appropriate, discount the value of the various evidence HSOne unfairly disclosed at the eleventh hour the night before and even during the hearing, it requests that the Court strike the post-hearing Declaration of Mr. Youssef and the fact deposition transcripts. In the alternative, Vyne asks the Court for leave to file a surreply supported by a post-hearing expert declaration by its expert, Mr. Clip, whom it retained to analyze and rebut the conclusions of HSOne's expert that HSOne now seeks to supplement.

Respectfully submitted,

*/s/ Vincent Levy*

Michael Shuster (pro hac vice)
Vincent Levy (pro hac vice)
Charlotte Baigent (pro hac vice)
James Campbell (pro hac vice)
Daniel Fahrenthold (pro hac vice)
Torrell Mills (pro hac vice)
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151
vlevy@hsgllp.com

K. Nichole Nesbitt (Bar No. 26137)
Derek M. Stikeleather (Bar No. 27815)
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
(410) 783-4026
knn@gdldlaw.com
dstikeleather@gdldlaw.com

*Attorneys for Plaintiff*
*National Electronic Attachment, Inc. d/b/a Vyne Dental*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 8, 2026, the foregoing Motion to Strike was filed with the Clerk of Court using the CM/ECF system which sent notification of such filing to all counsel of record appearing thereon.

                                                          */s/ Vincent Levy*
                                                          Vincent Levy