IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATIONAL ELECTRONIC ATTACHMENT, INC., D/B/A
VYNE DENTAL,

                              *Plaintiff*,

        -against-

HENRY SCHEIN ONE, LLC,

                              *Defendant*.

Case No. 1:25-cv-03246

VYNE'S NOTICE OF SUPPLEMENTAL AUTHORITY
IN SUPPORT OF ITS OPPOSITION TO
HENRY SCHEIN ONE, LLC'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff National Electronic Attachment, Inc. ("Vyne"), by and through undersigned counsel, respectfully submits this Notice of Supplement Authority to its opposition to Defendant Henry Schein One, LLC's ("HSOne") motion for preliminary injunction.

HSOne cited *Amazon.com Servs. LLC v. Perplexity AI, Inc.*, in its reply, filed March 11, in support of its motion for a preliminary injunction. Reply at 14-15 (citing No. 25-cv-09514, 2026 WL 658407, at *4 (C.D. Cal. Mar. 9, 2026)). In that case, the court entered a preliminary injunction against defendant Perplexity for the "alleged unauthorized use of its Comet web browser's agentic AI functionality to access password-protected sections of plaintiff Amazon.com Services LLC's ("Amazon") website." 2026 WL 658407, at *1. The case also came up at the March 18 hearing, where Vyne's counsel explained that unlike here information was being obtained from "website[s] which w[ere] located on Amazon servers." Tr. 106:18–21.

However, even though the software in the *Amazon* case was allegedly obtaining information directly from Amazon's servers (unlike Vyne's software), the Ninth Circuit granted a stay of the preliminary injunction pending appeal on March 18 based on the *Nken* factors, just nine

1

days after the district court entered an injunction.  *See* **Exhibit A**.  The lead argument in the stay motion contended that supplying software to a customer so that the customer may access data does not mean that the software publisher itself accessed data "within the meaning of the CFAA."  *See* **Exhibit B** at 9-10 (explaining the district court "conflated the ***user's*** use of the Assistant [software] on her local device to access Amazon.com with direct access by ***Perplexity*** itself").  Similarly, in this case Vyne (the company) markets software (Vyne Trellis) that customers may purchase and choose to use to access their local databases.  The stay motion also argued that any access to information was authorized by the software's user, and thus lawful (as is also true here).  *Id.* at 11-12.

Respectfully submitted,

/s/ *Vincent Levy*
Michael Shuster (pro hac vice)
Vincent Levy (pro hac vice)
Charlotte Baigent (pro hac vice)
James Campbell (pro hac vice)
Daniel Fahrenthold (pro hac vice)
Torrell Mills (pro hac vice)
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151
vlevy@hsgllp.com

K. Nichole Nesbitt (Bar No. 26137)
Derek M. Stikeleather (Bar No. 27815)
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
(410) 783-4026
knn@gdldlaw.com
dstikeleather@gdldlaw.com

*Attorneys for Plaintiff*
*National Electronic Attachment, Inc. d/b/a Vyne Dental*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2026, the foregoing Notice of Supplemental Authority was filed with the Clerk of Court using the CM/ECF system which sent notification of such filing to all counsel of record appearing thereon.

*/s/ Vincent Levy*
Vincent Levy
