IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATIONAL ELECTRONIC ATTACHMENT, INC., D/B/A
VYNE DENTAL,

      *Plaintiff*,

   -against-

HENRY SCHEIN ONE, LLC,

      *Defendant*.

Case No. 1:25-cv-03246

### CONSENT MOTION TO SEAL

Plaintiff National Electronic Attachment, Inc. ("Vyne"), by and through undersigned counsel and with consent of Defendant Henry Schein One, LLC's counsel, respectfully moves to seal (1) Plaintiff's Memorandum of Law regarding the Court's Anticipated Preliminary Injunctions, (2) the Declaration of Maria Eugenia Garibotti, (3) the Declaration of Eric Markus, and (4) the Declaration of James Nix (collectively, the "Sealed Materials"). The Sealed Materials contain highly sensitive, confidential and proprietary financial information, and any disclosure would cause Vyne substantial competitive harm. *See Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014). Pursuant to the process agreed to by the parties, Vyne seeks leave to promptly file redacted versions publicly. *See G. W. Aru, LLC v. W. R. Grace & Co.-Conn.*, 2023 WL 6130672, at *3 (D. Md. Sept. 19, 2023) (requiring parties seeking redactions to file an unredacted version under seal, move to seal the material, and submit a publicly viewable redacted version).

Local Rule 105.11 requires that "a party seeking to seal documents offer reasons supported by specific factual representations justifying the sealing." *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 120 & n.2 (D. Md. 2009). The Sealed Materials contain confidential financial and proprietary business information that is not publicly available and that would cause competitive

harm if disclosed.  To be sure, "[a] corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of court records." *Pub. Citizen*, 749 F.3d at 265.  Indeed, "'business information that might harm a litigant's competitive standing' as an exception to the presumption of public access." *Schrof v. Clean Earth, Inc.*, 2025 WL 958593, at *2 (D. Md. Mar. 31, 2025) (citation omitted).

Courts in the Fourth Circuit have recognized that the "protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm" is a recognized exception to the "presumptive openness of judicial proceedings." *Epic Tech., LLC v. Raleigh Startup Sols. LLC*, 2023 U.S. Dist. LEXIS 68806, at *3 (E.D.N.C. Apr. 20, 2023) (citations omitted); *see also In re Smith & Nephew Birmingham Hip Resurfacing (BHR) HIP Implant Prods. Liab. Litig.*, 2024 WL 1050925, at *5 (D. Md. Mar. 11, 2024).  In the present circumstances, disclosure of such information in the Sealed Materials would cause the type of competitive harm that justifies sealing.  *See, e.g.*, *Randolph v. ADT Sec. Servs., Inc.*, 2011 WL 3476898, at *11 (D. Md. Aug. 8, 2011) (sealing "personal information about ADT clients . . . including individual home security setups and financial data" and "private business information held by ADT, including pay structures and other matters").

Here, the Garibotti Declaration contains detailed economic analyses and financial modeling derived from Vyne's internal data, including non-public revenue figures, customer counts tied to specific product tiers, pricing structures, and present value calculations of projected losses.  *See generally* Decl. of Maria Eugenia Garibotti.  The Markus Declaration likewise discloses granular financial information, including subscription and transaction revenues by product line, customer specific revenue exposure, and internal churn and retention data drawn from Vyne's internal systems.  *See* Decl. of Eric Markus.  The Nix Declaration contains highly

confidential information about Vyne's future business plans that are commercially and competitively sensitive. *See generally* Declaration of James Nix. Vyne's Post-Argument Memorandum of Law incorporates and synthesizes these data in support of its arguments regarding the magnitude of harm and the appropriate bond. Because this information would provide competitors with insight into Vyne's highly commercially and competitively sensitive pricing, customer relationships, financial performance, technology, and business plans, sealing is justified.

The Court must also consider less drastic alternatives to sealing, including redaction. *See Simpson v. Tech. Serv. Corp.*, 2015 WL 6447253, at *4 (D. Md. Oct. 22, 2015) (quoting *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429 (4th Cir. 2005)). Here, however, the confidential and proprietary information is interwoven throughout the Sealed Materials. Vyne therefore seeks temporary sealing in full and will promptly submit redacted versions.

## CONCLUSION

Accordingly, Vyne respectfully requests that the Court enter an order sealing Plaintiff's Post-Argument Memorandum of Law, the Declaration of Maria Eugenia Garibotti, the Declaration of Eric Markus, and the Declaration of James Nix, with leave to file redacted versions on the public docket.

Respectfully submitted,

*/s/ Vincent Levy*

Michael Shuster (pro hac vice)
Vincent Levy (pro hac vice)
Jack Millman (pro hac vice pending)
Charlotte Baigent (pro hac vice)
James Campbell (pro hac vice)
Daniel Fahrenthold (pro hac vice)
Torrell Mills (pro hac vice)
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151

3

vlevy@hsgllp.com

K. Nichole Nesbitt (Bar No. 26137)
Derek M. Stikeleather (Bar No. 27815)
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
(410) 783-4026
knn@gdldlaw.com
dstikeleather@gdldlaw.com

*Counsel for Plaintiff National Electronic
Attachment, Inc. d/b/a Vyne Dental*

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2026, the foregoing Motion to Seal Plaintiff's Memorandum of Law, the Declaration of Maria Eugenia Garibotti, the Declaration of Eric Markus, and the Declaration of James Nix was filed with the Clerk of Court using the CM/ECF system, which sent notification of such filing to all counsel of record appearing thereon.

Respectfully submitted,

*/s/ Vincent Levy*
Vincent Levy
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151
vlevy@hsgllp.com

*Counsel for Plaintiff National Electronic Attachment, Inc. d/b/a Vyne Dental*

5