**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

|  |  |
|---|---|
| NATIONAL ELECTRONIC ATTACHMENT, INC., d/b/a VYNE DENTAL<br><br>                Plaintiff and Counter-Defendant,<br><br>- against -<br><br>HENRY SCHEIN ONE, LLC,<br><br>                Defendant and Counter-Claimant. | Case No. 1:25-cv-03246-MJM |

**DECLARATION OF KENTON MCDANIEL**

I, Kenton McDaniel, declare under penalty of perjury:

1.      I am the Chief Information Security Officer (CISO) at HSOne.  I submit this declaration in support of Henry Schein One, LLC's ("HSOne") Post Hearing Submission Re: Technical Feasibility, Compliance Period, and Bond.  Unless otherwise stated, I have personal knowledge of the facts set forth in this declaration and if asked to testify as to these facts, I would be competent to do so.

2.      The Court has identified a distinction between Vyne's write access to Dentrix databases, which the Court indicated it intends to prohibit, and Vyne's read access, which the Court indicated it does not intend to prohibit.  From a technical standpoint, that distinction does not hold for Vyne's methods of gaining illicit access to Dentrix.  Read and write are not separable in Vyne's access model.

1

3.      When any client registers an API key within Dentrix, Dentrix generates a local user account on that system.  That is a write operation.  *The read access Vyne obtains through the API exists only because of that prior write.*  Vyne completed this key registration process without authorization from HSOne.

4.      There is no form of Vyne's API access that does not originate in an unauthorized write to the Dentrix database.  Similarly whenever HSOne files are decrypted, memory is dumped, applications are scraped, or any of the myriad methods through which Vyne accesses HSOne applications and infrastructure there are records generated in the database constituting write back.

5.      Because HSOne did not authorize Vyne's hostile injections, HSOne has no record of the keys Vyne generated, the systems they are deployed on, or the other backdoors and workarounds left in HSOne's systems.

6.      HSOne cannot selectively preserve Vyne's access while maintaining its own systems, because HSOne does not know where Vyne's keys are, what backdoors Vyne has left unsecured, and where Vyne's illicit credentials are.  But HSOne should not be required to know that information because Vyne is not an authorized integration partner.  The Court's proposed injunction would put that responsibility on HSOne to determine the extent and details regarding Vyne's actions, which could be difficult if not impossible.

7.      As noted, the API is also not Vyne's only access pathway into HSOne's systems. HSOne has documented a broad set of unauthorized methods Vyne has used to access and manipulate its systems, including extracting credentials from HSOne configuration files, manipulating Dentrix binaries and core components, impersonating legitimate Dentrix processes, and actively blocking HSOne from delivering security updates to its own software.  These are not isolated incidents. They reflect a deliberate and sustained effort to maintain unauthorized access

through whatever technical means are available.  When HSOne has taken steps to close one vector, Vyne has developed another.  That pattern continued during this litigation.

8.      An injunction that prohibits HSOne from disabling illicit intrusions into HSOne's systems by any hostile actor without explicitly preserving HSOne's ability to perform normal security hygiene and maintenance on its own systems does not keep things as they are or preserve the status quo.  It subordinates HSOne's security program to illicit actors' unauthorized access across every method Vyne has used or may develop.

9.      Security operations are not static.  They require ongoing maintenance, and that maintenance cannot be conditioned on whether it happens to affect an integration HSOne never agreed to support and has no obligation to preserve.

10.      Requiring HSOne to hold its security posture in place to protect access Vyne was never entitled to hold is not a compliance obligation.  It is an affirmative requirement to leave HSOne's systems in a degraded and vulnerable state for Vyne's benefit.

11.      For continued print driver functionality, a carve out of the injunction against Vyne could be worded as follows:

> No Vyne-related code, binary, installer, process, or other function may read, write, or interact with the Dentrix platform, any HSOne database, configuration file, binary, registry key, process memory, stored HSOne secret, or any other HSOne system or component.  The sole permitted exception is receipt of a print payload transmitted through the Windows print spooler from a user-initiated print action within Dentrix's native print interface inside of the Dentrix Office manager and no other modules, functions, or code.  Vyne may not hold the default printer position on any Dentrix customer system.

> "Human initiated" within Dentrix's native print interface means the print comes from Dentrix and is a user-initiated print action manually executed within the Dentrix Office Manager application.  Vyne may not hold the default printer position.  Holding that position routes jobs to Vyne without a deliberate user choice. As stated by Vyne, a user should make the choice to print to Vyne and it should be a manually executed print action initiated by a user within the Dentrix application.

12.      The actual claim print workflow would function as follows:

3



*Fig. 1 Claim selected in batch processor*



*Fig. 2 User selects file – print. Deliberate action Required*



*Fig. 3 Windows routes through the print spooler to the selected driver. Data flows from Dentrix to spooler to driver. No other HSOne component is involved*

4

I declare under penalty of perjury of the laws of the United States that the foregoing facts and allegations are true and correct to the best of my knowledge, information and belief.  Executed on this 24th day of April, 2026, in Highland, Utah.

Respectfully submitted,

_____
Kenton McDaniel

5