**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| NATIONAL ELECTRONIC ATTACHMENT, INC., D/B/A VYNE DENTAL,<br><br>       *Plaintiff*,<br><br>  -against-<br><br>HENRY SCHEIN ONE, LLC,<br><br>       *Defendant*. | Case No. 1:25-cv-03246 |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW ON THE COURT'S PROPOSED
PRELIMINARY INJUNCTION**

The Court instructed the parties to brief the technical feasibility of the Court's anticipated injunctions, a reasonable compliance period, and a reasonable bond.  HSOne's submission barely addresses these topics, instead disputing the premise of the Court's order by arguing the merits. Consistent with the Court's order, Vyne focuses on the issues the Court ordered briefing on.  If the Court considers HSOne's improper arguments and new evidence, Vyne requests leave to respond.

## I.     ENJOINING HSONE IS TECHNICALLY FEASIBLE.

The Court stated that it anticipated entering "(3) an injunction against Henry Schein One, LLC ("HSOne") disabling Vyne Dental software and/or software functions that do not write back to Dentrix databases; and (4) an injunction against HSOne denying printer-driver access to Vyne Dental's customers' electronic health information stored in Dentrix databases."  Dkt. 171.  Both are technically feasible, and HSOne never contends or shows otherwise.

### A. The Court can enjoin HSOne from "disabling Vyne Dental software and/or software functions."

HSOne never contends it cannot comply with anticipated injunction #3.  Nor does HSOne request edits to improve technical feasibility.  This makes sense: The injunction would preserve the *status quo*, and, to comply, HSOne need only *refrain* from taking affirmative action to disable Vyne software, like issuing the 2025 virus-like update that disabled Vyne software.

Still, HSOne asserts that "proposed #3 injunction" would "prevent [HS One] from securing its systems against unauthorized access from not only Vyne but also other malicious actors."  Dkt. 174 at 3.  That is not a matter of technical feasibility, but rather an attempt to litigate the merits. *E.g.*, *id.* at 8-10 (arguing "balance of equities" favor HSOne due to alleged "security risks").

Regardless, HSOne's contention lacks merit.  For instance, HSOne asserts that if it "disables its security controls and updates that might impact Vyne's read access, this could be used as a backdoor by other malicious actors."  *Id.* at 4.  But HSOne does not need to "disable" existing

1

security controls to comply.  Rather, HSOne just needs to stop issuing *new* software that targets Vyne software, as it did by (i) blocking Vyne's printer driver (placing it on a hostile printer list), and (ii) issuing new software code that disabled Vyne software and functions.  Weatherly 355:20-356:4; McDaniel 617:17-23.  In neither case did HSOne "disable" existing controls.  Nor has HSOne inadvertently disabled Vyne software through routine security controls or updates.  And HSOne provides no evidence to support its position.  *See* Dkt. 174 at 2-4; Dkt. 144 at 17-20.

Moreover, if HSOne is concerned an update may unintentionally affect Vyne software, HSOne can (a) communicate with Vyne before issuing the update, and (b) proceed as it has done with other updates—by beta testing with a smaller group, and releasing updates in growing "concentric circles."  Hr'g Tr. 18:23-19:1 (Mar. 18, 2026) (explaining that "[w]hen HSOne rolls out their updates, they do it in concentric circles").  The injunction could also specify that if Vyne alerts HSOne that a Vyne function was unwittingly disabled, HSOne would have an obligation to remedy the issue expeditiously.  *See* Ex. A (proposed language).

**B. The Court can enjoin HSOne from "denying printer-driver access to Vyne Dental's customers' electronic health information."**

**1.**  As with injunction #3, HSOne tries to dance around the fact that it can easily comply with anticipated injunction #4 (preserving "printer-driver access"); again, compliance simply requires HSOne to do nothing with Dentrix's printer functions.  Dkt. 174 at 1-2.

Rather than engage on technical feasibility of an injunction against HSOne, HSOne proposes to *enjoin Vyne* from doing a laundry list of things, with the "sole permitted exception" being "receipt of a print payload" (Dkt. 174 at 5, quoting McDaniel Decl. at ¶ 11):

> No Vyne-related code, binary, installer, process, or other function may access (including reading or writing) the Dentrix platform, any HSOne database, configuration file, binary, registry key, process memory, or any other HSOne system or component.  The sole permitted exception is receipt of a print payload transmitted through the Windows print spooler from a user-initiated print action within Dentrix's native print interface inside of the Dentrix Office manager and no

2

other modules, functions, or code. Vyne may not inject data into the database or configuration settings to take over the default printer position on any Dentrix customer system. "Human initiated" within Dentrix's native print interface means the print comes from Dentrix and is a user-initiated print action manually executed within the Dentrix Office Manager application.

