**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| NATIONAL ELECTRONIC ATTACHMENT, INC., D/B/A VYNE DENTAL, <br><br> *Plaintiff*, <br><br> -against- <br><br> HENRY SCHEIN ONE, LLC, <br><br> *Defendant*. | Case No. 1:25-cv-03246 |

**MOTION TO EXPEDITE BRIEFING AND TO ENTER AN ADMINISTRATIVE STAY
PENDING THE COURTS' CONSIDERATION OF VYNE'S STAY MOTION**

Plaintiff National Electronic Attachment, Inc., d/b/a Vyne Dental ("Vyne") moves to shorten Defendant Henry Schein One, LLC's ("HSOne") deadline to file an opposition to Vyne's Motion for a Stay Pending Appeal and for Clarification (the "Stay & Clarification Motion"), filed alongside this motion. HSOne's deadline to file an opposition to Vyne's Stay & Clarification Motion would normally be August 25, 2026, 14 days after the motion was served, with Vyne's reply due 14 days thereafter. However, the Court may shorten or modify this schedule under Local Rule 105.2(a).

Vyne also requests an administrative stay of the effectiveness of the injunction to permit this Court to consider Vyne's Stay & Clarification Motion and, should this Court deny relief, to permit Vyne to petition the U.S. Court of Appeals for the Fourth Circuit for a stay pending appeal. This Court has the authority to "suspend, modify, restore, or grant an injunction" while "an appeal is pending" from an order granting an injunction. Fed. R. Civ. P. 62(d). Appellate Rule 8, which allows the Fourth Circuit to stay an injunction pending appeal, contemplates that a movant "must ordinarily move first in the district court" for such a stay. Fed. R. App. P. 8(a)(1); *see also, e.g.*,

*Am. Fed'n of State, Cnty., & Mun. Emps., AFL-CIO v. Soc. Sec. Admin.*, 2025 WL 1167906, at \*3–4 (D. Md. Apr. 22, 2025).

It is in the interests of justice and efficiency to expedite the briefing of the Stay & Clarification Motion and enter the requested administrative stay of the preliminary injunction. HSOne opposes all of the requested relief.

On July 31, 2026, this Court issued a preliminary injunction requiring Vyne to modify the software that it distributes to its customers within 45 days, *i.e.*, by September 14, 2026. Dkt. 190. But the Order (date-stamped July 31) was not published on CM/ECF or emailed to counsel until 8:42am on Monday, August 3, 2026, shortening the parties' effective compliance window to 42 days. At the same time, the Court determined that it "shall schedule a bond hearing to determine an appropriate bond each party will be required to post" given "the parties' factual disputes" on that issue. Dkt. 189 at 94. Due to the parties' availability, it appears likely that a bond hearing will not be scheduled until September 16, 2026—*i.e.*, after the window for compliance with the preliminary injunction motion has closed.

As set out in the accompanying Stay & Clarification Motion, Vyne believes that the Court's injunction raises several "serious and difficult questions of law" concerning the scope of the Computer Fraud and Abuse Act, each of which make a stay pending appeal appropriate, and that the equities warrant entering a stay pending appeal. *U.S. Home Corp. v. Settlers Crossing, LLC*, 2015 WL 3973071, at \*6 (D. Md. June 29, 2015). Indeed, in one of the cases that HSOne earlier raised to support its position on the CFAA, Dkt. 155 at 14–15, a federal court in California entered a preliminary injunction, but the Ninth Circuit quickly stayed the injunction, and last week issued a published decision rejecting that district court's interpretation of the CFAA. Dkt. 167 (describing and attaching stay order); *Amazon.com Servs., LLC v. Perplexity AI, Inc.*, 2026 WL 2237587 (9th

Cir. Aug. 4, 2026). Vyne filed a notice of appeal of this Court's injunction, and has filed a motion to stay the Court's injunction pending appeal alongside this motion.

Vyne respectfully requests that the Court grant this motion and expedite the Stay & Clarification Motion to give the Court the benefit of the parties' full arguments on staying the preliminary injunction before most of the compliance period elapses. Expedited briefing—and an administrative stay of the injunction pending the briefing of the stay and this Court's consideration of Vyne's motion—will also ensure that both this Court and the Court of Appeals have the opportunity to consider Vyne's arguments for a stay. Without adjusting the ordinary motions schedule, briefing on the Stay & Clarification Motion would conclude only one week before the compliance period ends, requiring Vyne's substantial efforts to comply with the injunction regardless of the motion's outcome. And because the Federal Rules require Vyne to seek a stay in this Court before seeking one from the Court of Appeals, *see* Fed. R. App. P. 8(a), the standard schedule would interfere with Vyne's ability to seek a ruling here—requiring Vyne to seek immediate relief in the Court of Appeals, which would not have the benefit of a ruling from this Court, as the Federal Rules contemplate.

Moreover, if the courts ultimately decline to stay the injunction, an administrative stay of the injunction is respectfully necessary to permit the parties to brief the question of a stay and to permit the courts to consider the parties' arguments while also granting Vyne an adequate compliance period—running from the courts' denials of Vyne's stay requests. Absent that, Vyne would be deprived of an adequate compliance period.

\*       \*       \*

Vyne respectfully submits that HS One should file any opposition by Tuesday, August 18, with Vyne's reply due on or before Friday, August 21. Vyne also requests an administrative stay

3

of the injunction pending this Court's consideration of Vyne's stay motion, to (a) permit this Court

to meaningfully consider Vyne's motion, (b) permit Vyne to seek a stay from the Court of Appeals

if this Court denies it, and (c) stay the injunction and grant Vyne an adequate period to comply

should this Court and the Court of Appeals both deny stays.  Lastly, as set out in the Stay &

Clarification Motion, Vyne seeks clarity regarding the applicability of its Order to any potential

implementation of Robotic Process Automation functionality, and respectfully asks that the Court

provide that clarification as soon as is practicable.


DATED:        August 11, 2026

Respectfully submitted,

*/s/ Vincent Levy*

Vincent Levy (pro hac vice)
Jack L. Millman (pro hac vice)
Charlotte Baigent (pro hac vice)
Daniel Fahrenthold (pro hac vice)
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151
vlevy@hsgllp.com

K. Nichole Nesbitt (Bar No. 26137)
Derek M. Stikeleather (Bar No. 27815)
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
(410) 783-4000
knn@gdldlaw.com
dstikeleather@gdldlaw.com

*Attorneys for Plaintiff*
*National Electronic Attachment, Inc. d/b/a Vyne Dental*

4

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 11th day of August, 2026, copies of the foregoing Motion to Expedite Briefing and to Enter an Administrative Stay Pending the Courts' Consideration of Vyne's Stay Motion were served through the CM/ECF System on all counsel of record.

*/s/ Vincent Levy*