**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

NATIONAL ELECTRONIC ATTACHMENT, INC., d/b/a VYNE DENTAL,

Plaintiff/Counter-Defendant,

v.

HENRY SCHEIN ONE, LLC,

Defendant/Counter-Claimant.

**Case No. 1:25-cv-03246-MJM**

## PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS

Plaintiff and Counter-Defendant National Electronic Attachment, Inc. ("Vyne") answers the counterclaims of Defendant and Counter-Claimant Henry Schein One, LLC ("HSOne") as follows:

## INTRODUCTION

1. The allegations in paragraph 1 characterize HSOne's counterclaims; to the extent a response is required, Vyne denies the allegations in paragraph 1.

2. Vyne admits that HSOne filed a complaint in the U.S. District Court for the District of Utah and filed motions for a temporary restraining order and preliminary injunction in that court, which motions were denied. HSOne then withdrew its venue motion in Maryland. The Utah Court then denied HSOne's motion to reconsider. HSOne declined to withdraw its case despite the Utah Court giving it a deadline to do so, forcing Vyne to file a motion to dismiss. Vyne otherwise denies the allegations in paragraph 2.

3. The allegations in paragraph 3 characterize HSOne's business; to the extent a response is required, Vyne lacks knowledge or information sufficient to determine the truth of the

allegations in paragraph 3 and on that basis denies them, except that Vyne admits HSOne markets Dentrix and Dentrix Ascend to dental practices.

4. The allegations in paragraph 4 characterize HSOne's business; to the extent a response is required, Vyne admits that HSOne operates an API and that, on information and belief, HSOne imposes conditions on third parties in exchange for access to that API. Vyne otherwise lacks knowledge or information sufficient to determine the truth of the allegations in paragraph 4 and on that basis denies them.

5. Vyne lacks knowledge or information sufficient to determine the truth of the allegations in paragraph 5 and on that basis denies them.

6. Vyne admits that it operates a solution related to dental billing, that its software allows certain customers to read and write their own data from software like Dentrix on their own computers, and that Vyne and HSOne share certain customers. Vyne admits that it is not part of HSOne's API Exchange. Vyne otherwise denies the allegations in paragraph 6.

7. Vyne admits that HSOne has directed certain communications to Vyne; states that the allegations in paragraph 7 contain legal conclusions; and otherwise denies the allegations in paragraph 7.

8. Vyne denies the allegations in paragraph 8.

9. Vyne denies that it has issued "malicious hacks" or accessed or modified HSOne's software critical system files without authorization, and otherwise lacks knowledge or information sufficient to determine the truth of the allegations in paragraph 9 and on that basis denies them.

10. Vyne lacks knowledge or information regarding HSOne's actions and on that basis denies the allegations regarding those actions, and otherwise denies the allegations in paragraph 10.

11. Vyne admits that it has made certain statements on its website and refers to those statements for their full content and context. Vyne otherwise denies the allegations in paragraph 11.

12. Vyne denies the allegations in paragraph 12.

13. Vyne denies the allegations in paragraph 13, except that Vyne admits that the quoted language appears in Exhibit 1 and refers to that exhibit for its full content and context.

14. Vyne admits that it believes HSOne prohibits alternative integration methods, undermines practice autonomy and operational resiliency, and seeks to disable customers' ability to send claims through Vyne Dental, and indeed states that HSOne has taken affirmative steps to disable Vyne Trellis's operability with Dentrix. Vyne otherwise denies the allegations in paragraph 14, except that Vyne lacks knowledge or information sufficient to determine the truth of the remaining allegations in paragraph 14 as they pertain to HSOne's actions and on that basis denies them.

15. Vyne admits that HSOne sent a purported cease-and-desist letter on August 26, 2025, and otherwise denies the allegations in paragraph 15. Vyne further states that paragraph 15's characterization of the referenced declaration is inaccurate and misleading, and refers to that document for its full content and context.

