**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| NATIONAL ELECTRONIC ATTACHMENT, INC., D/B/A VYNE DENTAL,<br>*Plaintiff,*<br>-against-<br>HENRY SCHEIN ONE, LLC,<br>*Defendant.* | Case No. 1:25-cv-03246 |

**PLAINTIFF'S MOTION TO EXCLUDE DEFENDANT'S WITNESS AT BOND HEARING**

Plaintiff National Electronic Attachment, Inc., d/b/a Vyne Dental ("Vyne"), by and through counsel, respectfully moves to enforce Henry Schein One, LLC's ("HSOne") agreement not to call a witness at the bond hearing on the preliminary injunction (the "Bond Hearing").

1. On April 14, 2026, the Court issued a letter stating that it "anticipate[d] granting preliminary injunctive relief in favor of both parties" and directed the parties to "file a brief addressing . . . reasonable bond amounts and/or need for a bond hearing" by "**no later than April 24, 2026**." Dkt. 171 (emphasis in original); *see also* Apr. 14, 2026 Hearing Tr. at 50:3–9, Dkt. 170 (COURT: "I want to hear from you as to … bond amount …. [W]e'll take up whether or not a bond hearing needs to be held after I hear from each side on those issues.").

2. In response, Vyne made a submission addressing the necessity for a bond, and the reasonable amount for such a bond, supported by factual submissions from its Chief Financial Officer Eric Markus and an expert, Dr. Maria Garibotti. *See* Dkt. 175.

3. For its part, HSOne's brief argued only that "Vyne would need to post a bond in the amount of all fees from its unauthorized access in the past and any continued unauthorized access that the Court allows." Dkt. 174 at 10. HSOne did not state the amount or submit evidence.

4. In its Opinion of July 31, 2026, the Court stated there were "factual disputes" as to the appropriate amount of a bond because HSOne "disput[ed] the arguments and valuations presented in Vyne's filings and new declarations." Dkt. 189 at 93–94. To resolve those "factual disputes," the Court "schedule[d] a bond hearing to determine an appropriate bond each party will be required to post." *Id.* at 94.

5. On August 18, 2026, Counsel for HSOne requested "a meet and confer to discuss the depositions of Dr. Garibotti and Mr. Markus," Vyne's witnesses. Ex. A at 10. Vyne responded that it "d[id] not believe depositions are necessary or required for the bond hearing," but "to avoid a dispute," it was "prepared to agree to one-hour remote depositions for Mr. Markus and Dr. Garibotti." *Id.* at 8. Vyne's counsel made clear, however, that "we would need to know what HSOne is doing with respect to witnesses and evidence for the bond hearing soon so that we can seek relief from the Court as appropriate and/or schedule depositions of any potential HSOne witness." *Id.*

6. HSOne demanded that Vyne make its witnesses available for 2.5-hour depositions, *id.* at 7, notwithstanding that the issues to be resolved at the bond hearing would be substantially more limited than those at the preliminary injunction hearing,[1] particularly because the factual record in support of Vyne's request for a preliminary injunction was limited and HSOne had not made any evidentiary submission to support its own request. Vyne explained that it was "considering [HSOne's] latest request" for depositions of 2.5 hours per witness, and explained that "it would be most efficient to have your position on what HSOne is doing with respect to witnesses and evidence for the bond hearing so that we can then schedule depositions as well (if needed) or, if

[1] HSOne opposed any request for depositions for the preliminary injunction hearing, and forced Vyne to move for this relief from the Court. *See* Dkt. 57.

necessary, ask for the Court's intervention." *Id.* at 6. Vyne's counsel explicitly premised its agreement to depositions on HSOne disclosing its approach to witnesses at the hearing, stating that "we are hopeful that the parties can reach agreement to avoid motion practice on the deposition and document issues"—only "[o]nce HSOne provide[d] us with this information." *Id.*

7. HSOne responded that it "does not intend to present a witness for the bond hearing but reserves its right to do so." *Id.*at 5. Vyne did not find that answer sufficient, stating that this would "leave[] us in a position where Vyne could agree to a compromise on depositions, HSOne could conduct depositions, and then HSOne could call one or more witnesses at the hearing that Vyne would not have had an opportunity to depose." *Id.* at 4–5. Vyne again explained that it "cannot agree to an arrangement in which Vyne has transparently served its bond evidence months in advance and allowed depositions on it, without HSOne committing that it will not introduce witnesses at the bond hearing." *Id.* at 3. Vyne's counsel asked HSOne directly to "confirm that HSOne commits not to calling any witnesses at the hearing *and does not reserve the right to do so*." *Id.* at 3 (emphasis added). Finally, on August 27, counsel for HSOne stated unequivocally that "[t]hat is correct" and that "HSOne will not be calling any witnesses." *Id.*

8. In light of this representation, Vyne agreed to two-hour and eventually to 2.5-hour depositions. *See id.* at 2; Ex. B at 3–4. Vyne also agreed to provide the documents underlying the expert report of Dr. Garibotti, subject to protections intended to prevent HSOne's competitive decisionmakers from gaining access to Vyne's extremely sensitive commercial, financial, and customer information. Ex. B at 3–4.

