# EXHIBIT B

| | |
|---|---|
| **From:** | Daniel Fahrenthold |
| **To:** | "Jennifer.Bartlett@gtlaw.com"; Jack L. Millman; mike@burshteynpolin.com |
| **Cc:** | Vincent Levy; Charlotte Baigent; knn@gdldlaw.com; Daniel K. Phillips; taylor@burshteynpolin.com; Candra.Connelly@gtlaw.com; Marcelo.Barros@gtlaw.com; Sydney.Parks@gtlaw.com; jon@burshteynpolin.com; sophia@burshteynpolin.com |
| **Subject:** | RE: HSOne / Vyne - meet and confer |
| **Date:** | Thursday, September 3, 2026 5:13:00 PM |
| **Attachments:** | image001.png<br>NEA v. HSOne - Joint Submission re. Bond Hearing (Draft of 09.03.26).docx |

Jennifer,

We enclose a draft joint submission regarding the parties' areas of agreement and Vyne's position on some of the points you raise below.

We would appreciate if you could revert with a draft including your section (as well as a signature block). We would then make any adjustments as needed, including to account for any areas of agreement that we did not realize exist, before recirculating the draft for final signoff by all parties.

Best,
Daniel

Daniel Fahrenthold
HOLWELL SHUSTER & GOLDBERG LLP
Office: (646) 837-8385 | Mobile: (908) 477-6530
425 Lexington Ave | New York, New York 10017 | hsgllp.com

**From:** Jennifer.Bartlett@gtlaw.com <Jennifer.Bartlett@gtlaw.com>
**Sent:** Wednesday, September 2, 2026 8:00 PM
**To:** Jack L. Millman <jmillman@hsgllp.com>; mike@burshteynpolin.com
**Cc:** Vincent Levy <vlevy@hsgllp.com>; Daniel Fahrenthold <dfahrenthold@hsgllp.com>; Charlotte Baigent <cbaigent@hsgllp.com>; knn@gdldlaw.com; Daniel K. Phillips <dphillips@hsgllp.com>; taylor@burshteynpolin.com; Candra.Connelly@gtlaw.com; Marcelo.Barros@gtlaw.com; Sydney.Parks@gtlaw.com; jon@burshteynpolin.com; sophia@burshteynpolin.com
**Subject:** RE: HSOne / Vyne - meet and confer

Hi Jack,

Thank you for agreeing to the depositions, which we will limit to the subject matter of the declarations and the documents produced. It seems we are at an impasse concerning the AEO issue. We of course object to the designation of the documents as AEO and especially object to a view-only situation. We should be able to share this information with HSOne's representatives and can easily protect the confidentiality of the information with a confidentiality agreement. As I mentioned on our meet and confer, we intend to seek relief from the Court about Vyne's AEO designations more broadly, and we will go ahead with that.

In the joint letter, we will include our position on the impasse with regards to view-only documents

and will reference the broader AEO issue that spans multiple submissions. Our position is/will be in the joint letter that the AEO issues should be resolved before depositions.

We agree that asking the Court for a full day for the bond hearing makes sense -- if we can get the joint letter together tomorrow, we can submit that and include a joint statement about our agreement for a full day along with a request for a day that works for the Court.

Please send us the draft and we will add HSOne's positions.

Thanks,
Jennifer

**Jennifer Bartlett**
Litigation Associate

Greenberg Traurig, LLP
2021 McKinney Avenue, Suite 2000 | Dallas, TX 75201
T +1 214.665.3729 | C +1 214.707.4688 | F +1 214.665.3601
Jennifer.Bartlett@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Jack L. Millman <jmillman@hsgllp.com>
**Sent:** Wednesday, September 2, 2026 4:34 PM
**To:** mike@burshteynpolin.com
**Cc:** Vincent Levy <vlevy@hsgllp.com>; Daniel Fahrenthold <dfahrenthold@hsgllp.com>; Charlotte Baigent <cbaigent@hsgllp.com>; knn@gdldlaw.com; Daniel K. Phillips <dphillips@hsgllp.com>; Bartlett, Jennifer (Assoc-DAL-LT) <Jennifer.Bartlett@gtlaw.com>; taylor@burshteynpolin.com
**Subject:** RE: HSOne / Vyne - meet and confer

***EXTERNAL TO GT***

Mike,

We remain of the position that no depositions are warranted given that this is a bond hearing. And we also do not understand why so much time is needed. However, to avoid burdening the court, we will agree to a 2.5-hour remote depositions of each witness, if those depositions are limited to questions concerning the declarations that they submitted, given that this is all that will be relevant to the bond hearing.

As to the documents that Dr. Garibotti relied on, Vyne is willing, as a compromise, to produce the documents that she relied on subject to two conditions: (1) many or all of these documents will be designated AEO given that they contain commercially sensitive materials; and (2) that certain

documents will be produced on a view-only basis to prevent inadvertent disclosure given that they contain especially sensitive commercial materials.

On the length of the hearing, we do not see a need for additional time given that this is a bond hearing, not a bench trial. That being said, if HSOne feels strongly about the need for additional time, would HSOne be open to asking the Court if it has a full day available in the near future? Especially because Vyne's counsel cannot be available on September 17 and having one full day for the bond hearing as opposed to two days would minimize travel.

Finally, you had previously mentioned submitting a joint letter to the Court to inform it of the parties' positions, including so that it is aware of any disputes. We think that makes sense. If you still agree, once we have either reached impasse or agreement on the issues that we are discussing, we can send you an initial draft.

Please let us know your thoughts on all of the above.

Jack L. Millman
HOLWELL SHUSTER & GOLDBERG LLP
Office: (646) 837-8629 | Mobile: (702) 467-4161
425 Lexington Ave | New York, New York 10017 | hsgllp.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** mike@burshteynpolin.com <mike@burshteynpolin.com>
**Sent:** Wednesday, September 2, 2026 12:42 AM
**To:** Jack L. Millman <jmillman@hsgllp.com>
**Cc:** Vincent Levy <vlevy@hsgllp.com>; Daniel Fahrenthold <dfahrenthold@hsgllp.com>; Charlotte Baigent <cbaigent@hsgllp.com>; knn@gdldlaw.com; Daniel K. Phillips <dphillips@hsgllp.com>; Jennifer.Bartlett@gtlaw.com; taylor@burshteynpolin.com
**Subject:** RE: HSOne / Vyne - meet and confer

Adding the remaining Vyne counsel from Jack's prior email. For completeness, my response is below.

Hi Jack,

HSOne does not agree to limit the depositions to two hours. Mr. Markus and Dr. Garibotti submitted declarations in support of Vyne's request for a bond exceeding $148 million, and HSOne's position remains that it should have 2.5 hours to examine each witness. If the parties cannot reach agreement, we will ask the Court to resolve the deposition length.

As for the issues HSOne plans to raise with the Court:

- the length and format of the hearing, including whether the Court will reserve September 17

to allow sufficient time for argument, examination of Vyne's witnesses, and questions concerning any exhibits; and

- the unresolved length of the Markus and Garibotti depositions.

Please also let us know whether Vyne will produce the materials Dr. Garibotti relied on. If not, HSOne will raise that issue with the Court as well.

As mentioned before, HSOne also plans to file its letter regarding the AEO dispute.

Thanks,
Mike

Michael Burshteyn
Founding Partner
Burshteyn Polin LLP

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.