# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| NATIONAL ELECTRONIC ATTACHMENT, INC., D/B/A VYNE DENTAL,<br>*Plaintiff*,<br>-against-<br>HENRY SCHEIN ONE, LLC,<br>*Defendant*. | Case No. 1:25-cv-03246<br><br>**JOINT SUBMISSION REGARDING SEPT. 16 PRELIMINARY INJUNCTION BOND HEARING** |

Plaintiff National Electronic Attachment, Inc. ("Vyne") and Defendant Henry Schein One LLC ("HSOne") provide this joint submission with respect to the Preliminary Injunction Bond Hearing scheduled for September 16, 2026 (the "Hearing") and related issues.

1. At the Hearing, Vyne will call as witnesses its Chief Financial Officer Eric Markus and its expert Dr. Maria Garibotti. HSOne will not call any witnesses.

2. The parties have agreed to a compromise according to which HSOne may take remote depositions of up to 2.5 hours for each of Vyne's witnesses, with questioning limited to the subject matter of the declarations submitted in support of Vyne's bond request and the documents underlying that request.

3. The parties agree that if the Court agrees with HSOne that additional time is needed for the Hearing, the Court should provide a full day for the Hearing—even if that requires moving the hearing from September 16 to another day—rather than hold the Hearing across multiple days (especially as Vyne is not available on September 17).

4. The parties have been unable to reach agreement on certain additional issues that relate to the Hearing. The parties state their positions as follows.

* * *

**HSOne's positions:**

5. [INSERT]

**Vyne's positions:**

Additional Time

6. Although Vyne does not consider it necessary for the Hearing to extend beyond a single afternoon given the evidence and arguments already before the Court and the fact that only two witnesses will be testifying, Vyne does not oppose HSOne's request for additional time.

7. Should the Court conclude that additional time is warranted, Vyne respectfully requests that, to the extent possible, the Hearing be scheduled on a single day, rather than across two days, in order to limit the need for Vyne's witnesses and counsel to travel. In addition, Vyne's counsel is not available on September 17 due to oral argument in the E.D. Virginia.

AEO Designations (General Dispute)

8. Vyne has designated certain materials, including declarations, as AEO because the information contained in those materials is commercially sensitive and would give HSOne, as a competitor to Vyne, an advantage if shared with its internal staff. While the parties do not currently have a protective order in place, "a two-tiered scheme of protection for discovery material whereby some information is marked as 'confidential' and other information is given even greater protection with an AEO designation is common in suits between economic competitors." *Oakwood Products, Inc. v. SWK Tech.*, 2023 WL 12208593, at *6 (D.S.C. Sept. 19, 2023).

9. The threat of competitive injury due to the disclosure of commercially sensitive material is particularly acute here given HSOne has used unlawful and deceptive means to try to compete against Vyne. *See* Dkt. 189 at 74. For instance, HSOne has sought to "promote HSOne's own competing bundled electronic insurance claims submission product," which "competes directly with Vyne Trellis" by "disrupt[ing] the mutual customers' workflows" and by targeting Vyne's customers with misleading communications intended "to persuade customers to switch

from Vyne Trellis to HSOne's eClaims bundle." *Id.* at 74–76 (concluding that "Vyne has clearly demonstrated HSOne's substantial interference with Vyne's 'ability to compete on the merits of its product' through deceptive and otherwise unfair means" (alterations adopted)).

10. HSOne has objected to Vyne's AEO designations and stated that it "intend[s] to seek relief from the Court about Vyne's AEO designations more broadly." J. Bartlett Email (9/2/2026). However, the information that Vyne has designated AEO is highly commercially sensitive and Vyne would suffer competitive injury if HSOne had access to this information. For instance, AEO information includes Vyne's pricing architecture and customer details on products in the exact market that HSOne has sought to compete with Vyne on via unlawful means.

11. There is currently no protective order governing this case.[1] Vyne last sent comments to HSOne on a draft protective order on February 5, 2026, and has received no response. Vyne is willing to continue to negotiate in good faith a protective order with HSOne. If HSOne wants to argue that a protective order should enable certain individuals at HSOne to have access, Vyne is also open to a good faith discussion on that issue.

12. Vyne's position is that its AEO designations are all proper. In addition, to the extent HSOne's complaints turn on the contents of a hypothetical protective order, the Court should wait to act until the parties have an opportunity to negotiate and potentially submit a protective order.

