# EXHIBIT A

| | |
|---|---|
| **From:** | Jennifer.Bartlett@gtlaw.com |
| **To:** | Daniel Fahrenthold; mike@burshteynpolin.com; Vincent Levy; Jack L. Millman; Charlotte Baigent; knn@gdldlaw.com; dstikeleather@gdldlaw.com |
| **Cc:** | Shirin.Afsous@gtlaw.com; Michael.Sklaire@gtlaw.com; Candra.Connelly@gtlaw.com; Marcelo.Barros@gtlaw.com; Sydney.Parks@gtlaw.com; taylor@burshteynpolin.com; sophia@burshteynpolin.com |
| **Subject:** | RE: Protective order, designation procedure, briefing schedule |
| **Date:** | Friday, September 11, 2026 1:00:23 PM |
| **Attachments:** | image001.png |

Counsel,

The AEO standard is a specific legal standard. Vyne designating what it thinks as AEO is not the end of the matter if HSOne challenges the designation, which HSOne has done. We indeed noted early in our discussions about the proposed terms of a protective order that we thought "all 'competitive business information'" should "qualif[y] for AEO protection." But the first step is a showing that the information actually qualifies for AEO protection – i.e., that it is actually competitive or sensitive business information that would deserve AEO protection. HSOne in no way agreed that everything Vyne in the future would contend is competitive business information and deserved AEO protection was actually competitive business information or that Vyne had made the requisite showing that it deserves AEO protection. HSOne's point was that sensitive business information could be deserving of AEO protection even if was not "competitive" or "non-public financial or marketing analysis or comparisons of competitor's products, and strategic product planning."

If the information is truly sensitive business information and satisfies the AEO standard, then it deserves AEO protection. It is HSOne's position, however, that the information Vyne has prevented HSOne from sharing with business representatives is not the type of information that qualifies as AEO.

HSOne is of course willing to finish negotiating the terms of a protective order, however, simply because Vyne labels the information as AEO under whatever definition the parties eventually agree constitutes AEO does not resolve the matter. As HSOne has explained in its letters to the Court, the information does not deserve AEO protection, and Vyne has not made the requisite showing that it does.

We will circulate our edits to the protective order soon.

Thanks,
Jennifer

**Jennifer Bartlett**
Litigation Associate

Greenberg Traurig, LLP
2021 McKinney Avenue, Suite 2000 | Dallas, TX 75201
T +1 214.665.3729 | C +1 214.707.4688 | F +1 214.665.3601
Jennifer.Bartlett@gtlaw.com | www.gtlaw.com | View GT Biography

GT GreenbergTraurig

---

**From:** Daniel Fahrenthold <dfahrenthold@hsgllp.com>
**Sent:** Thursday, September 10, 2026 12:17 PM
**To:** mike@burshteynpolin.com; Bartlett, Jennifer (Assoc-DAL-LT) <Jennifer.Bartlett@gtlaw.com>; Vincent Levy <vlevy@hsgllp.com>; Jack L. Millman <jmillman@hsgllp.com>; Charlotte Baigent <cbaigent@hsgllp.com>; Nikki Nesbitt <knn@gdldlaw.com>; Derek Stikeleather <dstikeleather@gdldlaw.com>
**Cc:** Afsous, Shirin (Shld-NVA-LT) <Shirin.Afsous@gtlaw.com>; Sklaire, Michael (Shld-NVA-LT) <Michael.Sklaire@gtlaw.com>; Connelly, Candra (Assoc-POR-LT) <Candra.Connelly@gtlaw.com>; Barros, Marcelo (Assoc-SFO-IP-Tech) <Marcelo.Barros@gtlaw.com>; Parks, Sydney (Assoc-NY-LT) <Sydney.Parks@gtlaw.com>; taylor@burshteynpolin.com; sophia@burshteynpolin.com
**Subject:** RE: Protective order, designation procedure, briefing schedule

Counsel,

As you would have seen in the joint submission draft we sent you on September 3, Vyne last sent comments to HSOne on a draft protective order on February 5, 2026, and we do not believe we received a response. Vyne understood that the parties had substantial agreement on the standard that would apply for AEO protection under a proposed protective order—at least at that time—and indeed HSOne asserted that it "think[s] all 'competitive business information'" should "qualif[y] for AEO protection" in connection with the last draft protective order it sent to Vyne on January 22, as shown below. Vyne's AEO designations in April were premised on Vyne's belief in this mutual understanding on the standard for AEO protections, notwithstanding any disputes on the application of that standard to specific documents.

