# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

NATIONAL ELECTRONIC ATTACHMENT, INC., d/b/a VYNE DENTAL

Plaintiff,

- against –

HENRY SCHEIN ONE, LLC,

Defendant.

**Case No. 1:25-cv-03246-MJM**

**JOINT STIPULATION AND PROTECTIVE ORDER REGARDING PRODUCTION AND USE OF CONFIDENTIAL INFORMATION**

~~**Defendant and Counterclaimant Henry Schein One, LLC ("HSOne") and**~~ Plaintiff and Counterdefendant National Electronic Attachment, Inc., d/b/a Vyne Dental ("Vyne"**), and Defendant and Counterclaimant Henry Schein One, LLC ("HSOne"**), by and through their undersigned counsel, submit this Joint Stipulation and Protective Order Regarding Production and Use of Confidential Information ("Protective Order") for approval by the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. The parties agree to and shall be governed as follows:

1. This Protective Order is being entered into to facilitate the production, exchange and discovery of documents and information ~~**that the Parties agree merit confidential treatment (hereinafter the "Documents" or "Testimony")**~~**in discovery in this case**.

2. When used in this Protective Order, the words set forth shall have the following meanings:

(a) "Documents" include, but ~~is~~**are** not limited to, all writings, drawings, graphs, charts, photographs, phone-records, and other data compilations from which information can be obtained, translated, if necessary, by the party to whom the request is directed through detection devices into reasonably usable form, which have been disclosed in discovery in this matter by any person or entity, whether pursuant to formal discovery requests or by agreement.

(b) "**Discovery** Material~~s~~" means all ~~d~~**D**ocuments, deposition testimony and transcripts, deposition exhibits, responses to any discovery requests, including responses to interrogatories, document requests, subpoenas duces tecum, and requests for admission, inspections, audio recordings, examinations of premises, facilities and physical evidence, and any other information or material produced pursuant to the Federal Rules of Civil Procedure and Local Rules of the District of Maryland, or otherwise given or exchanged by or among the parties, third parties, and non-parties producing **Discovery** Material~~s~~ to this action, including any information contained therein or derived therefrom, and includes all copies of such documents or other materials, in hard copy, electronic form, or any other form or format.

(c) "Disclose" or "Disclosure" means to produce, reveal, divulge, give, or make available **Discovery** Material~~s~~, or any part thereof, or any information contained therein.

(d) "Confidential" or "Confidential Information" is intended to be applied to Discovery Material that, consistent with Fed. R. Civ. P. 26(c), contains personal financial information, information regarding compensation and benefits, information regarding data storage devices, information regarding cloud-storage data repository accounts, audio

recordings, information subject to prior confidentiality agreements, trade secrets, competitively sensitive information, social security numbers, home telephone numbers, home addresses, dates of birth, tax returns, or other confidential research, development, customer, pricing, financial, business, proprietary, commercial or other non-public information that the designating party in good faith believes requires the protections of this Protective Order. **Certain Confidential Information listed in this subparagraph may further be designated Attorneys' Eyes Only Information in accordance with paragraph (4) below.**

(e) "Producing party" shall mean the parties to this action and any ~~third-parties~~**third parties** producing "Confidential Information" in connection with depositions, document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

(f) "Receiving party" shall mean the party to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production or otherwise.

3. **Designation of Confidential Information**. Any party may reasonably designate any ~~Document~~**Discovery Material**, or portion thereof, which it may produce, or ~~T~~**t**estimony given as "Confidential" by labeling ~~the document to be~~**or** so designat~~ed~~**ing** ~~substantially as follows:~~**the same** "CONFIDENTIAL;" ~~or~~**by making** a statement on the record of a deposition; or by other appropriate means~~. In the case of a thing and/or audio recording, the legend "CONFIDENTIAL" shall be securely affixed in a prominent location such as in the subject line of an electronic mail being sent with the thing and/or audio recording. Alternatively, a party may designate material as Confidential Information by giving a similar written~~

~~notice with reasonably specific~~ **clearly indicating the** designation. With regard to marking documents with the appropriate confidentiality classification, each page of the document that contains ~~c~~**C**onfidential ~~i~~**I**nformation shall be so marked in a prominent location. Copies, extracts, summaries, notes, and other derivatives of "CONFIDENTIAL" Material shall also be deemed "CONFIDENTIAL" and shall be subject to the provisions of this Protective Order.

