IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| NATIONAL ELECTRONIC ATTACHMENT, INC., d/b/a VYNE DENTAL,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>HENRY SCHEIN ONE, LLC,<br><br>Defendant/Counter-Plaintiff. | Case No. 1:25-cv-03246-MJM |

**HENRY SCHEIN ONE, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE DEFENDANT'S WITNESS AT BOND HEARING AND MOTION FOR LEAVE FOR THE OPPORTUNITY TO CALL A WITNESS**

Henry Schein One, LLC ("HSOne") opposes National Electronic Attachment, Inc. d/b/a Vyne Dental ("Vyne")'s Motion to Exclude Defendant's Witness at Bond Hearing, moves for leave for the opportunity to call a witness, and respectfully states as follows:

Vyne asks the Court to bar HSOne from the option of having a witness at the bond hearing before HSOne is able to review Vyne's witness declarations with its business people. With HSOne barred from even having the option of a witness, Vyne seeks to present two. This does not create a situation that is fair to the parties or helpful to the Court.

Vyne points out, correctly, that HSOne did previously communicate its intent not to have a witness. HSOne is permitted to reconsider, as the Fourth Circuit allows stipulations to be set aside when enforcing them would cause injustice, such as enforcing this one would here. HSOne previously requested on at least two separate occasions that Vyne remove Attorneys' Eyes Only ("AEO") designations preventing HSOne from showing Vyne's witnesses' declarations to HSOne's business representatives who have relevant knowledge that could assist with HSOne's

arguments against Vyne's requested bond. Vyne refused to de-designate and the parties are briefing the issue for the Court.

Further, there is no prejudice to Vyne should HSOne present a witness. Vyne could review a written statement and depose them in advance of the hearing. Even if Vyne is correct and it can withdraw its own agreement to witness depositions based on HSOne's introduction of a witness, the Court still has discretion—and consistent with prior rulings—should require Vyne's witnesses to sit for modestly timed depositions. Vyne is asking for an outlandish nine figure bond. It hid its request behind egregious overdesignation of Attorneys' Eyes Only materials. It is reasonable and merited that HSOne be permitted a witness, should it so decide after the Court resolves the AEO issue.

This Court earlier granted Vyne comparable discovery of HSOne's hearing witnesses. The same need to test the evidence supports discovery now. Regardless of HSOne's presentation of a witness, the Court should permit HSOne to argue that Vyne has not justified a bond. That legal position does not depend on HSOne calling a witness.

**BACKGROUND**

The Court invited briefing on reasonable bond amounts and the need for a bond hearing. ECF No. 171; ECF No. 219 ¶ 1. Vyne submitted declarations from its Chief Financial Officer, Mr. Markus, and its retained expert, Dr. Garibotti. ECF No. 175; ECF No. 219 ¶ 2. HSOne disputed Vyne's bond demand and challenged the declarations, while seeking discovery in the alternative. ECF No. 180 at 8–10; ECF No. 181 at 2; ECF No. 186 at 14. In its July 31, 2026 opinion, the Court identified factual disputes concerning Vyne's arguments and valuations and scheduled a hearing to determine the appropriate security. ECF No. 189 at 93–94.

The parties then discussed depositions, supporting documents, hearing witnesses, and Vyne's disputed AEO designations. Vyne first offered one-hour remote depositions of its declarants and asked HSOne to commit to a witness position so that Vyne could seek relief or schedule its own depositions. ECF No. 219-1 at 6, 8. HSOne explained to Vyne that it should be entitled to 2.5 hours per declarant. *Id.* at 7. Vyne said it would consider the request but wanted to know whether HSOne would have a witness or documents so that Vyne could schedule a deposition. *Id.* at 6. HSOne initially responded that it did not intend to present a witness but reserved the right to do so. *Id.* at 5. Vyne objected that HSOne might take depositions and later call a witness whom Vyne could not depose. *Id.* at 4–5. On August 27, after Vyne requested HSOne confirm it would not call witnesses and did not reserve that right, HSOne's counsel confirmed that position. *Id.* at 3. Vyne then agreed to 2.5-hour depositions and to production of underlying materials under confidentiality protections, including AEO designations. ECF No. 219-2 at 3–4.

The evening before the status conference, HSOne's counsel previewed to Vyne that it intended to revisit the witness issue. Counsel explained that the restrictions on access to Vyne's declarations and financial information impeded consultation with the client's business stakeholders. Counsel identified a potential subject for testimony: whether other providers' ability to operate without writeback bears on Vyne's claim that losing that functionality threatens its business. Counsel also offered to permit a deposition and cross-examination and questioned what would have occurred differently during the preceding weeks had HSOne reserved a witness. ECF No. 219-4 at 2.

