Burshteyn Polin LLP

Michael Burshteyn
Founding Partner
Burshteyn Polin LLP
mike@burshteynpolin.com

September 13, 2026 VIA ECF

The Honorable Matthew J. Maddox
U.S. District Court for the District of Maryland

**Re: National Electronic Attachment, Inc., d/b/a Vyne Dental v. Henry Schein One, LLC**
**Case No. 1:25-cv-03246-MJM**

Dear Judge Maddox:

Vyne's partial de-designation is too little, too late to cure the prejudice from its remaining AEO restrictions. After months of HSOne's objections, Vyne now withdraws substantial designations while asserting continued concern about misuse, without explaining what changed to make lesser protections sufficient for the released materials. ECF No. 225 at 1–2. That change in position underscores the need to assess the remaining restrictions, which still prevent HSOne from testing evidence supporting Vyne's bond demand.

Vyne's timing argument overlooks the history of this dispute. HSOne sought client access in November 2025 and renewed its objections in January 2026. ECF No. 225-2 at 6, 9–10, 13. The Court heard the dispute at the preliminary-injunction hearing and deferred resolution until after its ruling. ECF No. 218 at 2 (citing 2/10 Tr. 24:20–25:14). The parties agreed they could move to seal their briefs in the interim and confer on redactions later; HSOne preserved its AEO objections. *Id.* Vyne's reliance on its April production date ignores that arrangement. The relevant starting point is the Court's August 11 order scheduling the bond hearing, less than a month before HSOne's September 8 letter. ECF No. 195. As the hearing and depositions took shape, client access to the bond evidence became critical. An agreement to defer the dispute cannot become a waiver of it.

The remaining designations reach beyond customer identities or negotiated prices. Vyne still defends restrictions on product-specific customer counts (Markus ¶ 9), the growth forecast used to calculate the bond (Garibotti ¶ 33), and the provider-fee and payer-rebate model (Markus ¶¶ 13–14). ECF No. 225 at 6. HSOne challenged each example. ECF No. 218 at 4–5, 10–11. The counts concern mutual Dentrix customers; the forecast is a model assumption, distinct from underlying bookings and churn data; and the fee-and-rebate passages describe a business model HSOne already knows. *Id.* at 1, 4–5. Vyne also retains restrictions on product-line revenues and projected losses. ECF No. 225-1 ¶¶ 8, 10. Calling these subjects sensitive does not explain why a limited group cannot review them under court-ordered protections.

Vyne's reading of the correspondence does not make sense and is not accurate. HSOne's proposed definition did not establish that Vyne's designations satisfy it. The same draft preserves the right "to challenge any designation of confidentiality as inappropriate" under governing law. ECF No. 225-3 ¶ 11. HSOne reiterated that AEO protection requires satisfaction of a legal standard and disputed whether these materials meet it. ECF No. 225-2 at 2. The proposed definition never displaced that standard or waived those objections.

The supplemental Markus declaration identifies competing products and possible uses of customer data. It does not explain why access to the particular disputed passages by a limited, identified group under court-ordered safeguards would cause the predicted harm. ECF No. 225-1 ¶¶ 12–16. HSOne's personnel can test which services require Dentrix write access, customer-switching assumptions, and whether the claimed losses follow. Counsel and experts need that operational and market knowledge to examine Vyne's model. ECF No. 218 at 4–5, 7–8. The Court should not have to evaluate Vyne's self-serving declaration without that informed response. Vyne's footnote 11 concerns an unrelated demonstrative incident.[1]

HSOne requests the relief in its opening letter, including usable copies before the bond-witness depositions and September 24 hearing so counsel can test calculations, compare data, and prepare deposition exhibits. At a minimum, the Court should enter a tailored protective order permitting a small group of identified HSOne personnel to review the materials, subject to acknowledgments, litigation-only use, and nondisclosure. ECF No. 218 at 8. HSOne will identify proposed reviewers for an individualized assessment of their roles, need for access, and competitive risk. *See Sprint Nextel Corp. v. Simple Cell Inc.*, No. CCB-13-0617, 2015 WL 13840324, at *6 (D. Md. Oct. 5, 2015) (permitting necessary legal, fraud, and security personnel to review material redesignated from AEO to Confidential).

Respectfully,



Michael Burshteyn (pro hac vice)
BURSHTEYN POLIN LLP
1212 Broadway Plaza, Suite 2100
Walnut Creek, CA 94596
Telephone: (925) 238-3119
mike@burshteynpolin.com

[1] Vyne's account omits the circumstances. ECF No. 225 at 9 n.11. A team member sent the demonstrative before seeing Vyne's email requesting confirmation that it would not be shared with the expert. The expert did not view it and deleted it. The demonstrative contained no sensitive information; HSOne declined to challenge its designation as a courtesy, and Vyne expressed no concern at the time. That isolated transmission during the expert's sequestration is different from the requested, court-authorized review of bond evidence by a limited group bound by court-ordered confidentiality protections.

Jennifer Bartlett (pro hac vice)
GREENBERG TRAURIG, LLP
2021 McKinney Ave, Suite 2000
Dallas, TX 75201
Telephone: (214) 665-3729
Jennifer.Bartlett@gtlaw.com

Michael R. Sklaire (MD Fed. Bar No. 16471)
1750 Tysons Boulevard, Suite 1000
Tysons Corner, VA 22102
Telephone: (703) 749-1308
Michael.Sklaire@gtlaw.com

Counsel for Henry Schein One, LLC