**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| NATIONAL ELECTRONIC ATTACHMENT, INC., D/B/A VYNE DENTAL,<br>*Plaintiff*,<br>-against-<br>HENRY SCHEIN ONE, LLC,<br>*Defendant*. | Case No. 1:25-cv-03246 |

**VYNE'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE DEFENDANT'S WITNESS AT BOND HEARING**

In its Opposition to Vyne's motion to exclude, HSOne does not deny that it represented to Vyne that "HSOne will not be calling any witnesses" at the Bond Hearing, or that, in exchange, Vyne agreed to make its witnesses available for deposition and produce documents underlying Dr. Garibotti's expert report. Dkt. 226, at 1, 6. But HSOne asks the Court to allow HSOne to recant on the ground that holding HSOne to its word would work "manifest injustice." *Id.* at 4–5.

That is not so. There has been no change in circumstance. HSOne had Vyne's evidentiary submission in hand, knew that it objected to Vyne's AEO designations, and knew that the Court intended to hold a bond hearing. Armed with that knowledge, HSOne either represented it would not call a witness without intending to stand by that representation or, more likely, it simply regrets the commitment it made. But neither constitutes "manifest injustice," and the fact that HSOne "later regretted entering into the stipulation is not sufficient to relieve [HSOne] of its continuing effect." *United States v. Robertson*, 68 F.4th 855, 862 (4th Cir. 2023).

As a "cure," HSOne proposes that, on September 16—barely a week before the Bond Hearing—HSOne would identify the witness it wishes to call and reveal for the first time some of the evidence it plans to submit. It then proposes to make this witness available for deposition on

September 17th, 18th, or 21st, notwithstanding that Vyne's counsel has repeatedly informed HSOne's counsel of professional conflicts. *E.g.*, Sept. 8, 2026 Hearing Tr., Dkt. 217, at 21:14–15; Dkt. 219-2 at 4–5. The "cure" is more of HSOne's strategy of trial by surprise.

"Everyone benefits when parties agree to make stipulations." *FDIC v. St. Paul Fire & Marine Ins. Co.*, 942 F.2d 1032, 1038 (6th Cir. 1991). "In order for this system to work, however, the parties must be able to depend on the stipulations." *Id.* If litigants "can, as here, ignore a clear stipulation," the "incentive to enter stipulations is eliminated." *Id.* Parties have no reason to resolve disputes outside of the Court, and every incentive to bring every dispute, no matter how small, to the Court for resolution. "Worse yet, it offers a whole new ground for strategic behavior, as parties can try to get the trier of fact to pass on matters that have already been agreed to." *Id.* The Court should deny HSOne leave to call a witness at the Bond Hearing—just as HSOne committed as part of a stipulation governing pre-hearing disclosures.

DATED: September 14, 2026

Respectfully submitted,

*/s/ Vincent Levy*

Vincent Levy (pro hac vice)
Jack L. Millman (pro hac vice)
Charlotte Baigent (pro hac vice)
Daniel Fahrenthold (pro hac vice)
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151
vlevy@hsgllp.com

K. Nichole Nesbitt (Bar No. 26137)
Derek M. Stikeleather (Bar No. 27815)
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
(410) 783-4000

knn@gdldlaw.com
dstikeleather@gdldlaw.com

*Attorneys for Plaintiff*
*National Electronic Attachment, Inc. d/b/a Vyne Dental*