**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **NATIONAL ELECTRONIC ATTACHMENT, INC., d/b/a VYNE DENTAL,** | * | |
| **Plaintiff/Counter-Defendant,** | * | **Civ. No.: MJM-25-3246** |
| **v.** | * | |
| **HENRY SCHEIN ONE, LLC,** | * | |
| **Defendant/Counter-Plaintiff.** | * | |

* * * * * * * * * *

**ORDER**

This matter is before the Court on National Electronic Attachment, LLC's ("Vyne") motion to exclude any witness Henry Schein One, LLC's ("HSOne") may present at the upcoming bond hearing. ECF No. 219. HSOne filed a response in opposition to the motion, ECF No. 226, and Vyne filed a reply, ECF No. 228. Vyne's motion is granted.

There is no dispute that, by August 28, 2026, the parties reached an agreement regarding preparations for, and the presentation of evidence at, the upcoming bond hearing. That agreement included as a term that HSOne would not call any witnesses at the bond hearing nor reserve any right to call a witness. *See* ECF 219-1. In the interest of fairness and to avoid prejudice to Vyne, the Court will enforce this agreement.

The Court does not find that the parties' agreement will result in any manifest injustice. Each party is represented by sophisticated counsel. HSOne has been aware since July 31, 2026, that a bond hearing would be promptly scheduled, *see* ECF No. 189 at 92–94, and it has been aware of Vyne's evidence on the bond issue for months, *see* ECF No. 175. HSOne has had plenty of time to decide whether to present testimony in support of its position and to pursue any

information it believes it needs before deciding whether to call a witness. It will have an opportunity to depose Vyne's witnesses in advance of the bond hearing, pursuant to the parties' agreement, and to cross-examine those witnesses at the bond hearing. In addition, HSOne will have an opportunity to argue, based on the record, that no bond or only a nominal bond should be required of HSOne, or that a lesser bond should be ordered than the amount Vyne requests. HSOne may also argue that Vyne should be required to post a bond for the partial injunction it was granted.

For the foregoing reasons, it is by the United States District Court for the District of Maryland, hereby ORDERED that Vyne's Motion to Exclude Defendant's Witness at Bond Hearing (ECF No. 219) is GRANTED.

It is so ORDERED this 14th day of September, 2026.

/S/
Matthew J. Maddox
United States District Judge