**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | |
|---|---|
| NATIONAL ELECTRONIC ATTACHMENT, INC., d/b/a VYNE DENTAL<br><br>Plaintiff and Counter-Defendant,<br><br>- against -<br><br>HENRY SCHEIN ONE, LLC,<br><br>Defendant and Counter-Claimant. | Case No. 1:25-cv-03246-MJM |

**DEFENDANT AND COUNTER-CLAIMANT HENRY SCHEIN ONE, LLC'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant and Counter-Claimant Henry Schein One, LLC ("HSOne") files this Amended Answer and Affirmative Defenses to the Amended Complaint (Dkt. 61) of Plaintiff National Electronic Attachment, Inc. d/b/a Vyne Dental ("Vyne").

With respect to the Amended Complaint's introductory paragraph, HSOne admits that Vyne purports to bring this action against HSOne. HSOne denies that Vyne is entitled to any relief.

**NATURE OF THE ACTION[1]**

1. HSOne admits that Vyne markets a software product under the name Vyne Trellis. HSOne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 1, and therefore denies them.

[1] Except as expressly admitted below, HSOne denies each and every allegation of the Amended Complaint. The headings, section titles, footnotes, and unnumbered introductory material in the Amended Complaint are not averments of fact requiring a response; to the extent they are deemed to contain factual allegations, HSOne denies them.

2. HSOne admits that it is an indirect subsidiary of Henry Schein, Inc., and that Henry Schein, Inc. has publicly described itself in substantially the terms quoted in Paragraph 2. HSOne denies the remaining allegations because their characterization of Dentrix and how it is used are not accurate.

3. HSOne denies the allegations in this paragraph because they inaccurately describe HSOne, its customers, and their use of HSOne products and services.

4. Paragraph 4 states legal conclusions to which no response is required. To the extent a response is required, HSOne denies the remaining allegations in Paragraph 4.

5. HSOne denies the allegations in this paragraph because they inaccurately describe HSOne, its customers, and their use of HSOne products and services. HSOne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 5 and therefore denies them.

6. HSOne denies the allegations in this paragraph because they inaccurately describe HSOne and its cloud-connected platforms and systems. HSOne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 6 and therefore denies them.

7. HSOne denies the allegations in this paragraph because Vyne falsely mischaracterizes its unauthorized access as a printer driver. HSOne denies the remaining allegations in paragraph 7.

8. HSOne admits that in 2025 its counsel sent Vyne a letter. The letter speaks for itself. HSOne denies any characterization of it inconsistent with its contents. HSOne denies the remaining allegations in Paragraph 8.

9. Paragraph 9 states legal conclusions to which no response is required. To the extent a response is required, HSOne admits that it has communicated with its customers and denies all

allegations inconsistent with the underlying documents associated with those communications. HSOne denies the remaining allegations in Paragraph 9.

10. HSOne denies the allegations in this paragraph because they mischaracterize HSOne's security measures.

11. Paragraph 11 states legal conclusions to which no response is required. To the extent a response is required, HSOne denies the allegations in Paragraph 11.

## PARTIES

12. HSOne lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

13. HSOne admits it is a citizen of the state of Utah and is a limited liability company with its main office in American Fork, Utah. HSOne further admits it is majority owned by HSOA, LLC, which is majority owned by Henry Schein Practice Solutions, Inc., which is owned by Henry Schein, Inc., a publicly traded company. To the extent the remaining allegations in Paragraph 13 are inconsistent with the foregoing, HSOne denies them.

## JURISDICTION AND VENUE

14. HSOne admits that Vyne purports to assert claims under federal law. Paragraph 14 states legal conclusions to which no response is required.

15. HSOne admits that Vyne purports to assert claims under state law. Paragraph 15 states legal conclusions to which no response is required.

16. Paragraph 16 states legal conclusions to which no response is required. HSOne denies the remaining allegations in Paragraph 16.

17. Paragraph 17 states legal conclusions to which no response is required. HSOne states that the Court has determined that venue is proper in this District under 28 U.S.C. section

1391(b)(1). (Dkt. 189, 190.) HSOne expressly preserves, and does not waive, its objection to venue for purposes of appellate review. HSOne denies the remaining allegations in Paragraph 17.

18. Paragraph 18 states legal conclusions to which no response is required. To the extent a response is required, HSOne denies the allegations in this paragraph because they mischaracterize HSOne and its security measures.

