**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| NATIONAL ELECTRONIC ATTACHMENT, INC. D/B/A VYNE DENTAL,<br>*Plaintiff/Counter-Defendant*,<br>-against-<br>HENRY SCHEIN ONE, LLC,<br>*Defendant/Counter-Claimant.* | Case No. 1:25-cv-03246 |

**<u>JOINT SUBMISSION REGARDING CASE SCHEDULE AND SEALING</u>**

Pursuant to this Court's Order dated September 24, 2026, Dkt. 237, Plaintiff/Counter-Defendant National Electronic Attachment, Inc. d/b/a Vyne Dental ("Plaintiff" or "Vyne") and Defendant/Counter-Claimant Henry Schein One, LLC ("Defendant" or "HSOne") hereby submit their positions regarding (1) the case schedule; (2) certain issues related to the conduct of discovery; and (3) the sealing of the Court's September 14, 2026 Order (the "AEO Order"), Dkt. 230, and the Court's oral ruling on the preliminary injunction bond during the sealed hearing on September 24, 2026 (the "Bond Ruling").

The parties met and conferred about the case schedule and related discovery issues but did not reach agreement, as set forth below. The parties plan to conduct their Rule 26(f) conference on October 5, 2026. The parties agree that (1) they have already had settlement discussions and a mediation session and do not believe further settlement conferences would be productive at this time; and (2) they do not consent to proceed before a magistrate judge.

## I. Case Schedule

### A. Plaintiff's Position

Given the posture of the case, the fact that some discovery has already occurred, and the Court's entry of preliminary injunctions binding both parties, Vyne submits that the case should proceed expeditiously. *Accord Bair v. Cal. Dep't of Transp.*, 2011 WL 2650896, at *8 (N.D. Cal. July 6, 2011) (granting preliminary injunction but setting "a case schedule calculated to expedite a final decision and to minimize the economic hardship in the interim"); *Fed. Trade Comm'n v. Connelly*, 2006 WL 8563393, at *6 (C.D. Cal. Oct. 13, 2006) (determining that "the hardship . . . resulting from a preliminary injunction [would] be minimized by the expedited case schedule"); 16 *Wright & Miller's Federal Practice & Procedure* § 3921.2 (3d ed. 2026) ("[C]ases involving injunctive relief are apt to present an urgent need for action" because "[a]n injunction can seriously disrupt the affairs of those bound by it."). HSOne has not offered a compelling reason to depart from the Court's guidance and unduly prolong discovery—and certainly no compelling reason to "phase" discovery as HSOne proposes.

Accordingly, Vyne submits that the schedule should contemplate a trial in 12–18 months. That is consistent with HSOne's position at the bond hearing regarding the timing for when the propriety of the preliminary injunction entered against Vyne might be determined and also accords with the basis for this Court's calculation of the bond, which was based on certain estimated annual losses, multiplied by 1.5. That timing reasonably balances the need for prompt resolution of the case, especially in light of the preliminary injunctions, and the parties' need to obtain adequate fact and expert disclosures in advance of dispositive motions and a potential trial. Indeed, as the Court well knows, Vyne is deeply concerned about the effect of HSOne's conduct and of the

preliminary injunction on its business, and Vyne is eager to proceed promptly and efficiently to final resolution.[1] Vyne's proposed case schedule is attached as Exhibit 1.

**B. Defendant's Position**

Vyne seeks to compress the schedule of this case to avoid the details of its unlawful conduct coming to light and to create a scramble situation where proper discovery is unworkable. This is a case involving many custodians on both sides, complex technical issues related to computer access, significant amounts of third parties, as well as issues involving customer communications and marketing on both sides. A six month or so schedule as Vyne proposes is a fast-track schedule that is not merited or workable. Vyne had all year to initiate a Rule 26(f) conference. It did not. Indeed, counsel recalls that in prior discussions earlier this year, Vyne resisted document discovery while the preliminary injunction proceedings were pending.[2]

HSOne also intends to move to amend its counterclaims and potentially add parties that will likely result in additional briefing. Further complicating the matter, appeals briefing has not yet started and is not expected to conclude until the end of December 2026. Vyne misconstrues HSOne's position on timing from the bond hearing. HSOne's position was that Vyne's bond calculation, based on the preliminary injunction being in place until 2030, was baseless. HSOne asked in cross-examination several times about a 2-year preliminary injunction. The position HSOne took was that the bond could be revisited—and likely should be lowered once more

