**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| NATIONAL ELECTRONIC ATTACHMENT, INC. D/B/A VYNE DENTAL,<br>*Plaintiff/Counter-Defendant*,<br>-against-<br>HENRY SCHEIN ONE, LLC,<br>*Defendant/Counter-Claimant*. | Case No. 1:25-cv-03246-MJM |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE THE PRELIMINARY INJUNCTION AGAINST DEFENDANT**

## INTRODUCTION

Plaintiff National Electronic Attachment, Inc. d/b/a Vyne Dental ("Vyne") brings this motion to enforce the Court's preliminary injunction against Defendant Henry Schein One, LLC ("HSOne"). That preliminary injunction prohibits HSOne from disabling Vyne software or software functions, or denying Vyne software printer-driver access to Dentrix databases on joint customer computers. Dkt. 190. Since that time, however, one of Vyne's customers forwarded to Vyne a marketing communication it received from HSOne indicating that HSOne would disable Vyne's print driver, and there would thus be an "end date for usage with Vyne." Ex. A. Vyne brought it to the attention of HSOne's counsel last week and requested confirmation by October 12 that HSOne would not "interfere with Vyne's print driver." Ex. B.

HSOne's counsel never responded, necessitating this motion.

## BACKGROUND

The Court's July 31, 2026 preliminary injunction order states, among other things, that HSOne "SHALL NOT disable any Vyne Dental software and/or software functions operating on dental practices' computers and SHALL NOT deny Vyne Dental software printer-driver access to Dentrix databases stored and operating on any dental practice's computers." Dkt. 190. On August 18, HSOne advised the Court it was "in compliance with the injunction" and would not seek a stay of the injunction. Dkt. 201 at 2 n.3.

On September 8, 2026, an HSOne Account Executive sent an email to a joint customer of Dentrix and Vyne with the subject line "Security Enhancement: Sending your claims." The email states that, among other things:

> Henry Schein One will begin to roll out security enhancements to protect against **unauthorized print drivers** and the risks they entail. Specifically,

> the utilization of unauthorized integration. **This applies to all Vyne customers, meaning there will be an end date for usage with Vyne.**

Ex. A (emphases added).

The email went on to state that "[f]or claims, it is true that **the only secure solution available right now is a Henry Schein solution**." *Id.* It then offered the joint customer HSOne's "Unlimited Claims Suite for $129/monthly"—*i.e.*, to replace Vyne's claims services with HSOne's competing product due to the apparent "end date for usage with Vyne" once HSOne blocks "unauthorized print drivers." *Id.* This email was eventually forward to Vyne's counsel.

On Thursday, October 8, 2026, Vyne's counsel wrote to seven attorneys for HSOne, attaching the email in question. Ex. B. Vyne's counsel stated that the communication was "extremely problematic for a number of reasons, including that it represents to a joint customer that HSOne intends to block Vyne's print driver in violation of the Court's order." *Id.* Vyne's counsel requested that, by end of Monday, October 12, 2026, HSOne confirm: (i) that it would not interfere with Vyne's print driver or disable Vyne's software in violation of the Court's order; (ii) that it would not communicate to customers that it intends to do so; and (iii) that it would provide a list of joint customers who received similar messaging and a draft corrective notice that HSOne would send confirming that HSOne would not interfere with Vyne's print driver or disable Vyne's software, consistent with the Court's order. *Id.* HSOne's counsel never responded.

## ARGUMENT

This Court retains supervisory authority to ensure compliance with its preliminary injunction against HSOne, including by issuing binding directives as needed. *See, e.g.*, *Rainbow Sch., Inc. v. Rainbow Early Educ. Holding LLC*, 887 F.3d 610, 622 (4th Cir. 2018) (holding that district court's order enforcing injunction by requiring enjoined party to undergo compliance audit did not modify existing injunction); *Roberts v. Colo. State Bd. of Agric.*, 998 F.2d 824, 827 (10th

Cir. 1993) (holding that district court retained jurisdiction to issue additional directives at status conference to ensure compliance with injunction already on appeal) (collecting cases); *A&M Recs., Inc. v. Napster, Inc.*, 284 F.3d 1091, 1099 (9th Cir. 2002) (similar).

