**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| NATIONAL ELECTRONIC ATTACHMENT, INC. D/B/A VYNE DENTAL,<br>*Plaintiff/Counter-Defendant*,<br>-against-<br>HENRY SCHEIN ONE, LLC,<br>*Defendant/Counter-Claimant*. | Case No. 1:25-cv-03246-MJM |

**NOTICE REGARDING PLAINTIFF'S MOTION TO ENFORCE**
**THE PRELIMINARY INJUNCTION AGAINST DEFENDANT**

Recently, Vyne's counsel became aware that on September 8, 2026, HSOne sent a marketing communication to one of its customers who also used Vyne that stated HSOne would disable Vyne's print driver. Ex. A.[1] That communication also encouraged the joint customer to switch to HSOne's software, "the only secure solution" supposedly available. *Id.* In response, Vyne contacted HSOne's counsel and asked HSOne to (1) confirm it would not disable Vyne's print driver or software, consistent with the injunction against it; (2) not communicate to customers that it intended to violate the injunction; (3) provide information about which customers received such a message; and (4) send a corrective notice to customers. Ex. B. On October 16, after a week of silence, Vyne moved to enforce the injunction, seeking similar relief. Dkt. 250-1.

[1] This Notice uses the same defined terms as those in Vyne's motion to enforce the preliminary injunction against Defendant, filed October 16, 2026. Dkt. 250-1. In addition, references to "Ex. A" and "Ex. B" refer to those exhibits attached to that motion. Finally, HSOne baselessly asserts that Vyne's counsel sat on the email, Ex. C at 2, but Vyne's counsel did not learn of the September 8 email—which was between two third parties—until weeks later.

On October 23, HSOne sent Vyne a letter demanding that Vyne withdraw the motion, even though it rejected most of Vyne's requests. *First*, HSOne did state that it "is, and has been, complying with the Preliminary Injunction," and that the communication from HSOne to the joint customer was a "miscommunication." Ex. C at 1. However, HSOne did not provide an affirmation or other evidence on these points. *Second*, HSOne asserted that the injunction "does not enjoin HSOne's speech" and that to prevent HSOne from lying to customers about whether it would comply with the injunction, Vyne would need to "file a new motion" for "a new injunction." *Id.* *Finally*, HSOne argued that Vyne's corrective-notice-related requests (points 3 and 4) "are entirely inappropriate." *Id.* at 2.

Given HSOne's October 23 letter (the "Letter"), Vyne submits this notice to clarify what relief it continues to seek from its October 16 motion.

Based on HSOne's statement that it "is, and has been, complying with the Preliminary Injunction," Ex. C at 1, Vyne will withdraw its request that the Court issue a directive that HSOne "confirm that it will not interfere with Vyne's print driver or disable Vyne's software in violation of the Court's order."[2] Dkt. 250 at 1. Although the Letter never expressly states that HSOne *will not* violate the injunction going forward, HSOne states that its response should moot this request, Ex. C at 1, and Vyne will interpret the Letter as also promising not to violate the injunction going forward.[3] However, the Letter does not moot Vyne's remaining requests.

---

[2] HSOne's contention that Vyne "demanded a response within one business day," Ex. C at 2, is disingenuous. Vyne emailed HSOne's counsel at 5:20 PM Eastern Time on Thursday October 8 and requested a response by "EOD" on "October 12." Ex. B. Vyne then gave HSOne three additional days to respond before filing its motion on Friday, October 16. Dkt. 250. The proposition that HSOne could not have sent a one-sentence confirmation that it was complying and would comply with the injunction by October 16 strains credulity.

[3] HSOne's suggestion that Vyne "failed to present any legal or factual justification for the relief requested" is belied by the undisputed record. Ex. C at 1. An HSOne agent sent a statement to a joint customer asserting that HSOne would violate the injunction, Ex. A, and when Vyne's counsel reached out for clarification, HSOne failed to respond for a week.

