**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| NATIONAL ELECTRONIC ATTACHMENT, INC. D/B/A VYNE DENTAL,<br>*Plaintiff/Counter-Defendant*,<br>-against-<br>HENRY SCHEIN ONE, LLC,<br>*Defendant/Counter-Claimant*. | Case No. 1:25-cv-03246-MJM |

**STIPULATION AND ORDER REGARDING DISCOVERY OF**
**ELECTRONICALLY STORED INFORMATION**

Plaintiff National Electronic Attachment, Inc. d/b/a Vyne Dental and Defendant Henry Schein One, LLC (collectively, the "Parties") hereby stipulate and agree to the following provisions (the "Order") regarding the discovery of electronically stored information ("ESI") in this matter, in order to facilitate the efficient, cost-effective, and orderly exchange of ESI.

## I. Applicability

A. This Order shall be binding upon the Parties, their counsel, agents, consultants, and any other persons or entities subject to their direction or control.

B. Nothing in this Order shall be construed to waive any privilege, immunity, or protection, or to impose obligations different from or inconsistent with applicable law or any order of the Court in this matter.

C. Compliance with this Order shall not be deemed a waiver of any objection to a discovery request, including objections as to relevance, burden, or proportionality.

D. This Order is intended to be consistent with and supplement the Joint Stipulation and Protective Order Regarding Production and Use of Confidential Information entered into by the Parties and so-ordered by the Court on October 26, 2026 (the "Protective Order"). In the event of any conflict between this Order and the Protective Order, the Protective Order shall control.

## II. Definitions

As used in this Order, the following terms shall have the meanings set forth below:

A. **"Documents"** means all discoverable items under the Federal Rules of Civil Procedures, the Local Rules of the District of Maryland, and applicable law. "Documents" shall include ESI and Hard-Copy Documents, as those terms are defined herein.

B. **"ESI"** means electronically stored information, including but not limited to emails, word processing documents, spreadsheets, presentations, databases, source code repositories, source code files, engineering tickets, technical documentation, and any other data stored in electronic form.

C. **"Hard-Copy Documents"** means Documents that exist only in paper form and are not duplicates of ESI.

D. **"Hash Value"** means a unique numerical identifier generated by a mathematical algorithm (such as MD5 or SHA-1) applied to a file, which can be used to identify duplicate Documents.

E. **"Metadata"** means data about data, typically stored electronically and generally not visible when a Document is printed or displayed in its associated application. Metadata shall only be produced in accordance with Paragraph J below.

F. **"Native Format"** means the format in which ESI was created, generated, used, or stored by its original application (e.g., .xlsx for Microsoft Excel files).

G. **"Producing Party"** means the Party producing Documents or ESI in response to a discovery request.

H. **"Receiving Party"** means the Party receiving Documents or ESI produced in response to a discovery request.

**III. <u>Format of Production</u>**

A. ***Document Format.*** Unless otherwise specified herein or agreed to by the Parties, all Documents shall be produced as single-page, black-and-white, Tagged Image File Format ("TIFF") images, with corresponding .DAT load files and .OPT image load files. Source code and version-control data shall be handled under the Native Format Productions provision.

B. ***Parent-Child Relationships***. Email and attachment relationships (parent-child) shall be preserved and indicated in the metadata. Attachments shall be produced consecutively following their parent email.

C. ***De-Duplication***. The Producing Party shall globally de-duplicate ESI at the family level across all custodians and non-custodial sources using MD5 or SHA-1 hash values. Metadata identifying all custodians who possessed a deduplicated Document shall be maintained in an "All Custodians" field. Attachments shall not be eliminated as duplicates unless the parent email and all attachments in the family are also duplicates. Duplicate Documents described in this paragraph need not be reflected in a party's privilege log.

D. ***Email Threading***. The Parties may use analytics technology to identify email threads (email thread suppression). Email thread suppression means reducing duplicative production of email threads by producing the most inclusive email containing the thread of emails, as well as all attachments within the thread, and excluding emails constituting duplicates of emails within the produced string. Only email messages in which the parent email and all attachments

are exactly the same will be considered duplicates. Duplicative emails suppressed under this paragraph need not be reflected in the part's privilege log.

E. ***Hyperlinks and Modern Attachments***. In general, the Parties need not produce or convert embedded hyperlinks or modern attachments to a form not maintained in the ordinary course of business for collection or production. However, the Parties will meet and confer regarding collection and production of responsive Documents referenced by hyperlinks or modern attachments and maintained in identified data sources, including engineering ticketing and documentation systems such as Jira or Confluence.

