IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| NATIONAL ELECTRONIC ATTACHMENT, INC., d/b/a VYNE DENTAL,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>HENRY SCHEIN ONE, LLC,<br><br>Defendant/Counter-Plaintiff. | Case No. 1:25-cv-03246-MJM |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE THE PRELIMINARY INJUNCTION**

## TABLE OF CONTENTS


INTRODUCTION ....................................................................................................6

ARGUMENT ....................................................................................................7

I. HSOne is complying with the injunction, and Vyne identifies no prohibited act. ...............7

II. The individual salesperson's message was inconsistent with company instructions and was corrected internally. ....................................................................................................9

III. Vyne must distinguish an actionable misrepresentation from sales advocacy and discussion of the litigation. ....................................................................................................9

IV. Vyne establishes no customer confusion, lost business, or other injury from this email...10

V. None of Vyne's remaining demands follows from the existing order or satisfies the requirements for new relief. ....................................................................................................11

A. Enforcement authority does not dispense with a violation or the standards governing an expanded injunction. ....................................................................................................11

B. Vyne's requested restraint would be an unconstitutional restraint on First Amendment protected speech. ....................................................................................................15

C. Open discovery provides the process for seeking customer information. .....................17

D. The proposed notice reaches unaffected customers and misstates the corrected order. 18

E. Vyne's shortened demand and partial withdrawal do not establish a need for the remaining relief. ....................................................................................................19

VI. The Court should clarify the compliance provisions and stay the restraint against HSOne pending appeal. ....................................................................................................19

VII. Vyne's own continuing access practices weigh against the additional equitable relief it seeks. ....................................................................................................21

CONCLUSION ....................................................................................................22

## TABLE OF AUTHORITIES

**Cases**

*A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091 (9th Cir. 2002) .......... 12

*A. B. Leach & Co. v. Peirson*, 275 U.S. 120 (1927) .......... 19

*Central Hudson Gas & Elec. Corp. v. Public Service Commission of New York*, 447 U.S. 557 (1980) .......... 15

*Cornwell v. Sachs*, 99 F. Supp. 2d 695 (E.D. Va. 2000) .......... 16

*CPC Intern., Inc. v. Skippy Inc.*, 214 F.3d 456 (4th Cir. 2000) .......... 15, 17

*De Simone v. VSL Pharmaceuticals, Inc.*, 36 F.4th 518 (4th Cir. 2022) .......... 10, 13

*De Simone v. VSL Pharmaceuticals, Inc.*, No. TDC-15-1356 (D. Md. July 30, 2020) .......... 13

*Enovative Techs., LLC v. Leor*, 110 F.Supp.3d 633 (D. Md. 2015) .......... 12

*Folk v. Standard Business Forms, Inc.*, 270 F. Supp. 147 (W.D.N.C. 1967) .......... 14

*Handsome Brook Farm, LLC v. Humane Farm Animal Care, Inc.*, 700 Fed.Appx. 251 (4th Cir. 2017) .......... 18

*In re Murphy-Brown, LLC*, 907 F.3d 788 (4th Cir. 2018) .......... 16

*J.O.P. v. U.S. Department of Homeland Security*, 338 F.R.D. 33 (D. Md. 2020) .......... 14

*Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240 (1933) .......... 21

*McComb v. Jacksonville Paper Co.*, 336 U.S. 187 (1949) .......... 12, 13

*Norman v. Borison*, 418 Md. 630 (2011) .......... 16

*North Carolina State Conference of the NAACP v. McCrory*, 214 F. Supp. 3d 466 (M.D.N.C. 2016) .......... 14

*Organization for a Better Austin v. Keefe*, 402 U.S. 415 (1971) .......... 16

*Paccar Inc. v. Elliot Wilson Capitol Trucks LLC*, 905 F.Supp.2d 675 (D. Md. 2012) .......... 14

*PBM Products, LLC v. Mead Johnson & Co.*, 639 F.3d 111 (4th Cir. 2011) .......... 11

*Pflag, Inc. v. Trump*, 2025 WL 949086 (D. Md. Mar. 28, 2025) .......... 8

*Piscatelli v. Van Smith*, 424 Md. 294 (2012) .......... 16, 17

*Rainbow School, Inc. v. Rainbow Early Education Holding LLC*, 887 F.3d 610 (4th Cir. 2018) 12

