IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| NATIONAL ELECTRONIC ATTACHMENT, INC., d/b/a VYNE DENTAL,<br>Plaintiff/Counter-Defendant,<br>v.<br>HENRY SCHEIN ONE, LLC,<br>Defendant/Counter-Plaintiff. | Case No. 1:25-cv-03246-MJM |

**NOTICE REGARDING DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE THE PRELIMINARY INJUNCTION**

HSOne[1] submits this supplemental notice because it has recently become aware of Vyne mischaracterizing this Court's prior orders and the litigation in Vyne's customer communications. This is relevant given that Vyne's motion makes extraordinary requests that the Court restrain HSOne's own speech to its customers and affirmatively require HSOne to issue statements to all its Dentrix customers. ECF No. 250-1 at 3–4.

Vyne's message confirms HSOne's argument that, to the extent Vyne takes issue with any lawful marketing statements from HSOne, Vyne can issue its own statements. In the customer communication attached as Exhibit A, Vyne makes three broad assurances, among other statements:

- "Your ability to continue using Remote Lite's print-based integration with Dentrix is now protected by a federal court order."
- "The U.S. District Court for the District of Maryland has issued a preliminary injunction against Henry Schein One, prohibiting them from disabling Vyne's software or blocking your ability to send claims and statements through Vyne's print-based integration (Case No. 1:25-cv-03246)."
- "You will not need to change your setup for continued claims and statements delivery."

Ex. A at 1.

[1] Defendant and Counter-Plaintiff Henry Schein One, LLC

Vyne's message is troubling, however, for several reasons. It presents broad assurances about continued use of Vyne's software while omitting the Court's finding that Vyne likely violated the Computer Fraud and Abuse Act. ECF No. 189 at 77. Although the message acknowledges that "the legal proceedings continue," it does not explain that both parties are appealing the preliminary injunctions. Ex. A at 1; ECF No. 258 at 20.

Vyne's statements are also in tension with its own representations in its Fourth Circuit briefing. There, Vyne distinguishes its printer driver from VyneSync's "additional integration tools," which provide direct database read and write functionality. Plaintiff-Appellant's Opening Brief at 7–9, Nos. 26-2085 (L), 26-2196, ECF No. 32 (4th Cir. Oct. 13, 2026). Yet its customer communication assures users that they "will not need to change [their] setup" without distinguishing the protected printer-driver functionality from those additional tools. Ex. A at 1.

The distinction matters. Paragraph 8(a) of the corrected Order restrains Vyne's marketing, sale, distribution, or support of software capable of write access to Dentrix databases hosted on HSOne's servers or cloud system, or on dental practices' computers connected to HSOne's cloud infrastructure. Paragraph 8(b) separately protects printer drivers employed by Vyne software on dental practices' computers and that software's printer-driver access to local Dentrix databases. ECF No. 190-1 ¶ 8(a)–(b). The Order's protection of what Vyne has represented as printer-driver functionality does not extend to every function in a customer's existing Vyne setup.

Vyne's statement thus overstates the injunction's scope. The Order contains specific restraints, rather than a general prohibition against disabling Vyne's software. By describing the Order as prohibiting HSOne from "disabling Vyne's software" and assuring customers that their setup need not change, Vyne blurs that limitation. Ex. A at 1. Unlike the September 8 message

Vyne relies on in its motion, which was sent by an individual salesperson and was not company-directed, this was an official Vyne customer communication signed by its Chief Technology Officer, James Grover. ECF No. 258-1 ¶¶ 5–6; Ex. A at 2.[2]

HSOne respectfully requests that the Court consider Exhibit A in further support of its opposition and deny Vyne's motion. Nothing warrants Vyne's extraordinary requests for the Court to both restrict and compel HSOne's speech—particularly in light of Vyne's misleading customer communications about the scope and effect of the Court's rulings.

Dated: November 17, 2026

Respectfully submitted,

*/s/ Michael Burshteyn*

BURSHTEYN POLIN LLP
Michael Burshteyn (pro hac vice)
1212 Broadway Plaza, Suite 2100
Walnut Creek, CA 94596
Telephone: (925) 238-3119
Mike@BurshteynPolin.com

GREENBERG TRAURIG, LLP
Jennifer Bartlett
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Telephone: (214) 665-3729
Jennifer.Bartlett@gtlaw.com

*Counsel for Defendant/Counter-Plaintiff*
*Henry Schein One, LLC*

[2] James Nix previously identified himself as Vyne's Chief Technology Officer. ECF No. 6-3 ¶ 2; *see also* ECF No. 40-5 ¶ 3 (identifying his position as "Chief Technical Officer"). His title appears to have changed: Vyne's current website lists "Jimmy Nix" as "Chief Data & AI Officer" and James Grover as "Chief Technology Officer." Vyne Dental, *About Us*, https://vynedental.com/about-us/ (last visited Nov. 13, 2026).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 17, 2026, the foregoing Notice Regarding Defendant's Opposition to Plaintiff's Motion to Enforce the Preliminary Injunction and Exhibit A are being filed through the Court's CM/ECF system, which will send notice of the filing to all counsel of record.

*/s/ Michael Burshteyn*
Michael Burshteyn