**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| NATIONAL ELECTRONIC ATTACHMENT, INC. D/B/A VYNE DENTAL,<br>*Plaintiff/Counter-Defendant*,<br>-against-<br>HENRY SCHEIN ONE, LLC,<br>*Defendant/Counter-Claimant*. | Case No. 1:25-cv-03246-MJM |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION TO ENFORCE THE PRELIMINARY INJUNCTION AGAINST DEFENDANT**

**TABLE OF CONTENTS**

ARGUMENT ........................................................................................................ 1

I. HSOne's Conduct Violated the Injunction, and Vyne's Showing was Sufficient. ............. 1

II. Vyne's Requested Relief is Lawful and Consistent with the Court's Authority. ................ 5

A. Vyne's Requested Relief is Proper and Warranted. ....................................................... 5

B. Vyne's Requested Relief Does Not Violate the First Amendment. ................................ 7

III. HSOne is Not Entitled to a Stay. ........................................................................ 9

IV. Vyne's Conduct is Lawful and Irrelevant. ............................................................ 10

CONCLUSION ....................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of N.Y.*,
447 U.S. 557 (1980) .......... 8

*Classen Immunotherapies, Inc. v. King Pharms., Inc.*,
403 F. Supp. 2d 451 (D. Md. 2005) .......... 9

*Cornwell v. Sachs*,
99 F. Supp. 2d 695 (E.D. Va. 2000) .......... 8

*CPC Int'l, Inc. v. Skippy Inc.*,
214 F.3d 456 (4th Cir. 2000) .......... 8

*De Simone v. VSL Pharms., Inc.*,
2020 WL 4368103 (D. Md. July 30, 2020) .......... 2

*De Simone v. VSL Pharms., Inc.*,
36 F.4th 518 (4th Cir. 2022) .......... 3, 4

*Folk v. Standard Bus. Forms, Inc.*,
270 F. Supp. 147 (W.D.N.C. 1967) .......... 2

*Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Baltimore*,
879 F.3d 101 (4th Cir. 2018) .......... 8

*Handsome Brook Farm, LLC v. Humane Farm Animal Care, Inc.*,
193 F. Supp. 3d 556 (E.D. Va. 2016) .......... 7

*Handsome Brook Farm, LLC v. Humane Farm Animal Care, Inc.*,
700 F. App'x 251 (4th Cir. 2017) .......... 7, 9

*JTH Tax, Inc. v. M & M Income Tax Serv., Inc.*,
2013 WL 460316 (D.S.C. Feb. 6, 2013) .......... 6

*Kennedy v. Cannon*,
229 Md. 92 (1962) .......... 9

*McComb v. Jacksonville Paper Co.*,
336 U.S. 187 (1949) .......... 2

*N.C. State Conf. of the NAACP v. McCrory*,
214 F. Supp. 3d 466 (M.D.N.C. 2016) .......... 2

*Nken v. Holder*,
556 U.S. 418 (2009) .......... 10

*Ozturk v. Trump*,
779 F. Supp. 3d 462 (D. Vt. 2025) ........ 2

*Pflag, Inc. v. Trump*,
2025 WL 949086 (D. Md. Mar. 28, 2025) ........ 4, 5

*Piscatelli v. Van Smith*,
424 Md. 294 (2012) ........ 9

*Recht v. Morrisey*,
32 F.4th 398 (4th Cir. 2022) ........ 8

*Schering Corp. v. Ill. Antibiotics Co.*,
62 F.3d 903 (7th Cir. 1995) ........ 2, 3

*SmartSky Networks, LLC v. Wireless Sys. Sols., LLC*,
630 F. Supp. 3d 718 (M.D.N.C. 2022) ........ 6

*Summerville v. Loc. 77*,
2008 WL 3983118 (M.D.N.C. Aug. 26, 2008) ........ 4

*vonRosenberg v. Lawrence*,
2020 WL 13329095 (D.S.C. Oct. 27, 2020) ........ 3

## ARGUMENT

### I. HSOne's Conduct Violated the Injunction, and Vyne's Showing was Sufficient.

HSOne acknowledges that disabling Vyne's print driver or denying Vyne software access to Dentrix databases on its customers' computers through a print driver would violate the Court's injunction.[1] Dkt. 258 ("Opp.") at 6. This concession is enough to grant Vyne's motion for enforcement—it is self-evident that the injunction does not allow HSOne to tell customers it will disable the print driver that the injunction bars it from disabling. Seeking to justify its improper communications, HSOne raises scattershot objections to Vyne's motion. None has merit.

