**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| NATIONAL ELECTRONIC ATTACHMENT, INC. D/B/A VYNE DENTAL,<br>*Plaintiff/Counter-Defendant*,<br><br>-against-<br><br>HENRY SCHEIN ONE, LLC,<br>*Defendant/Counter-Claimant.* | Case No. 1:25-cv-03246-MJM |

**PLAINTIFF NATIONAL ELECTRONIC ATTACHMENT, INC. D/B/A VYNE DENTAL'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Pursuant to Fed. R. Civ. P. 15(a)(2) and District of Maryland Local Rule 103.6, Plaintiff National Electronic Attachment, Inc. d/b/a Vyne Dental ("Vyne"), by and through counsel, respectfully moves for leave to amend its First Amended Complaint, Dkt. 61 (the "FAC"). Defendant Henry Schein One, LLC ("HSOne") informed Vyne that it opposes Vyne's motion, and the parties agreed to confer on a briefing schedule. Consistent with Local Rule 103.6, Vyne has attached a copy of its proposed Second Amended Complaint ("SAC") as Exhibit A and a document showing the changes between the FAC and SAC as Exhibit B.

Vyne requests to amend the FAC to add five new claims: (1) illegal tying, in violation of Section 1 of the Sherman Act and Sections 3–4 of the Clayton Act; (2) attempted monopolization, in violation of Section 2 of the Sherman Act and Section 4 of the Clayton Act; (3) aftermarket monopolization, in violation of Section 2 of the Sherman Act and Section 4 of the Clayton Act; (4) attempted aftermarket monopolization, in violation of Section 2 of the Sherman Act and Section 4 of the Clayton Act; and (5) unfair competition through anticompetitive and exclusionary

conduct, in violation of state law. Vyne's proposed amendment includes allegations in support of each of those claims, as well as additional allegations regarding HSOne's unlawful and anticompetitive conduct that Vyne has learned about since it commenced this litigation.

"[L]eave to amend 'shall be freely given when justice so requires.'" *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (quoting Fed. R. Civ. P. 15(a)). That liberal rule in favor of amendment furthers the federal policy of "afford[ing]" plaintiffs "an opportunity to test [their] claim[s] on the merits." *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Accordingly, the Court should deny leave to amend "only when [1] the amendment would be prejudicial to the opposing party, [2] there has been bad faith on the part of the moving party, or [3] the amendment would have been futile." *Laber*, 438 F.3d at 426 (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). None of those exceptions to the general rule in favor of granting leave to amend applies here.

1. Vyne's amendment would not prejudice HSOne. This amendment is made by the Court's deadline for motions to amend pleadings, which both parties have been aware of since the Court issued its scheduling order on October 9, Dkt. 247. Further, while the parties have litigated their respective motions for preliminary injunction, "no significant discovery" has been conducted thus far. *Laber*, 438 F.3d at 428; *see also Scott v. Fam. Dollar Stores, Inc.*, 733 F.3d 105, 118–19 (4th Cir. 2013) (finding no prejudice from "a new legal theory" where "the parties were still in discovery, and many steps removed from trial"); *Johnson*, 785 F.2d at 510 (instructing that a proposed amendment with a "new legal theory that would require the gathering and analysis of facts" is only prejudicial when it "is offered shortly before or during trial"). Nor can HSOne claim unfair surprise given that Vyne's new claims relate to the same course of conduct by HSOne that

underlies Vyne's initial claims—namely, HSOne's use of its closed API Exchange to lock customers into its own revenue cycle management offerings, while excluding its competitor (Vyne) as a purportedly "unauthorized vendor" and soliciting Vyne customers. *See Robinson v. GEO Licensing Co.*, 173 F. Supp. 2d 419, 425–26 (D. Md. 2001) (granting leave to amend where "for the most part, the complaints contain[ed] a consistent set of facts that ha[d] merely been amplified over time," and any "additional discovery" into the "new theory of recovery" would "not prejudice [defendants]"). "Because [HSOne] was from the outset made fully aware of the events" underlying Vyne's claims, "amendment could not in any way prejudice the preparation of [HSOne's] case." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980).

2. Vyne has not engaged in bad faith. In assessing bad faith, courts look to how expeditiously a party acts to amend, what stage the litigation is at, and whether a party withheld allegations it knew "before filing the original complaint." *See Altes v. Pride Ctr. of Md., Inc.*, 705 F. Supp. 3d 503, 509 (D. Md. 2023) (quoting *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 199 (4th Cir. 2022)). Since Vyne first commenced this litigation, more details about HSOne's anticompetitive and exclusionary conduct have been uncovered, including details about HSOne's API Exchange and leveraging of that API Exchange to unlawfully further its own competitive position at Vyne's (and other competitors') expense. *See, e.g.*, SAC ¶¶ 107, 124–25. Vyne has also promptly sought leave to amend within the Court-ordered deadline for motions to amend pleadings. There is no basis for a finding of bad faith by Vyne. *See Altes*, 705 F. Supp. 3d at 509 (finding no bad faith where "case [had] not progressed beyond the pleading stage," plaintiff did not "wait[] years to amend," and plaintiff had not "withheld facts and evidence that he knew before filing the original complaint" (citation and internal quotation marks omitted)).

3. Amendment would not be futile. Vyne's new claims are sufficiently supported by detailed factual allegations and well-established legal authority to survive a motion to dismiss. *See, e.g.*, SAC ¶¶ 25–69, 192–97, 210–51; *Intell. Ventures I LLC v. Cap. One Fin. Corp.*, 99 F. Supp. 3d 610, 627 (D. Md. 2015) (granting leave to amend to add monopolization and attempted monopolization claims under Section 2 of the Sherman Act after finding that such claims had been plausibly alleged). The Court should grant Vyne leave to amend to add those claims. *See Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 650 (D. Md. 2015) (instructing that amendment is not futile if plaintiffs "have stated a claim as to any counts" they seek leave to add). And Vyne's additional factual allegations provide further details about HSOne's conduct uncovered since the commencement of this litigation and thus strengthen the claims this Court already declined to dismiss. *See* Dkt. 189 at 24–48. Such allegations are not futile. *See Young v. Giant Food Stores, LLC*, 108 F. Supp. 3d 301, 323 (D. Md. 2015) (granting leave to amend when plaintiff "added additional factual allegations" to support her claim that was "already validly pleaded" and "none of [the new allegations] undermine[d] her claim").

For the foregoing reasons, Vyne respectfully requests that the Court grant Vyne leave to amend the FAC in the form attached hereto as Exhibit A.

Dated: November 23, 2026

Respectfully submitted,

*/s/ Vincent Levy*

Vincent Levy (*pro hac vice*)
Jack Millman (*pro hac vice*)
Charlotte Baigent (*pro hac vice*)
Daniel Fahrenthold (*pro hac vice*)
Claire Fieldman (*pro hac vice*)
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
(646) 837-5151
vlevy@hsgllp.com

K. Nichole Nesbitt (Bar No. 26137)
Derek M. Stikeleather (Bar No. 27815)
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
(410) 783-4026
knn@gdldlaw.com
dstikeleather@gdldlaw.com

*Counsel for Plaintiff National Electronic Attachment, Inc. d/b/a Vyne Dental*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2026, I caused a true and correct copy of the foregoing to be served upon Defendant's counsel of record via ECF.

Dated: New York, New York
November 23, 2026

By: *<u>/s/ Vincent Levy</u>*
Vincent Levy