HSOne's proposal is inappropriate. *Id.* First, HSOne's proposal to *enjoin Vyne* bears no relationship to the question of whether HSOne is able to comply with the Court's anticipated injunction #4 against HSOne. HSOne's proposal also bears no relation to the Court's anticipated injunctions against Vyne, based on HSOne's showing on the merits and equities. Dkt. 173 at 2.

Second, even if it were read to restrict HSOne, HSOne's proposal would allow HSOne to again block Vyne's printer driver. HSOne did not block the "receipt of a print payload transmitted through the Windows print spooler," *id.*, but rather "placed Vyne's printer driver on a list of hostile drivers," thus barring users from sending information to the print spooler in the first place. McDaniel 616:9-15. There is no need to clarify injunction #4, nor any basis to create holes in it.

Finally, HSOne requests that injunction #4 "clarify that HSOne may include consent and disclosure language for its users relating to sending data through the native print interface to third parties." Dkt. 174 at 6. To the extent HSOne intends to block Vyne's printer driver again with a new pop-up indicating that Vyne's printer driver is an unauthorized security risk (*see* PX282), that should violate injunction #4. But any ordinary consent or disclosure language informing users that clicking "Print" will transmit EHI out of Dentrix would not, and thus no carve-out is needed.

**2.** Separately, HSOne suggests injunction #4 should be conditioned on requiring Vyne to pay "reasonable fees" for access. Dkt. 174 at 1 n.2. But there is no basis to condition the injunction on Vyne paying access fees: this would upset the *status quo*; HSOne cites no caselaw in support of its position; and the fact Vyne has been willing to pay reasonable fees for an API agreement in a settlement is irrelevant to whether it should be a condition for an injunction preserving a print

driver used for 20 years without any fees being paid.  Roberts 99:4-15, 110:5-18; McDaniel 621:5-8.  Nor is there any evidence that HSOne or anyone else pays fees for their own printer drivers to work with third-party software—a printer driver is an "extremely common" tool that "comes installed with virtually any document type."  Roberts 101:5-13; *see also* Weatherly 358:23-359:12.

## II.    HSONE SHOULD BE ORDERED TO IMMEDIATELY COMPLY.

On the Court's second question (compliance), HSOne seeks"6+ months" (Dkt. 174 at 5):

> [c]ompliance for HSOne would require—at a minimum—6+ months of effort, including understanding what Vyne is doing despite Vyne's intentional efforts to obfuscate and then develop a software development and security plan to allow Vyne to maintain unlimited read-access backdoors while somehow securing its system against a universe of attackers.

But as discussed above, HSOne can technically comply with the Court's anticipated injunctions against it by *doing nothing*.  Doing nothing does not require any time to comply.  HSOne offers no explanation for why it needs any time to comply by doing nothing—let alone "6+ months."  The Court should reject HSOne's baseless and unsubstantiated claim.

## III.    HSONE FAILS TO SHOW THAT VYNE NEEDS TO POST A BOND AND HAS FORFEITED ANY ARGUMENT ON THE ISSUE.

HSOne spends two sentences on whether Vyne should be required to post a bond, and both sentences fall flat.  First, HSOne demands that Vyne be required to "post a bond, the amount of which HSOne will establish at a hearing."  Dkt. 174 at 10.  But the time to submit a reasonable bond amount was in the supplemental brief that the Court ordered on this issue.  *See* Dkt. 171 (ordering briefing on "bond amount"); Hr'g Tr. 50:1-9 (Apr. 14, 2026) (COURT: "I want to hear from you as to technical feasibility, compliance period, and bond amount . . . [W]e'll take up the whether or not a bond hearing needs to be held after I hear from each side on those issues.").  HSOne's brief does not provide substantiation, and neither does it offer any evidence or explanation for departing from its prior position that no large bond would be appropriate.  *Id.*

4

46:14-24 ("[W]e're not going to take the position that there should be, you know, no bond here but a bond there, you know, there really just doesn't need to be a large bond here.").