16. Vyne denies the allegations in paragraph 16.

17. The allegations in paragraph 17 are a characterization of HSOne's counterclaims; to the extent a response is required, Vyne denies the allegations in paragraph 17.

## PARTIES

18. On information and belief, Vyne admits the allegations in paragraph 18, except that HSOne is the defendant and counter-claimant, and not the plaintiff, in this suit.

19. Vyne admits the allegations in paragraph 19, except that Vyne is the plaintiff and counter-defendant, and not the defendant, in this suit.

## JURISDICTION AND VENUE

20. The allegations in paragraph 20 state legal conclusions; to the extent a response is required, Vyne admits that it does not contest jurisdiction.

21. The allegations in paragraph 21 state legal conclusions; to the extent a response is required, Vyne admits the allegations in paragraph 21.

22. The allegations in paragraph 22 state legal conclusions; to the extent a response is required, Vyne admits the allegations in paragraph 22.

23. The allegations in paragraph 23 state legal conclusions; to the extent a response is required, Vyne does not deny that the Court may exercise subject-matter jurisdiction over all claims.

24. The allegations in paragraph 24 state legal conclusions; to the extent a response is required, Vyne states that venue is proper in this Court, as this Court held.

## FACTUAL BACKGROUND

25. The allegations in paragraph 25 are a characterization of HSOne's business; to the extent a response is required, Vyne lacks knowledge or information sufficient to determine the truth of the allegations in paragraph 25 and on that basis denies them.

26. The allegations in paragraph 26 characterize HSOne's business and related legal conclusions as to HSOne's obligations. To the extent a response is required, Vyne admits that Dentrix is a hub for many third-party vendors and that it operates an API Exchange. Vyne otherwise lacks knowledge or information sufficient to determine the truth of the allegations in paragraph 26 and on that basis denies them.

27. Vyne lacks knowledge or information sufficient to determine the truth of the allegations in paragraph 27 and on that basis denies them.

28. Vyne lacks knowledge or information sufficient to determine the truth of the allegations in paragraph 28 and on that basis denies them.

29. Vyne lacks knowledge or information sufficient to determine the truth of the allegations in paragraph 29 and on that basis denies them.

30. Vyne admits that HSOne operates an API Exchange, and otherwise lacks knowledge or information sufficient to determine the truth of the allegations in paragraph 30 and on that basis denies them.

31. Vyne lacks knowledge or information sufficient to determine the truth of the allegations in paragraph 31 and on that basis denies them.

32. Vyne lacks knowledge or information sufficient to determine the truth of the allegations in paragraph 32 and on that basis denies them.

33. Vyne admits that it provides a point solution for dental practices to manage their billing and that it seeks to allow its customers to easily input their data into Vyne's solution from other platforms, among them Dentrix. Vyne otherwise denies the allegations in paragraph 33.

34. Vyne admits that it acquired a company in 2021 that was part of HSOne's API program, but denies that any other Vyne software applications, including Vyne Trellis, were part of the API program. Vyne otherwise denies the allegations in paragraph 34.

35. Vyne lacks knowledge or information sufficient to determine the truth of the allegations in paragraph 35 as they pertain to third parties, and on that basis denies them, and otherwise denies the allegations in paragraph 35.

36. Vyne denies the allegations in paragraph 36, including but not limited to the characterization of Vyne's business as a "clearinghouse."

37. Vyne denies the allegations in paragraph 37.

38. Vyne denies the allegations in paragraph 38.

39. Vyne denies the allegations in paragraph 39, except that Vyne lacks knowledge or information sufficient to determine the truth of HSOne's allegations that it recently implemented telemetry or the reasons why HSOne implemented telemetry, and on that basis denies them.

40. Vyne denies the allegations in paragraph 40.

41. Vyne admits that several executives, including its Chief Executive Officer, formerly worked at HSOne and otherwise denies the allegations in paragraph 41.