9. Vyne understood that, at HSOne's proposal, the parties would make a joint submission to the Court in advance of the September 8 status conference informing it of the parties' compromises and their intended evidentiary presentations at the Bond Hearing, which was then

scheduled for September 16 (before being further postponed to September 24 at HSOne's request). Ex. B at 4. On Thursday, September 3, counsel for Vyne shared a draft joint submission with counsel for HSOne, which is attached as Exhibit C. *See* Ex. B at 2. Consistent with the parties' agreement memorialized in writing, Vyne expected that the parties would jointly represent to the Court that "HSOne will not call any witnesses," and that the "parties have agreed to a compromise according to which HSOne may take remote depositions of up to 2.5 hours for each of Vyne's witnesses, with questioning limited to the subject matter of the declarations submitted in support of Vyne's bond request and the documents underlying that request." Ex. C at 2.

10. The next day, Friday September 4, HSOne's counsel stated he would "get back to you on the joint submission over the weekend," assuring counsel for Vyne that he would "be ready to go back and forth and even file [the joint submission] as needed." Ex. D at 3. Vyne heard nothing until Monday, September 7 at 11:58pm—fewer than 12 hours before the status conference with the Court on Tuesday morning—when HSOne's counsel apologized for not responding and stated for the first time that he "would like to revisit the concept of HSOne potentially having a witness at the bond hearing." *Id.* at 2. Counsel asserted that it "does not seem like it should be an issue for us to potentially add a witness," and that it "does not make sense for [HSOne] to pre-commit that there will be no witnesses on the HSOne side." *Id.*

11. At the hearing the following morning, HSOne's counsel represented to the Court that there was "understanding" that "the parties agree that Vyne's two declarants should be deposed with a two-and-a-half-hour deposition." Sept. 8, 2026 Hearing Tr. at 12:14–16, Dkt. 217. Part of that agreement, however, was that HSOne would not call witnesses, and it was memorialized in writing, notwithstanding HSOne's counsel's statement at the hearing that he

"didn't understand that their agreement to depos was conditioned on us not having a witness." *Id.* at 20:11–12.

12. The Court has previously indicated that where "there was an agreement between the parties" on deadlines for evidentiary submissions to avoid unfair surprise to the other party, the Court "would be inclined to enforce any such agreement." Feb. 11, 2026 Hearing Tr. at 415:7–11, Dkt. 134. There was unequivocally such an agreement here: HSOne said without reservation that it "will not be calling any witnesses" at the Bond Hearing after being pressed for a clear position and acknowledged that it did not reserve the right to do so later; in exchange Vyne agreed to allow HSOne to take up to five hours of depositions of its witnesses. Ex. A. The Court should reject HSOne's attempt to enforce the parties' compromise against Vyne while reneging on its own commitments thereunder.

13. HSOne chose not to make an evidentiary submission in April at the Court's invitation, preferring instead to limit its arguments to disputing the credibility of Vyne's witnesses. Vyne, by contrast, has been transparent about its arguments in support of its bond request since April. Now HSOne is trying to do exactly what it represented to Vyne it would *not* do—remove the AEO designations on Vyne's extremely sensitive commercial data (if the Court allows it), share that data with its executives, depose Vyne's CFO about that data, and *then* decide, after review of that evidence, whether it wants to bring a witness to the Bond Hearing, without any disclosure of what that witness will say and the documents the witness will rely on, and with basically no time for Vyne to prepare while HSOne has had months to do so.

* * *

WHEREFORE, Vyne respectfully requests that the Court enforce the parties' agreement and deny HSOne leave to call a witness at the Bond Hearing.

DATED: September 9, 2026

Respectfully submitted,

*/s/ Vincent Levy*

Vincent Levy (pro hac vice)
Jack L. Millman (pro hac vice)
Charlotte Baigent (pro hac vice)
Daniel Fahrenthold (pro hac vice)
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151
vlevy@hsgllp.com

K. Nichole Nesbitt (Bar No. 26137)
Derek M. Stikeleather (Bar No. 27815)
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
(410) 783-4000
knn@gdldlaw.com
dstikeleather@gdldlaw.com

*Attorneys for Plaintiff*
*National Electronic Attachment, Inc. d/b/a Vyne Dental*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of September, 2026, copies of the foregoing Motion to Exclude Defendant's Witness at the Bond Hearing were served through the CM/ECF System on all counsel of record.

*/s/ Vincent Levy*