Dr. Garibotti Documents—AEO Issues

13. As Vyne stated in its briefing, the Hearing is a limited inquiry into Vyne's bond request and thus very different from a preliminary injunction hearing. Vyne has nonetheless

[1] HSOne's most recent proposed protective order (from January 22, 2026) acknowledged that the parties could designate as AEO "sensitive business information" including "highly sensitive financial or marketing information" and "competitive business information" including "non-public financial or marketing analyses or comparisons of competitor's products, and strategic product planning."

agreed to (1) allow HSOne to take 2.5-hour depositions of its witnesses and (2) produce the materials that Dr. Garibotti relied upon in her report to avoid burdening the Court with motion practice. Vyne's only limitation to these points is that Vyne will designate the materials that Dr. Garibotti relied on as AEO given they contain sensitive commercial information and, as to certain extremely sensitive documents, Vyne will only make those documents available via a view-only platform that would prevent downloading of the documents. HSOne has rejected these conditions.

14. These conditions are appropriate given the documents in question are extremely commercially sensitive, showing Vyne's pricing architecture; customer details, including information on every individual customer's historical use of Vyne's software and their subscription tiers; customer-level logo and revenue history, and more. For example, one document shows (as of April 2026) the status of all of Vyne customers, both Dentrix and non-Dentrix, including their subscription tiers, monthly revenue, and transaction volumes. The documents reveal Vyne's historical sales methods and its commercial strategies going forward.

15. Given the Court's finding of a competitive dynamic between the parties *and* that HSOne has used illegal means to advance its interests against Vyne, Vyne is not willing to produce such sensitive commercial information to be reviewed by the most senior levels of its competitor's management. *M-Edge Accessories LLC v. Amazon.com Inc.*, 2013 WL 12241898, at *2 (D. Md. May 14, 2013) (in unfair competition case, recognizing value in "documents on topics such as defendant's preferred vendor program, competitive analysis of products and other manufacturers, and defendant's profits").

16. HSOne has offered no justification for its opposition to Vyne's position except that "[w]e should be able to share this information with HSOne's representatives," and has asserted it

"can easily protect the confidentiality of the information with a confidentiality agreement."[2] HSOne's position appears to be that it would not share the competitive information with *third parties*, but HSOne is the competitor, and its senior management could not possibly review the detailed information Vyne would produce about its commercial strategies and then forget all of that information when it comes to running a business that competes (illegally) with Vyne.[3]

17. With respect to a limited subset of the documents that are most commercially sensitive, Vyne believes that production of these documents on a view-only basis balances HSOne's ability to review the information necessary to present arguments on Vyne's bond request against the possibility of inadvertent disclosure of those documents. Given the sensitive nature of the information—for example, Vyne's pricing structure—extra precautions are necessary to prevent disclosure to HSOne's corporate executives, which could be devastating to Vyne.

18. Vyne takes no position on HSOne's argument that AEO issues should be resolved before Hearing-related depositions. However, Vyne requests the opportunity to brief any disputes concerning AEO-designations or the protective order prior to the Court issuing a ruling.

<u>HSOne Supplemental Fact Declarations</u>

19. After the parties completed briefing on the motion for a stay, HSOne has submitted two separate declarations without any associated motion or brief. *See* Dkts. 203, 210–11. It is not clear whether these are meant to be unauthorized sur-replies as to Vyne's motion for a stay or if they are meant to serve some other purpose.

---

[2] *But see id.* at *3 (rejecting "conclusory" argument that competitor should be given access to competitive information because "[t]here is no reason to doubt that outside counsel can competently represent plaintiff").

[3] *Id.* (denying company's CFO access to AEO information because he was "involved in competitive decisionmaking" for the company and because "[o]nce [he] sees defendant's confidential information, it would be impossible for him to compartmentalize that information").

20. Regardless, it is not appropriate for HSOne to file seriatim fact declarations from its expert without leave of the Court, and without even an accompanying motion or legal argument. Vyne explained in the briefing on its stay motion why other evidence HSOne submitted is both irrelevant and improper. Dkt. 202 at 19. Indeed, the Court already struck an expert declaration submitted by HSOne after the preliminary injunction hearing concluded. *See* Dkt. 163 at 9:19–22 ("Vyne did not have an opportunity to cross-examine the expert on the matters presented in the new declaration, so I don't think it would be fair and proper for me to consider that.").

21. Vyne has been hesitant to burden the Court with an additional motion to strike, but these declarations should be stricken and HSOne should be instructed not to make further factual submissions without, at minimum, an accompanying motion.

22. If the Court would prefer, Vyne will file a formal motion to strike both declarations.

Respectfully submitted,

/s/ [DRAFT]
Vincent Levy
Jack L. Millman
Daniel Fahrenthold
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151
vlevy@hsgllp.com

K. Nichole Nesbitt (Bar No. 26137)
Derek M. Stikeleather (Bar No. 27815)
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
(410) 783-4026
knn@gdldlaw.com
dstikeleather@gdldlaw.com

*Attorneys for Plaintiff*
*National Electronic Attachment, Inc. d/b/a Vyne Dental*

/s/ [DRAFT]
[Signature block]

*Attorneys for Defendant*
*Henry Schein One, LLC*