We note that your letter-motion appears to contemplate that a protective order would be in place at the time of production. *See, e.g.*, Dkt. 218 at 8. As Vyne stated in the joint submission draft sent to you before the filing of the letter-motion, Vyne is open to negotiating in good faith a protective order with HSOne, which would clarify the AEO dispute before the Court. To that end, could you please confirm (i) whether you are willing to negotiate towards entering a protective order in the immediate future, to allow the Court to apply an agreed standard for AEO protection when assessing HSOne's letter-motion; and (ii) whether you are disavowing the AEO standard you proposed in your draft protective order on January 22, 2026?

Best,
Daniel

Daniel Fahrenthold
HOLWELL SHUSTER & GOLDBERG LLP
Office: (646) 837-8385 | Mobile: (908) 477-6530

425 Lexington Ave | New York, New York 10017 | hsgllp.com

---

**From:** Daniel Fahrenthold <dfahrenthold@hsgllp.com>
**Sent:** Thursday, February 5, 2026 1:30 PM
**To:** Jennifer.Bartlett@gtlaw.com; Michael.Burshteyn@gtlaw.com; Marcelo.Barros@gtlaw.com; Vincent Levy <vlevy@hsgllp.com>; knn@gdldlaw.com; Torrell Mills <tmills@hsgllp.com>; Charlotte Baigent <cbaigent@hsgllp.com>; James Campbell <JCampbell@hsgllp.com>
**Cc:** Shirin.Afsous@gtlaw.com; Michael.Sklaire@gtlaw.com; Candra.Connelly@gtlaw.com
**Subject:** RE: Protective order, designation procedure, briefing schedule

Jennifer,

We maintain our AEO designations of those passages previously so designated in the deposition of Mr. Nix. We do not agree with your view of what information is suitable for AEO protection set out below.

With respect to the protective order, we have the following comments:

- Paragraph 2(d): Your proposal that all "information regarding data storage devices" and "information regarding cloud-storage data repository accounts" would be potentially Confidential appears both vague and extremely broad to us. We are open to narrower language but do not understand what categories of material you are referring to.
- Paragraph 6(c): We are not willing to agree to this addition, which would defeat the purpose of an AEO designation. Nor is there any legitimate reason for it, given that fact witnesses are already allowed to be told about information that is already lawfully known to them (see para 7).
- Paragraph 7: We do not believe the protective order should apply to information already known to the recipient of designated material. We do not understand your revision to that paragraph, and propose the following revision: Notwithstanding anything to the contrary hereinabove, nothing in this Protective Order shall restrict a party's or third party's ability to use or disclose its own documents or proprietary information, or to **disclose designated information to any recipient or fact witness(es) who already knows the information (otherwise than through a breach of this Protective Order),** or to use or disclose information that is in the public domain (otherwise than through a breach of this Protective Order).

Best,
Daniel

Daniel Fahrenthold
HOLWELL SHUSTER & GOLDBERG LLP
Office: (646) 837-8385 | Mobile: (908) 477-6530
425 Lexington Ave | New York, New York 10017 | hsgllp.com

---

**From:** Jennifer.Bartlett@gtlaw.com <Jennifer.Bartlett@gtlaw.com>
**Sent:** Thursday, January 22, 2026 12:33 PM
**To:** Daniel Fahrenthold <dfahrenthold@hsgllp.com>; Michael.Burshteyn@gtlaw.com; Marcelo.Barros@gtlaw.com; Vincent Levy <vlevy@hsgllp.com>; knn@gdldlaw.com; Michael Shuster <mshuster@hsgllp.com>; Torrell Mills <tmills@hsgllp.com>
**Cc:** Shirin.Afsous@gtlaw.com; Michael.Sklaire@gtlaw.com; Candra.Connelly@gtlaw.com
**Subject:** RE: Protective order, designation procedure, briefing schedule

Counsel,

We wanted to respond regarding the AEO designation issue and the draft protective order so that we can also discuss these issues on the call today.

**AEO Designations**

The designated portions are 1) Mr. Nix either admitting how Vyne worked around HSOne's security protocols to access data processed and stored in the Dentrix database (which Vyne does not have an agreement or permission to access); 2) how Vyne plans to work around any HSOne's security updates that prevent unauthorized use by any unauthorized actor in the future; or 3) a question by Mr. Burshteyn. But admissions regarding unlawful workarounds—*the fact of which HSOne is generally already aware*—cannot qualify as AEO material. Further, the portions of future plans to work around security similarly cannot constitute AEO material. Nor does a question from Mr. Burshteyn. If we need to have the Court resolve the issue, Vyne will have the burden to explain why the challenged portions should be designated AEO.