4. **Designation of Attorneys' Eyes-Only Information**. In the event that the Confidential Information ~~is of~~**contains information warranting** a heightened level of confidentiality such that only the attorneys of the Parties, and not the Parties themselves, shall be permitted to view such Confidential Information~~, the labeling of the document~~ **("Attorneys' Eyes Only Information"), the Confidential Information** may **then** be designated ~~as follows: "CONFIDENTIAL-ATTORNEYS~~**"CONFIDENTIAL – ATTORNEYS**' EYES ONLY." The ~~term CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY shall mean PROTECTED INFORMATION that is so designated by the Producing party. The~~ designation CONFIDENTIAL – ATTORNEYS' EYES ONLY may be used only for the following types of ~~past, current, or future PROTECTED INFORMATION~~**information**: (1) sensitive technical information, including current research, development and manufacturing information, and **non-public** patent information, (2) sensitive business information, including highly sensitive financial or marketing information and the identity of, and business arrangements with, suppliers, vendors, sponsors, talent agents, brokers, performers, distributors and potential or actual customers, (3) competitive business information, including non-public financial or marketing analyses or comparisons of competitor's products, and strategic product planning, (4) ~~any~~**non-public** information that may be used by a party to gain insight into the designating party's trade secrets or proprietary information or may be used to assist a party to

compete against the designating party, and/or (5) ~~contains~~ sensitive personal information that is potentially invasive of an individual's privacy interests.

5. **Disclosure of Confidential Information.** Access to Confidential Information shall be limited to:

(a) **Attorneys**. Attorneys of record and other personnel in their law firm(s) (including other attorneys, in-house counsel, paralegals, and other staff personnel) who require access for the purpose of representing any party in this action. **For the avoidance of doubt, each party's in-house counsel will be permitted to review Confidential Information.**

(b) **Named parties**. The named parties in this action, including all officers, directors, members and employees of named corporate parties.

(c) **Experts and consultants**. Outside experts or consultants retained in connection with this action, provided that they first shall be shown and shall read a copy of this Protective Order and shall execute a Confidentiality Agreement in the form attached hereto as Exhibit A. Counsel for the party obtaining a person's signature shall retain the original signed Confidentiality Agreement and shall provide a copy to the designating party upon request **(except that there shall be no obligation to identify experts before the time for disclosure under the Federal Rules or otherwise)**. For the purposes of this Order, outside experts and consultants do not include any person regularly employed by any party.

(d) **Witnesses**. Witnesses who testify at depositions, hearings, or trial, if any such further proceedings occur in this case. Potential witnesses may be shown Confidential Information outside of a deposition, hearing or trial provided they are

informed in writing of the confidential nature of the Confidential Information and are provided with a copy of this Protective Order and execute Exhibit A.

(e) **Court reporters and videographers**. Court reporters and videographers appearing at depositions, hearings, or trial, if any such further proceedings occur in this case.

(f) **Court**. The Court and its personnel.

(g) **Other persons**. Without the necessity of a Court order, any other person who the parties jointly agree **in writing** may have access~~ to the Confidential Information~~.

6. **Disclosure of Attorneys' Eyes Only Information.** Access to Attorneys' Eyes Only Information shall be limited to:

(a) **Attorneys**. Attorneys of record and other personnel in their law firm(s) (including other attorneys, in-house counsel, paralegals, and other law firm staff personnel) who require access for the purpose of representing any party in this action. **For the avoidance of doubt,** ~~E~~**e**ach party's in-house counsel will ~~also~~ be permitted to review ~~a~~**A**ttorneys' ~~e~~**E**yes ~~o~~**O**nly ~~i~~**I**nformation.

(b) **Experts and consultants**. Outside experts or consultants retained in connection with this action, provided that they first shall be shown and shall read a copy of this Protective Order, and shall execute a Confidentiality Agreement in the form attached hereto as Exhibit A. Counsel for the party obtaining a person's signature shall retain the original signed Confidentiality Agreement and shall provide a copy to the designating party upon request **(except that there shall be no obligation to identify experts before the time for disclosure under the Federal Rules or otherwise)**. For the

purposes of this Order, outside experts and consultants do not include any person regularly employed by any party.

(c) **Witnesses. Witnesses who testify at depositions, hearings, or trial, if any such further proceedings occur in this case, provided that they first shall be shown and shall read a copy of this Protective Order, and shall execute a Confidentiality Agreement in the form attached hereto as Exhibit A.**

(d) ~~(c)~~ **Court reporters and videographers**. Court reporters and videographers appearing at depositions, hearings, or trial, if any such further proceedings occur in this case.

(e) ~~(d)~~ **Court**. The Court and its personnel.

(f) **Other persons. Without the necessity of a Court order, any other person who the parties jointly agree in writing may have access.**

7. **Use**. Confidential Information **and Attorneys' Eyes Only Information** shall be utilized by the ~~R~~receiving party and its counsel only for purposes of this litigation and for no other purposes. Any person receiving Confidential Information **or Attorneys' Eyes Only Information** shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof. Notwithstanding anything to the contrary hereinabove, nothing in this Protective Order shall restrict a party's or third party's ability to use or disclose its own documents or proprietary information**, or to use or disclose information that is in the public domain (otherwise than through a breach of this Protective Order)**.