At the September 8, 2026, conference, HSOne explained that the AEO dispute affected whether it would identify a witness. ECF No. 217 at 19:21–24. HSOne expressed a willingness to provide a written statement before a deposition and proposed a sequence to resolve the AEO issue,

determine whether to present a witness, and take depositions. *Id.* at 20:1–7. The Court observed that prehearing depositions should narrow and focus the presentation and discussed setting aside a morning or afternoon, rather than a full day. *Id.* at 19:1–8. The hearing is now scheduled for September 24. The parties' filed stipulation provides for oppositions to the AEO and witness motions on September 11. ECF No. 220 ¶¶ 3–5.

## ARGUMENT

### I. The Court should permit a focused HSOne witness subject to safeguards that protect Vyne's preparation.

#### A. The Court has discretion to grant relief from HSOne's procedural commitment.

HSOne does not deny that it at one point did not plan to call a witness. Even now, HSOne cannot know because it is unable to properly consult with its business people about Vyne's bond request due to Vyne's AEO overdesignation. HSOne asks the Court to permit a change on terms that protect both parties and assist the Court. Under Rule 43(c), the Court may decide a motion on affidavits or receive oral testimony or depositions. The selection and conditions of that presentation remain matters for the Court.

The Fourth Circuit recognizes that litigation stipulations matter, but need not be enforced if they produce manifest injustice. In *Maryland Casualty Co. v. Rickenbaker*, 146 F.2d 751, 753 (4th Cir. 1944), the court reversed a refusal to permit an amended defense and additional evidence despite a stipulation narrowing the issues. The court considered the risk of imposing a liability the insurer had not assumed and absence of substantial injury to the opposing parties or inconvenience to the court. *Id.* The decision does not permit parties to withdraw from agreements at will. It requires attention to the consequences of enforcement and the practical effect of granting relief.

*Marshall v. Emersons Ltd.*, 593 F.2d 565, 568–69 (4th Cir. 1979), marks the other side of that rule. There, the court enforced a stipulation that exchanged a damages limitation for substantial

concessions of proof, including proof concerning 711 employees. The court found neither manifest injustice nor mistake of law and emphasized the parties' substantial reciprocal concessions. Id. at 568–69.

HSOne here seeks a Court-permitted adjustment before the bond hearing, with reciprocal discovery. The requested testimony would address the financial and business assumptions on which Vyne asks the Court to impose a bond. The prejudice HSOne seeks to avoid is a one-sided evidentiary presentation on those disputed assumptions after Vyne's AEO designations, which HSOne challenges as improper, impeded client consultation about the information on which Vyne bases its bond request. The proposed cure gives Vyne the disclosure and deposition it identified as necessary to prepare. The Court can assess the witness's actual proffer and the preparation time available before permitting testimony. That protects the agreement's practical purpose while allowing a fuller record.

Vyne relies on the Court's earlier statement that it would be inclined to enforce an agreement about evidentiary submissions. ECF No. 219 ¶ 12. HSOne takes that concern seriously. Its request is for relief from the commitment on protective terms, based on the needs of this hearing. Advance written disclosure, production of supporting materials, and a deposition would prevent the unfair surprise that an evidentiary agreement is intended to avoid.

**B. HSOne raised the issue before the conference and offers a concrete cure for its change.**

The record shows that HSOne has acted in good faith at all times. Before the status conference, HSOne explained to Vyne that it had been further considering the issue. It raised the effect of the AEO and access restrictions on client consultation and explained why a business witness might assist the Court. ECF No. 219-4 at 2. Those restrictions and the need to assess the

proposed testimony supply a good-faith explanation. HSOne does not contend that the email erased the prior commitment or that good faith alone resolves the motion.

HSOne offered written disclosure before a deposition. ECF No. 217 at 20:1–7. Vyne's motion characterizes the proposed sequence as allowing HSOne to choose a witness after discovery, without disclosing what the witness would say and with no time to prepare. ECF No. 219 ¶ 13. The Court should require a different sequence: a sufficient proffer, then a deposition, then any permitted hearing testimony.

HSOne proposes the following schedule for the Court's consideration. By September 16, and before taking either Vyne declarant's deposition, HSOne would identify its proposed witness and provide a written statement of the testimony and the documents on which the witness relies. Vyne would then have a remote deposition of up to 2.5 hours, completed by September 21, before the September 24 hearing. The witness's testimony is confined to disclosed subjects bearing on the bond dispute. If the timing of the AEO ruling requires an adjustment, HSOne would seek a further order preserving that sequence and adequate preparation time. Absent a timely, sufficient proffer and a fair opportunity to depose the witness, HSOne would not present the witness without further leave. HSOne seeks no open-ended reservation to introduce a witness at the hearing. This is not much different than the prior bench trial, where depositions happened close to the trial—indeed, one of Vyne's expert just days before.