## FACTS

### A. Vyne, Dentrix, and Historical Use of the Printer Driver

19. HSOne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 concerning Vyne's services and customers and therefore denies them. HSOne denies the remaining allegations in Paragraph 19.

20. HSOne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 and therefore denies them.

21. HSOne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 and therefore denies them.

22. Paragraph 22 purports to characterize contracts between Vyne and its customers, including the document attached to the Amended Complaint as Exhibit D, which speak for themselves. HSOne denies any characterization inconsistent with them. HSOne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 22 and therefore denies them.

23. Paragraph 23 states legal conclusions to which no response is required and purports to characterize contracts between Vyne and its customers, which speak for themselves. HSOne denies any characterization inconsistent with them. To the extent a response is required, HSOne denies the remaining allegations in Paragraph 23.

24. Paragraph 24 purports to characterize contracts between Vyne and its customers, which speak for themselves. HSOne denies any characterization inconsistent with them. HSOne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 24 and therefore denies them.

25. Paragraph 25 states legal conclusions to which no response is required. To the extent a response is required, HSOne denies the remaining allegations in Paragraph 25 because they mischaracterize HSOne products, services, and its customers' use of those products and services.

26. HSOne denies the allegations in this paragraph because Vyne falsely mischaracterizes its unauthorized access as a printer driver. HSOne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 26 and therefore denies them.

27. Paragraph 27 purports to characterize information on a website, which speaks for itself, and HSOne denies any characterization inconsistent with it. HSOne further denies the allegations in this paragraph because they mischaracterize the products and services it describes. HSOne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 27 and therefore denies them.

28. HSOne denies the allegations in Paragraph 28.

29. HSOne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 and therefore denies them.

30. HSOne denies the allegations in Paragraph 30.

31. HSOne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 and therefore denies them.

32. HSOne denies the allegations in this paragraph because Vyne falsely

mischaracterizes its unauthorized access as a printer driver. HSOne denies the remaining allegations in Paragraph 32.

**B. HS One Disseminates False Information About Vyne**

33. HSOne denies the allegations in this paragraph because they mischaracterize HSOne's marketing and services.

34. Paragraph 34 states legal conclusions to which no response is required. Paragraph 34 purports to characterize information in communications, which speak for themselves, and HSOne denies any characterization inconsistent with those communications. HSOne denies the remaining allegations in Paragraph 34 because they mischaracterize HSOne's security measures and communications.

35. Paragraph 35 purports to characterize a letter attached to the Amended Complaint as Exhibit A, which speaks for itself. HSOne denies any characterization inconsistent with it. HSOne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 35 and therefore denies them.

36. HSOne denies the allegations in this paragraph because they mischaracterize HSOne's security measures and communications.

37. HSOne denies the allegations in this paragraph because they mischaracterize HSOne's security measures. HSOne lacks the knowledge and information to admit or deny what Vyne purports to have discovered or learned and therefore denies the remaining allegations.

38. Paragraph 38 states legal conclusions to which no response is required. HSOne denies any characterization inconsistent with the documents referenced in Paragraph 38. HSOne denies the remaining allegations in Paragraph 38 because they mischaracterize HSOne's security measures and contracts.

39. Paragraph 39 states legal conclusions to which no response is required. To the extent a response is required, HSOne denies the allegations in Paragraph 39.

40. Paragraph 40 states legal conclusions to which no response is required. To the extent a response is required, HSOne denies the allegations in Paragraph 40.

41. Paragraph 41 states legal conclusions to which no response is required. Paragraph 41 purports to quote from a document attached to the Amended Complaint as Exhibit B, which speaks for itself. HSOne denies any characterization inconsistent with that document. HSOne denies the remaining allegations in Paragraph 41.

42. Paragraph 42 states a legal conclusion to which no response is required. Paragraph 42 purports to quote from a document attached to the Amended Complaint as Exhibit B, which speaks for itself. HSOne denies any characterization inconsistent with that document and denies the remaining allegations in Paragraph 42.

43. Paragraph 43 states legal conclusions to which no response is required. To the extent a response is required, HSOne denies the remaining allegations in Paragraph 43.

44. Paragraph 44 states legal conclusions to which no response is required. To the extent a response is required, Paragraph 44 purports to quote from a document attached to the Amended Complaint as Exhibit C, which speaks for itself. HSOne denies any characterization inconsistent with it. HSOne denies the remaining allegations in Paragraph 44.