[1] HSOne's claim that Vyne has "resisted discovery," *infra* at 3, is flatly untrue. HSOne (not Vyne) took the position—in correspondence and in submissions to this Court—that a Rule 26(f) conference and discovery should not take place until the pending motions were decided. *See* Dkt. 57 at 5 n.3. Thus, Vyne requested that the Court enter an order allowing the parties to hold a 26(f) conference. *See* Apr. 14, 2026 Hr'g Tr. at 59-60; September 24, 2026 Hr'g Tr. at 128, 131. Once the Court did so on September 24, Vyne repeatedly requested that HSOne provide its availability for the 26(f) conference on September 25, 29, and 30. Regardless, the time that has elapsed without discovery to date does not, as HSOne asserts, support a protracted schedule going forward. Quite the opposite.

[2] HSOne has submitted several declarations since the evidentiary hearing detailing the harms from Vyne's continued unauthorized access—access and harms that continue to this day. *See, e.g.,* ECF Nos. 145, 155-1, 174-2, 180-1, 200-1, 203, and 211.

evidence of Vyne's baseless claims about its losses and customer behavior comes out (so far, every claim Vyne has made about customer losses has been belied by the reality, including its own spreadsheet detailing its customers' many complaints with Vyne that have nothing to do with HSOne and related admissions from its executives).

HSOne's proposed schedule with a trial in the spring of 2028 contemplates the pending appeal while still moving the case forward at a reasonable pace. Under Federal Rule of Civil Procedure 16, the Court has broad case management authority, including controlling and scheduling discovery, and adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or potentially unusual proof issues like those present here.

Further, HSOne's proposed phased discovery approach with the first phase consisting of discovery related to access and marketing/customer communications and the second phase consisting of the implications of the conduct and communications and associated damages is supported by cases in the Fourth Circuit and the text of Federal Rule of Civil Procedure 26. *See* Fed. R. Civ. P. 26(f)(3)(b) (noting in connection with the discovery plan that the parties should note their views on "the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.").

The phased discovery HSOne seeks will (1) promote greater convenience to the parties, witnesses, and the Court, (2) be conducive to expedition and economy, and (3) not result in undue prejudice to any party. *See Ziemkiewicz v. R±L Carriers, Inc.*, No. CIV.A. RDB-13-00438, 2013 WL 2299722, at *1 (D. Md. May 24, 2013) (granting motion to reconsider order denying motion to bifurcate discovery into separate liability and punitive damages phases, and noting courts look

to Rule 42's factors of "for convenience, to avoid prejudice, or to expedite and economize" when deciding whether to bifurcate discovery). Courts in the Fourth Circuit routinely phase the discovery into liability and damages phases, with discovery on damages occurring even after summary judgment. *See id.* at *2 ("Additionally, courts in this Circuit have routinely granted bifurcation of discovery until after summary judgment.") (citing *Chesapeake Appalachia LLC v. Mountain V Oil & Gas, Inc.,* No 2:11–CV–00207, 2012 WL 4045729 (S.D.W.Va. Sept.13, 2012); *Shire LLC v. Mickle,* No. 7: 10–cv–00434, 2011 WL 2959461 (W.D.Va. July 15, 2011); *cf Farlow v. Wachovia Bank of N.C., N.A.,* 259 F.3d 309, 312 (4th Cir.2001)); *see also TC X, Inc. v. Commonwealth Land Title Ins. Co.*, 928 F. Supp. 618, 620 (D.S.C. 1995), aff'd, 86 F.3d 1152 (4th Cir. 1996) (noting trial court bifurcated discovery on the issue of liability to proceed and holding in abeyance discovery on the issue of damages); *Novopharm Ltd. v. Torpharm, Inc.*, 181 F.R.D. 308, 312 (E.D.N.C. 1998). Bifurcating discovery here will prevent prejudice caused by potentially unnecessary discovery on damages, narrow the issues for discovery, and will "expedite and economize this Court and the parties' resources."). *See Ziemkiewicz*, 2013 WL 2299722, at *2.

HSOne respectfully submits that this Court should consider the scheduling issues and HSOne's positions regarding discovery as set forth above and in its proposed schedule, which is attached as Exhibit 2.