The Court should use that authority to enforce its preliminary injunction against HSOne by issuing a directive that HSOne: (1) confirm that it will not interfere with Vyne's printer driver or disable Vyne's software in violation of the Court's order; (2) not communicate to customers that it intends to take actions that would violate the Court's order; (3) provide Vyne a list of customers who have received such messaging since the Court's July 31 order and a draft corrective notice to be sent to those customers; and (4) send all its customers a communication approved by Vyne or the Court stating that the Court has enjoined HSOne from "disabl[ing] any Vyne Dental software and/or software functions operating on dental practices' computers."

Of course, if HSOne rolls out software updates that deny print-driver access to Dentrix databases on joint customer computers as the HSOne Account Executive stated that HSOne would do, HSOne would be in contempt of court for violating the preliminary injunction. *See, e.g.*, *Enovative Techs., LLC v. Leor*, 110 F. Supp. 3d 633, 640 (D. Md. 2015) (ordering sanctions for contempt based on violation of preliminary injunction); *De Simone v. VSL Pharms., Inc.*, 36 F.4th 518, 530–531, 534 (4th Cir. 2022) (affirming contempt sanctions for violating injunction); *Redner's Mkts., Inc. v. Joppatowne G.P. Ltd. P'ship*, 608 F. App'x 130, 131 (4th Cir. 2015) ("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt," and "the court that enters an injunctive order retains jurisdiction to enforce its order" (internal citations and quotation marks omitted)).

By raising the issue now—first with HSOne's counsel directly, and after hearing nothing in response, the Court—Vyne seeks to prevent a violation of the Court's order before it causes

irreparable harm. Not only does HSOne's email indicate an intent to violate the Court's injunction, but it also comes in the context of the Court having found that HSOne likely committed the tort of unfair competition. As the Court found, "HSOne substantially interfered with Vyne's ability to compete on the merits of its products by blocking the parties' mutual customers' ability to use Vyne's software while, at the same time, promoting HSOne's own competing product." Dkt. 189 at 73–74. In doing so, "HSOne likely gained an unfair competitive advantage by disrupting Vyne Trellis's normal operations and using that disruption to persuade customers to switch from Vyne Trellis to HSOne's eClaims bundle." *Id.* at 74. Citing Vyne's loss of customers and reputational damage, this Court held that Vyne "has suffered—and, without a preliminary injunction, will continue to suffer—irreparable harm from HSOne's unfair interference in the operation of Vyne Trellis's printer driver." *Id.* at 77. The email attached as Exhibit A reflects another attempt to convince a joint customer to switch to HSOne's competing eClaims suite by threatening an "end date" for submitting claims using Vyne's print-driver functionality. Ex. A.

## CONCLUSION

For the foregoing reasons, Vyne respectfully requests that the Court enforce its order by issuing a directive that HSOne: (1) confirm that it will not interfere with Vyne's print driver or disable Vyne's software in violation of the Court's order; (2) not communicate to customers that it intends to take such actions; (3) submit to Vyne, within 7 days, a list of customers who have received such messaging since the Court's July 31 order and a draft corrective notice to send them; and (4) send all its Dentrix customers a communication approved by Vyne or the Court stating that the Court has enjoined HSOne from "disabl[ing] any Vyne Dental software and/or software functions operating on dental practices' computers."

Dated: October 16, 2026

Respectfully submitted,

*/s/ Vincent Levy*
Vincent Levy (*pro hac vice*)
Jack Millman (*pro hac vice*)
Charlotte Baigent (*pro hac vice*)
Daniel Fahrenthold (*pro hac vice*)
Claire Fieldman (*pro hac vice*)
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151
vlevy@hsgllp.com

K. Nichole Nesbitt (Bar No. 26137)
Derek M. Stikeleather (Bar No. 27815)
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
(410) 783-4026
knn@gdldlaw.com
dstikeleather@gdldlaw.com

*Counsel for Plaintiff National Electronic Attachment, Inc. d/b/a Vyne Dental*