## I. HSOne should not communicate to customers that it intends to violate the injunction.

As an initial matter, HSOne's assertion that it can continue to inform joint customers that it intends to violate the injunction because "the Preliminary Injunction does not enjoin HSOne's speech" is incorrect. Ex. A at 1. HSOne's actions *do* violate the injunction, even if technically permitted under a hyper-literal reading of the text. "[L]ike most legal rules, the rule of strict construction of injunctions should not be pressed to a dryly logical extreme. If narrow literalism is the rule of interpretation, injunctions will spring loopholes, and parties in whose favor injunctions run will be inundating courts with requests for modification in an effort to plug the loopholes." *Schering Corp. v. Ill. Antibiotics Co.*, 62 F.3d 903, 906 (7th Cir. 1995) (Posner, J.). Thus, as courts within this Circuit recognize, "civil contempt need not be limited to addressing only activities that were 'specifically enjoined,' because such a narrow requirement 'would give tremendous impetus to [a] program of experimentation with disobedience of the law.'" *De Simone v. VSL Pharms., Inc.*, 2020 WL 4368103, at *3 (D. Md. July 30, 2020) (alteration in original) (quoting *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 192 (1949)); *accord N.C. State Conf. of the NAACP v. McCrory*, 214 F. Supp. 3d 466, 473 (M.D.N.C. 2016) (recognizing that moving party may be entitled to relief for a "violation of the spirit of the injunction, even though its strict letter may not have been disregarded" (quoting *Folk v. Standard Bus. Forms, Inc.*, 270 F. Supp. 147, 156 (W.D.N.C. 1967))).

Here, HSOne's statement violates the spirit of the injunction, including by directly undermining the wrong that it sought to redress. Though Vyne is not moving for contempt—contrary to HSOne's suggestion otherwise, Ex. C at 1—Vyne does seek to ensure such statements are not made going forward. Consider *De Simone*. There, a party (VSL) was enjoined from "stating or suggesting in [certain] promotional materials . . . to United States consumers that the

present version of VSL#3 [a probiotic] produced in Italy . . . continues to contain the same formulation found in versions of VSL#3 produced before January 31, 2016." 2020 WL 4368103, at *1. The plaintiff moved for contempt based on statements by VSL, including a press release. *Id.* at *3. VSL argued that "as a technical matter" the language in the press release did "not violate the order" because its language had a "specialized" meaning. *Id.* at *5. The court rejected this argument, emphasizing "that in determining whether conduct violates an injunction, the appropriate principle is 'substance over form.'" *Id.* (quoting *Schering*, 62 F.3d at 907). Here, the injunction seeks to prevent HSOne from stealing Vyne's customers by disabling its software. Allowing HSOne to lie about whether it plans to disable Vyne's software so that it can steal its customers elevates form over substance.

HSOne's statement is particularly problematic in the context of an unfair competition lawsuit. By HSOne's logic, representations that the injunction does not exist or that HSOne willfully intends to violate it would be beyond reproach—even when those representations are false and calculated to poach Vyne's customers. That logic contradicts unfair competition law, which the Court has already applied in finding Vyne's unfair competition claim to have merit. *See Savaria USA, Inc. v. Elevator Works, LLC*, 2024 WL 2212914, at *9 (D. Md. May 16, 2024) ("The underlying premise of the law of unfair competition is that no one is justified in damaging or jeopardizing another's business by fraud, deceit, trickery or *unfair methods of any sort*." (emphasis added) (cleaned up)); *Paccar Inc. v. Elliot Wilson Capitol Trucks LLC*, 905 F. Supp. 2d 675, 691–92 (D. Md. 2012) ("a finding of unfair competition can be based on an array of actions that interfere with vital aspects of business, such as customer relations"); Dkt. 189 at 39–42.