F. ***Native Format Productions.***

1. The following categories of Documents shall be produced in their Native Format: (a) non-redacted spreadsheets (e.g., .xlsx, .csv); (b) non-redacted presentations (e.g., .pptx); (c) audio and video files; and (d) files with embedded content that cannot be accurately rendered as a TIFF Document. If either Party becomes aware of responsive Documents in other file formats that cannot be converted, the Parties will meet and confer regarding the format for production. Responsive source code shall, subject to the Protective Order, be made available in a usable native format. Where reasonably practicable, this shall include the relevant version-control repository (for example, Git or another system used by the producing Party) and responsive change history; otherwise, the code shall be provided in its original file formats with filenames and directory structure preserved.
2. For each natively produced Document or source code repository, a Bates-stamped placeholder PDF file bearing the applicable confidentiality designation and stating that the Document has been produced in Native Format shall also be produced.

3. Documents requiring redaction with redactions applied, rather than in Native Format.

G. ***Hard-Copy Documents***. Hard-Copy Documents shall be scanned and produced as PDF documents.

H. ***Bates Numbering***. Each page of every produced Document shall bear a unique Bates number, beginning with at least three alphabetical characters followed by at least seven digits (e.g., HSONE0000001 or VYNE0000001). Bates numbers shall be sequential within each document. Attachments shall follow their parent document sequentially.

I. ***Metadata Fields.*** Metadata shall be produced only for custodian Personal Storage Table ("PST") productions, including the fields set forth in Exhibit A to this Order. No party has an obligation to create or manually code metadata fields that are not automatically generated by the processing of the ESI or that do not exist as part of the original metadata of the electronic Document.

J. ***Redacted Documents.*** Where a Document contains PII or both privileged and non-privileged material, the non-privileged material shall be produced with the PII or privileged material redacted. Redactions shall be made consistent with the Protective Order.

K. ***Color.*** The Parties shall accommodate reasonable, good-faith requests for color images where color is necessary to understand the content of a Document.

L. ***Confidentiality Designations.*** All produced Documents shall bear confidentiality designations consistent with the Protective Order. For natively produced files, the confidentiality designation shall appear on the placeholder PDF file and shall be incorporated into the native file name, consistent with the requirements of the Protective Order.

## IV. Search and Collection

A. ***Custodians.*** The Parties shall meet and confer in good faith to identify custodians whose PST files are reasonably likely to contain Documents responsive to the Parties' discovery requests. The Parties shall also identify reasonably accessible non-custodial data sources likely to contain responsive ESI, including shared software development and engineering systems where applicable.

B. ***Search Methodology.*** The Parties shall timely meet and confer to attempt to reach agreement on appropriate search terms and queries, date restrictions, data sources (including custodians), and other appropriate computer-or technology-aided methodologies, before any such effort is undertaken. In the event of a dispute regarding any search methodology, the Parties shall submit the dispute to the Court for resolution.

C. ***ESI Excluded from Collection***. Absent a showing of good cause by the Requesting Party, the following categories of ESI are presumptively excluded from collection and production obligations:

1. Deleted, slack, fragmented, corrupted, or other data only accessible by forensics.
2. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.
3. On-line access data such as temporary internet files, history, cache, and cookies.
4. Data in metadata fields that are frequently updated automatically, such as last-opened dates.
5. Back-up data duplicative of data more accessible elsewhere.
6. Data remaining from systems no longer in use that is unintelligible on the systems in use.

7. Electronic data sent to or from mobile devices, provided a copy is automatically saved in real time elsewhere.

## V. Privilege

A. ***Privilege Logs***. Each Party shall maintain a privilege log identifying all Documents withheld on the basis of the attorney-client privilege, work-product protection, or any other applicable privilege, immunity, or protection. Privilege logs shall include the following fields for each withheld or redacted Document: Bates number (or range) and a brief description of the basis for the privilege claim. For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created.

B. ***Post-Litigation Documents.*** Unless otherwise ordered by the Court, communications exclusively between a Party (including its agents) and its litigation counsel dated after the filing of the demand in this matter need not be logged. A party may request targeted logs for discrete post-complaint categories upon a particularized showing of need and proportionality.

C. ***Timing.*** Pursuant to the Court's October 9, 2026 Scheduling Order, privilege logs shall be served no later than April 16, 2027.

D. ***Clawback of Inadvertently Produced Privileged Information***. The inadvertent production of Documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege shall not constitute a waiver of such privilege or protection. Consistent with Paragraph 9 of the Protective Order, upon receiving written notice from the Producing Party that a Document was inadvertently produced, the Receiving Party shall: (a) immediately cease any use of the Document; (b) promptly return, sequester, or destroy all copies of the Document; and (c) within 5 business days, certify in writing that it has complied with the foregoing obligations.