*Redner's Markets, Inc. v. Joppatowne G.P. Ltd. Partnership*, 608 Fed.Appx. 130 (4th Cir. 2015) .......... 12

*Roberts v. Colorado State Bd. of Agriculture*, 998 F.2d 824 (10th Cir. 1993) .......... 12

*Savaria USA, Inc. v. Elevator Works, LLC*, No. RDB-24-1311 (D. Md. May 16, 2024) .......... 14

*Schering Corp. v. Illinois Antibiotics Co.*, 62 F.3d 903 (7th Cir. 1995) .......... 12

*Verisign, Inc. v. XYZ.COM LLC*, 848 F.3d 292 (4th Cir. 2017) .......... 10

*Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008) .......... 7, 11

*Wudi Industrial (Shanghai) Co., Ltd. v. Wong*, 70 F.4th 183 (4th Cir. 2023)................................ 14

**Rules**

D. Md. Local Rule 104.8 .......... 17

Fed. R. Civ. P. 26 .......... 17

Fed. R. Civ. P. 33 .......... 17

Fed. R. Civ. P. 34 .......... 17

Fed. R. Civ. P. 37(a) .......... 17

Fed. R. Civ. P. 62(d) .......... 20

Fed. R. Civ. P. 65 .......... 15

## INTRODUCTION

Vyne's motion is premature and baseless. HSOne has been complying with the injunction's terms for months, including when the September 8 email was sent, and has continued to comply.[1] The email itself was sent within the Court's original 45-day compliance period, so it could not have violated any Order, even if it was objectionable. Vyne nevertheless filed this motion prematurely based on a mischaracterization of a one-off salesperson's message.

Putting aside that the salesperson's message is not consistent with HSOne's policy and guidance it has provided to its team, and that HSOne has already reinforced that guidance,[2] there is nothing in the message that violates any Order of the Court. The Court's injunction order as to HSOne states as follows: HSOne "SHALL NOT disable any printer driver employed by Vyne Dental software operating on dental practices' computers" and "SHALL NOT deny Vyne Dental software printer-driver access to Dentrix databases stored and operating on any dental practice's computers." ECF No. 190-1 ¶ 8(b).

Nothing in the Court's Order restricts speech in any way. The extraordinary request Vyne makes now raises First Amendment issues and is not justified by the record or the law. HSOne is free to compete with Vyne and free to tell customers that Vyne's unauthorized access to protected computers is not an approved or secure integration. To the extent the Court raised a concern about prior statements that it found suggested Vyne suffered a security incident, that is a separate topic not implicated in any way by the message at issue (and is also subject to a pending appeal).

Vyne's request is also unsupported by any evidence of customer confusion, a lost customer, an interruption of service, or any other injury attributable to that email.

---

[1] HSOne in fact represented its compliance to the Court in ECF No. 201 at 2 n.3.

[2] Declaration of Ali Hyatt ("Hyatt Decl.") ¶¶ 3–8

Vyne already withdrew its demand for another compliance assurance after filing the motion. ECF No. 253 at 2. But its remaining demands are still overbroad. Based on something that happened during the compliance period, that does not actually violate any contemplated order, Vyne (i) seeks expedited discovery bypassing the federal and local discovery rules, (ii) requests the Court restrict HSOne's speech and lawful competitive activity, (iii) asks the Court to force HSOne to make statements to its customers to support Vyne's contested positions in this ongoing litigation, and (iv) seeks to expand the scope of the contemplated injunction without actually filing a new motion or satisfying the *Winter* standard. All in the context of Vyne, itself, escalating its own hacks. The Court should deny the motion.

## ARGUMENT

### I. HSOne is complying with the injunction, and Vyne identifies no prohibited act.

The corrected order requires that HSOne "SHALL NOT disable any printer driver employed by Vyne Dental software operating on dental practices' computers" and "SHALL NOT deny Vyne Dental software printer-driver access to Dentrix databases stored and operating on any dental practice's computers." ECF No. 190-1 ¶ 8(b). These are distinct restraints, neither of which has anything to do with customer communications.[3]

HSOne's compliance has been established for months. Its CISO testified in February 2026 that HSOne's earlier shut down of services performing malicious actions had ended and that HSOne did not plan to resume it. Feb. 12, 2026 Tr. 609:7–16, 617:17–23. HSOne ended the shut down despite its conduct being justified: the measure responded to observed corruption and