**1.** HSOne first argues that *telling* a customer that HSOne intends to do exactly what the Court's order prohibits does not violate the injunction, because the injunction does not literally "restrict[] speech in any way." Opp. at 6. The Court should not credit HSOne's hyper-literal reading of the injunction when that reading would undermine the injunction's entire purpose.

Despite its appeals to "context," Opp. at 7, HSOne's own argument divorces the injunction from the circumstances of its entry. In hearings and evidence before this Court, Vyne showed that HSOne deployed various blocking measures, including disabling Vyne's print driver, installing invasive telemetry on joint customers' computers to monitor their use of Vyne software, and outright disabling Vyne software on customer systems (via a measure akin to a computer virus). Dkt. 189 at 5–12. But Vyne *also* showed that, in conjunction with those blocking measures, "HSOne made disparaging statements about Vyne's product to its customers . . . and promot[ed]

[1] In its motion, Vyne cited the Court's order at Dkt. 190, rather than the order at Dkt. 190-1. A revised customer notice parroting Dkt. 190-1 is attached as Exhibit A hereto. For the avoidance of doubt, Vyne's position is that HSOne's conduct violated both orders, given that it communicated to at least one customer that it would "disable any printer driver employed by Vyne Dental software operating on dental practices' computers" and/or "deny Vyne Dental software printer-driver access to Dentrix databases stored and operating on any dental practice's computers." *See* Dkt. 190-1 at 2.

[its own] competing product." *Id.* at 42. The Court found as fact that HSOne likely deployed blocking measures to impede the print driver *and* likely made misleading statements to Vyne customers, and concluded on the basis of these findings that Vyne was likely to succeed on the merits of its unfair-competition claim. *Id.* at 72–77. The Court granted a preliminary injunction on that basis. *Id.* HSOne's speech was part and parcel of Vyne's claim and the relief the Court granted. To accept HSOne's characterization that its speech and conduct are "distinct," Opp. at 7, would ignore findings this Court made and allow HSOne to end-run the injunction by telling customers it would do just what this Court prohibited.[2]

Moreover, reading the injunction as HSOne suggests would be inconsistent with precedent instructing that injunctions proscribe conduct that amounts to a "violation of the spirit of [an] injunction, even though its strict letter may not have been disregarded." *N.C. State Conf. of the NAACP v. McCrory*, 214 F. Supp. 3d 466, 473 (M.D.N.C. 2016) (quoting *Folk v. Standard Bus. Forms, Inc.*, 270 F. Supp. 147, 156 (W.D.N.C. 1967)); *Ozturk v. Trump*, 779 F. Supp. 3d 462, 497 (D. Vt. 2025) ("[I]t is appropriate to consider whether parties have complied with the spirit of an injunction, where that spirit is readily discernible from an order."). To hold otherwise would be to "give tremendous impetus to [a] program of experimentation with disobedience of the law." *De Simone v. VSL Pharms., Inc.*, 2020 WL 4368103, at *3 (D. Md. July 30, 2020) (alteration in original) (quoting *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 192 (1949)), *aff'd*, 36 F.4th 518 (4th Cir. 2022); *see also Schering Corp. v. Ill. Antibiotics Co.*, 62 F.3d 903, 906 (7th Cir. 1995) (Posner, J.) ("If narrow literalism is the rule of interpretation, injunctions will spring loopholes[.]").

[2] The fact that the customer communication "fell within the Court's original 45-day compliance period," Opp. at 8, is not dispositive. Vyne brought this Motion after HSOne failed to disclaim the communication or confirm its compliance in October, well outside of the compliance period.

HSOne's "narrow literalism," *Schering*, 62 F.3d at 906, is particularly unwarranted here, where HSOne, despite stating that the communication was unauthorized, engages in full-throated defense of that communication and has neither disavowed it nor disclaimed an intent to send similar marketing messages in the future. Indeed, HSOne encloses a declaration from its Chief Commercial Officer that is most remarkable for what it does ***not*** say: it does not detail how the "miscommunication" was corrected, if the customer received any correction, whether any other customers received similar communications, or what "instruction" HSOne has given its sales team regarding compliance. *See generally* Dkt. 258-1.[3] Without any such assurances, and given HSOne's record of misrepresenting Vyne's software, Vyne's requested relief remains necessary.