Second, HSOne argues in a single sentence that Vyne should have "to post a bond in the amount of all fees from its unauthorized access in the past and any continued unauthorized access that the Court allows, as it has agreed that it should do." Dkt. 174 at 10. But bonds must reflect "the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). Fees for "unauthorized access *in the past*" do not qualify. *See Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 421 n.3 (4th Cir. 1999) (holding bonds reflect "potential harm to the enjoined party" from the injunction). Nor does an injunction that preserves the *status quo* result in any "financial losses" to HSOne. *Maryland Dept. of Hum. Res. v. U.S. Dept. of Agric.*, 976 F.2d 1462, 1483 n. 23 (4th Cir. 1992) (comparing evidence of "substantial monetary damage from an injunction" to cases setting "a bond amount of zero"); *Laster v. Dist. of Columbia*, 439 F. Supp. 2d 93, 99 n.7 (D.D.C. 2006) (holding "only a party seeking to change (not maintain) the status quo needs to post a bond.").

For the past 20 years, Vyne customers have used print drivers with Dentrix, and, for those 20 years, HSOne has never received payment for that access. Although Vyne agreed to pay fees as part of a *settlement* and full API agreement, there is no basis in law or fact to conclude that HSOne would suffer damages or costs based on the *status quo* remaining in place. *See supra* 4; HS253 (proposing "agreement on API access"); Weatherly 392:20-394:17 (explaining HSOne rejected Vyne's proposal in HS253/PX305).

Given the lack of argument and evidence in response to the Court's order, the Court should order Vyne to post a nominal bond at or near $0. *See Hoechst*, 174 F.3d at 421 n.3 ("nominal bond may suffice" "in the absence of evidence regarding likelihood of harm" (citation omitted)).

## IV.    THE COURT SHOULD IGNORE HSONE'S MERITS ARGUMENTS AND STRIKE THE MCDANIEL DECLARATION.

HSOne's brief goes far beyond the topics the Court requested briefing on, instead raising various merits issues.  The Court should disregard these arguments, many of which rehash prior briefs.  *Compare* Dkt. 174 at 8-10 (arguing balance of equities), *with* Dkt. 130 at 29-30 (same); *see, e.g.*, *Banilla Games, Inc. v. Asmita Enter. LLC*, 2023 WL 5688181, at *2 (E.D. Va. Feb. 22, 2023) ("[A]ll other arguments raised in Defendant's Supplemental Brief which were not specifically requested or authorized by this Court during the hearing are hereby **STRICKEN**."). To be clear, Vyne disagrees with HSOne's arguments and refers to its prior submissions.

In addition, the Court should strike the entirety of the McDaniel declaration as improper and untimely new merits evidence, for the same reasons it struck HSOne's post-hearing submission of deposition transcripts and a new expert declaration: (i) "[t]he evidentiary record that was attached to the parties' motions papers before the hearing, the testimony at the hearing, and the exhibits admitted during the hearing [] are all the evidentiary record that [the Court] need[s] to consider"; and (ii) it would not "be fair and proper" to consider new evidence that "Vyne did not have an opportunity to cross-examine the [witness] on."  *See* Hr'g Tr. 9:7-10:4 (Mar. 18, 2026).

## CONCLUSION

For the foregoing reasons, the Court should enter the proposed injunction with Vyne's suggested modifications, as reflected in Exhibit A, and disregard HSOne's improper merits argument and submission (including the McDaniel declaration, which it should strike).

Respectfully submitted,

/s/ *Vincent Levy*

Michael Shuster (pro hac vice)
Vincent Levy (pro hac vice)
Jack Millman (pro hac vice)

6

Charlotte Baigent (pro hac vice)
James Campbell (pro hac vice)
Daniel Fahrenthold (pro hac vice)
Torrell Mills (pro hac vice)
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151
vlevy@hsgllp.com

K. Nichole Nesbitt (Bar No. 26137)
Derek M. Stikeleather (Bar No. 27815)
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
(410) 783-4026
knn@gdldlaw.com
dstikeleather@gdldlaw.com

*Counsel for Plaintiff National Electronic
Attachment, Inc. d/b/a Vyne Dental*

7

**CERTIFICATE OF SERVICE**

I certify that on this 1st day of May, 2026, Plaintiff's Opening Memorandum of Law on the

Court's Proposed Injunction was filed via the Court's ECF system and served upon all counsel of

record.