42. Vyne denies the allegations in paragraph 42.

43. Vyne lacks knowledge or information sufficient to determine the truth of the allegations in paragraph 43 and on that basis denies them, except that Vyne admits that there was a temporary technical glitch between Vyne Trellis and Dentrix Quickbill in 2025 that Vyne has since resolved.

44. Vyne lacks knowledge or information sufficient to determine the truth of the allegations in paragraph 44 and on that basis denies them.

45. Vyne denies the allegations in paragraph 45.

46. Vyne denies the allegations in paragraph 46, except that Vyne admits that under 50 practices modified their own eTrans files to send their own electronic health information to Vyne Trellis, using a function that HSOne made available on Dentrix, after HSOne unlawfully blocked interoperability with Vyne Trellis.

47. Vyne denies the allegations in paragraph 47.

48. Vyne denies the allegations in paragraph 48.

49. Vyne lacks knowledge or information sufficient to determine the truth of the allegations in paragraph 49 and on that basis denies them.

50. Vyne denies the allegations in paragraph 50.

51. Vyne denies the allegations in paragraph 51.

52. Vyne denies the allegations in paragraph 52.

53. Vyne denies the allegations in paragraph 53.

54. Vyne denies that its conduct is responsible for disruptions to HSOne's customer base and lacks knowledge or information sufficient to determine the truth of the remaining allegations in paragraph 54 and on that basis denies them.

55. Vyne denies the allegations in paragraph 55.

56. Vyne denies the allegations in paragraph 56.

57. Vyne denies the allegations in paragraph 57.

58. Vyne denies the allegations in paragraph 58, except that Vyne admits that the quoted statements appear in Exhibit 2 and refers to that exhibit for their full content and context.

59. Vyne denies the allegations in paragraph 59.

60. Vyne admits that the quoted statements appear in Exhibit 2 and refers to that exhibit for their full content and context. Vyne otherwise denies the allegations in paragraph 60.

61. Vyne denies the first sentence of paragraph 61, and otherwise lacks knowledge or information sufficient to determine the truth of the allegations in paragraph 61 and on that basis denies them.

62. Vyne admits that the quoted statement appears in Exhibit 3 and admits that it delivered the stated letter to HSOne, and refers to that exhibit for its full content and context. Vyne otherwise denies the allegations in paragraph 62.

63. Vyne denies that Mr. Roberts has made "false public statements" and states that HSOne mischaracterizes Mr. Roberts's statements in the linked video and refers to that video for the statements' full content and context. Vyne otherwise denies the allegations in paragraph 63.

64. Vyne states that HSOne mischaracterizes Mr. Roberts's statements in the linked video and refers to that video for the statements' full content and context. Vyne otherwise denies the allegations in paragraph 64.

65. Vyne states that HSOne mischaracterizes Mr. Roberts's statements in the linked video and refers to that video for the statements' full content and context. Vyne otherwise denies the allegations in paragraph 65.

66. The allegations in paragraph 66 are legal conclusions; to the extent a response is required, Vyne denies the allegations in paragraph 66.

67. Vyne denies that it has made false statements or omissions, and lacks knowledge or information sufficient to form a belief as to what HSOne has done, and on that basis denies the allegations in paragraph 67.

68. Vyne admits that Vyne attempted to reach a negotiated solution to the parties' dispute, and asserts that HSOne failed to engage in good faith and refused to customize its API Terms to include the interoperability Vyne requires. Vyne otherwise denies the allegations in paragraph 68.

69. Vyne denies the allegations in paragraph 69.

70. Vyne states that the allegations in paragraph 70 mischaracterize the parties' negotiations, and further states that Vyne attempted to reach a negotiated solution to the parties' dispute, but that HSOne failed to engage in good-faith discussions. Vyne otherwise denies the allegations in paragraph 70.