This is not a simple case of preventing the exchange of sensitive information between competitors. This is a case where HSOne's claims are based on Vyne's unlawful conduct in accessing HSOne's system, which is not authorized and which Vyne has no right to do; and Vyne's claims based on HSOne preventing that unlawful access. The limited portions of Mr. McDaniel's testimony designated are [redacted]. Conversely, Vyne cannot hide admissions of the conduct that gave rise to HSOne's claims—of which HSOne is generally aware—which would hinder HSOne from proceeding effectively with litigation. Moreover, Vyne should not be able to hide how it plans to further circumvent HSOne's security controls to access data in the Dentrix database, which Vyne has absolutely no authority or right to do. The balance of the harms of any disclosure weigh in favor of HSOne. The harm that would result from the disclosure of Vyne's AEO information is that Vyne would not get to continue to unlawfully access a system it has no authority or right to access. Disclosure would harm Vyne by preventing it from committing further unlawful conduct. But disclosure of HSOne's [redacted]

[redacted]. Good cause therefore exists to designate and protect the portions of Mr. McDaniel's testimony regarding HSOne's security, but the same does not apply to Mr. Nix's testimony.

We did not designate any portion of Mr. Rencher's deposition as confidential.

Please let us know if you will agree to withdraw the AEO designations for Mr. Nix. If we cannot resolve this, we will need to seek the court's assistance.

**Protective Order**

Thank you for providing comments on the proposed protective order. We are attaching a revised Word version reflecting our edits to the draft you returned in December. I have also attached a redlined PDF reflecting the current edits against the version that we circulated in November.

A few points regarding this version, which we are happy to discuss during the meet and confer call:

- We rejected your proposal that any discovery material may be designated AEO, without first qualifying for a confidential designation (para 3). We do not believe that material that does not rise to the level of "Confidential Information" can reasonably be designated "Attorneys' Eyes Only." Allowing as much would substantially increase the likelihood of a discovery dispute.
- We rejected some of your proposed changes to what qualifies for "AEO" protection (para 4) – that is, it is our position that all sensitive business information (regardless of whether it is competitive) is deserving of AEO protection. We also think all "competitive business information," not just "non-public financial or marketing analysis or comparisons of competitor's products, and strategic product planning," qualifies for AEO protection.
- We also rejected part of your edit to para 7 (the "or to discuss information already known to the recipient piece"). That language is too speculative; we are open to considering alternative language.
- We also rejected any deletion of designating documents reasonably and/or in good faith.
- We added in a provision permitting use of material designated AEO in depositions, subject to execution of the Confidentiality Agreement (Ex. A to the Protective Order) (para 6(c)).

Thanks,
Jennifer

**Jennifer Bartlett**
Litigation Associate

Greenberg Traurig, LLP
2200 Ross Avenue, Suite 5200 | Dallas, TX 75201
T +1 214.665.3729 | C +1 214.707.4688 | F +1 214.665.3601

Jennifer.Bartlett@gtlaw.com | www.gtlaw.com | View GT Biography

GT GreenbergTraurig

---

**From:** Daniel Fahrenthold <dfahrenthold@hsgllp.com>
**Sent:** Wednesday, January 21, 2026 2:21 PM
**To:** Bartlett, Jennifer (Assoc-DAL-LT) <Jennifer.Bartlett@gtlaw.com>; Burshteyn, Michael (Shld-SFO-IP-Tech) <Michael.Burshteyn@gtlaw.com>; Barros, Marcelo (Assoc-SFO-IP-Tech) <Marcelo.Barros@gtlaw.com>; Vincent Levy <vlevy@hsgllp.com>; knn@gdldlaw.com; Michael Shuster <mshuster@hsgllp.com>; Torrell Mills <tmills@hsgllp.com>
**Cc:** Afsous, Shirin (Assoc-NVA-LT) <Shirin.Afsous@gtlaw.com>; Sklaire, Michael (Shld-NVA-LT) <Michael.Sklaire@gtlaw.com>
**Subject:** RE: Protective order, designation procedure, briefing schedule

Counsel,

We are also waiting for your response to the below. We would like to get a protective order on file.