(a) Counsel for the parties shall keep all documents, things and/or audio recordings designated as "CONFIDENTIAL" **or "CONFIDENTIAL – ATTORNEYS' EYES ONLY,"** which are received under this Protective Order, secure within their

exclusive possession and shall take reasonable efforts to place ~~such documents~~**them** in a secure area.

(b) Nothing in this Protective Order shall diminish the existing rights and responsibilities of the Parties and other persons involved in this action with respect to the protection of ~~c~~Confidential ~~i~~Information **or Attorneys' Eyes Only Information**, as defined herein or otherwise. Nothing in this Protective Order shall be construed to preclude the parties or third parties from waiving, in writing, provisions set forth herein in specific instances to expedite this action. Nothing in this Protective Order shall be construed to preclude the parties or third parties from seeking and obtaining additional protection from the Court with respect to the treatment of documents or other material covered by this Protective Order.

(c) Extracts, copies, duplicates, descriptions and summaries of Confidential Information **or Attorneys' Eyes Only Information** shall also be treated**, respectively,** as ~~c~~Confidential **Information or Attorneys' Eyes Only Information** in accordance with the provisions of this Stipulation.

8. **Non-Waiver of Confidentiality or Objection to Production.** Review of Confidential Information by any person in Paragraph 5 or Paragraph 6 shall not waive the confidentiality of that information and shall not waive any objection to production of that information.

9. **Inadvertent Disclosure of Privileged Information, Confidential Information and Attorney's ~~Eyes-Only~~Eyes Only Information.** The entry of this Protective Order does not alter, waive, modify or abridge any right, privilege or protection otherwise available to any party or third party with respect to discovery matters, including, but not limited to, any party's or third

party's right to assert the attorney-client privilege, work product doctrine, or other privileges with respect to Materials or any party's or third party's right to contest such assertion. Any inadvertent disclosure of Materials protected by the attorney-client privilege, or the work product doctrine, or other privileges will not be deemed a waiver of such privilege. Upon request from the Producing Party, a Non-Producing Party shall return all copies of any inadvertently disclosed privileged materials**, except that a copy may be retained solely for the purpose of challenging a claim of privilege as to such materials**. The return of any inadvertently disclosed privileged materials shall not prejudice the rights of any party or third party to contest an assertion of the attorney-client privilege, work product doctrine, or other privileges with the Court. ~~The~~**However, the** inadvertent, unintentional, or in camera disclosure of information that should be labeled Confidential Information or Attorneys' ~~Eyes-Only~~**Eyes Only** Information shall not be deemed a waiver, in whole or in part, of any party's claim of confidentiality. Upon the discovery of such inadvertent or unintentional disclosure, any party to this Order may advise the other parties that the information is to be designated as Confidential Information or Attorneys' ~~Eyes-Only~~**Eyes Only** Information under the terms of this Order.

10. **Depositions**. ~~**This Protective Order shall not preclude counsel for the parties from using during any deposition in this action any documents or information which have been designated as "Confidential Information" under the terms hereof.**~~ During a deposition, any party may ask the reporter to designate certain portions of the testimony as Confidential Information or Attorneys' ~~Eyes-Only~~**Eyes Only** Information, in which case the confidential portions shall be separately transcribed and labeled as confidential. In addition, within forty-eight (48) hours after a copy of the transcript taken at the deposition is delivered to the Parties, counsel must designate the entirety or any specified portion of the transcript or

exhibits thereto as Confidential by letter to the opposing party. Until such forty-eight-hour period expires, the entirety of such transcripts and all exhibits thereto shall be treated as Attorneys' Eyes-OnlyEyes Only Information and subject to this Protective Order. The 48-hour period can be extended as wellby written agreement of the parties.

**(a) Objection to Designation.** After such forty-eight-hour period expires, if any party to the litigation disputes the designation of any document or information as Confidential Information or the characterization of CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLYAttorneys' Eyes Only Information, before seeking the assistance of the Court, the Parties must first confer in good faith in an attempt to resolve the question of whether or on what terms the document or information is entitled to Confidential or Attorneys' Eyes Only treatment. The party objecting to the Confidential designation shall notify the designating party in writing within forty-eight (48) hours, and the designating party shall respond within three (3) business days. If the Parties are unable to agree as to whether the document or information is properly designated as Confidential Information,, the party objecting to the designation may file an appropriate motion with the Court. Until a resolution of the dispute is achieved either through consent or Court order, the Parties shall treat the designated document or information as Confidential Information or Attorneys' Eyes-Only Informationdesignated. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.

11. Expert Witnesses. Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 6(b) hereof, counsel for the

Receiving party shall provide the expert's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms.