Vyne points to its concessions on deposition time and document access. ECF No. 219 ¶¶ 8, 12. Those are real terms of the parties' agreement. But Vyne identifies no lost evidence or unavailable witness resulting from HSOne's earlier position. Its asserted preparation concern can be addressed through reciprocal disclosure and examination. The earlier correspondence also contemplated that, if HSOne identified a witness, Vyne could schedule a deposition or seek the

Court's intervention. ECF No. 219-1 at 6, 8. That history supports the feasibility of the disclosure and deposition sequence HSOne now proposes. And if the Court concludes that the deposition compromise cannot be preserved after a change in HSOne's witness position, HSOne asks for discovery by court order on the independent grounds below. The Court's prior reasoning for depositions supports requiring Vyne's witnesses to submit to depositions now, regardless of an agreement.

**C. A balanced presentation would assist the Court in deciding the bond dispute.**

The Court scheduled this hearing because HSOne disputed the arguments and valuations in Vyne's declarations. ECF No. 189 at 93–94. A witness with a proper foundation and relevant knowledge could assist the Court in evaluating the business assumptions underlying those valuations, including the availability and use of alternative workflows. That was the subject HSOne previewed in its September 7, 2026, email. ECF No. 219-4 at 2. The Court should assess that proposed evidence through a proffer and reciprocal examination.

HSOne did not submit a competing valuation with its April bond brief. *See* ECF No. 174; ECF No. 219 ¶ 3. HSOne's reply disputed Vyne's demand and requested a bond hearing, and its motion to strike challenged the reliability of the declarations and alternatively sought depositions and an opportunity to rebut the declarations. ECF No. 180 at 8–10; ECF No. 181 at 2. The Court then set a hearing to resolve the factual disputes. HSOne asks for permission to present focused responsive testimony in that proceeding, with disclosure and examination before the hearing.

Allowing Vyne to present its declarants and foreclosing a responsive witness limits the Court's access to competing evidence on the dispute to be heard. HSOne's request does not depend on the same numerical entitlement to witnesses. Rule 43(c) permits the Court to hear a focused presentation depending on relevance, proper foundation, and fair preparation. The Court observed that depositions should narrow the hearing, supporting this approach. ECF No. 217 at 19:3–8.

## II. The Court should authorize the depositions even if the parties' compromise no longer governs.

Vyne's declarants supply the alleged factual basis for the bond it seeks. HSOne should have a fair opportunity to examine that basis before the Court resolves the disputed valuations. Whether HSOne calls a witness does not change the relevance of Markus's financial premises, Dr. Garibotti's methodology, or the data supporting their declarations.

Rule 26(d)(1) permits court-ordered discovery before the Rule 26(f) conference. Rule 30(a)(2) provides for leave in the circumstances specified by that rule, consistent with Rule 26(b)(1) and (2). Thus, the loss of consent under a private stipulation does not itself foreclose court-authorized discovery. To the extent leave or a further scheduling order is required here, HSOne requests that relief on the good-cause and proportionality grounds below.

The Court used that authority earlier in this case. On November 7, 2025, it granted Vyne's emergency motion for depositions of HSOne's hearing witnesses. Order 2–4, ECF No. 63. The Court applied a reasonableness and good-cause standard, considered the need for a full evidentiary record and Vyne's plan to conduct the depositions remotely, and limited each deposition to 2.5 hours. Id. at 2–3. The permitted scope included the witnesses' intended hearing testimony and their submitted declarations. *Id.* at 3–4. Vyne notes that HSOne opposed that request. ECF No. 219 at 2 n.1. The Court granted it. The resulting order supplies a practical model for the discovery HSOne seeks now.

Here too, the hearing concerns a defined subject: the security appropriate for the preliminary injunction. The requested discovery concerns two identified declarants and the financial and methodological bases of the purported damages supporting their opinions of a bond amount. HSOne seeks remote depositions of 2.5 hours each, limited to the declarations, their supporting materials, and the witnesses' intended bond-hearing testimony. The declarants are the

sources best positioned to explain their own inputs and assumptions. Examining them before the hearing should permit more focused questioning in court.

The parties' correspondence confirms that this scale of discovery is workable. Vyne agreed to 2.5-hour remote depositions and underlying-document access, subject to protections, because it is feasible. ECF No. 219-2 at 3–4. HSOne seeks an order requiring the declarants to appear and the materials underlying their opinions to be available sufficiently before their depositions to permit meaningful preparation, to the extent that has not occurred. The confidentiality treatment of those materials remains governed by a protective order and the Court's ruling on ECF No. 218.