45. Paragraph 45 states legal conclusions to which no response is required. To the extent a response is required, Paragraph 45 purports to quote from a document, which speaks for itself. HSOne denies any characterization inconsistent with it. HSOne denies the remaining allegations in Paragraph 45.

46. Paragraph 46 states legal conclusions to which no response is required. To the extent a response is required, Paragraph 46 purports to quote from a document which speaks for itself. HSOne denies any characterization inconsistent with the document. HSOne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 46 and therefore denies them.

47. Paragraph 47 states legal conclusions to which no response is required. Paragraph 47 purports to characterize communications that speak for themselves. HSOne denies any allegations inconsistent with those communications. HSOne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 47 and therefore denies them.

48. Paragraph 48 states legal conclusions to which no response is required. Paragraph 48 purports to characterize communications, which speak for themselves. HSOne denies any characterization inconsistent with those communications. HSOne denies the remaining allegations in Paragraph 48.

49. HSOne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 and therefore denies them.

50. To the extent any allegation in Paragraph 50 states a legal conclusion, no response is required. Paragraph 50 purports to quote from an email, which speaks for itself. HSOne denies any characterization inconsistent with the email. HSOne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 and therefore denies them.

51. HSOne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 and therefore denies them.

**C. HS One's Bad Faith in API Negotiations**

52. Paragraph 52 states legal conclusions to which no response is required. HSOne denies the remaining allegations in Paragraph 52 because they mischaracterize Vyne's unauthorized access to HSOne's systems and software.

53. Paragraph 53 states legal conclusions to which no response is required. HSOne denies the remaining allegations in Paragraph 53 because they mischaracterize the sequence and nature of the communications between HSOne and Vyne.

54. Paragraph 54 states legal conclusions to which no response is required. HSOne denies the remaining allegations in this paragraph because they mischaracterize the business discussions between HSOne and Vyne.

55. HSOne denies the allegations in this paragraph because they mischaracterize the communications between HSOne and Vyne.

56. Paragraph 56 purports to characterize a document that speaks for itself. HSOne denies any characterization inconsistent with the document. HSOne denies the remaining allegations in Paragraph 56 because they mischaracterize the communications between HSOne and Vyne.

57. HSOne admits that on or about June 2, 2025 Vyne returned a redline of the draft agreement. That document speaks for itself, and HSOne denies any characterization inconsistent with the document. HSOne denies the remaining allegations in Paragraph 57.

58. Paragraph 58 contains legal conclusions to which no response is required. Paragraph 58 purports to quote from a document, which speaks for itself. HSOne denies any characterization inconsistent with the document. HSOne denies the remaining allegations in Paragraph 58.

59. HSOne admits that representatives of the parties met on or about June 3, 2025 and that James Grover participated. HSOne denies the remaining allegations in Paragraph 59.

60. HSOne admits that its general counsel sent communications to Vyne. Those communications speak for themselves. HSOne denies any characterization inconsistent with those communications and denies the remaining allegations in Paragraph 60.

61. HSOne admits that it received correspondence from Vyne in or around July 2025. Counsel correspondence speaks for itself and HSOne denies any characterization inconsistent with it. HSOne denies the remaining allegations in Paragraph 61.

62. Paragraph 62 contains legal conclusions to which no response is required. To the extent a response is required, HSOne admits that on or around July 28, 2025, its general counsel sent an email to Vyne. That communication and underlying document speak for themselves, and HSOne denies any characterization inconsistent with them. HSOne denies the remaining allegations in Paragraph 62.

63. HSOne denies the allegations in this paragraph because they mischaracterize HSOne's communications with its customers.

64. HSOne admits that on or around August 26, 2025, a representative sent a communication to a customer. HSOne further admits that its website included a copy of a communication dated August 21, 2025. The referenced communications, including those in footnote 3, speak for themselves, and HSOne denies any characterization inconsistent with them. HSOne denies the remaining allegations in Paragraph 64, including the allegations in footnote 3.

65. HSOne admits that on August 26, 2025 its outside counsel sent Vyne a cease-and-desist letter. That letter speaks for itself, and HSOne denies any characterization inconsistent with the letter. HSOne denies the remaining allegations in Paragraph 65.

66. Paragraph 66 states legal conclusions to which no response is required. To the extent a response is required, HSOne denies the allegations in Paragraph 66.