## II. Related Discovery Issues

### A. Plaintiff's Position

Vyne has proposed three modifications to the standard discovery rules and proposes that these be further subject to modification if the parties agree in writing or if the Court orders a further modification on a showing of good cause. First, Vyne believes the deadline to provide written responses to requests for production, interrogatories, and requests for admission should be reduced to 14 days, in recognition of the need for promptly proceeding to resolution of this case on the

merits. Second, Vyne proposes two modifications regarding depositions: (a) each party should have a total of 70 deposition hours for party and non-party fact witnesses (with a limit on any one witness of 7 deposition hours in one day), and (b) each party should have 7 deposition hours for each expert witness identified by the other party. These are reflected in Exhibit 1. HSOne has proposed that each party should have 120 deposition hours. Vyne believes that this sort of limit creates perverse incentives for the conduct of discovery and that limiting fact depositions to 70 hours per side (subject to revisitation on a showing of good cause or by the parties' agreement) better aligns with the needs of the case and the objectives of the Federal Rules, including the prompt and efficient resolution of disputes.

**B. Defendant's Position**

Here too, Vyne seeks to compress the schedule to create a scramble and occlude its conduct. HSOne disagrees with Vyne's proposals to shorten discovery deadlines and its limitations to seventy (70) hours for depositions for fact witnesses. Even under Vyne's compressed schedule, there is no reason to cut the normal response deadline in half. HSOne therefore proposes that each party shall have thirty (30) days to respond to the opposing party's requests for production, interrogatories, and requests for admissions as set forth in Fed. R. Civ. P. 33, 34, and 36, respectively.

Second, HSOne proposes one-hundred twenty total deposition hours for fact witnesses but agrees to seven (7) deposition hours for each expert witness identified by the other party. There will be numerous party and non-party fact witnesses including executives, chief information officers, chief technology officers, Vyne engineers whom Vyne's CTO repeatedly referred to at the PI hearing (many of whom previously worked for HSOne), and potentially customers who will need to be deposed. An additional fifty (50) hours beyond what Vyne seeks will not create a

"perverse incentive[]" as Vyne suggests. It simply allows time to sufficiently discover relevant facts supporting the parties' claims and defenses.

## III. Sealing

### A. Plaintiff's Position

Vyne does not object to the unsealing of the Court's AEO Order in its entirety.

The parties have not yet received the final transcript from the September 24, 2026 hearing so Vyne is not in a position to provide its position as to the sealing of that transcript. Vyne respectfully requests that the Bond Ruling be kept under seal and that the parties be given 7 days from the day they receive the final transcript of that hearing to provide their position on sealing.

### B. Defendant's Position

HSOne does not object to the unsealing of the Court's AEO Order in its entirety.

HSOne respectfully requests that the Court keep the bond hearing transcript and Bond Ruling sealed.

Dated: October 1, 2026

Respectfully submitted,

By: */s/ Vincent Levy*
Vincent Levy (*pro hac vice*)
Jack L. Millman (*pro hac vice*)
Charlotte Baigent (*pro hac vice*)
Daniel Fahrenthold (*pro hac vice*)
Claire Fieldman (*pro hac vice*)
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
Tel.: (646) 837-5151
vlevy@hsgllp.com

K. Nichole Nesbitt (Bar No. 26137)
Derek M. Stikeleather (Bar No. 27815)
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
Tel.: (410) 783-4026
knn@gdldlaw.com
dstikeleather@gdldlaw.com

*Attorneys for Plaintiff/Counter-Defendant National Electronic Attachment, Inc. d/b/a Vyne Dental*

By: */s/ Michael Burshteyn*
Michael Burshteyn (*pro hac vice*)
1212 Broadway Plaza, Suite 2100
Walnut Creek, CA 94596
Tel.: (925) 238-3119
mike@burshteynpolin.com

Jennifer Bartlett (*pro hac vice*)
Marcelo Barros (*pro hac vice*)
101 Second Street, Suite 2200
San Francisco, California 94105-3668
Tel.: (415) 655-1300
Jennifer.Bartlett@gtlaw.com

Michael R. Sklaire (Bar No. 16471)
1750 Tysons Boulevard, Suite 1000
Tysons Corner, VA 22102
Tel.: (703) 749-1308
michael.sklaire@gtlaw.com

*Attorneys for Defendant/Counter-Claimant Henry Schein One, LLC*