Alternatively, if the Court believes that the preliminary injunction does not currently prohibit HSOne from telling customers it plans to violate the injunction, Vyne requests that the

injunction be modified to prohibit such false statements. Although HSOne suggests Vyne "cannot justify" such a modification, Ex. C at 1, this relief would be necessary to properly enforce the currently-existing injunction and to protect Vyne from irreparable competitive harm, as discussed above and in the Court's July 31 Opinion. Dkt. 189 at 73–77. And because false or misleading commercial speech "is not protected by the First Amendment," an order or "injunction that restrains [HSOne's] false or misleading commercial speech is consistent with the First Amendment." *Cornwell v. Sachs*, 99 F. Supp. 2d 695, 708 (E.D. Va. 2000) (citation and internal quotation marks omitted)); *see also Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of N.Y.*, 447 U.S. 557, 563 (1980) (recognizing that "forms of communication more likely to deceive the public than to inform it" may be "ban[ned]" because "there can be no constitutional objection to the suppression of commercial messages that do not accurately inform the public about lawful activity").

Finally, Vyne's request that the Court order that HSOne not be permitted to misrepresent the injunction to customers going forward is not "moot," *contra* Ex. C at 1, because HSOne has asserted that it has the right to make these misrepresentations *and* has not promised to cease doing so, *id.* Thus, Vyne continues to maintain this portion of its motion.

**II. HSOne should be required to take steps to correct its misrepresentation.**

Vyne further reiterates its request that the Court order HSOne to send a corrective notice to its customers, in the form attached as Exhibit D hereto or another form the Court deems appropriate. Absent corrective action, customers (including the customers HSOne shares with Vyne) will be left with the misleading impression that HSOne will be further disabling Vyne software and that customers are required to purchase HSOne products to avoid that outcome. That result would irreparably harm Vyne and permit HSOne to profit from its unlawful tactics.

In response, HSOne calls Vyne's customer-related relief requests "entirely inappropriate" and "absurd," Ex. C at 2, but does not offer any factual or legal reasons in support of its position. Vyne's request for "a list of customers who have received such messaging," Dkt. 250-1 at 4, is obviously appropriate discovery. *See* Fed. R. Civ. P. 26(b)(1) (permitting discovery into "any nonprivileged matter that is relevant to any party's claim or defense"). And Vyne's request that truthful corrective notifications be sent to remediate HSOne's misrepresentations is not "unfair competition" or "tortious interference," *contra* Ex. C at 2. HSOne offers no case suggesting such truthful statements would be inappropriate, and its rhetoric is not a substitute for legal authority. For similar reasons, HSOne's threat of sanctions is entirely baseless, and such a motion would itself be frivolous.

## III. Conclusion

For the reasons detailed herein and in Vyne's memorandum of law in support of its motion, Dkt. 250-1, Vyne respectfully requests that the Court order that HSOne: (1) not communicate to customers that it intends to interfere with Vyne's print driver or disable Vyne's software in violation of the Court's injunction; (2) submit to Vyne, within 7 days, a list of customers who have received such messaging since the Court's July 31 Order; and (3) send all Dentrix customers the notice attached hereto as Exhibit D (or as modified by the Court).[4]

[4] HSOne's allegations that "Vyne has made clear its intent to violate" the Court's July 31 Order is false for multiple reasons and is also irrelevant. Ex. C at 2 The Court's injunction against Vyne has been continually stayed since July 31. In any event, all of Vyne's post-July 31 conduct is lawful.

Dated: October 28, 2026

Respectfully submitted,

*/s/ Vincent Levy*

Vincent Levy (*pro hac vice*)
Jack Millman (*pro hac vice*)
Charlotte Baigent (*pro hac vice*)
Daniel Fahrenthold (*pro hac vice*)
Claire Fieldman (*pro hac vice*)
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151
vlevy@hsgllp.com

K. Nichole Nesbitt (Bar No. 26137)
Derek M. Stikeleather (Bar No. 27815)
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
(410) 783-4026
knn@gdldlaw.com
dstikeleather@gdldlaw.com

*Counsel for Plaintiff National Electronic Attachment, Inc. d/b/a Vyne Dental*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of October 2026, Plaintiff's Notice Regarding Motion to Enforce the Preliminary Injunction Against Defendant was filed via the Court's ECF system and served upon all counsel of record.

Respectfully submitted,

*/s/ K. Nichole Nesbitt*
K. Nichole Nesbitt (Bar No. 26137)
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
(410) 783-4026
knn@gdldlaw.com

*Counsel for Plaintiff National Electronic Attachment, Inc. d/b/a Vyne Dental*