## VI. Production Media

A. Documents shall be produced via secure FTP link.

B. Each production shall be accompanied by a transmittal cover letter identifying the production volume and Bates range.

## VII. Modification

A. This Order may be modified at any time by written agreement of the Parties or by order of the Court upon application by either Party, provided, however, that the Parties endeavor to first meet and confer and use reasonable best efforts to negotiate an exception from or modification to this Order prior to seeking relief from the Court.

**DATED:** November 2, 2026

Respectfully submitted,

**HOLWELL SHUSTER & GOLDBERG LLP**

*/s/ Vincent Levy*
Vincent Levy *(pro hac vice)*
Jack L. Millman *(pro hac vice)*
Charlotte Baigent *(pro hac vice)*
Daniel Fahrenthold *(pro hac vice)*
Claire Fieldman *(pro hac vice)*
425 Lexington Avenue, 14th Floor
New York, NY 10017
Tel: (646) 837-5151
vlevy@hsgllp.com

**GOODELL, DEVRIES, LEECH & DANN, LLP**

K. Nichole Nesbitt (Bar No. 26137)
Derek M. Stikeleather (Bar No. 27815)
One South Street, 20th Floor
Baltimore, MD 21202
Tel: (410) 783-4026
knn@gdldlaw.com
dstikeleather@gdldlaw.com

*Counsel for National Electronic Attachment, Inc. d/b/a Vyne Dental*

**BURSHTEYN POLIN LLP**

*/s/ Michael Burshteyn*
Michael Burshteyn (*pro hac vice*)
Jon Williamson (*pro hac vice*)
1212 Broadway Plaza, Suite 2100
Walnut Creek, CA 94596
Telephone: (925) 238-3119
Mike@BurshteynPolin.com
Jon@BurshteynPolin.com

**GREENBERG TRAURIG, LLP**
Marcelo Barros *(pro hac vice)*
101 Second Street, Suite 2200
San Francisco, CA 94105
Tel: (415) 655-1300
Marcelo.Barros@gtlaw.com

Jennifer Bartlett *(pro hac vice)*
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Telephone: (214) 665-3729
Jennifer.Bartlett@gtlaw.com

Michael R. Sklaire (MD Fed. Bar No. 16471)
1750 Tysons Boulevard, Suite 1000
Tysons Corner, VA 22102
Tel: (703) 749-1308
Michael.Sklaire@gtlaw.com

*Counsel for Henry Schein One, LLC*

IT IS SO ORDERED THIS __4th__ day of _November_, 2026

/S/
Honorable Matthew J. Maddox

## EXHIBIT A: METADATA FIELDS

The following metadata fields shall be produced for PST productions for each category of document, as indicated below:

| Field Name | Description | Non-Email Electronic File | Email | Hard Copy |
|---|---|---|---|---|
| Begin Bates | The unique document ID number associated with the first page of a document. | | X | |
| End Bates | The unique document ID number associated with the last page of a document. | | X | |
| Parent/Attachment Begin Bates | The unique document ID of the first page of the parent or attachment of a document. | | X | |
| Parent/Attachment End Bates | The unique document ID of the last page of the parent or attachment of a document. | | X | |
| All Custodians | The custodian(s) of a document. | | X | |
| From | The name of the sender of a communication. | | X | |
| To | The name of the recipient(s) of a communication. | | X | |
| Cc | The name of the copyee(s) of a communication. | | X | |
| Bcc | The name of the blind copyee(s) of a communication. | | X | |
| Date Sent | The date a document was sent. | | X | |
| Time Sent | The time a document was sent. | | X | |

| | | | | |
|---|---|---|---|---|
| Subject | The subject of a document from entered metadata. | | X | |
| Date Created | The date a document was created. | | | |
| Date Modified | The date a document was last modified. | | | |
| Author | The author of a document from entered metadata. | | | |
| File Name | The file name of a document. | | X | |
| File Type | The type of document (e.g., PDF, Outlook Email, Microsoft Excel) | | X | |
| File Extension | The file extension of a document. | | X | |
| FilePath | Where a document was stored in the ordinary course of business. | | X | |
| Confidentiality | The confidentiality designation of a document. | | X | |
| NativePath | The full path to a native copy of a document (if applicable). | | | |
| TextPath | The full path to a text version of a document (if applicable). | | X | |
| Redacted | Whether the document is redacted. | | X | |
| File Size | The size of a document. | | X | |
| Hash | The MD5 Hash value or “de-duplication key” assigned to a document. | | X | |