[3] The first addresses disabling a printer driver; the second addresses denying printer-driver access. Neither imposes a general ban on security measures or customer communications. Vyne's opening brief instead quotes the broader language of the original order, ECF No. 190. *See* ECF No. 250-1 at 1. The corrected language controls.

interference with Dentrix. *Id.* at 609:18–610:2. HSOne's security expert explained that blocking processes that compromise security controls or gain unauthorized access is an ordinary security practice. *Id.* at 464:7–465:20. It is something that antivirus software routinely does.

Months later, HSOne expressly advised this Court that it was "already in compliance with the injunction." ECF No. 201 at 2 n.3. Its October 23 letter reaffirmed: "HSOne is, and has been, complying with the Preliminary Injunction." ECF No. 253-3 at 2. The September 8 email also fell within the Court's original 45-day compliance period. ECF No. 190-1 ¶ 8(c); ECF No. 250-2 at 2. Indeed, during this compliance period, Vyne continued its unauthorized access to Dentrix and was developing a write-back tool that HSOne's CISO warned would be even more harmful than its prior unauthorized access. ECF No. 203 ¶¶ 17, 22–27; ECF No. 201-1 ¶¶ 9–19.

Vyne supplies no evidence of any violation. An email to a sales prospect does not disable software or deny access. Nor does this email state that HSOne will take either prohibited action notwithstanding the injunction. The distinction matters. In *Pflag, Inc. v. Trump*, 2025 WL 949086, at *2–3 & n.6 (D. Md. Mar. 28, 2025) (agreeing that a court cannot penalize a party based on speculation that it may violate an injunction through future action), a court in this District denied an enforcement motion aimed at notices about possible future agency action because the notices themselves did not violate the enjoined funding restrictions. The court distinguished a possible future violation from present noncompliance and declined to expand a narrower injunction through enforcement.

Here, too, Vyne must establish a basis for the relief it seeks. Speculation about what an isolated message might portend does not establish prohibited conduct.

## II. The individual salesperson's message was inconsistent with company instructions and was corrected internally.

HSOne instructed its sales team to make accurate statements and not to tell customers that HSOne would disable Vyne's printer driver or deny its printer-driver access while those actions were prohibited by court order. Hyatt Decl. ¶¶ 3–4. The September 8 message came from an individual salesperson. It was not a company directed communication, and its statement about an end date did not reflect those instructions. *Id.* ¶¶ 5–6. Out of an abundance of caution, HSOne has addressed the message internally and corrected the miscommunication. The instruction to comply with the Court's order and avoid inconsistent customer statements remains in effect. *Id.* ¶¶ 7–8.

This should settle the issue. The message does not reveal a corporate plan to defy the Court. The existing restraints remain enforceable according to their terms; there is no demonstrated need to add a speech injunction or a notice to every customer.

## III. Vyne must distinguish an actionable misrepresentation from sales advocacy and discussion of the litigation.

The actual words of the communication are not actionable, even under Vyne's expansive theory. The email refers to prospective security enhancements, says there will be an "end date for usage with Vyne," and promotes HSOne's claims service as "the only secure solution available right now." ECF No. 250-2 at 2. It gives no cutoff date, announces no implementation schedule, and says nothing about disregarding the injunction. A salesperson's prediction about the parties' future relationship is not proof that HSOne intends to violate the current order.

The security comparison is not about a breach but rather expresses an opinion about comparative levels of security. The email does not say that Vyne suffered a data breach. The earlier opinion criticized a different message suggesting a "*Vyne* security breach"—that is not at issue here. ECF No. 189 at 75–76.

The email also accuses Vyne of escalating hacking through "credential theft, system impersonation, injection of malicious code, and data rerouting." ECF No. 250-2 at 2. The Court itself found secret-credential decryption, unauthorized access, changes to data, and resulting damage and security risks. ECF No. 189 at 80–85. These findings foreclose treating all criticism of Vyne's unauthorized access and security practices as inherently false. Security is a legitimate subject of competition and customer discussion. The Court found serious security risks from Vyne's unauthorized database access. *Id.* at 84–86. There is nothing wrong with a salesperson calling out those risks.