**2.** Vyne was not required to present "evidence of customer confusion, a lost customer, an interruption of service, or any other injury attributable to" HSOne's misleading communication, Opp. at 6, and neither was it required to show concrete harm, Opp. at 10–11. An injunction prohibits a party from engaging in conduct that is prohibited by the injunction without the need to show—again—that the conduct would cause harm to the other party. *See vonRosenberg v. Lawrence*, 2020 WL 13329095, at *6 (D.S.C. Oct. 27, 2020) (finding, on motion to enforce injunction, that plaintiffs had already shown "harm to [their] goodwill and business" from the enjoined conduct and that defendants "continue[d] to attempt to claim [that] goodwill"). Because the Court's "prior judgment includes a finding that [HSOne's] conduct harmed [Vyne], that finding continues to bind" HSOne. *De Simone v. VSL Pharms., Inc.*, 36 F.4th 518, 534 (4th Cir. 2022) (cleaned up). In any event, Vyne articulated the competitive harm it would suffer if customers were "left with the misleading impression that HSOne will be further disabling Vyne software and

[3] The declaration (unlike HSOne's brief) does admit the communication at issue is a "miscommunication." Dkt. 258-1 ¶ 7. And it admits the communication was not consistent with "instructions to the sales team concerning compliance with the Court's order." *Id.* ¶ 6.

that customers are required to purchase HSOne products to avoid that outcome." Dkt. 253 at 5. Vyne has further suffered harm by "hav[ing] to expend resources to . . . prosecute this motion to enforce an injunction of this [C]ourt that should be self-executing." *Summerville v. Loc. 77*, 2008 WL 3983118, at *5 (M.D.N.C. Aug. 26, 2008).

**3.** Nor was HSOne's communication an innocuous "opinion" or "prediction about the parties' future relationship" that "says nothing about disregarding the injunction." Opp. at 9. On its face, the email states that HSOne will take action that violates the Court's order. *See* Dkt. 253-1 at 2 (threatening to "roll out security enhancements to protect against unauthorized print drivers" that will "appl[y] to all Vyne customers, meaning there will be an end date for usage with Vyne").

**4.** HSOne is also wrong that Vyne was required to show a "corporate plan to defy the Court," Opp. at 9. The communication was made by a current HSOne employee, using her HSOne email address, to further HSOne's interests—thus plainly falling within the scope of the injunction. HSOne cannot simply dismiss her as "a one-off salesperson[]." Opp. at 6. And notably, HSOne *would not* confirm that this was the only customer communication inconsistent with the Court's injunction. Opp. at 17. HSOne (or, at minimum, the employee in question) may well have sent other, similar communications of which Vyne is unaware because it has not yet received discovery.

**5.** Finally, HSOne's characterization of Vyne's concerns as "[s]peculation," Opp. at 8, is unsupportable. HSOne sent the email in question. Vyne became aware of it when the customer forwarded it, resulting in non-speculative harm. *See De Simone*, 36 F.4th at 535 (finding that plaintiff demonstrated harm from violation of injunction where there was "some evidence that consumers saw the [misleading] statements").

The sole case on which HSOne relies, *Pflag, Inc. v. Trump*, 2025 WL 949086 (D. Md. Mar. 28, 2025), is far afield. There, the defendants' communications did "not commit to any concrete

or definitive actions to be taken in the immediate future" but rather informed recipients of a "review" process. *Id.* at *3. But here, HSOne expressed that HSOne "***will*** . . . roll out security enhancements" targeting Vyne's print driver and there "***will*** be an end date for usage with Vyne." Dkt. 253-1 at 2 (emphases added). Such statements are definitive, not "speculative."

## II. Vyne's Requested Relief is Lawful and Consistent with the Court's Authority.

HSOne next argues that, even if its customer communication did violate the Court's injunction, the relief Vyne requests would (1) exceed the scope of injunction enforcement or (2) violate HSOne's First Amendment rights. HSOne is wrong on both fronts.