Respectfully submitted,

/s/ *Vincent Levy*

Vincent Levy (pro hac vice)
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151
vlevy@hsgllp.com

*Counsel for Plaintiff National Electronic*
*Attachment, Inc. d/b/a Vyne Dental*

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| NATIONAL ELECTRONIC ATTACHMENT, INC., D/B/A VYNE DENTAL, <br><br> *Plaintiff, counterclaim-defendant*, <br><br> -against- <br><br> HENRY SCHEIN ONE, LLC, <br><br> *Defendant, counterclaimant*. | Case No. 1:25-cv-03246 |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S PRELIMINARY INJUNCTION AND GRANTING IN PART DEFENDANT'S PRELIMINARY INJUNCTION**

Upon consideration of the Motion for a Preliminary Injunction filed by Plaintiff and Counterclaim-Defendant National Electronic Attachment, Inc. ("Vyne"), the Motion for a Preliminary Injunction filed by Defendant and Counterclaimant Henry Schein One, LLC ("HSOne"), the respective memoranda of law filed in support and opposition thereto, the evidentiary record, and oral argument of counsel, it is this __ day of _____ 2026, hereby

**1. ORDERED** that Vyne's Motion for a Preliminary Injunction is GRANTED and that HSOne's Motion for a Preliminary Injunction is GRANTED IN PART AND DENIED IN PART, pursuant to Federal Rule of Civil Procedure 65(a).

**2. ORDERED** that, from the effective date of this Order, HSOne, together with its officers, agents, servants, employees, and all persons acting in active concert or participation with it who receive actual notice of this Order (but excluding HSOne's customers), are ENJOINED from

     (a) disabling Vyne Dental software and/or software functions that do not write back to Dentrix databases, and

(b) denying customers using Vyne Dental software access, through print-driver-based functionalities, to their electronic health information stored in Dentrix databases.

**3. ORDERED** that, from the effective date of this Order, upon receipt from Vyne of any notification that a software update issued by HSOne has unintentionally contravened the terms of Paragraph 2 of this Order, HSOne, together with its officers, agents, servants, employees, and all persons acting in active concert or participation with it who receive actual notice of this Order (but excluding HSOne's customers), shall promptly bring itself into compliance with Paragraph 2, including by causing blocked functions to be reinstated.

**4. ORDERED** that Vyne, together with its officers, agents, servants, employees, and all persons acting in active concert or participation with it who receive actual notice of this Order (but excluding Vyne's customers), are

(a) ENJOINED, starting 30 days from the effectiveness of this Paragraph 4, from marketing, selling, or distributing Vyne software to new joint dental customers that writes to Dentrix databases on joint customer computers;

(b) MANDATED AND REQUIRED

(i) within 30 days from the effectiveness of this Paragraph 4, to modify its source code for Vyne software that Vyne markets, sells, or distributes that writes to Dentrix databases on joint customer computers to bring those customers' Vyne software into compliance with Paragraph 4(a); and

(ii) within 90 days from the effectiveness of this Paragraph 4, to release software updates to existing affected joint dental customers to bring those customers' Vyne software in conformity with Paragraph 4(a).

**5. ORDERED**, for the avoidance of doubt, that the preliminary injunction in Paragraph 4 shall not apply to (a) software functions that read from Dentrix databases on dental practices' computer systems, or (b) software functions that permit dental practices to write information through the Dentrix user interface (rather than a database connection, such as by ODBC).

**6. ORDERED** that, under Federal Rule of Civil Procedure 65(c), Vyne shall have no obligation to post a bond (such requirement having been WAIVED by HSOne), and HSOne shall post a bond of _____ by _____, 2026. The effectiveness of the Preliminary Injunction against Vyne shall be conditioned upon the timely submission of the bond required herein.

**7. ORDERED** that the effectiveness of Preliminary Injunction shall be suspended for 5 business days to permit the parties to file any motion for a stay pending appeal of this Order. If any party timely files a stay motion, then this Preliminary Injunction shall be further suspended and take effect with regard to the injunction against that party (a) 5 business days after this Court denies the relevant motion for a stay pending appeal; (b) immediately upon the denial by the Court of Appeals of any motion to stay pending appeal directed to that Court (if the relevant party seeks a stay from the Court of Appeals within 5 business days after this Court's denial of a stay motion); or, if a stay is granted, (c) issuance of the mandate by the Court of Appeals with respect to all parts (i) subject to a stay by this Court or the Court of Appeals and (ii) affirmed on appeal.

**IT IS SO ORDERED.**

_____
Hon. Matthew J. Maddox