71. Vyne lacks knowledge or information sufficient to determine the truth of the allegations in paragraph 71 related to HSOne's investigations, customer complaints, or reason for filing its counterclaims and on that basis denies them. Vyne otherwise denies the allegations in paragraph 71.

72. Vyne denies the allegations in paragraph 72.

73. Vyne denies the allegations in paragraph 73.

74. Vyne denies the allegations in paragraph 74.

**FIRST CAUSE OF ACTION**

75. Vyne incorporates by reference its responses to all preceding allegations.

76. The allegations in paragraph 76 are legal conclusions; to the extent a response is required, Vyne denies the allegations in paragraph 76.

77. The allegations in paragraph 77 are legal conclusions; to the extent a response is required, Vyne denies the allegations in paragraph 77.

78. The allegations in paragraph 78 are legal conclusions; to the extent a response is required, Vyne denies the allegations in paragraph 78.

79. The allegations in paragraph 79 are legal conclusions; to the extent a response is required, Vyne denies the allegations in paragraph 79.

80. The allegations in paragraph 80 are legal conclusions; to the extent a response is required, Vyne denies the allegations in paragraph 80.

81. Vyne denies the allegations in paragraph 81.

82. The allegations in paragraph 82 are legal conclusions; to the extent a response is required, Vyne denies the allegations in paragraph 82.

83. Vyne states that the allegations in paragraph 83 mischaracterize Mr. Roberts's statements and refers to those statements for their full content and context. Vyne otherwise denies the allegations in paragraph 83.

84. The allegations in paragraph 84 are legal conclusions; to the extent a response is required, Vyne denies the allegations in paragraph 84.

85. The allegations in paragraph 85 are legal conclusions; to the extent a response is required, Vyne denies the allegations in paragraph 85.

## SECOND CAUSE OF ACTION

86. Vyne incorporates by reference its responses to all preceding allegations.

87. The allegations in paragraph 87 are legal conclusions; to the extent a response is required, Vyne denies the allegations in paragraph 87.

88. The allegations in paragraph 88 are legal conclusions; to the extent a response is required, Vyne denies the allegations in paragraph 88.

89. Vyne lacks knowledge or information sufficient to determine the truth of the allegations in paragraph 89 and on that basis denies them.

90. Vyne denies the allegations in paragraph 90.

91. The allegations in paragraph 91 are legal conclusions; to the extent a response is required, Vyne denies the allegations in paragraph 91.

92. Vyne denies carrying out any acts against HSOne in violation of any law or regulation and on that basis denies the allegations in paragraph 92.

93. Vyne denies the allegations in paragraph 93.

94. Vyne denies that it has engaged in any conduct resulting in damage to HSOne and on that basis denies the allegations in paragraph 94.

95. The allegations in paragraph 95 are legal conclusions; to the extent a response is required, Vyne denies the allegations in paragraph 95.

**THIRD CAUSE OF ACTION**

96. Vyne incorporates by reference its responses to all preceding allegations.

97. Vyne states that HSOne's Third Cause of Action was dismissed pursuant to the Court's July 31, 2026 order. ECF 190. Without waiving any rights arising from that dismissal, Vyne states that the allegations in paragraph 97 are a characterization of the Utah Unfair Competition Act; to the extent a response is required, Vyne refers to the statute for its full content and context and otherwise denies the allegations in paragraph 97.

98. Vyne states that HSOne's Third Cause of Action was dismissed pursuant to the Court's July 31, 2026 order. ECF 190. Without waiving any rights arising from that dismissal, Vyne states that it lacks knowledge or information sufficient to determine the truth of the allegations in paragraph 98 and on that basis denies them.

99. Vyne states that HSOne's Third Cause of Action was dismissed pursuant to the Court's July 31, 2026 order. ECF 190. Without waiving any rights arising from that dismissal, Vyne denies the allegations in paragraph 99.