Best,
Daniel

Daniel Fahrenthold
HOLWELL SHUSTER & GOLDBERG LLP
Office: (646) 837-8385 | Mobile: (908) 477-6530
425 Lexington Ave | New York, New York 10017 | hsgllp.com

---

**From:** Daniel Fahrenthold <dfahrenthold@hsgllp.com>
**Sent:** Monday, December 1, 2025 5:57 PM
**To:** Jennifer.Bartlett@gtlaw.com; Michael.Burshteyn@gtlaw.com; Marcelo.Barros@gtlaw.com; Vincent Levy <vlevy@hsgllp.com>; knn@gdldlaw.com; Michael Shuster <mshuster@hsgllp.com>; Torrell Mills <tmills@hsgllp.com>
**Cc:** Shirin.Afsous@gtlaw.com; Michael.Sklaire@gtlaw.com
**Subject:** RE: Protective order, designation procedure, briefing schedule

Counsel,

Attached are our comments on the proposed protective order. These edits are without prejudice pending your explanation, as requested below, of your AEO designations on the McDaniel deposition transcript and your objections to our designations to Mr. Nix's transcript.

We wanted to follow up as well on our email regarding Mr. Youssef. Please inform us by end of day this Wednesday, December 3 whether and when you plan to provide an expert report by Mr. Youssef identifying his methodologies and the bases for his conclusions, as well as a production of the

documents that he relied on. We reserve all rights.

Best,
Daniel

Daniel Fahrenthold
HOLWELL SHUSTER & GOLDBERG LLP
Office: (646) 837-8385 | Mobile: (908) 477-6530
425 Lexington Ave | New York, New York 10017 | hsgllp.com

---

**From:** Daniel Fahrenthold <dfahrenthold@hsgllp.com>
**Sent:** Thursday, November 20, 2025 5:09 PM
**To:** Jennifer.Bartlett@gtlaw.com; Michael.Burshteyn@gtlaw.com; Marcelo.Barros@gtlaw.com; Vincent Levy <vlevy@hsgllp.com>; knn@gdldlaw.com; Michael Shuster <mshuster@hsgllp.com>; Torrell Mills <tmills@hsgllp.com>
**Cc:** Shirin.Afsous@gtlaw.com; Michael.Sklaire@gtlaw.com
**Subject:** RE: Protective order, designation procedure, briefing schedule

Jennifer,

We disagree. The parties here are competitors, and the designated material reflects non-public information about product development. It is of a similar nature as some of the material you designated as AEO in the transcript of Mr. McDaniel. Please explain with citation to case law why your designations are appropriate but ours are not.

Given the position you are taking, we will revert on your draft protective order once you explain your position on this issue, particularly as the draft does cover "sensitive technical information, including current research, development and manufacturing information," and "information that may be used by a party . . . to compete against the designating party."

If you intend to designate any portions of Mr. Rencher's deposition testimony as AEO, please share those designations as well.

Best,
Daniel

Daniel Fahrenthold
HOLWELL SHUSTER & GOLDBERG LLP
Office: (646) 837-8385 | Mobile: (908) 477-6530
425 Lexington Ave | New York, New York 10017 | hsgllp.com

---

**From:** Jennifer.Bartlett@gtlaw.com <Jennifer.Bartlett@gtlaw.com>
**Sent:** Wednesday, November 19, 2025 12:40 PM
**To:** Daniel Fahrenthold <dfahrenthold@hsgllp.com>; Michael.Burshteyn@gtlaw.com;

Marcelo.Barros@gtlaw.com; Vincent Levy <vlevy@hsgllp.com>; knn@gdldlaw.com; Michael Shuster <mshuster@hsgllp.com>; Torrell Mills <tmills@hsgllp.com>
**Cc:** Shirin.Afsous@gtlaw.com; Michael.Sklaire@gtlaw.com
**Subject:** RE: Protective order, designation procedure, briefing schedule

Counsel:

We object to all of Vyne's AEO designations on Mr. Nix's deposition transcript; this testimony does not constitute any information that would fall within the categories of information that deserve AEO protection under the draft protective order. More fundamentally, testimony regarding Vyne's plans to continue unauthorized access and workarounds of Dentrix cannot constitute information that should be protected by the AEO designation. Below are the portions of designations to which we object:

33:13-34:2

- Mr. Nix is simply testifying that [redacted]. HSOne knows this. Vyne cannot try to hide its wrongful conduct by designating it AEO.

36:5-11

- There is no testimony in this portion that would fall under the types of information that deserve AEO protection.

38:22-39:8

- Vyne cannot designate [redacted].