11. 12. **Modification.** This Protective Order is entered into without prejudice to the right of either party to seek relief from, or modification of, this Protective Order or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure and Local Rules of the District of Maryland or other applicable law.

12. 13. **Continuation.** This Protective Order shall continue to be binding after the conclusion of this litigation except: (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal as allowed by order of the Court); and (b) that a party may seek the written permission of the Producing party or further order of the Court with respect to dissolution or modification of any of the Protective Order. The provisions of this Protective Order shall, absent prior written consent of both parties, continue to be binding after the conclusion of this action.

13. 14. **Conclusion of Action.** Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information and/or Attorneys' Eyes Only Information produced or designated and all reproductions thereof, shall be returned to the Producing party or shall be destroyed, at the option of the Producing party. In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents

constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Protective Order shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility. Nothing in this Protective Order shall prohibit or interfere with the ability of counsel for any party, or of experts specifically retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

This Protective Order may be changed by further order of this Court and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

**APPROVED AS TO FORM AND CONTENT**

**DATED**: December 18, 2025

Respectfully submitted,

**GOODELL, DEVRIES, LEECH & DANN, LLP**

/s/ ________________________________

K. Nichole Nesbitt (Bar No. 26137)
Derek M. Stikeleather (Bar No. 27815)
One South Street, 20th Floor
Baltimore, MD 21202
Tel: (410) 783-4026
knn@gdldlaw.com
dstikeleather@gdldlaw.com

**HOLWELL SHUSTER & GOLDBERG LLP**
Michael Shuster *(pro hac vice)*
Vincent Levy *(pro hac vice)*
Daniel Fahrenthold *(pro hac vice)*
Torrell Mills *(pro hac vice)*
425 Lexington Avenue, 14th Floor
New York, NY 10017
Tel: (646) 837-5151
vlevy@hsgllp.com

*Counsel for National Electronic Attachment, Inc. d/b/a Vyne Dental*

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

/s/ ________________________________

Michael Burshteyn *(pro hac vice)*
Marcelo Barros *(pro hac vice)*
Jennifer Bartlett *(pro hac vice)*
101 Second Street, Suite 2200
San Francisco, CA 94105
Tel: (415) 655-1300
Michael.burshteyn@gtlaw.com
Marcelo.barros@gtlaw.com
Jennifer.bartlett@gtlaw.com

Michael R. Sklaire (MD Fed. Bar No. 16471)
1750 Tysons Boulevard, Suite 1000
Tysons Corner, VA 22102
Tel: (703) 749-1308
michael.sklaire@gtlaw.com

*Counsel for Henry Schein One, LLC*

**IT IS SO ORDERED THIS** _____ day of November 2025.

________________________
Honorable Matthew J. Maddox

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | |
|---|---|
| NATIONAL ELECTRONIC ATTACHMENT, INC., d/b/a VYNE DENTAL<br><br>Plaintiff,<br><br>- against –<br><br>HENRY SCHEIN ONE, LLC,<br><br>Defendant. | **Case No. 1:25-cv-03246-MJM** |

**EXHIBIT A**
**AGREEMENT TO BE BOUND BY DISCOVERY CONFIDENTIALLITY ORDER**

1. I have been provided with and have read the Protective Order entered by the Court governing the restricted use of Confidential Information in this legal action. I agree to be bound by the terms of the Protective Order.

2. I agree that I will not utilize any materials marked with the legends CONFIDENTIAL or ~~CONFIDENTIAL-ATTORNEYS~~**CONFIDENTIAL – ATTORNEYS**' EYES ONLY for any purpose other than this litigation. I further agree that I will not reveal the Confidential Information **or Attorney's Eyes Only Information** to, nor discuss the information or materials with, anyone except in accordance with the terms of the Protective Order.

3. I submit to the jurisdiction of the Court as necessary to enforce the provisions of the Protective Order. I am aware that if I violate any of the provisions of the Protective Order, I am subject to punishment including a possible contempt citation by the Court.

Dated: ______________________________

Name: ______________________________

Signature: ____________________________

| **Summary report: Litera Compare for Word 11.13.0.54 Document comparison done on 12/18/2025 10:46:36 AM** | |
|---|---|
| **Style name:** GT-1 - No headers and footers, no moves, no comments | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** HSOne - MD Protective Order draft.docx | |
| **Modified filename:** INTERNAL - CLEAN (12.17.25 - CMC edits-) NEA v. HS1 - Protective Order (Vyne Edits 12.01.2025) (003).docx | |
| **Changes:** | |
| **Add** | 74 |
| **Delete** | 59 |
| Move From | 0 |
| Move To | 0 |
| **Table Insert** | 0 |
| **Table Delete** | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 133 |