This request also carries forward HSOne's earlier objection to relying on the new declarations without a means to test them. ECF Nos. 181, 186. It does not depend on a claim that Vyne's declarations have already been rejected or that the Court has resolved their reliability. The depositions would help the Court decide what weight the evidence deserves. The Court should authorize them regardless of whether it permits HSOne to offer a witness.

## III. HSOne should be heard on whether a bond is justified, regardless of the witness ruling.

The witness motion should not determine HSOne's right to press its legal position on security at the hearing. HSOne argues Vyne's demand is unsupported and should be denied. ECF No. 180 at 8–10. It should be permitted to develop that argument from existing records, governing law, and examination of Vyne's witnesses regardless of whether HSOne offers its own testimony.

Rule 65(c) directs the Court to consider security for costs and damages sustained by a party found to have been wrongfully enjoined. The Court must address that issue. HSOne seeks a decision on it, including its position that the record does not justify requiring HSOne to post a bond. A ruling excluding an HSOne witness would not itself establish the soundness of Vyne's projected losses, their causal connection to the injunction, or the amount needed to secure them.

The Fourth Circuit has explained that the Court retains discretion over the amount of security, including waiver, but must address the security question rather than disregard it. *Pashby v. Delia*, 709 F.3d 307, 332 (4th Cir. 2013). Another judge in this District recently applied that security holding while recognizing *Pashby's* abrogation on other grounds. *CASA, Inc. v. Trump*, 2026 WL 2592706, at *17 (D. Md. Sept. 2, 2026). *Pashby* was remanded for express consideration of security; it did not excuse it. HSOne likewise asks the Court to decide the security issue on the record and to hear why any bond required of HSOne should be nominal or zero and why Vyne should be required to post security for the injunction against HSOne. That request remains distinct from whether HSOne may call a witness.

HSOne's objections concern speculative, unsupported assumptions about customer loss, the treatment of alternative workflows and mitigation, and whether Vyne's projections measure injury attributable to the injunction. ECF No. 180 at 8–10. Counsel can address those legal and evidentiary issues without supplying new facts through argument. HSOne does not ask the Court to treat the preliminary merits ruling as eliminating the possibility of a wrongful injunction. It asks the Court to assess what security, if any, the record supports under the governing standard.

The Court's July 31 opinion stated that the hearing would determine "an appropriate bond each party will be required to post." ECF No. 189 at 94. HSOne asks the Court to determine, on the hearing record, that no bond or only nominal security is warranted from HSOne. To the extent the earlier statement requires HSOne to post positive security, HSOne requests relief from that requirement. Alternatively, HSOne asks the Court to set any security required of HSOne at the amount supported by the evidence. HSOne also preserves its position that Vyne should post security for the injunction against HSOne. Id. at 93. Those issues remain for decision on the bond record, regardless of the witness ruling.

## CONCLUSION

The Court should deny Vyne's request for categorical exclusion and permit HSOne to identify a witness and make a prompt written proffer, subject to the Court's approval, advance disclosure of supporting materials, and a reciprocal deposition before the September 24 hearing. Prohibiting HSOne from having the option to present a witness would unjustly reward Vyne for its egregious overdesignations. The Court should authorize the focused depositions of Markus and Dr. Garibotti and access to their supporting materials on the terms described above, whether or not the parties' compromise remains in effect. In all events, the Court should permit HSOne to argue at the hearing that no bond or only nominal security should be required of HSOne, that any amount must be supported by the record, and that Vyne should post security for the injunction against HSOne.

Dated: September 11, 2026

Respectfully submitted,

**BURSHTEYN POLIN LLP**

*/s/ Michael Burshteyn*
Michael Burshteyn (*pro hac vice*)
1212 Broadway Plaza, Suite 2100
Walnut Creek, CA 94596
Telephone: (925) 238-3119
Mike@BurshteynPolin.com

**GREENBERG TRAURIG, LLP**

Jennifer Bartlett (*pro hac vice*)
2021 McKinney Ave, Suite 2000
Dallas, Texas 75201
Telephone: (214) 665-3729
Jennifer.Bartlett@gtlaw.com

Michael R. Sklaire (MD Fed. Bar No. 16471)
1750 Tysons Boulevard, Suite 1000
Tysons Corner, VA 22102
Telephone: (703) 749-1308
Michael.Sklaire@gtlaw.com

*Counsel for Defendant/Counter-Plaintiff*
*Henry Schein One, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of September 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Michael Burshteyn*
Michael Burshteyn