67. HSOne denies the allegations in Paragraph 67.

**D. HS One's Disabling of Vyne Software**

68. HSOne denies the allegations in this paragraph because they mischaracterize HSOne's security measures.

69. HSOne denies the allegations in this paragraph because they mischaracterize HSOne's security measures.

70. HSOne denies the allegations in this paragraph because they mischaracterize HSOne's security measures.

71. Paragraph 71 states legal conclusions to which no response is required. To the extent a response is required, HSOne denies the allegations in Paragraph 71.

72. Paragraph 72 states legal conclusions to which no response is required. To the extent a response is required, HSOne denies the allegations in Paragraph 72.

73. HSOne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73 and therefore denies them.

74. Paragraph 74 states legal conclusions to which no response is required. Paragraph 74 further purports to characterize a communication from an HSOne employee to a customer, which speaks for itself. HSOne denies any characterization inconsistent with the communication. HSOne denies the remaining allegations in Paragraph 74.

**E. HS One's Improper Information Blocking**

75. Paragraph 75 states legal conclusions to which no response is required. Paragraph 75 further purports to characterize the 21st Century Cures Act, its implementing regulations, and the associated rulemaking, all of which speak for themselves. HSOne denies any characterization inconsistent with them. HSOne denies the remaining allegations in Paragraph 75.

76. Paragraph 76 states legal conclusions to which no response is required. HSOne denies the remaining allegations in Paragraph 76.

77. This paragraph states legal conclusions to which no response is required. HSOne further denies the allegations in this paragraph because they mischaracterize the nature of HSOne's business, products and services.

78. Paragraph 78 states legal conclusions to which no response is required. Paragraph 78 purports to characterize 45 C.F.R. section 171.102 and HSOne's public materials, all of which speak for themselves. HSOne denies any characterization inconsistent with those materials. To the extent a response is required, HSOne denies the allegations in this paragraph because they mischaracterize HSOne's business, products, and services.

79. Paragraph 79 states legal conclusions to which no response is required. To the extent a response is required, HSOne denies the allegations in Paragraph 79.

80. Paragraph 80 states legal conclusions to which no response is required. To the extent a response is required, HSOne denies the allegations in Paragraph 80.

81. Paragraph 81 states legal conclusions to which no response is required. To the extent a response is required, HSOne denies the allegations in Paragraph 81.

82. Paragraph 82 states legal conclusions to which no response is required. To the extent a response is required, HSOne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82 about Vyne's customers and therefore denies them. HSOne denies the remaining allegations in Paragraph 82.

83. Paragraph 83 states legal conclusions to which no response is required. To the extent a response is required, HSOne denies the allegations in Paragraph 83.

* * *

84. HSOne lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Vyne customers and therefore denies them. HSOne denies the remaining allegations in Paragraph 84.

85. Paragraph 85 states legal conclusions to which no response is required. To the extent a response is required, Paragraph 85 purports to characterize contracts between Vyne and its customers, which speak for themselves. HSOne denies any characterization inconsistent with those contracts. HSOne lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Vyne's contractual undertakings and therefore denies them. HSOne denies the remaining allegations in Paragraph 85.

86. Paragraph 86 states legal conclusions to which no response is required. To the extent a response is required, HSOne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86 and therefore denies them. Paragraph 86 purports to characterize communications, which speak for themselves. HSOne denies any characterization inconsistent with those communications.

87. Paragraph 87 states legal conclusions to which no response is required. To the extent a response is required, HSOne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87 and therefore denies them. Paragraph 87 purports to characterize communications, which speak for themselves. HSOne denies any characterization inconsistent with those communications.

88. Paragraph 88 states legal conclusions to which no response is required. To the extent a response is required, HSOne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88 and therefore denies them.

89. To the extent Paragraph 89 contains legal conclusions, no response is required. To the extent a response is required, HSOne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89 and therefore denies them.

## COUNT I

### Computer Fraud and Abuse Act – 18 U.S.C. § 1030(g)

90. HSOne repeats and incorporates by reference its responses above as if fully set forth herein.

91. Paragraph 91 states legal conclusions to which no response is required.

92. Paragraph 92 states legal conclusions to which no response is required. To the extent a response is required, HSOne denies the allegations in Paragraph 92.

93. Paragraph 93 states legal conclusions to which no response is required. To the extent a response is required, HSOne denies the allegations in Paragraph 93.

94. Paragraph 94 states legal conclusions to which no response is required. To the extent a response is required, HSOne denies the allegations in Paragraph 94.

95. Paragraph 95 states legal conclusions to which no response is required. To the extent a response is required, HSOne denies the allegations in Paragraph 95.