The distinction between factual claims and advocacy is settled. *Verisign, Inc. v. XYZ.COM LLC*, 848 F.3d 292, 302–04 (4th Cir. 2017), rejected a competitor's attempt to turn subjective assessments and exaggerated claims of superiority, which were opinion and puffery, into actionable false statements. The Lanham Act requires context. A general claim that HSOne's service is more secure expresses a comparative judgment. Vyne cannot convert discussion of the parties' future legal relationship into proof of present technical noncompliance. Accurate discussion of the litigation and the security findings is legitimate competitive speech.

**IV. Vyne establishes no customer confusion, lost business, or other injury from this email.**

Vyne identifies no confused customer, no customer who believed HSOne would violate the injunction, and no customer it lost because of the September email. It submits no declaration from the recipient and no evidence that the recipient stopped using Vyne, that printer-driver access changed, or that claims processing was interrupted. Vyne's notice speculates that customers will be misled, but supplies no evidence that this recipient was misled. ECF No. 253 at 5–6. The email's existence is not proof of the injury Vyne asserts.

Vyne has not established informational harm either. In *De Simone v. VSL Pharmaceuticals, Inc.*, 36 F.4th 518, 534–35 (4th Cir. 2022), the continuing false-equivalence claims repeated

deception that the court had adjudicated and the claims were violating the injunction directed at it. Those findings supported customer confusion and informational harm. Vyne makes no corresponding showing here. The Court's findings here of customer loss concerned earlier technical steps by HSOne to stop Vyne's unauthorized access and related communications. ECF No. 189 at 75–77. Those earlier findings do not establish that the September 8 email caused confusion or injury. HSOne was already complying with the technical restraints when that email was sent (even though it had no obligation to do so) and has continued to comply. Vyne cannot use those earlier findings to supply the missing proof for three new remedies directed at a different and distinct communication.

An injunction requires likely irreparable injury, not speculation. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20–22 (2008). *PBM Products, LLC v. Mead Johnson & Co.*, 639 F.3d 111, 126–27 (4th Cir. 2011), affirmed an injunction after a false-advertising verdict and evidence of damage to reputation and goodwill. Here, Vyne offers no evidence of damage to reputation or goodwill from this email and no basis to find such injury likely. It remains free to tell its customers what the injunction says and that it continues to provide service. Yet it demands that HSOne distribute a court-ordered notice to every Dentrix customer, including customers who never received the message. The Court should reject this clear attempt for Vyne to gain unfair competitive advantage through a Court order.

## V. None of Vyne's remaining demands follows from the existing order or satisfies the requirements for new relief.

### A. Enforcement authority does not dispense with a violation or the standards governing an expanded injunction.

HSOne does not dispute the Court's authority to enforce its orders while an appeal is pending. But Vyne conflates supervisory authority with a request to expand the injunction based

on nothing more than speculation and Vyne's desire to unfairly compete.[4] If its request is enforcement, it must be tied to the actual injunction; if it is an expansion, it must satisfy the standards for that relief.

The cases in Vyne's opening brief illustrate that distinction. *Rainbow School, Inc. v. Rainbow Early Education Holding LLC*, 887 F.3d 610, 616–17 (4th Cir. 2018), involved repeated uses of enjoined marks, two contempt findings, and an audit directed at alleged continuing violations. *A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091, 1097–99 (9th Cir. 2002), concerned filtering measures that continued to permit prohibited infringement. Neither supplies the missing evidence of technical noncompliance here. And although *Roberts v. Colorado State Bd. of Agriculture*, 998 F.2d 824, 827 (10th Cir. 1993), recognized continuing supervisory authority during appeal, it also reversed relief that went beyond enforcing the existing injunction. *Id.* at 835.

The contempt cases likewise involved violation of actual commands. *Enovative Techs., LLC v. Leor*, 110 F.Supp.3d 633, 635–40 (D. Md. 2015), addressed repeated disobedience of explicit obligations despite prior sanctions. *Redner's Markets, Inc. v. Joppatowne G.P. Ltd. Partnership*, 608 Fed.Appx. 130, 131 (4th Cir. 2015), required clear and convincing proof of violation of a specific, unequivocal command and resulting harm. Those decisions do not turn this technical injunction into an unwritten prohibition on sales communications.