### A. Vyne's Requested Relief is Proper and Warranted.

HSOne's challenges to the scope of Vyne's requested relief all fail. *First*, HSOne asserts that the relief is not "tied to the actual injunction," Opp. at 12, but as noted, the relief falls within its scope and spirit. The injunction prohibits HSOne from "disabl[ing]" or "deny[ing] access" to Vyne's print driver. Dkt. 190-1 at 2. Telling a customer that HSOne "will begin to roll out security enhancements to protect against unauthorized print drivers" that will "appl[y] to all Vyne customers," Dkt. 253-1 at 2, states an intent to contravene the Court's injunction. Again, it is no answer that the injunction lacks an "express bar" on false statements, as HSOne asserts. Opp. at 13. To the extent that the Court believes clarification is warranted, it can clarify that its order expressly prohibits statements that HSOne will disable Vyne's print driver or deny print-driver access. But it need not do so to find HSOne in violation and order Vyne's requested relief.[4]

---

[4] As Vyne stated, it is "not moving for contempt" based on HSOne's communications to its customers but seeks prospective relief "to ensure such statements are not made going forward." Dkt. 253 at 3. Because Vyne's requested relief is prospective, not punitive, whether the injunction unambiguously covered misleading communications to customers at the time those communications were made is irrelevant, as is HSOne's claim that the misleading communication was "sent before th[e compliance] period expired." Opp. at 19. Vyne asks only that the Court find that future communications of the same kind would be violative and that past ones should be corrected.

*Second*, HSOne claims that an order requiring it to provide a list of customers who received the misleading communication would "circumvent" ordinary discovery rules. Opp. at 17. But Rule 26 does not deprive a court of the authority to order disclosure of facts relevant to a violation, as part of its broad equitable authority to enforce compliance. *Cf. SmartSky Networks, LLC v. Wireless Sys. Sols., LLC*, 630 F. Supp. 3d 718, 731 (M.D.N.C. 2022) (ordering "limited discovery in order to determine the full extent of any violations of the permanent injunction"); *JTH Tax, Inc. v. M & M Income Tax Serv., Inc.*, 2013 WL 460316, at *2 (D.S.C. Feb. 6, 2013) (ordering expedited "discovery into the apparent violation of the Court's temporary restraining order"). Vyne can issue a document request asking for information about the communication and wait thirty days for HSOne's response, but this does not mean that the Court is powerless to order disclosure now to ensure prompt and complete compliance with its orders. By the same token, HSOne's invocation of the Court's procedure for discovery motions, Opp. at 17, is beside the point. This is not a discovery motion; it is a motion to enforce HSOne's compliance with a Court order.

*Third*, HSOne challenges the fact that a corrective notice would be sent to "all Dentrix customers." Opp. at 18. But the proposed disclosure here would simply and accurately notify customers of the nature of the Court's injunction, and HSOne has not proposed another viable solution. Vyne has no way of knowing how many customers received false or misleading communications—from HSOne or through other customers—and HSOne refuses to provide that list of customers. Vyne's only mechanism to ensure that the corrective notice reaches affected customers is for it to be sent to all Dentrix customers. That "Vyne can issue its own statements," as HSOne asserts, Dkt. 259 at 1, is not enough. *See Handsome Brook Farm, LLC v. Humane Farm Animal Care, Inc.*, 193 F. Supp. 3d 556, 575 (E.D. Va. 2016) (finding that "[i]t is not enough for

[p]laintiff to attempt to defend its . . . practices through an explanatory email of its own" but rather "the correction must come from [defendant]").

Further, Vyne's draft notice is concise and fact-based, not gratuitous "promot[ion] [of] Vyne's commercial position," *id*. *See* Dkt. 253-4. And the sole case that HSOne cites, *Handsome Brook Farm, LLC v. Humane Farm Animal Care, Inc.*, 700 F. App'x 251 (4th Cir. 2017), supports ***Vyne's*** position. There, the district court required a corrective disclosure, and the Fourth Circuit affirmed, after finding that the plaintiff had established irreparable harm because it "had already lost customers," its "reputation continue[d] to be tarnished," and "further dissemination of the" false communication "may result in further loss of customers." *Id.* at 263; *see also Handsome Brook*, 193 F. Supp. 3d at 575 (district court determining that "[e]ach forward of the email or word-of-mouth communication of the false or misleading information contained therein poses the risk of additional loss of goodwill, customers, and growth opportunities"). The case thus proves the Court's authority to require the sort of communication that Vyne requests, and Vyne has made a similar showing. Like the plaintiff in *Handsome Brook*, therefore, Vyne requires a corrective "retraction email" so it is not further irreparably harmed. 700 F. App'x 251 at 263.