100. Vyne states that HSOne's Third Cause of Action was dismissed pursuant to the Court's July 31, 2026 order. ECF 190. Without waiving any rights arising from that dismissal, Vyne denies the allegations in paragraph 100.

101. Vyne states that HSOne's Third Cause of Action was dismissed pursuant to the Court's July 31, 2026 order. ECF 190. Without waiving any rights arising from that dismissal, Vyne denies the allegations in paragraph 101.

102. Vyne states that HSOne's Third Cause of Action was dismissed pursuant to the Court's July 31, 2026 order. ECF 190. Without waiving any rights arising from that dismissal, Vyne denies the allegations in paragraph 102.

103. Vyne states that HSOne's Third Cause of Action was dismissed pursuant to the Court's July 31, 2026 order. ECF 190. Without waiving any rights arising from that dismissal, Vyne denies the allegations in paragraph 103.

104. Vyne states that HSOne's Third Cause of Action was dismissed pursuant to the Court's July 31, 2026 order. ECF 190. Without waiving any rights arising from that dismissal, Vyne denies that its conduct has harmed HSOne and on that basis denies the allegations in paragraph 104.

105. Vyne states that HSOne's Third Cause of Action was dismissed pursuant to the Court's July 31, 2026 order. ECF 190. Without waiving any rights arising from that dismissal, Vyne denies that HSOne is entitled to any relief, whether at law or in equity.

106. Vyne states that HSOne's Third Cause of Action was dismissed pursuant to the Court's July 31, 2026 order. ECF 190. Without waiving any rights arising from that dismissal, Vyne denies that HSOne is entitled to any relief, whether at law or in equity.

## FOURTH CAUSE OF ACTION

107. Vyne incorporates by reference its responses to all preceding allegations.

108. Vyne lacks knowledge or information sufficient to determine the truth of the allegations in paragraph 108 and on that basis denies them.

109. The allegations in paragraph 109 are legal conclusions; to the extent a response is required, Vyne admits that HSOne contracts with various parties, including customers, and otherwise denies the allegations in paragraph 109.

110. Vyne denies the allegations in paragraph 110.

111. The allegations in paragraph 111 are legal conclusions; to the extent a response is required, Vyne denies the allegations in paragraph 111.

112. Vyne denies the allegations in paragraph 112.

113. Paragraph 113 is a characterization of the relief sought by HSOne; to the extent a response is required, Vyne denies that HSOne is entitled to any relief, whether at law or in equity.

**FIFTH CAUSE OF ACTION**

114. Vyne incorporates by reference its responses to all preceding allegations.

115. Vyne denies the allegations in paragraph 115.

116. Vyne denies the allegations in paragraph 116.

117. Vyne denies that it has committed any act of trespass against HSOne and on that basis denies the allegations in paragraph 117.

118. Vyne denies that it has damaged HSOne and therefore denies that HSOne is entitled to any relief, whether at law or in equity.

**SIXTH CAUSE OF ACTION**

119. Vyne incorporates by reference its responses to all preceding allegations.

120. Vyne denies the allegations in paragraph 120.

121. Vyne denies the allegations in paragraph 121.

122. Vyne denies the allegations in paragraph 122.

123. Vyne denies that it has damaged HSOne and therefore denies that HSOne is entitled to any relief, whether at law or in equity.

**SEVENTH CAUSE OF ACTION**

124. Vyne incorporates by reference its responses to all preceding allegations.

125. Vyne states that HSOne's Seventh Cause of Action was dismissed pursuant to the Court's July 31, 2026 order. ECF 190. Without waiving any rights arising from that dismissal, Vyne denies the allegations in paragraph 125.

126. Vyne states that HSOne's Seventh Cause of Action was dismissed pursuant to the Court's July 31, 2026 order. ECF 190. Without waiving any rights arising from that dismissal, Vyne denies the allegations in paragraph 126.