40:11-44:10

- Vyne's plans for [redacted] Further, testimony related to what Vyne is doing in terms of [redacted]

49:11-51:23

- This is testimony regarding Vyne's plans to [redacted].

52:24-53:12

- A hypothetical about what Vyne would do if Henry Schein [redacted] does not constitute AEO information. Further, testimony that Vyne is [redacted] is not information that qualifies as AEO.

56:22-23

- Again, testimony regarding Vyne [redacted] does not fall under AEO protection.

62:23-25

- Testimony regarding Vyne's [redacted] is not AEO information.

Vyne cannot try to hide wrongful conduct by trying to designate it as AEO.

75:22-24

- The portion highlighted is only Mr. Burshteyn's question – not any testimony that could be designated AEO. If Vyne intended to also designate 75:25, we also object because MFA is not a trade secret or other information that would fall under AEO.

94:3-6

- Plans to [redacted] cannot continue AEO information.

Please explain Vyne's positions, after which we can confer so that we can decide whether Court intervention is necessary.

We also wanted to follow up on the draft protective order and our request that the parties be permitted to share the full deposition transcripts with HSOne's in-house counsel. Of course, we would agree to you doing the same with our depositions/designations. Please let us know.

Thanks,
Jennifer

**Jennifer Bartlett**
Litigation Associate

Greenberg Traurig, LLP
2200 Ross Avenue, Suite 5200 | Dallas, TX 75201
T +1 214.665.3729 | C +1 214.707.4688 | F +1 214.665.3601
Jennifer.Bartlett@gtlaw.com | www.gtlaw.com | View GT Biography

GT GreenbergTraurig

---

**From:** Daniel Fahrenthold <dfahrenthold@hsgllp.com>
**Sent:** Monday, November 17, 2025 3:44 PM
**To:** Burshteyn, Michael (Shld-SFO-IP-Tech) <Michael.Burshteyn@gtlaw.com>; Bartlett, Jennifer (Assoc-DAL-LT) <Jennifer.Bartlett@gtlaw.com>; Barros, Marcelo (Assoc-SFO-IP-Tech) <Marcelo.Barros@gtlaw.com>; Vincent Levy <vlevy@hsgllp.com>; knn@gdldlaw.com; Michael Shuster <mshuster@hsgllp.com>; Torrell Mills <tmills@hsgllp.com>
**Cc:** Afsous, Shirin (Assoc-NVA-LT) <Shirin.Afsous@gtlaw.com>; Sklaire, Michael (Shld-NVA-LT) <Michael.Sklaire@gtlaw.com>
**Subject:** RE: Protective order, designation procedure, briefing schedule

Mike,

Attached are our AEO designations for Mr. Nix's deposition.

Best,
Daniel

Daniel Fahrenthold
HOLWELL SHUSTER & GOLDBERG LLP
Office: (646) 837-8385 | Mobile: (908) 477-6530
425 Lexington Ave | New York, New York 10017 | hsgllp.com

---

**From:** Michael.Burshteyn@gtlaw.com <Michael.Burshteyn@gtlaw.com>
**Sent:** Sunday, November 16, 2025 11:46 AM
**To:** Daniel Fahrenthold <dfahrenthold@hsgllp.com>; Jennifer.Bartlett@gtlaw.com; Marcelo.Barros@gtlaw.com; Vincent Levy <vlevy@hsgllp.com>; knn@gdldlaw.com; Michael Shuster <mshuster@hsgllp.com>; Torrell Mills <tmills@hsgllp.com>
**Cc:** Shirin.Afsous@gtlaw.com; Michael.Sklaire@gtlaw.com
**Subject:** Re: Protective order, designation procedure, briefing schedule

Yes, we are OK with allowing supplemental designations through end of day tomorrow for all three of the depositions so far, as we said yesterday. Please stand by on your end too for ours.

**Michael Burshteyn**
Shareholder | Greenberg Traurig, LLP

101 2nd Street | Suite 2200 | San Francisco, CA 94105
T +1 415.590.5141 | GT Bio

---

**From:** Daniel Fahrenthold <dfahrenthold@hsgllp.com>
**Sent:** Sunday, November 16, 2025 8:26:25 AM
**To:** Burshteyn, Michael (Shld-SFO-IP-Tech) <Michael.Burshteyn@gtlaw.com>; Bartlett, Jennifer (Assoc-DAL-LT) <Jennifer.Bartlett@gtlaw.com>; Barros, Marcelo (Assoc-SFO-IP-Tech) <Marcelo.Barros@gtlaw.com>; Vincent Levy <vlevy@hsgllp.com>; knn@gdldlaw.com <knn@gdldlaw.com>; Michael Shuster <mshuster@hsgllp.com>; Torrell Mills <tmills@hsgllp.com>
**Cc:** Afsous, Shirin (Assoc-NVA-LT) <Shirin.Afsous@gtlaw.com>; Sklaire, Michael (Shld-NVA-LT) <Michael.Sklaire@gtlaw.com>
**Subject:** RE: Protective order, designation procedure, briefing schedule