96. Paragraph 96 states legal conclusions to which no response is required. To the extent a response is required, HSOne denies the allegations in Paragraph 96.

97. Paragraph 97 states legal conclusions to which no response is required. To the extent a response is required, HSOne denies the allegations in Paragraph 97.

**COUNT II**

**Lanham Act – False Advertising**

98. HSOne repeats and incorporates by reference its responses above as if fully set forth herein.

99. Paragraph 99 states legal conclusions to which no response is required. Vyne purports to quote from a document, which speaks for itself. HSOne denies any characterization inconsistent with that document. HSOne denies the remaining allegations in Paragraph 99.

100. Paragraph 100 states legal conclusions to which no response is required. To the extent a response is required, HSOne denies the allegations in Paragraph 100.

101. Paragraph 101 states legal conclusions to which no response is required. To the extent a response is required, HSOne denies the allegations in Paragraph 101.

**COUNT III**

**Tortious Interference with Contractual Relations**

102. HSOne repeats and incorporates by reference its responses above as if fully set forth herein.

103. Paragraph 103 states legal conclusions to which no response is required. Paragraph 103 purports to characterize agreements which speak for themselves. HSOne denies any characterization inconsistent with those agreements. HSOne lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 103 and therefore denies them.

104. Paragraph 104 states legal conclusions to which no response is required. To the extent a response is required, HSOne admits that it received a letter from Vyne dated on or about August 21, 2025, which speaks for itself. Paragraph 104 references an email from John Giarraputo,

which speaks for itself. Those communications, and the materials cited in footnotes 9 and 10, speak for themselves. HSOne denies any characterization inconsistent with these documents and materials. HSOne denies the remaining allegations in Paragraph 104.

105. Paragraph 105 states legal conclusions to which no response is required. Paragraph 105 purports to characterize contracts between Vyne and its customers, including the materials cited in footnotes 11 and 12, which speak for themselves. HSOne denies any characterization inconsistent with those contracts and materials. To the extent a response is required, HSOne lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Vyne's contracts with its customers and therefore denies them. HSOne denies the remaining allegations in Paragraph 105.

106. Paragraph 106 states legal conclusions to which no response is required. To the extent a response is required, HSOne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 106 concerning the performance of dental practices or Vyne under their respective agreements and therefore denies them. HSOne denies the remaining allegations in Paragraph 106.

107. Paragraph 107 states legal conclusions to which no response is required. To the extent a response is required, HSOne denies the allegations in Paragraph 107.

108. Paragraph 108 states legal conclusions to which no response is required. To the extent a response is required, HSOne denies the allegations in Paragraph 108.

109. Paragraph 109 states legal conclusions to which no response is required. To the extent a response is required, HSOne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 109 concerning Vyne's business activities and therefore denies them. HSOne denies the remaining allegations in Paragraph 109.

110. Paragraph 110 states legal conclusions to which no response is required. To the extent a response is required, HSOne denies the allegations in Paragraph 110.

111. Paragraph 111 states legal conclusions to which no response is required. To the extent a response is required, HSOne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 111 concerning Vyne's alleged damages and therefore denies them. HSOne denies the remaining allegations in Paragraph 111.

**COUNT IV**

**Tortious Interference with Prospective Business Relations**

112. HSOne repeats and incorporates by reference its responses above as if fully set forth herein.

113. Paragraph 113 states legal conclusions to which no response is required. To the extent a response is required, HSOne denies the allegations in Paragraph 113.

114. Paragraph 114 states legal conclusions to which no response is required. To the extent a response is required, HSOne denies the allegations in Paragraph 114.

115. Paragraph 115 states legal conclusions to which no response is required. To the extent a response is required, HSOne denies the allegations in Paragraph 115.

116. Paragraph 116 states legal conclusions to which no response is required. To the extent a response is required, HSOne denies the allegations in Paragraph 116.

**COUNT V**

**Unfair Competition**

117. HSOne repeats and incorporates by reference its responses above as if fully set forth herein.

118. Paragraph 118 states legal conclusions to which no response is required. To the extent a response is required, HSOne denies the allegations in Paragraph 118.

119. Paragraph 119 states legal conclusions to which no response is required. To the extent a response is required, HSOne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 119 concerning Vyne's contracts with its customers and therefore denies them. HSOne denies the remaining allegations in Paragraph 119.

120. Paragraph 120 states legal conclusions to which no response is required. To the extent a response is required, HSOne denies the allegations in Paragraph 120.