The cases Vyne cites in its supplemental notice do not enlarge the subject of an injunction. In *Schering Corp. v. Illinois Antibiotics Co.*, 62 F.3d 903, 906–07 (7th Cir. 1995), the defendants tried to evade an injunction against selling a drug solution by selling the same drug in powder form with instructions to dissolve it. The court preserved the requirement of clear notice and narrow construction while rejecting that change in form. In *McComb v. Jacksonville Paper Co.*, 336 U.S.

---

[4] Vyne now expressly disclaims a contempt motion. ECF No. 253 at 3.

187, 191–93 (1949), new payment arrangements still violated the wage and overtime duties the injunction expressly required. Vyne identifies no comparable means of accomplishing an enjoined technical act here. It instead seeks a completely new speech restriction.

Vyne places particular weight on the press release in *De Simone v. VSL Pharmaceuticals, Inc.*, No. TDC-15-1356, slip op. at 3–4, 9–11 (D. Md. July 30, 2020). ECF No. 253 at 3–4. But the injunction there expressly prohibited promotional statements suggesting that a new probiotic contained the same formulation as the old product. After a false-advertising verdict, a widely circulated press release quoted the defendant's CEO describing the competing product as a generic version of its own. That description conveyed the very formulation equivalence the injunction prohibited. The court rejected an attempted technical definition of "generic" because the promotional message violated the order's express bar on both stating and suggesting equivalence. It did not derive an unwritten speech prohibition from an injunction regulating a different kind of conduct. Here, even accepting Vyne's characterization of the email as misleading, and it is not, a prediction about future access does not disable a printer driver or deny printer-driver access. Any new restraint on that prediction requires justification as new relief.

The rest of that decision confirms the limit. The court rejected contempt theories directed at product-information statements because the proposed connection to the enjoined representation was too attenuated. It also declined to require retroactive removal of inserts from retail shelves where the order did not specifically require that action and distribution and harm had not been established. *De Simone*, No. TDC-15-1356, slip op. at 11–13. The Fourth Circuit affirmed the press-release ruling because the release was commercial promotion and conveyed a suggestion expressly prohibited by the injunction. *De Simone v. VSL Pharmaceuticals, Inc.*, 36 F.4th 518, 532–34 (4th Cir. 2022).

HSOne's position is consistent with those holdings: the actual commands in the injunction dictate what conduct is enforceable, and the internal correction bears on the need for additional prospective relief.

Further, *North Carolina State Conference of the NAACP v. McCrory*, 214 F. Supp. 3d 466, 473–74 (M.D.N.C. 2016), denied enforcement after acknowledging the "spirit of the injunction" principle on which Vyne relies. New allegations beyond the injunction required their own proceeding and proper record. Its cited decision, *Folk v. Standard Business Forms, Inc.*, 270 F. Supp. 147, 150, 154–56 (W.D.N.C. 1967), involved proven indirect employment of workers covered by an express prohibition on direct or indirect hiring.

Vyne's general unfair-competition decisions do not save its argument. *Savaria USA, Inc. v. Elevator Works, LLC*, No. RDB-24-1311, slip op. at 18–19, 24–25 (D. Md. May 16, 2024), recited the governing standard but did not find the required showing for the contested unfair-competition injunction; the court granted only agreed restraints and denied the remaining requests for preliminary relief and expedited discovery. *Paccar Inc. v. Elliot Wilson Capitol Trucks LLC*, 905 F.Supp.2d 675, 691–92 (D. Md. 2012), allowed an adequately pleaded unfair-competition claim to proceed on a motion to dismiss.

Vyne's alternative request to modify the injunction must be denied as well. ECF No. 253 at 4–5. In *J.O.P. v. U.S. Department of Homeland Security*, 338 F.R.D. 33, 58–60 (D. Md. 2020), the court examined the grounds for modifying an existing injunction and separately applied the preliminary-injunction factors to the requested restraints. And *Wudi Industrial (Shanghai) Co., Ltd. v. Wong*, 70 F.4th 183, 190–93 (4th Cir. 2023), makes clear that an order imposing coercive commands must satisfy the applicable injunction requirements, whatever its label. Vyne must establish likely success, likely irreparable harm absent the additional relief, a favorable balance of

equities, and the public interest. Vyne's motion identifies no technical violation, no company instruction to disobey the order, and no demonstrated new injury. It does not justify adding restrictions the corrected order does not contain.