*Finally*, HSOne's contention that it needed several days of "factual inquiry and client instructions" to confirm that it would comply with a Court-ordered injunction, Opp. at 19—or even to confirm receipt of Vyne's email and request further time to respond—strains credulity. And as detailed in Vyne's Notice, Dkt. 253, HSOne's letter did not resolve Vyne's concerns. To the contrary, HSOne downplayed the customer email as a "miscommunication" and refused Vyne's requests for corrective action (as it continues to do). *See* Dkt. 253-3 at 1.

### B. Vyne's Requested Relief Does Not Violate the First Amendment.

Contrary to HSOne's assertions, it is constitutional to prohibit HSOne from telling customers that it will take actions that it cannot legally take due to the Court's injunction.

False or misleading commercial speech "is not protected by the First Amendment." *Cornwell v. Sachs*, 99 F. Supp. 2d 695, 708 (E.D. Va. 2000). So, an "injunction that restrains only false or misleading commercial speech is consistent with the First Amendment." *Id.* (citation and internal quotation marks omitted); *see also Recht v. Morrisey*, 32 F.4th 398, 410 (4th Cir. 2022) (recognizing that commercial speech may be restricted if it "is inherently misleading or . . . actually misleading"); *Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of N.Y.*, 447 U.S. 557, 563 (1980) ("there can be no constitutional objection to the suppression of commercial messages that do not accurately inform the public about lawful activity"). Here, HSOne cannot dispute that the customer communication Vyne attached to its Motion falsely represented that "there [would] be an end date for usage with Vyne." Dkt. 253-1 at 2. And that communication was plainly commercial: it was an "advertisement" that "refer[red] to a specific product or service," and the sender had "an economic motivation." *Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Baltimore*, 879 F.3d 101, 108 (4th Cir. 2018) (cleaned up).[5]

HSOne responds that prohibiting it from making "false statements" about Vyne would threaten its "sales advocacy" and ability to discuss "security" or "pending litigation" with customers. Opp. at 15. The Court should not accept that cynical proposition. If HSOne needs to lie to its customers or threaten to violate a court order to make sales, that is an indictment of HSOne's sales practices. Nor are HSOne's overbreadth concerns valid: requiring HSOne not to lie to customers about its ability to violate court injunctions is narrowly tailored to the violation. *See Handsome Brook*, 700 F. App'x at 265 (holding that injunction requiring retraction email

[5] *CPC International, Inc. v. Skippy Inc.*, 214 F.3d 456, 462 (4th Cir. 2000), on which HSOne relies, is thus distinct, because that court found that the statements in question were "not commercial speech" and made no reference to "a commercial transaction."

"comports with the First Amendment" because it "is reasonably related to the State's interest in preventing deception of consumers").

Lastly, HSOne's false statements are not protected by the litigation or fair reporting privilege. Maryland's litigation privilege (on which HSOne relies) "does not attach to 'extrajudicial publications, related to the litigation, which are made outside the purview of the judicial proceeding.'" *Classen Immunotherapies, Inc. v. King Pharms., Inc.*, 403 F. Supp. 2d 451, 460 (D. Md. 2005) (quoting *Kennedy v. Cannon*, 229 Md. 92, 98 (1962)) (holding that statements in press release were not protected). And even if Maryland's fair reporting privilege extended to customer communications, only "fair and substantially accurate" accounts of litigation are protected. *Piscatelli v. Van Smith*, 424 Md. 294, 309 (2012) (citation and internal quotation marks omitted). HSOne's statement that it could and would engage in conduct that would violate a court injunction is neither a "fair" nor a "substantially accurate" description of litigation. The litigation and fair reporting privileges have no application here.