127. Vyne states that HSOne's Seventh Cause of Action was dismissed pursuant to the Court's July 31, 2026 order. ECF 190. Without waiving any rights arising from that dismissal, Vyne denies the allegations in paragraph 127.

128. Vyne states that HSOne's Seventh Cause of Action was dismissed pursuant to the Court's July 31, 2026 order. ECF 190. Without waiving any rights arising from that dismissal, Vyne denies the allegations in paragraph 128.

129. Vyne states that HSOne's Seventh Cause of Action was dismissed pursuant to the Court's July 31, 2026 order. ECF 190. Without waiving any rights arising from that dismissal, Vyne denies the allegations in paragraph 129.

130. Vyne states that HSOne's Seventh Cause of Action was dismissed pursuant to the Court's July 31, 2026 order. ECF 190. Without waiving any rights arising from that dismissal, Vyne denies that HSOne is entitled to any relief, whether at law or in equity.

## EIGHTH CAUSE OF ACTION

131. Vyne incorporates by reference its responses to all preceding allegations.

132. Vyne states that HSOne's Eighth Cause of Action was dismissed pursuant to the Court's July 31, 2026 order. ECF 190. Without waiving any rights arising from that dismissal, Vyne admits that it has disseminated and published statements to mutual customers of the parties, including in this District, and otherwise denies the allegations in paragraph 132.

133. Vyne states that HSOne's Eighth Cause of Action was dismissed pursuant to the Court's July 31, 2026 order. ECF 190. Without waiving any rights arising from that dismissal, Vyne admits that it has disseminated statements in various media, states that it lacks knowledge or information sufficient to determine the truth of the allegation that it has communicated with HSOne's "prospective" customers, and otherwise denies the allegations in paragraph 133.

134. Vyne states that HSOne's Eighth Cause of Action was dismissed pursuant to the Court's July 31, 2026 order. ECF 190. Without waiving any rights arising from that dismissal, Vyne denies the allegations in paragraph 134.

135. Vyne states that HSOne's Eighth Cause of Action was dismissed pursuant to the Court's July 31, 2026 order. ECF 190. Without waiving any rights arising from that dismissal, Vyne states that the allegations in paragraph 135 are legal conclusions; to the extent a response is required, Vyne denies the allegations in paragraph 135.

136. Vyne states that HSOne's Eighth Cause of Action was dismissed pursuant to the Court's July 31, 2026 order. ECF 190. Without waiving any rights arising from that dismissal, Vyne denies the allegations in paragraph 136.

137. Vyne states that HSOne's Eighth Cause of Action was dismissed pursuant to the Court's July 31, 2026 order. ECF 190. Without waiving any rights arising from that dismissal, Vyne denies the allegations in paragraph 137 and denies that HSOne is entitled to any relief, whether at law or in equity.

138. Vyne states that HSOne's Eighth Cause of Action was dismissed pursuant to the Court's July 31, 2026 order. ECF 190. Without waiving any rights arising from that dismissal, Vyne denies the allegations in paragraph 138 and denies that HSOne is entitled to any relief, whether at law or in equity.

**NINTH CAUSE OF ACTION**

139. Vyne incorporates by reference its responses to all preceding allegations.

140. Vyne states that HSOne's Ninth Cause of Action was dismissed pursuant to the Court's July 31, 2026 order. ECF 190. Without waiving any rights arising from that dismissal, Vyne denies the allegations in paragraph 140.

141. Vyne states that HSOne's Ninth Cause of Action was dismissed pursuant to the Court's July 31, 2026 order. ECF 190. Without waiving any rights arising from that dismissal, Vyne denies the allegations in paragraph 141.

142. Vyne states that HSOne's Ninth Cause of Action was dismissed pursuant to the Court's July 31, 2026 order. ECF 190. Without waiving any rights arising from that dismissal, Vyne denies the allegations in paragraph 142.