Mike,

We are in consultation with our client regarding the draft PO you sent, the sharing of information with in-house counsel, and AEO designation.

Due to some technical difficulties we were not able to get a copy of the Nix transcript until this morning. We intend to get our AEO designations back to you today but wanted to confirm our provisional agreement not to share the testimony until we have designations still holds.

Thanks,
Daniel

Daniel Fahrenthold
HOLWELL SHUSTER & GOLDBERG LLP
Office: (646) 837-8385 | Mobile: (908) 477-6530
425 Lexington Ave | New York, New York 10017 | hsgllp.com

---

**From:** Michael.Burshteyn@gtlaw.com <Michael.Burshteyn@gtlaw.com>
**Sent:** Saturday, November 15, 2025 8:05 PM
**To:** Daniel Fahrenthold <dfahrenthold@hsgllp.com>; Jennifer.Bartlett@gtlaw.com; Marcelo.Barros@gtlaw.com; Vincent Levy <vlevy@hsgllp.com>; knn@gdldlaw.com; Michael Shuster <mshuster@hsgllp.com>; Torrell Mills <tmills@hsgllp.com>
**Cc:** Shirin.Afsous@gtlaw.com; Michael.Sklaire@gtlaw.com
**Subject:** Re: Protective order, designation procedure, briefing schedule

Yes, that works on the scheduling, thanks.

**Michael Burshteyn**
Shareholder | Greenberg Traurig, LLP

101 2nd Street | Suite 2200 | San Francisco, CA 94105
T +1 415.590.5141 | GT Bio

---

**From:** Daniel Fahrenthold <dfahrenthold@hsgllp.com>
**Sent:** Saturday, November 15, 2025 4:12:35 PM
**To:** Burshteyn, Michael (Shld-SFO-IP-Tech) <Michael.Burshteyn@gtlaw.com>; Bartlett, Jennifer (Assoc-DAL-LT) <Jennifer.Bartlett@gtlaw.com>; Barros, Marcelo (Assoc-SFO-IP-Tech) <Marcelo.Barros@gtlaw.com>; Vincent Levy <vlevy@hsgllp.com>; knn@gdldlaw.com <knn@gdldlaw.com>; Michael Shuster <mshuster@hsgllp.com>; Torrell Mills <tmills@hsgllp.com>
**Cc:** Afsous, Shirin (Assoc-NVA-LT) <Shirin.Afsous@gtlaw.com>; Sklaire, Michael (Shld-NVA-LT) <Michael.Sklaire@gtlaw.com>
**Subject:** RE: Protective order, designation procedure, briefing schedule

Mike – Regarding the briefing deadlines, we would agree to extend the briefing deadlines as you

requested yesterday if you agree to extend the time for us to file corresponding briefs (opposition to the motion to dismiss the complaint and either the reply on the counterclaims motion to dismiss or a new motion to dismiss, depending on whether you choose to amend the counterclaims) to January 9, given the holidays and work conflicts. Let us know. We will revert on the balance of your note promptly.

Daniel Fahrenthold
HOLWELL SHUSTER & GOLDBERG LLP
Office: (646) 837-8385 | Mobile: (908) 477-6530
425 Lexington Ave | New York, New York 10017 | hsgllp.com

---

**From:** Michael.Burshteyn@gtlaw.com <Michael.Burshteyn@gtlaw.com>
**Sent:** Saturday, November 15, 2025 6:49 PM
**To:** Daniel Fahrenthold <dfahrenthold@hsgllp.com>; Jennifer.Bartlett@gtlaw.com; Marcelo.Barros@gtlaw.com; Vincent Levy <vlevy@hsgllp.com>; knn@gdldlaw.com; Michael Shuster <mshuster@hsgllp.com>; Torrell Mills <tmills@hsgllp.com>
**Cc:** Shirin.Afsous@gtlaw.com; Michael.Sklaire@gtlaw.com
**Subject:** Protective order, designation procedure, briefing schedule

Hi, a few things:

1. Attaching a protective order draft here. We would like to share the proposed designation you sent us about Mr. Nix with in-house counsel at our client, and would agree to you doing the same with our designations. Then we would like a period to take a position on the designation, and then meet and confer. This is reflected in the draft. We can get back you on Mr. Nix by Monday, and if you add any designations within a day of that.