121. HSOne denies the allegations in this paragraph to the extent they mischaracterize HSOne's business, products, and services. The paragraph also states legal conclusions to which no response is required.

122. Paragraph 122 states legal conclusions to which no response is required. To the extent a response is required, HSOne denies the allegations in Paragraph 122.

123. Paragraph 123 states legal conclusions to which no response is required. To the extent a response is required, HSOne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 123 concerning Vyne's alleged injuries and therefore denies them. HSOne denies the remaining allegations in Paragraph 123.

## COUNT VI

### Defamation

124. HSOne repeats and incorporates by reference its responses above as if fully set forth herein.

125. Paragraph 125 states legal conclusions to which no response is required. To the extent a response is required, HSOne denies the allegations in Paragraph 125.

126. Paragraph 126 states legal conclusions to which no response is required. To the extent a response is required, HSOne denies the allegations in Paragraph 126.

127. Paragraph 127 states legal conclusions to which no response is required. To the extent a response is required, HSOne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 127 concerning Vyne's public standing and reputation and therefore denies them. HSOne denies the remaining allegations in Paragraph 127.

128. Paragraph 128 states legal conclusions to which no response is required. To the extent a response is required, HSOne denies the allegations in Paragraph 128.

129. Paragraph 129 states legal conclusions to which no response is required. To the extent a response is required, HSOne denies the allegations in Paragraph 129.

130. Paragraph 130 states legal conclusions to which no response is required. To the extent a response is required, HSOne lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 130 concerning Vyne's alleged injuries, goodwill, and business reputation and therefore denies them. HSOne denies the remaining allegations in Paragraph 130.

## COUNT VII

### Declaratory Judgment

131. HSOne repeats and incorporates by reference its responses above as if fully set forth herein.

132. Paragraph 132 states a legal conclusion to which no response is required. To the extent a response is required, HSOne denies that Vyne is entitled to declaratory relief.

133. Paragraph 133 purports to characterize HSOne's August 26, 2025 letter, which speaks for itself. HSOne denies any characterization inconsistent with the letter. HSOne denies the remaining allegations in Paragraph 133.

134. The paragraph states legal conclusions to which no response is required.

135. Paragraph 135 sets forth Vyne's request for relief and states legal conclusions, to which no response is required. To the extent a response is required, HSOne denies the allegations in Paragraph 135 and denies that Vyne is entitled to any relief, including the declaratory relief it seeks.

136. Paragraph 136 sets forth Vyne's request for relief and states legal conclusions, to which no response is required. To the extent a response is required, HSOne denies the allegations in Paragraph 136 and denies that Vyne is entitled to the injunction it seeks.

## JURY DEMAND

137. No response is required to Vyne's jury demand. HSOne likewise demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

The Prayer for Relief consists of Vyne's requests for relief, to which no response is required. To the extent a response is required, HSOne denies that Vyne is entitled to the relief requested in subparagraphs (a) through (j) of the Prayer for Relief, or to any relief whatsoever.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Without assuming any burden of proof, persuasion, or production that it would not otherwise bear under applicable law, and reserving the right to amend or supplement these defenses as discovery proceeds, HSOne asserts the following separate and additional defenses to the

Amended Complaint. By designating the following as defenses, HSOne does not concede that it bears the burden of proof or persuasion on any issue as to which Vyne bears that burden.

**FIRST DEFENSE**

**(Failure to State a Claim)**

The Amended Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

**SECOND DEFENSE**

**(Venue)**

HSOne objects to venue in this District.

**THIRD DEFENSE**

**(Authorization and Consent)**

Vyne's claims are barred, in whole or in part, because the conduct alleged—including HSOne's collection of telemetry and its distribution of security updates to Dentrix software installed at customer locations—is authorized by and consistent with agreements governing HSOne's customers' license and use of Dentrix, including the applicable end user license agreement and terms and conditions, to which HSOne's customers consented.

**FOURTH DEFENSE**

**(Lawful Protection of Property and Security)**

Vyne's claims are barred, in whole or in part, because HSOne's conduct constituted the lawful protection of its own software, databases, technical protection measures, and customers' data against unauthorized access, and because HSOne is entitled to control access to the software and systems it owns, licenses, secures, and maintains.

**FIFTH DEFENSE**

**(Truth; Non-Actionable Opinion, Comparison, and Puffery; First Amendment)**

Vyne's claims premised on HSOne's statements, including Counts II, V, and VI, are barred because the statements at issue were true or substantially true, because those statements were non-actionable expressions of opinion, comparative advertising, or puffery, and because they are protected by the First Amendment to the United States Constitution.