If Vyne wishes to file a second preliminary injunction motion, and have it tested with briefing and testimony, it can do so. But it cannot get around the need to do that through the guise of an enforcement motion.

**B. Vyne's requested restraint would be an unconstitutional restraint on First Amendment protected speech.**

Vyne seeks to control HSOne's protected speech. Barring HSOne from saying that it is more secure than Vyne or that it will take actions to secure its systems is well beyond the limits of acceptable restraint on speech. A general prohibition on "false statements" about a competitor would put legitimate security comparisons, sales advocacy, and discussion of the pending litigation under a threat of contempt without identifying the actionable statement or its falsity (violating Rule 65 as well).

The First Amendment governs the judicial restraint Vyne seeks. "The First Amendment prohibits not only statutory abridgment but also judicial action that restrains free speech." *CPC Intern., Inc. v. Skippy Inc.*, 214 F.3d 456, 461 (4th Cir. 2000). The "risks of overbroad injunctions" have been recognized by the Supreme Court as particularly acute when "First Amendment considerations are at stake." *Id.* at 461–62 (observing the merits of "useful social and commercial discourse" (citation omitted)).

Commercial speech that concerns lawful activity and is not misleading is protected by the Constitution. A restriction must serve a substantial governmental interest, directly advance that interest, and extend no further than necessary. *Central Hudson Gas & Elec. Corp. v. Public Service Commission of New York*, 447 U.S. 557, 563–66 (1980). That is intermediate scrutiny; a court

cannot skip it by labeling a speech restriction "enforcement." As to allegations of false or misleading advertising, the Court must identify the false or misleading assertion rather than presume that every criticism of Vyne or prediction about the litigation is actionable. *Cornwell v. Sachs*, 99 F. Supp. 2d 695, 705–09 (E.D. Va. 2000), does not permit that shortcut: it involved a developed record of fabricated commercial accusations, continuing publication, and serious reputational harm.

Vyne cannot obtain a speech restriction merely because it objects to criticism of its business practices. The Supreme Court reversed a temporary injunction against criticism of a real estate broker, explaining that "[a]ny prior restraint on expression comes to this Court with a 'heavy presumption' against its constitutional validity." *Organization for a Better Austin v. Keefe*, 402 U.S. 415, 418–20 (1971) (observing that there is no support for the "claim that the interest of an individual in being free from public criticism of his business practices . . . warrants use of the injunctive power of a court"). The Fourth Circuit has likewise required vacatur of a civil-litigation gag order for inadequate findings, lack of narrow tailoring, and available less restrictive alternatives: "Gag orders should be a last resort, not a first impulse." *In re Murphy-Brown, LLC*, 907 F.3d 788, 797–800, 802 (4th Cir. 2018). Here, one customer email does not justify placing HSOne's truthful discussion of this litigation and security risks under a continuing threat of contempt.

Maryland law also protects litigation communications and fair reports of judicial proceedings. The litigation privilege extends beyond the courtroom to communications made in the course of judicial proceedings and serving their purposes, "to encourage the free divulgence of information in pursuit of justice." *Norman v. Borison*, 418 Md. 630, 653–54, 657–60 (2011). Maryland also protects "fair and substantially accurate" reports of judicial proceedings. *Piscatelli*

*v. Van Smith*, 424 Md. 294, 309–12 (2012). HSOne is entitled to report the Court's public findings about Vyne's access practices. Vyne cannot use this motion to suppress that protected account of the litigation.

The Fourth Circuit applies these constitutional limits when a party seeks to expand an existing injunction. In *CPC Intern., Inc. v. Skippy Inc.*, 214 F.3d 456, 461–63 (4th Cir. 2000), the court vacated an injunction suppressing criticism and commentary about a business dispute because the order lacked the necessary connection to unlawful conduct and swept too broadly. What Vyne is asking for is an undefined restraint on truthful discussion of the case or criticism of Vyne's conduct.[5]

**C. Open discovery provides the process for seeking customer information.**

Vyne is attempting to circumvent the discovery process through its motion. It asks for a list, within seven days, of customers who received the challenged message or similar communications since July 31. ECF No. 253 at 6. It invokes Rule 26's discovery standard. *Id.* But discovery is open. Vyne has a process for requesting relevant, proportional information and addressing any disagreement about production.