**III. HSOne is Not Entitled to a Stay.**

As a last-ditch alternative, HSOne—for the first time—asks the Court to stay the injunction against it. Opp. at 20. HSOne told this Court in August that it did "not seek a stay pending the appeal" and that "HSOne is already in compliance with the injunction." Dkt. 201 at 2 n.3. Its request is untimely and procedurally infirm: an opposition to a motion to enforce is clearly not the right time to ask for a stay of an injunction.[6]

Regardless, HSOne makes no attempt to satisfy the four stay factors: (1) "whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits"; (2) "whether the

---

[6] HSOne suggests it might have won a stay pending appeal from the Fourth Circuit that it never requested and that it made no attempt to justify to that Court. Opp. at 19–20. But the Fourth Circuit "grant[ed]" "*appellant's* [i.e., Vyne's] motion for stay pending appeal." Dkt. 243 at 2 (emphasis added). Vyne obviously did not move to stay the injunction it obtained against HSOne.

applicant will be irreparably injured absent a stay"; (3) "whether issuance of the stay will substantially injure the other parties interested in the proceeding"; and (4) "where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (citation and internal quotation marks omitted). HSOne's opposition does not even discuss its merits arguments on appeal, let alone explain why (or cite a case demonstrating that) they are likely to succeed. Nor does HSOne articulate how it would be irreparably injured absent a stay—particularly when the injunction was issued on July 31, HSOne informed the Court on August 20 that it was already in compliance and would not seek a stay, and HSOne put in no evidence for a bond. Dkt. 190-1; Dkt. 201 at 2 n.3; Dkt. 238. Nor still does HSOne address the harm to Vyne if the injunction against HSOne were stayed (which, as detailed in Vyne's prior submissions, would be substantial). While HSOne vaguely refers to the "public interest" in the "continuity of dental practices' operations and protection of patient information and database integrity," Opp. at 20, it does not explain how permitting HSOne to continue to mislead its customers would promote that interest.

The Court should reject HSOne's belated and misguided request for a stay.

## IV. Vyne's Conduct is Lawful and Irrelevant.

HSOne's final attempt at deflection is to fault Vyne for alleged "access practices" employed after this litigation commenced. Opp. at 21. This is utterly irrelevant. Vyne seeks enforcement of the injunction against ***HSOne*** based on conduct by ***HSOne*** in violation of the injunction. An assertion that the other party does not have "clean hands," Opp. at 21, cannot justify violating a court decree. For the avoidance of doubt, HSOne identifies no unlawful conduct by Vyne, and the injunction against Vyne has never gone into effect. *See* Dkt. 197; Dkt. 237; Dkt. 243.

HSOne's "supplemental notice," Dkt. 259, is similarly unsuccessful at impugning Vyne's conduct. In the customer communication that HSOne cites, Vyne did not mischaracterize the Court's injunction or (like HSOne) represent to customers that it intended to engage in conduct

that would violate the injunction. To the contrary, Vyne parroted the language of the Court's preliminary injunction opinion. *Compare* Dkt. 189 at 94, *with* Dkt. 259-1 at 2. Nor did Vyne represent that "every function in a customer's existing Vyne setup," Dkt. 259 at 2, had been Court-protected. Vyne represented only that customers' ability to use "print-based integration with Dentrix" was "protected by a federal court order," Dkt. 259-1 at 2, which (as HSOne concedes) is correct. Vyne was not required to recite every one of the Court's findings or detail the litigation's procedural history. And critically, Vyne's accurate clarification does not somehow give HSOne license to lie to its customers because "Vyne can issue its own statements," *id.*, to counteract those lies. Enforcement against HSOne remains necessary.

## CONCLUSION

For the reasons herein and in Vyne's motion, Dkt. 250-1, and notice, Dkt. 253, Vyne respectfully requests that the Court order that HSOne: (1) not communicate to customers that it intends to interfere with Vyne's print driver or disable Vyne's software in violation of the Court's injunction; (2) submit to Vyne, within 7 days, a list of customers who have received such messaging since the Court's July 31 Order; and (3) send all Dentrix customers the notice attached as Exhibit A hereto (or as modified by the Court).

Dated: November 18, 2026

Respectfully submitted,

*/s/ Vincent Levy*

Vincent Levy (*pro hac vice*)
Jack Millman (*pro hac vice*)
Charlotte Baigent (*pro hac vice*)
Daniel Fahrenthold (*pro hac vice*)
Claire Fieldman (*pro hac vice*)
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151
vlevy@hsgllp.com

K. Nichole Nesbitt (Bar No. 26137)
Derek M. Stikeleather (Bar No. 27815)
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
(410) 783-4026
knn@gdldlaw.com
dstikeleather@gdldlaw.com

*Counsel for Plaintiff National Electronic Attachment, Inc. d/b/a Vyne Dental*