143. Vyne states that HSOne's Ninth Cause of Action was dismissed pursuant to the Court's July 31, 2026 order. ECF 190. Without waiving any rights arising from that dismissal, Vyne denies the allegations in paragraph 143.

144. Vyne states that HSOne's Ninth Cause of Action was dismissed pursuant to the Court's July 31, 2026 order. ECF 190. Without waiving any rights arising from that dismissal, Vyne denies the allegations in paragraph 144 and denies that HSOne is entitled to any relief, whether at law or in equity.

**TENTH CAUSE OF ACTION**

145. Vyne incorporates by reference its responses to all preceding allegations.

146. Vyne denies the allegations in paragraph 146.

147. Vyne denies the allegations in paragraph 147.

148. Vyne denies the allegations in paragraph 148.

149. Vyne denies that it unlawfully intercepted or redirected electronic traffic intended for HSOne's services and lacks knowledge or information sufficient to determine the truth of the other allegations in paragraph 149 and on that basis denies them.

150. Vyne denies the allegations in paragraph 150 and denies that HSOne is entitled to any relief, whether at law or in equity.

## ELEVENTH CAUSE OF ACTION

151. Vyne incorporates by reference its responses to all preceding allegations.

152. The allegations in paragraph 152 are legal conclusions; to the extent a response is required, Vyne denies the allegations in paragraph 152.

153. Vyne denies that it unlawfully intercepted communications intended for HSOne and on that basis denies the allegations in paragraph 153.

154. Vyne denies the allegations in paragraph 154.

155. Vyne denies the allegations in paragraph 155.

156. Vyne denies that HSOne is entitled to any relief, whether at law or in equity.

## PRAYER FOR RELIEF

HSOne's Prayer for Relief comprises the forms of relief sought; to the extent a response is required, Vyne denies that HSOne is entitled to any relief, whether at law or in equity.

## VYNE'S AFFIRMATIVE DEFENSES

Vyne alleges the following affirmative defenses to HSOne's counterclaims. In addition to those enumerated below, Vyne reserves the right to amend or supplement its affirmative defenses during this litigation.

### Statute of Limitations

1. Some or all of HSOne's claims are barred by the applicable statute(s) of limitations.

**Preemption**

2. Some or all of HSOne's claims are preempted by federal law.

**Failure to Mitigate**

3. To the extent HSOne is awarded damages, HSOne's recovery must be reduced because it failed to take reasonable steps to mitigate its damages.

**17 U.S.C. § 1201(f)**

4. HSOne's Second Cause of Action is barred, in whole or in part, by the interoperability exception set forth in 17 U.S.C. § 1201(f).

**Unclean Hands**

5. Any equitable relief requested by HSOne is barred, in whole or in part, by the doctrine of unclean hands.

**Estoppel**

6. HSOne is estopped from asserting some or all of its claims because it acquiesced to certain allegedly wrongful conduct.

**Laches**

7. Some or all of HSOne's claims are barred by the doctrine of laches.

**Waiver**

8. Some or all of HSOne's claims are barred by the doctrine of waiver.

**Contributory Negligence**

9. To the extent HSOne has suffered any injury, its own negligence caused, in whole or in part, such injury.

DATED: August 28, 2026

/s/ *Vincent Levy*

Michael Shuster (*pro hac vice*)
Vincent Levy (*pro hac vice*)
Jack Millman (*pro hac vice*)
Charlotte Baigent (*pro hac vice*)
Daniel Fahrenthold (*pro hac vice*)
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151
mshuster@hsgllp.com
vlevy@hsgllp.com
jmillman@hsgllp.com
cbaigent@hsgllp.com
dfahrenthold@hsgllp.com

K. Nichole Nesbitt (Bar No. 26137)
Derek M. Stikeleather (Bar No. 27815)
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
(410) 783-4026
knn@gdldlaw.com
dstikeleather@gdldlaw.com

*Counsel for Plaintiff National Electronic Attachment, Inc. d/b/a Vyne Dental*