2. Attaching our initial designations for Mr. McDaniel. We would like to agree that both parties can supplement this by Monday given the weekend. We will also follow up with our designations for Mr. Rencher's deposition. Note the protective order is subject to client comments, but I am sending it your way in the interest of time.

3. Please let us know about the other email regarding briefing deadlines, we would appreciate it as it will impact the amount of weekend work our team has to do.

Thanks,
Mike

**Michael Burshteyn**
Shareholder | Greenberg Traurig, LLP

101 2nd Street | Suite 2200 | San Francisco, CA 94105
T +1 415.590.5141 | GT Bio

**From:** Daniel Fahrenthold <dfahrenthold@hsgllp.com>
**Sent:** Friday, November 14, 2025 5:11 PM
**To:** Bartlett, Jennifer (Assoc-DAL-LT) <Jennifer.Bartlett@gtlaw.com>; Barros, Marcelo (Assoc-SFO-IP-Tech) <Marcelo.Barros@gtlaw.com>; Vincent Levy <vlevy@hsgllp.com>; knn@gdldlaw.com; Michael Shuster <mshuster@hsgllp.com>; Torrell Mills <tmills@hsgllp.com>
**Cc:** Afsous, Shirin (Assoc-NVA-LT) <Shirin.Afsous@gtlaw.com>; Sklaire, Michael (Shld-NVA-LT) <Michael.Sklaire@gtlaw.com>; Burshteyn, Michael (Shld-SFO-IP-Tech) <Michael.Burshteyn@gtlaw.com>
**Subject:** RE: 1:25-cv-03246-MJM Vyne v. HSOne - Deposition Today

Mike,

We understand from your comment during the deposition today that you intend to share draft language for a protective order regarding the deposition testimony shortly.

We would like to move forward promptly with these designations and think the parties can designate relevant passages while a draft PO is in the works. To that end we ask that you please designate the passages of Mr. McDaniel's deposition testimony that you intend to mark AEO as soon as possible, and do the same for Mr. Rencher's transcript when it is available. We will do the same for Mr. Nix.

Thanks,
Daniel

Daniel Fahrenthold
HOLWELL SHUSTER & GOLDBERG LLP
Office: (646) 837-8385 | Mobile: (908) 477-6530
425 Lexington Ave | New York, New York 10017 | hsgllp.com

**From:** Jennifer.Bartlett@gtlaw.com <Jennifer.Bartlett@gtlaw.com>
**Sent:** Friday, November 14, 2025 11:59 AM
**To:** Marcelo.Barros@gtlaw.com; Daniel Fahrenthold <dfahrenthold@hsgllp.com>; Vincent Levy <vlevy@hsgllp.com>; knn@gdldlaw.com; Michael Shuster <mshuster@hsgllp.com>; Torrell Mills <tmills@hsgllp.com>
**Cc:** Shirin.Afsous@gtlaw.com; Michael.Sklaire@gtlaw.com; Michael.Burshteyn@gtlaw.com
**Subject:** RE: 1:25-cv-03246-MJM Vyne v. HSOne - Deposition Today

And maybe just forward the Veritext confirmation?

**Jennifer Bartlett**
Litigation Associate

Greenberg Traurig, LLP
2200 Ross Avenue, Suite 5200 | Dallas, TX 75201
T +1 214.665.3729 | C +1 214.707.4688 | F +1 214.665.3601

Jennifer.Bartlett@gtlaw.com | www.gtlaw.com | View GT Biography

GT GreenbergTraurig

---

**From:** Barros, Marcelo (Assoc-SFO-IP-Tech) <Marcelo.Barros@gtlaw.com>
**Sent:** Friday, November 14, 2025 9:58 AM
**To:** Daniel Fahrenthold <dfahrenthold@hsgllp.com>; Vincent Levy <vlevy@hsgllp.com>; knn@gdldlaw.com; Michael Shuster <mshuster@hsgllp.com>; Torrell Mills <tmills@hsgllp.com>
**Cc:** Bartlett, Jennifer (Assoc-DAL-LT) <Jennifer.Bartlett@gtlaw.com>; Afsous, Shirin (Assoc-NVA-LT) <Shirin.Afsous@gtlaw.com>; Sklaire, Michael (Shld-NVA-LT) <Michael.Sklaire@gtlaw.com>; Burshteyn, Michael (Shld-SFO-IP-Tech) <Michael.Burshteyn@gtlaw.com>
**Subject:** RE: 1:25-cv-03246-MJM Vyne v. HSOne - Deposition Today

Hi Daniel,

It seems we are unable to access the link with the passcode provided. Can you double check, please?