**SIXTH DEFENSE**

**(Absence of Requisite Intent; No Actual Malice)**

Vyne's claims are barred because HSOne did not act with knowledge of falsity or reckless disregard for the truth, did not act with actual malice, and did not act with any wrongful, malicious, or improper motive or purpose.

**SEVENTH DEFENSE**

**(Justification, Privilege, and Competition Privilege)**

Vyne's tortious interference claims (Counts III and IV) and unfair competition claim (Count V) are barred because HSOne's conduct was privileged and justified, was undertaken to protect its own legitimate business, contractual, property, and security interests, and was accomplished through lawful means in the ordinary course of lawful competition.

**EIGHTH DEFENSE**

**(No Breach and No Interference)**

Vyne's tortious interference claims are barred because Vyne has not identified any specific contract that was breached or terminated as a result of HSOne's conduct, because no breach occurred, and because any inability of Vyne to perform is attributable to Vyne's own conduct rather than to any act of HSOne.

**NINTH DEFENSE**

**(Unclean Hands; In Pari Delicto)**

Vyne's claims, and in particular its requests for equitable relief, are barred by the doctrines of unclean hands and in pari delicto, including because Vyne obtained access to HSOne's software and databases through unauthorized means and by circumventing HSOne's technical protection measures, and because Vyne made false and disparaging statements concerning HSOne.

**TENTH DEFENSE**

**(No Private Right of Action; Agency Enforcement; Primary Jurisdiction)**

To the extent Vyne's claims rest on alleged violations of the 21st Century Cures Act or its implementing information blocking regulations, those claims are barred because the Cures Act and those regulations create no private right of action and commit enforcement to the responsible federal agencies, and because the doctrine of primary jurisdiction counsels against adjudication of those issues in the first instance in this forum.

**ELEVENTH DEFENSE**

**(HSOne Not Subject to the Cures Act)**

To the extent Vyne's claims rest on alleged violations of the 21st Century Cures Act or its implementing information blocking regulations, those claims are barred because HSOne is not an HIE or HIN subject to the Cures Act.

**TWELFTH DEFENSE**

**(Lack of Statutory Standing)**

Vyne lacks statutory standing to assert Count II because its alleged injuries fall outside the zone of interests protected by the Lanham Act and were not proximately caused by any statement attributable to HSOne. Vyne further lacks statutory standing to assert Count I because it has

sustained no "damage" or "loss" within the meaning of 18 U.S.C. § 1030(e)(8) and (e)(11), and because it cannot satisfy the requirements of 18 U.S.C. § 1030(c)(4)(A)(i).

**THIRTEENTH DEFENSE**

**(Causation; Intervening and Superseding Causes)**

Vyne's alleged injuries, if any, were not caused by HSOne but were caused in whole or in part by Vyne's own acts and omissions, by the acts and omissions of third parties over whom HSOne had no control, by ordinary competitive conditions in the market, or by other intervening or superseding causes.

**FOURTEENTH DEFENSE**

**(No Damages; Speculative Damages; Failure to Mitigate; Setoff and Recoupment)**

Vyne has suffered no damage or loss cognizable under any of the statutes or common law doctrines it invokes, and any alleged damages are remote, speculative, and incapable of ascertainment. Vyne's claims are further barred or reduced, in whole or in part, by Vyne's failure to take reasonable steps to mitigate its alleged damages. Any recovery by Vyne must be reduced or offset by the amounts owed to HSOne, including on HSOne's Counterclaims.

**FIFTEENTH DEFENSE**

**(Waiver, Estoppel, Laches, Acquiescence, and Ratification)**

Vyne's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, acquiescence, and ratification.

**SIXTEENTH DEFENSE**

**(Statute of Limitations)**

Vyne's claims are barred, in whole or in part, by the applicable statutes of limitations.

**SEVENTEENTH DEFENSE**

**(Right to Petition; Litigation Privilege; Prior Restraint)**

Vyne's claims, and in particular Count VII, are barred to the extent they are premised on HSOne's assertion, threatened assertion, or communication regarding legal claims, by the First Amendment right to petition, the Noerr-Pennington doctrine, and the absolute litigation privilege. The injunctive relief Vyne seeks with respect to HSOne's speech and its assertion of legal claims, including subparagraphs (d) and (e) of the Prayer for Relief, is further barred because it would constitute an unconstitutional prior restraint.