Vyne has no automatic entitlement to a seven-day production order. Rules 33 and 34 provide for requests, responses, and objections, and Rule 37(a) governs motions to compel. More specifically, this Court's standing discovery order substitutes a conference-and-letter procedure for Local Rule 104.8 and prohibits discovery motions until that process is followed and the Court authorizes formal briefing. ECF No. 247-1 at 1–2.

[5] HSOne preserves its appellate challenge that the limited speech-related findings did not justify the breadth of the technical injunction. Obeying that injunction and describing its terms does not concede that it was properly drawn.

Vyne's papers identify no discovery request or deficient response for the Court to adjudicate, no completed conference-and-letter process, and no authorization to bypass it. An October 8 demand for the same relief does not establish compliance with those requirements. Vyne cannot obtain the equivalent of an order compelling production merely by placing the demand in an enforcement motion. The Court should require the ordinary process, with its protections for relevance, proportionality, objections, and orderly resolution of disputes.

**D. The proposed notice reaches unaffected customers and misstates the corrected order.**

The requested notice would go to all Dentrix customers, not just recipients of the September message. ECF No. 253 at 6. Vyne identifies no evidence that all of those customers received a misleading communication or need a correction. Nor does it explain why its own communication to its customers would be inadequate. A corrective order must fit a proven wrong; it cannot become a means of compelling a rival to promote Vyne's commercial position throughout HSOne's customer base.

Further, the proposed notice is incorrect. It says the Court prohibited HSOne "from disabling Vyne's software and denying the software printer-driver access to Dentrix databases operating on customers' computers." ECF No. 253-4 at 2. That quotation uses the opinion's broader concluding shorthand, ECF No. 189 at 94, rather than the corrected order's precise limitation of the first prong to printer drivers. ECF No. 190-1 ¶ 8(b). A court-ordered correction cannot accurately describe this injunction by omitting that limitation.

Corrective notices require more than what Vyne shows here. In *Handsome Brook Farm, LLC v. Humane Farm Animal Care, Inc.*, 700 Fed.Appx. 251, 263–65 (4th Cir. 2017), the court upheld a retraction sent to the original recipients of a likely false or misleading email. The record showed retailers removing the plaintiff's products, another suspending plans to sell them, and continued circulation of the email. The corrective requirement was reasonably related to

preventing deception of the consumers who had received the message. Here, Vyne identifies neither comparable injury nor a basis for reaching every Dentrix customer. Even under the more deferential standard applicable to corrective commercial disclosures, the scope and accuracy of the proposed notice require justification. Vyne has not provided it.

### E. Vyne's shortened demand and partial withdrawal do not establish a need for the remaining relief.

Vyne emailed its demands after 5 p.m. on Thursday, October 8, and demanded a response by Monday, October 12, a federal holiday. ECF No. 250-3 at 2. Friday was the only full business day between the demand and its deadline. The demands went beyond a yes-or-no assurance: they required a commitment, by that deadline, to identify recipients of similar messages and supply a proposed corrective notice within seven business days. Making that commitment required factual inquiry and client instructions. Vyne then raced to Court to attempt to raise the spectre of contempt without justification.[6]

HSOne's October 23 letter supplied the compliance assurance and explained the individual salesperson's message and internal correction. ECF No. 253-3 at 2–3. Vyne then withdrew its request for another assurance. ECF No. 253 at 2. It should have withdrawn the entire motion. The remaining demands still require their own legal and factual basis.

## VI. The Court should clarify the compliance provisions and stay the restraint against HSOne pending appeal.

The original corrected order gave "[e]ach party" 45 days to comply. ECF No. 190-1 ¶ 8(c). The message, as noted above, was sent before this period expired. Further, the September 24 order extended the administrative stay of "the preliminary injunction" and directed that the 45-day period

---

[6] A failure to answer an adversary's assertions is not an admission absent circumstances making an answer requisite or natural. *A. B. Leach & Co. v. Peirson*, 275 U.S. 120, 128 (1927). Vyne cannot create the missing evidence by imposing its own response deadline.

in paragraph 8(c) would begin when the stay expired or was lifted. ECF No. 237 ¶¶ 1–2. The next day, the Court set Vyne's bond for the injunction against HSOne but tied payment to expiration or lifting of "any stay of the preliminary injunction." ECF No. 238 at 1. The Fourth Circuit then granted Vyne's motion for a stay pending appeal and expedited both appeals. ECF No. 243 at 2. These provisions warrant clarification before any claim that an unresolved compliance deadline itself supplies a basis for coercive relief.