Thank you,

**Marcelo Barros**
Associate

Greenberg Traurig, LLP
101 2nd Street | Suite 2200 | San Francisco, CA 94105-3668
T +1 415.590.5142
marcelo.barros@gtlaw.com | www.gtlaw.com

GT GreenbergTraurig

---

**From:** Daniel Fahrenthold <dfahrenthold@hsgllp.com>
**Sent:** Friday, November 14, 2025 8:38 AM
**To:** Barros, Marcelo (Assoc-SFO-IP-Tech) <Marcelo.Barros@gtlaw.com>; Vincent Levy <vlevy@hsgllp.com>; knn@gdldlaw.com; Michael Shuster <mshuster@hsgllp.com>; Torrell Mills <tmills@hsgllp.com>
**Cc:** Bartlett, Jennifer (Assoc-DAL-LT) <Jennifer.Bartlett@gtlaw.com>; Afsous, Shirin (Assoc-NVA-LT) <Shirin.Afsous@gtlaw.com>; Sklaire, Michael (Shld-NVA-LT) <Michael.Sklaire@gtlaw.com>; Burshteyn, Michael (Shld-SFO-IP-Tech) <Michael.Burshteyn@gtlaw.com>
**Subject:** RE: 1:25-cv-03246-MJM Vyne v. HSOne - Deposition Today

***EXTERNAL TO GT***

Hi Marcelo,

Please see below.

**YOUR VERITEXT VIRTUAL REMOTE PROCEEDING HAS BEEN SCHEDULED**

- **CASE:** National Electronic Attachment, Inc. vs. Henry Schein One LLC
- **WITNESS(ES):** Alan Rencher
- **DATE & TIME:** Friday, Nov 14 2025 12:00 PM Eastern Time (US & Canada)
- **VERITEXT PROCEEDING #:** 7751409

---

**PARTICIPANT ACCESS**

If you provided participant information to Veritext when scheduling, access instructions have been separately emailed to identified participants.

**Holwell Shuster & Goldberg LLP - Daniel Fahrenthold**

***If you are unable to notify Veritext of participants prior, please forward the following information to additional parties to the proceeding.***

Access is available 60 minutes prior to the scheduled proceeding time.

**OPTION 1**

- Click on the Veritext Virtual access link **here**.
- Ensure your browser's pop-up blocker is set to temporarily allow pop-ups.

**OPTION 2**

- In your browser, go to **https://zoom.us/join**
- Enter Meeting ID: 89093807948
- Enter Password: bYU8LLIYUN

Daniel Fahrenthold
HOLWELL SHUSTER & GOLDBERG LLP
Office: (646) 837-8385 | Mobile: (908) 477-6530
425 Lexington Ave | New York, New York 10017 | hsgllp.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and

delete it from your system.

---

**From:** Marcelo.Barros@gtlaw.com <Marcelo.Barros@gtlaw.com>
**Sent:** Friday, November 14, 2025 11:33 AM
**To:** Vincent Levy <vlevy@hsgllp.com>; Daniel Fahrenthold <dfahrenthold@hsgllp.com>; knn@gdldlaw.com; Michael Shuster <mshuster@hsgllp.com>; Torrell Mills <tmills@hsgllp.com>
**Cc:** Jennifer.Bartlett@gtlaw.com; Shirin.Afsous@gtlaw.com; Michael.Sklaire@gtlaw.com; Michael.Burshteyn@gtlaw.com
**Subject:** RE: 1:25-cv-03246-MJM Vyne v. HSOne - Deposition Today

Counsel,

Could you please provide us with the link for Alan Rencher's deposition scheduled for today, slated for ? It is slated to begin in approximately thirty minutes, and we have not received the link yet.

Thank you,

**Marcelo Barros**
Associate

Greenberg Traurig, LLP
101 2nd Street | Suite 2200 | San Francisco, CA 94105-3668
T +1 415.590.5142
marcelo.barros@gtlaw.com | www.gtlaw.com

GT GreenbergTraurig

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.