**EIGHTEENTH DEFENSE**

**(Unjust Enrichment)**

Vyne's claims are barred, in whole or in part, because any recovery would result in unjust enrichment to Vyne.

**NINETEENTH DEFENSE**

**(Good Faith/No Willfulness/No Attorneys' Fees)**

HSOne acted in good faith and without intent to infringe, deceive, or cause confusion. HSOne's conduct was not willful, intentional, or in bad faith. Accordingly, Vyne's claims for enhanced damages, attorneys' fees, or other relief based on willfulness or bad faith are barred because this case is not "exceptional" under 15 U.S.C. § 1117(a).

**TWENTIETH DEFENSE**

**(Punitive and Exemplary Damages)**

Vyne's claim for punitive and exemplary damages is barred or limited because HSOne engaged in no conduct warranting such an award, and because an award of punitive or exemplary damages on the facts alleged would violate the Due Process Clauses of the Fifth and Fourteenth

Amendments to the United States Constitution and the corresponding provisions of the Maryland Constitution and Declaration of Rights.

**TWENTY-FIRST DEFENSE**

**(Reservation)**

HSOne has not knowingly or intentionally waived any applicable defense, and it reserves the right to assert and rely upon such other defenses as may become available or apparent during discovery or otherwise in the course of this action, including any defenses raised or preserved in its prior motions. HSOne reserves the right to amend or seek to amend this Answer to assert additional defenses.

**RESERVATION OF COUNTERCLAIMS**

On October 23, 2025, HSOne asserted eleven Counterclaims against Vyne. (Dkt. 45.) On July 31, 2026, the Court granted in part and denied in part Vyne's motion to dismiss those Counterclaims (Dkt. 66, 81), dismissing the Third, Seventh, Eighth, and Ninth Causes of Action without prejudice. (Dkt. 189, 190.) HSOne's First Cause of Action (Computer Fraud and Abuse Act, 18 U.S.C. § 1030), Second Cause of Action (Digital Millennium Copyright Act, 17 U.S.C. § 1201), Fourth Cause of Action (tortious interference with contract and prospective economic relations), Fifth Cause of Action (trespass to chattels), Sixth Cause of Action (unjust enrichment), Tenth Cause of Action (Electronic Communications Privacy Act, 18 U.S.C. § 2511), and Eleventh Cause of Action (Utah Interception of Communications Act) remain pending, and Dkt. 45 remains HSOne's operative pleading as to those Causes of Action. Nothing in this Answer waives, limits, or modifies any of those Counterclaims or the relief sought therein. HSOne reserves the right to seek leave under Federal Rule of Civil Procedure 15(a)(2) to amend its Counterclaims, including to replead the Causes of Action dismissed without prejudice, and to amend or supplement its

Counterclaims as otherwise permitted by the Federal Rules of Civil Procedure and the Court's scheduling orders.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counter-Claimant Henry Schein One, LLC respectfully requests that this Court:

a. dismiss the Amended Complaint in its entirety, with prejudice;

b. enter judgment in favor of HSOne and against Vyne on each and every count of the Amended Complaint;

c. deny Vyne's request for permanent injunctive relief in its entirety;

d. enter judgment in favor of HSOne on its Counterclaims and award the relief requested therein;

e. award HSOne its costs and reasonable attorneys' fees to the extent permitted by law; and

f. grant HSOne such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), HSOne demands a trial by jury on all issues so triable.

Dated: September 18, 2026

Respectfully submitted,

**BURSHTEYN POLIN LLP**

By: *<u>/s/ Michael Burshteyn</u>*
Michael Burshteyn (pro hac vice)
1212 Broadway Plaza, Suite 2100
Walnut Creek, CA 94596
Tel: (925) 238-3119
mike@burshteynpolin.com

**GREENBERG TRAURIG, LLP**

Jennifer Bartlett (pro hac vice)
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Tel: (214) 665-3600
Jennifer.bartlett@gtlaw.com

Marcelo Barros (pro hac vice)
101 Second Street, Suite 2200
San Francisco, CA 94105
Tel: (415) 655-1300
Marcelo.barros@gtlaw.com

Michael R. Sklaire (MD Fed. Bar No. 16471)
1750 Tysons Boulevard, Suite 1000
Tysons Corner, VA 22102
Tel: (703) 749-1308
michael.sklaire@gtlaw.com

Counsel for Defendant and Counter-Claimant
Henry Schein One, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of September, 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Michael Burshteyn*
Michael Burshteyn