If the Court concludes that the restraint against HSOne is effective presently, HSOne requests a stay under Rule 62(d) while the Fourth Circuit considers the intertwined injunctions on an expedited basis. HSOne's appeal challenges the mismatch between the limited findings concerning communications and the breadth of the technical restraint. The injunction protects ongoing technical access rather than narrowly addressing the identified misrepresentations. That restraint impairs HSOne's ability to protect the same systems the Court found endangered by Vyne's credential decryption and write access. ECF No. 189 at 80–85; *see also* ECF Nos. 201-1, 203, 211. The stay of the reciprocal restraint against Vyne changes the practical balance from the premise of HSOne's earlier decision not to seek a stay. ECF No. 201 at 2 n.3.

HSOne's compliance and continuing internal instructions, together with the absence of identified new injury from this email, weigh against expanding relief for Vyne in the interim. The public interest includes both continuity of dental practices' operations and protection of patient information and database integrity.

A coordinated stay would allow the appellate court to address the related restraints together. At minimum, the Court should resolve the compliance provisions expressly and deny these unsupported additional directives. HSOne will continue to comply with all operative orders unless and until they are stayed, modified, or vacated.

**VII. Vyne's own continuing access practices weigh against the additional equitable relief it seeks.**

This dispute does not arise in a vacuum. The Court found that Vyne decrypted secret administrator credentials, obtained access beyond customers' ordinary credentials, and used write functionality to alter Dentrix data. ECF No. 189 at 80–83. It credited evidence of corruption, impaired database integrity, interference with upgrades, and increased security risks. *Id.* at 82–85. It also found Vyne's conduct "persistent and adaptive" and concluded that voluntary assurances were insufficient. *Id.* at 86. Those findings explain why HSOne discusses security with its customers and why Vyne's demand to control that discussion warrants careful scrutiny.

Throughout the case, Vyne has escalated its conduct. After the Court issued the injunction Order, HSOne's CISO, Kenton McDaniel, identified activity on developer machines involving a "Vyne Writeback Assistant" and assessed it as development of another means to write into Dentrix. ECF No. 201-1 ¶¶ 8–17. And HSOne's expert, David Youssef, described millions of access events by existing applications and new credential-access activity on developer machines. ECF No. 203 ¶¶ 17–27. McDaniel later linked dozens of investigated update failures to Vyne's unauthorized interactions with configuration files. ECF No. 211 ¶¶ 5–9. These are specific security concerns, not an invented data breach.

A party seeking equity must come with clean hands. The Supreme Court affirmed the denial of equitable relief where the plaintiff's misconduct had an "immediate and necessary relation to the equity that he seeks in respect of the matter in litigation." *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245–47 (1933). Vyne's conduct meets that test: it asks the Court to restrain discussion of the very access practices the Court found endangered security and database integrity. That conduct weighs against the additional equitable protection Vyne seeks while the restraint on its own access practices remains stayed.

## CONCLUSION

Vyne cannot use an individual sales communication that HSOne addressed and corrected internally as a basis for restrictions that suppress legitimate discussion of those risks, compel disclosure outside the prescribed discovery process, or broadcast an inaccurate injunction notice. Its motion should be denied.

The Court should deny Vyne's motion to enforce and its alternative request to expand the preliminary injunction. The Court should clarify that the entire injunction is still stayed or, alternatively, stay the injunction against HSOne pending the expedited appeals.

Dated: November 4, 2026

Respectfully submitted,

*/s/ Michael Burshteyn*

BURSHTEYN POLIN LLP
Michael Burshteyn (pro hac vice)
1212 Broadway Plaza, Suite 2100
Walnut Creek, CA 94596
Telephone: (925) 238-3119
Mike@Burshteynpolin.com

GREENBERG TRAURIG, LLP
Jennifer Bartlett
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Telephone: (214) 665-3729
Jennifer.Bartlett@gtlaw.com

*Counsel for Defendant/Counter-Plaintiff*
*Henry Schein One, LLC*